```
                                                    Pages 1 - 12

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
   VS.                          )      NO. CR 18-00577 CRB
                                )
MICHAEL RICHARD LYNCH and       )
STEPHEN KEITH CHAMBERLAIN,      )
                                )
            Defendants.         )
_____)

                                    San Francisco, California
                                    Wednesday, February 27, 2019
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        DAVID L. ANDERSON
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
  **BY:  ADAM A. REEVES**
      **WILLIAM FRENTZEN**
      **ROBERT S. LEACH**
      **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Michael Richard Lynch:
        Steptoe & Johnson LLP
        1330 Connecticut Avenue, NW
        Washington, D.C.  20036-1795
  **BY:  REID H. WEINGARTEN, ESQ.**

Reported By:  Ana M. Dub, RDR, CRR, CCRR, CRG, CCG
              Official Reporter, CSR No. 7445

**APPEARANCES:   (CONTINUED)**

For Defendant Stephen Keith Chamberlain:
                Bird Marella Boxer Wolper Nessim Drooks
                Lincenberg Rhow
                1875 Century Park East, 23rd Floor
                Los Angeles, CA   90067-2561
       **BY:   GARY S. LINCENBERG, ESQ.**

| | |
|---|---|
| 1 | **Wednesday - February 27, 2019**                                    **4:27 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---o0o--- |
| 4 | **THE CLERK:**  Calling Criminal Action CR-18-0577, U.S.A. |
| 5 | versus Michael Richard Lynch and Stephen Keith Chamberlain. |
| 6 | Counsel, please step forward and state your appearances |
| 7 | for the record. |
| 8 | **MR. LINCENBERG:**  Good afternoon, Your Honor.  Gary |
| 9 | Lincenberg for Mr. Chamberlain, who is not present in court. |
| 10 | **THE COURT:**  And his presence was excused? |
| 11 | **MR. LINCENBERG:**  Yes. |
| 12 | **THE COURT:**  Thank you. |
| 13 | He knows about the hearing? |
| 14 | **MR. LINCENBERG:**  Yes, he does. |
| 15 | **THE COURT:**  Thank you. |
| 16 | **MR. REEVES:**  Adam Reeves, William Frentzen, and Robert |
| 17 | Leach for the United States.  Good afternoon, Your Honor. |
| 18 | **THE COURT:**  Good afternoon. |
| 19 | **MR. WEINGARTEN:**  Reid Weingarten for Michael Lynch. |
| 20 | **THE COURT:**  Who is not present? |
| 21 | **MR. WEINGARTEN:**  Not present. |
| 22 | **THE COURT:**  Well, the ball's in your court.  What's |
| 23 | happening? |
| 24 | **MR. WEINGARTEN:**  Good to be here. |
| 25 | You told me to be here with Mike Lynch or not, and I'm |

1  happy to be here, and I'm happy to give a status report.

2  I think it's appropriate to begin with his health because
3  that's what we talked about last time I was here. I can't
4  remember exactly how much information I shared, but Dr. Lynch
5  came up with a vicious infection. It's a recurring condition
6  for him, and the infection wreaks havoc inside. Doctors
7  treated it. They had to operate, and the healing is
8  proceeding. The concern has been sepsis. It always is in this
9  instance. And so he's watched carefully. And I'm happy to
10 report that all signs are he's going to be fine.

11 I also report to the Court that there are other issues
12 that have been considered in London that causes him still to be
13 in London, and happy to make a full report about that.

14 I begin with this view of the world: I think it's
15 extremely likely that one day I'm going to be standing at this
16 podium; you're going to be sitting in that chair; Mike Lynch is
17 going to be at that table; and there's going to be a jury right
18 here. And I assume that to be the case. I think there are
19 three ways that we get there.

20 One is, the extradition proceeding proceeds and
21 the Government is successful in London. I think that's the
22 least likely. That's according to the extradition lawyers that
23 are representing Mike in London.

24 I think the second possibility is the extradition process
25 begins -- and it's interesting that -- I don't know if you

1  recall this discussion that we had when I was last here, but we
2  talked about what would happen if Mike comes here voluntarily
3  and then there's a superseding indictment.  And we both agreed
4  that Mike could then contest the charges with extradition here.
5       And it turns out we were both wrong.  I actually looked at
6  the extradition treaty and the law.  You postulated that, and I
7  agreed.  We were both wrong.  It turns out that if --
8           **THE COURT:**  It's more important that I'm wrong.
9           **MR. WEINGARTEN:**  I know.  I understand.  I understand.
10          **THE COURT:**  If you're wrong, okay.  Half the lawyers
11  in front of me are wrong.  But when I'm wrong, it's a problem.
12          **MR. WEINGARTEN:**  So 30 seconds of explanation.
13          **THE COURT:**  Okay.  Take your time.  Go ahead.
14          **MR. WEINGARTEN:**  It turns out there's this thing, the
15  Rule of Specialty; and that is, if a person contests
16  extradition and the Court orders him extradited, he cannot be
17  charged, once he gets to the requesting country, with anything
18  other than the original request.  Okay?
19       So he would waive -- and it's explicit in the treaty.  He
20  would waive his ability to contest, on an extradition basis,
21  new charges if he waived now.
22          **THE COURT:**  I'm sorry.  You lost me.  I'm trying to --
23  I'm sure you're right, but I don't understand it.
24       You're saying if he comes here voluntarily --
25          **MR. WEINGARTEN:**  Yes.  Yes.

1      **THE COURT:**  -- and if the Government supersedes --

2      **MR. WEINGARTEN:**  Yes.

3      **THE COURT:**  -- the fact that he is here voluntarily would mean that he could not contest --

5      **MR. WEINGARTEN:**  Yes.

6      **THE COURT:**  -- the superseding indictment.

7   Okay.  Well, I understand that.

8      **MR. WEINGARTEN:**  Yes, that's right.

9      **THE COURT:**  Actually, now that it's coming back to me, and perhaps in a clouded way, I thought we talked about:  What if he's extradited to the United States and then the Government comes in and files a superseding indictment?  Can he then claim a further extradition proceeding?  I thought I said I thought he could.  But you're telling me I'm wrong; he couldn't.

15     **MR. WEINGARTEN:**  Well, it could be my recollection of the conversation that the issue is different.  I thought the question was:  If Mike just gets on a plane, comes here -- you recall the concern was about the superseder that we think may well be coming.  And my ask was:  Leave Lynch in a position to decide whether or not to fight extradition when he sees the charges.

22   And then the discussion --

23     **THE COURT:**  Be that as it may.

24     **MR. WEINGARTEN:**  Be that as it may.

25   So Option Number 2 would be for the extradition proceeding

1  to get started, Mike Lynch gaining the benefits of his
2  citizenship of Great Britain, and that he doesn't contest it,
3  and extradition is ordered and he comes here, and then the
4  Rule of Specialty applies.  So he has the protections under the
5  treaty.  I think that's Option Number 2.
6          **THE COURT:**  Well, actually, that sounds like a pretty
7  good option.
8          **MR. WEINGARTEN:**  I think it's a decent one.
9      And I just want to complete the options.  There's actually
10  a third.
11      And the third is, he wakes up one morning and says:  I'm
12  going to Heathrow; I'm getting on a plane; and I'm coming over
13  here.
14      And to that end -- and this is not your problem.  This is
15  my problem.  It's fair to report -- and this is really just a
16  status report -- that the view of this matter by his American
17  lawyers is not the same as the view of this matter --
18          **THE COURT:**  Well, I don't care what the view of the
19  U.K. bar is.  I mean, it's very interesting.  I have great
20  respect for them.  But that's actually not what I need to deal
21  with.
22          **MR. WEINGARTEN:**  I understand completely, and I wasn't
23  forcing that on you.  I wanted to come here and give a report
24  to the Court on where things were.
25          **THE COURT:**  Okay.  So let me ask this question.

1 And I appreciate that. Listen, lawyers take positions all
2 the time, some of which, obviously, would annoy the Court. But
3 frequently, it's because the client wants to do something or
4 doesn't want to do something or makes a calculation and so
5 forth. And I understand all that. I understand all that.
6 And I think that perhaps your concern is, if you don't
7 show up in some reasonable amount of time, I'm going to be
8 extremely annoyed that I'm facing Mr. Chamberlain's trial --
9 that's Trial Number 2 -- after Mr. Hussein's trial, Trial
10 Number 1, and then I'll be facing Trial Number 3 further on
11 down the road, basically, with a lot of the same -- not all --
12 a lot of the same evidence.
13 And, of course, that's an accurate reflection of perhaps
14 what the Court must go through. But if that's what the Court
15 must go through, that's what I must go through.
16 Nevertheless, I think your second suggestion protects some
17 of the -- addresses some of the concerns that have been
18 addressed.
19 And I think what you are saying, if I can just guess, is
20 that you're concerned that if he insists on the extradition
21 proceeding, that I will somehow, in imposing a condition of
22 bail or pretrial release, take that into account and,
23 therefore, do something more, like, for example, confine him.
24 Okay. And given what I know today, I would not do that.
25 If, in fact, he voluntarily agrees to extradition in order to

1   have the protection of extradition, that's fine.  I'm not
2   concerned -- I mean, it seems to me that's not a frivolous
3   exercise of a right; it seems to me, given what you have said
4   and what I accept, a meaningful one.
5       Does it make any difference to me?  It may make some
6   difference to the Government because they have to file and go
7   through something, but that's too bad.  They get paid whether
8   they do it or not.  And that it may be a little bit more of an
9   effort, it's okay.  I understand that.
10      So I leave it at that.  I mean, I simply tell
11  the Government, as I said the last time when you weren't here,
12  I think the Government should proceed expeditiously on the
13  extradition proceeding.
14      Whenever that date is appropriate under U.K. law, he'll
15  have to decide "I want to contest it" or "I want to not contest
16  it."  And that's his decision based upon whatever the factors
17  are that he considers relevant at the time.
18      But I am not of the opinion that I should simply just wait
19  around for something to happen.
20      Now, obviously, if his health does not permit him to
21  travel, I can take that into account.  But I do want to point
22  out -- I have no idea what his present state is, but I do want
23  to point out that it is possible to fly here and spend one
24  evening or one morning or something.  I will put it on the
25  calendar immediately, and then I will permit him to return to

1    the U.K.  So we're not talking about an elaborate, lengthy,

2    multi-day proceeding.  Okay?

3            **MR. WEINGARTEN:**  Yes.

4            **THE COURT:**  All right.  If I leave it up -- I don't

5    know that there's anything else I can say on the subject.

6            **MR. WEINGARTEN:**  Okay.  Thank you.

7            **THE COURT:**  Okay.  Mr. Reeves, do you have anything

8    you'd like to say on the subject?

9            **MR. REEVES:**  I'd only like to ask that we adjourn the

10   case -- and I understand the Court's comments -- but we adjourn

11   it again for status, perhaps to a date at the end of March or

12   possibly early April.

13       I spoke with counsel before.  Some of the Court's comments

14   have modified what we discussed.  I might like a chance to

15   confer with counsel about that date.  And it's my hope that by

16   that point in time, some of these issues may have been

17   resolved.  I don't know.  But certainly, there needs --

18           **THE COURT:**  I have no idea how extradition works.  But

19   do you want to say -- what is a convenient date for everybody?

20   April X.

21           **MR. REEVES:**  Could I confer for one second?

22           **THE COURT:**  Yes, you can confer.

23                   (Discussion off the record.)

24           **THE COURT:**  Yes, Mr. Reeves?

25           **MR. REEVES:**  Thank you very much for that time,

1  Your Honor.
2      We propose a date that's convenient for the Court in the
3  first week of April, if that's possible, please.
4          **THE COURT:**  Yes, that's just perfect.
5          **THE CLERK:**  April 1st.  Do you want to come in on a
6  Monday?
7          **MR. WEINGARTEN:**  A Tuesday?
8          **THE CLERK:**  Tuesday.  That's fine.  April 2nd in the
9  morning.
10         **THE COURT:**  Thank you.  I'll exclude time.
11         **MR. REEVES:**  Thank you, Your Honor.
12              (Discussion off the record.)
13         **MR. REEVES:**  So we're Tuesday, April 2nd, at 1:30 p.m.
14         **THE CLERK:**  For status.
15         **MR. REEVES:**  For status.
16     And I am going to eventually prepare a speedy trial
17 exclusion order.
18         **THE CLERK:**  Okay.  I'll put it on my minute order.
19         **MR. REEVES:**  Okay.  Thank you very much.
20              (Proceedings adjourned at 4:42 p.m.)
21                       ---o0o---

| | |
|---|---|
| 1 | **CERTIFICATE OF REPORTER** |
| 2 | I certify that the foregoing is a correct transcript |
| 3 | from the record of proceedings in the above-entitled matter. |
| 4 | |
| 5 | DATE: Thursday, February 28, 2019 |

_____

Ana M. Dub, CSR No. 7445, RDR, CRR, CCRR, CRG, CCG
Official Reporter, U.S. District Court