**Pages 1 - 8**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

```
UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )
                               )
   VS.                         )     NO. CR 18-00577 CRB
                               )
MICHAEL RICHARD LYNCH and      )
STEPHEN KEITH CHAMBERLAIN,     )
                               )
           Defendants.         )
_____)
```

San Francisco, California
Wednesday, June 17, 2020

**TRANSCRIPT OF TELEPHONIC PROCEEDINGS**

**APPEARANCES BY TELEPHONE:**

For Plaintiff:
              DAVID L. ANDERSON
              United States Attorney
              450 Golden Gate Avenue
              San Francisco, California  94102
      **BY:  ROBERT S. LEACH**
            **ADAM A. REEVES**
            **WILLIAM FRENTZEN**
            **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Michael Richard Lynch:
              STEPTOE & JOHNSON LLP
              1330 Connecticutt Avenue, N.W.
              Washington, D.C.  20036
      **BY:  REID H. WEINGARTEN**
            **ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              Official Reporter

```
1    APPEARANCES:  (CONTINUED)

2    For Defendant Michael Richard Lynch:
                         CLIFFORD CHANCE US LLP
3                        31 West 52nd Street
                         New York, New York  10019
4                   BY:  CHRISTOPHER J. MORVILLO
                         ATTORNEY AT LAW
5
     For Defendant Stephen Keith Chamberlain:
6                        BIRD, MARELLA, BOXER, WOLPER, NESSIM,
                           Drooks, Lincenberg & Rhow PC
7                        1875 Century Park East - 23rd Floor
                         Los Angeles, California  90067
8                   BY:  GARY S. LINCENBERG
                         ARIEL A. NEUMAN
9                        ATTORNEYS AT LAW
```

```
 1   Wednesday - June 17, 2020                            1:32 p.m.
 2                        P R O C E E D I N G S
 3                             ---000---
 4         THE CLERK:  Calling Criminal action CR 18-0577, U.S.A.
 5   vs. Michael Richard Lynch and Stephen Keith Chamberlain.
 6       Will counsel please state your appearances for the record.
 7         MR. LEACH:  Good afternoon, Your Honor.  This is
 8   Robert Leach on behalf of the United States.  I'm joined by my
 9   colleagues Adam Reeves and Will Frentzen.
10         MR. WEINGARTEN:  Good afternoon, Your Honor.  It's
11   Reid Weingarten and Chris Morvillo for Dr. Lynch.
12         MR. LINCENBERG:  Good afternoon, Your Honor.  Gary
13   Lincenberg and Ariel Neuman on behalf of Mr. Chamberlain, whose
14   appearance is waived.
15         THE COURT:  Okay.  Good afternoon.
16       Well, let's start with as to what's occurring on the
17   extradition.
18         MR. LEACH:  Sure, Your Honor.  This is Robert Leach on
19   behalf of the Government.
20       With respect to the extradition, the Government formally
21   submitted its request in November of 2019.  The extradition was
22   filed in or about December 17th, 2019.  Dr. Lynch was arrested
23   pursuant to a warrant in or around February of 2020.  Dr. Lynch
24   is opposing extradition on five separate grounds, including a
25   provision under the U.K. Extradition Act called the forum bar,
```

as well as some other defenses that he characterizes as double criminality, passage of time, human rights considerations, and abuse of process.

On March 20th of 2020, the Court in the extradition proceeding set a schedule.  Dr. Lynch has served or filed his statement of issues and factual evidence for the proceeding, including affidavits by Dr. Lynch and his U.S. counsel in opposition to extradition.

The Government's evidence and reply is due on October 2nd, 2020, and the schedule culminates in a five-day extradition hearing, which is currently scheduled for January 11th of 2021.

**THE COURT:**  Okay.  All right.  So what does the Government propose?

**MR. LEACH:**  Your Honor, with respect to Mr. Chamberlain, who's the only defendant who has appeared, we received a written discovery request from him in December of 2019.  We've produced in January and February -- we produced in January and February a substantial volume of discovery.  I think it's somewhere in the neighborhood of 6 terabytes of data.  All of this was before the pandemic hit.

The Government is prepared to proceed on whatever timetable the Court wishes.  We share the concern that was previously expressed by the Court with respect to having three trials, but we're prepared to proceed under any timetable that the Court and Mr. Chamberlain wish to.

**THE COURT:** So what you're saying is that effectively if the Court wishes, and after hearing the views of Defense counsel, this can be severed -- defendants can be severed? I mean, as I understand it, Mr. Lynch -- Dr. Lynch will not -- we won't know whether Dr. Lynch's request for extradition -- or opposition to extradition will -- we know it will be heard presently in January of 2021. My guess is that there are probably remedies after a decision on that.

So effectively aren't you talking about before a final decision is rendered as to Dr. Lynch, assuming he doesn't voluntarily come to the United States, you're talking about sometime mid-2021; is that correct or is that also incorrect?

**MR. LEACH:** I think that's a fair understanding of the schedule. Dr. Lynch is not coming here voluntarily. He is opposing extradition and, under the current schedule, that's going to take until at least sometime after January 2021.

I want to be clear, the Government is not moving for severance. There is a provision in the Speedy Trial Act that permits an exclusion for a reasonable period of delay when the defendant is joined for trial with the co-defendants as to whom --

**THE COURT:** Yeah.

**MR. LEACH:** So I'm not -- we're not seeking the severance, but Mr. Chamberlain is here, he has the discovery, and we're prepared under any timetable that the Court and the

1 defendant wish.
2     **THE COURT:**  Well, then I should hear from the Defense.
3 What's the defendant -- Mr. Chamberlain's counsel, what's your
4 view as to whether your client should be severed and the case
5 tried sometime in I guess 2021 -- let's say theoretically in
6 the first half of 2021 versus simply continuing it?
7     **MR. LINCENBERG:**  Good afternoon, Your Honor.  Gary
8 Lincenberg.
9     First, let me say I hope the Court is healthy and doing
10 well.
11     With regard to --
12     **THE COURT:**  I'm doing well.
13     **MR. LINCENBERG:**  Thank you.
14     With regard to this issue, you know, it's something that's
15 sort of up in the air, and I don't really think that there's
16 any reason to take any action now.  There's so many variables
17 here.  You know, what will happen with the extradition
18 proceeding?  Will extradition be granted?  Will it be denied?
19 How long will it take?
20     There's a Hussain appeal that was just argued a couple
21 weeks ago.  I listened in to some very effective argument both
22 by Mr. Leach as well as by Ms. Shapiro on behalf of
23 Mr. Hussain.  There were certainly some questions asked about
24 particularly the issue -- the Court's rulings on the
25 restatement and the admissibility of post-scheme evidence, and

1  the like.  I don't know how that decision will come out.  That
2  could affect whether there's -- whether Hussain's present at
3  the next trial.  There's so many variables.
4       And with my current trial schedule, everything's getting
5  pushed back and so trials that were supposed to take place in
6  the spring and the summer maybe will be in the fall or early
7  next year and most of it is outside of my control.
8       I know on the Government's side Mr. Leach, for example, is
9  likewise having trial date considerations on a very large case
10 that he's handling.
11      And so, you know, we're not moving for severance.  We're
12 happy to exclude time, and I think that that's what we should
13 do at this time, Your Honor.
14      **THE COURT:**  Well, of course, there are a number of
15 unknowns.  I would think -- well, I would think that the
16 Ninth Circuit's opinions will be very instructive -- will be
17 instructive on a number of the issues, you know, that we have
18 in Mr. Chamberlain's case and Dr. Lynch's case.
19      I'm just trying to figure out -- well, maybe the thing to
20 do is to do a status.  No one is moving for a severance.  No
21 one is asserting speedy trial concerns.  So I think that what I
22 would do is set a status conference in the first week of
23 February of next year.
24      Is that satisfactory with the parties?
25      **MR. LINCENBERG:**  This is Gary Lincenberg.

1      I think that makes sense.
2           **MR. WEINGARTEN:**  Reid Weingarten for Dr. Lynch.
3      Makes sense for us.
4           **THE COURT:**  What about the Government?
5           **MR. LEACH:**  Your Honor, that's agreeable to the
6  Government.
7           **THE COURT:**  Okay.  What's the first week in February?
8  February what?
9           **THE CLERK:**  February 3rd at 1:30.
10          **THE COURT:**  Okay.  So I'm going to continue both
11 matters to February 3rd, 1:30.  I'm excluding time for the
12 reasons that were articulated during this hearing today.
13     Okay?
14          **MR. LINCENBERG:**  Thank you, Your Honor.
15          **MR. LEACH:**  Thank you very much, Your Honor.
16          **THE COURT:**  Thank you.
17          **MR. WEINGARTEN:**  Thank you, Your Honor.
18          **THE COURT:**  Okay.  Stay safe, everybody.
19          **MR. LEACH:**  You too, sir.
20               (Proceedings adjourned at 1:42 p.m.)
21                          ---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Friday, June 19, 2020

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter