STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER |
| v. | |
| STEPHEN KEITH CHAMBERLAIN, | |
| Defendant. | |

**STIPULATION**

WHEREAS, on November 29, 2018, the Grand Jury returned an Indictment against Stephen Keith Chamberlain, a resident of the United Kingdom [ECF No. 1];

WHEREAS, on February 4, 2019, defendant Chamberlain ("the defendant") appeared before the Court (with counsel specially appearing), was arraigned on the Indictment, and pleaded not guilty to all counts;

WHEREAS, on March 21, 2019, the Grand Jury returned a Superseding Indictment against Chamberlain [ECF No. 21];

1   WHEREAS, on January 23, 2020, the Court entered a protective order respecting certain
2  discovery [ECF No. 54];

3   WHEREAS, on January 27, 2020, the government produced a substantial volume of discovery to
4  the defendant, including materials subject to the protective order;

5   WHEREAS, on February 21, 2020, the government made an additional production of discovery
6  to the defendant;

7   WHEREAS, on March 16, 2020, the Court issued General Order No. 72 (IN RE: Coronavirus
8  Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before May 1,
9  2020," and that "[d]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the
10 effect of the above public health recommendations on the availability of counsel and court staff to be
11 present in the courtroom, the time period of the continuances implemented by this General Order will be
12 excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by
13 ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial
14 pursuant to 18 U.S.C. section 3161(h)(7)(A)";

15  WHEREAS, on April 3, 2020, upon the stipulation of the parties, the Court issued an order
16 finding that the time to June 17, 2020 (the date the parties were scheduled to appear for a status
17 conference) shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A),
18 (B)(ii) & (iv) [ECF No. 60];

19  WHEREAS, on April 30, 2020, the Court issued General Order No. 72-2 (IN RE: Coronavirus
20 Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before June 1,
21 2020";

22  WHEREAS, on May 21, 2020, the Court issued General Order No. 72-3 (IN RE: Coronavirus
23 Disease Public Health Emergency), providing that "[n]o new jury trial will be conducted through June
24 30, 2020";

25  WHEREAS, on June 17, 2020, the Court convened a status conference and, after hearing from
26 the parties, set a further status conference for February 3, 2021, and excluded time under the Speedy
27 Trial Act from June 17, 2020, through February 3, 2021;

28

1    WHEREAS, on or about January 29, 2021, after consultation with the parties, a Clerk's Notice
2 was issued continuing the status conference to May 20, 2021;
3    WHEREAS, on March 31, 2021, a Clerk's Notice was issued advancing the status conference to
4 May 19, 2021;
5    WHEREAS, issues arising from the COVID-19 pandemic continue to impede the parties' ability
6 to effectively prepare the case for trial, including the ability to meet with witnesses, some of whom
7 reside outside the United States;
8    WHEREAS, during the week of February 8, 2021, hearings were held in the extradition
9 proceeding relating to co-defendant Michael Richard Lynch, and the extradition proceeding was
10 adjourned for further oral submissions on May 4, 2021;
11    WHEREAS, the hearing date for further oral submissions was subsequently continued to July 22,
12 2021;
13    WHEREAS, on or about July 22, 2021, Judge Michael Snow of the City of Westminster
14 Magistrates' Court issued Findings of Fact and Reasons, rejecting Mr. Lynch's challenge to extradition,
15 ordering that extradition is compatible with Mr. Lynch's rights, and sending the case to the U.K.
16 Secretary of State for a decision as to whether the defendant is to be extradited;
17    WHEREAS, the government understands the U.K. Secretary has two months from the date of
18 judgment to render a decision on extradition;
19    WHEREAS, the parties stipulate and agree, and respectfully request that the Court order, that the
20 status conference currently set for September 29, 2021, be continued to February 16, 2022;
21    WHEREAS, the parties stipulate and agree that an exclusion of time under the Speedy Trial Act
22 from September 29, 2021, to February 16, 2022, is appropriate due to the complexity of the case, the
23 need for defense counsel to review relevant evidence including recently produced discovery and
24 discovery arising from the extradition proceeding, consult with the defendant in the United States and
25 effectively prepare, and the ongoing COVID-19 pandemic;
26    THEREFORE, the parties stipulate and agree, and respectfully request that the Court order, that
27 excluding time from September 29, 2021, to February 16, 2022, will allow for the effective preparation
28 of counsel given the complexity of the case.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii) & (iv).  The parties

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

further stipulate and agree that the ends of justice served by excluding the time from September 29, 2021, to February 16, 2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).  The parties stipulate and agree the Court shall enter the proposed order below.

IT IS SO STIPULATED.

DATED: September 23, 2021

STEPHANIE M. HINDS
Acting United States Attorney

_____/s/_____
ROBERT S. LEACH
Assistant United States Attorney

DATED: September 23, 2021

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG, & RHOW, P.C.

_____/s/_____
ARIEL A. NEUMAN
Attorneys for Defendant Stephen Chamberlain

### [~~PROPOSED~~] ORDER

Based upon the facts set forth in the stipulation of the parties and the representations made to the Court, and for good cause shown, the status conference currently set for September 29, 2021, shall be continued February 16, 2022, at 1:30 p.m..  For good cause shown, the Court finds that failing to exclude the time from September 29, 2021, to February 16, 2022, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the complexity of the case. 18 U.S.C. § 3161(h)(7)(B)(ii) & (iv).  The Court further finds that the ends of justice served by excluding the time from May 20, 2021, to September 15, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from September 29, 2021, to February 16, 2022, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).

IT IS SO ORDERED.

DATED: September 27, 2021

_____
THE HONORABLE CHARLES R. BREYER
United States District Judge

STIPULATION AND [~~PROPOSED~~] ORDER
CASE NO. CR 18-577 CRB