STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ADAM A. REEVES (NYBN 2363877)
ROBERT S. LEACH (CABN 196191)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email: adam.reeves@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | THE UNITED STATES' OMNIBUS RESPONSE TO THE DEFENDANT'S MOTIONS FOR RULE 17 SUBPOENAS, LETTERS ROGATORY, AND A BILL OF PARTICULARS |
| v. | |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | Date: December 1, 2021<br>Time: 1:30 p.m.<br>Court: Hon. Charles R. Breyer |
| Defendants. | |

**INTRODUCTION**

The United States hereby responds to the following motions filed by defendant Stephen Chamberlain: Motion for the Issuance of Rule 17(c) Subpoenas and Letters Rogatory to Daud Khan and Paul Morland dated November 1, 2021 (Dkt. 81); Motion for the Issuance of Rule 17(c) Subpoenas and Letters Rogatory to Reena Prasad, Percy Tejeda, and Ganesh Vaidyanathan dated November 1, 2021 (Dkt. 87); and Motion for Bill of Particulars dated November 1, 2021 (Dkt. 85). On November 1, 2021, the Court ordered that these motions be heard on December 1, 2021. Dkt. 89.

THE UNITED STATES' OMNIBUS RESPONSE TO THE DEFENDANT'S MOTIONS
CASE NO. CR 18-577 CRB

1

For the reasons set forth below, the United States does not oppose the defendant's motion for the issuance of Rule 17(c) subpoenas and, if necessary, letters rogatory, for relevant witnesses in this case. The United States submits, however, that the defendant's motion for a bill of particulars is untimely, among other objections, and should be denied, without prejudice, until the co-defendant Michael Lynch has been extradited to the United States, appears before the Court, and the matter is set for trial.

## BACKGROUND

Having tried the related case of *United States v. Hussain*, Case No. CR 16-462 CRB, in 2018, the Court has a deep understanding of the facts and circumstances supporting the pending indictment, *United States v. Lynch and Chamberlain*, Case No. CR 18-577.  Broadly, the indictment alleges that the defendants engaged in a scheme to defraud Hewlett-Packard Company (HP) using false and misleading financial statements to sell Autonomy to HP for approximately $11 billion, one of the largest corporate frauds ever prosecuted by the Department of Justice.  There is a fulsome trial record supporting the conviction of defendant Hussain on all counts which has been produced to defendant Chamberlain.

In 2019, Chamberlain, a citizen of the United Kingdom, who now works for and has long been professionally dependent on his co-defendant, Lynch, voluntarily came to the United States and was arraigned on the pending charges.  Lynch, also a citizen of the United Kingdom, did not voluntarily appear.  Instead, the United States has been required to pursue formal extradition proceedings against Lynch which have been pending since 2019.

On or about July 22, 2021, the Magistrates Court in the extradition proceeding in the United Kingdom in *The Government of the United States v. Michael Richard Lynch* held in favor of the United States and authorized the extradition of defendant Lynch to the United States to face trial on these charges.  The government anticipates that defendant Lynch will be required to appear before the Court next year, at which time this case can proceed to trial.

THE UNITED STATES' OMNIBUS RESPONSE TO THE DEFENDANT'S MOTIONS
CASE NO. CR 18-577 CRB

# ARGUMENT

## I. DEFENDANT'S MOTIONS FOR RULE 17(c) SUBPOENAS AND LETTERS ROGATORY

Generally, the government does not oppose the evidence sought by defendant Chamberlain's motion for Rule 17(c) subpoenas. Documents relating to "Autonomy, Mr. Stephen Chamberlain, or Mr. Michael Lynch" – as requested by the proposed Rule 17 subpoenas (Dkt. 82-1) – are likely to satisfy the threshold requirements for such subpoenas set by the Supreme Court. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (Rule 17 subpoenas are appropriate when the documents sought are evidentiary and relevant, not otherwise procurable in advance of trial, necessary for effective trial preparation, and the application is made in good faith).

Defendant Chamberlain seeks Rule 17(c) subpoenas for Daud Khan and Paul Morland, financial analysts in the London stock market who followed and issued analyst reports about Autonomy. Both Khan and Morland are citizens of the United Kingdom. Both Khan and Morland testified in *United States v. Hussain*. On information and belief, in 2017, both Khan and Morland voluntarily accepted service of a Rule 17(c) trial subpoena, travelled from London to San Francisco, and testified under oath at length in the first trial. If the Court authorizes new Rule 17(c) subpoenas for Khan and Morland, it is possible that they will again accept service of the subpoenas voluntarily. If they do, then letters rogatory will be unnecessary. If they do not accept service of the Rule 17(c) subpoenas, then the government will not oppose the issuance of letters rogatory to Khan and Morland.

Defendant Chamberlain also seeks Rule 17(c) subpoenas for Reena Prasad, Percy Tejeda, and Ganesh Vaidyanathan, all former Autonomy employees who, allegedly, learned about early aspects of the fraud at Autonomy, acted like whistleblowers, and were effectively fired for speaking out. *See, e.g.,* Superseding Indictment (Dkt. 21) at ¶ 23(n). Prasad, Tejada, and Vaidyanathan are all citizens of the United States. They all testified under oath during the investigation. Their testimony has all been produced to the defendants. The government does not object to new Rule 17(c) subpoenas to Prasad, Tejada, and Vaidyanathan for documents relevant to their work at Autonomy as proposed by the defendant.

THE UNITED STATES' OMNIBUS RESPONSE TO THE DEFENDANT'S MOTIONS
CASE NO. CR 18-577 CRB

Finally, if the Court authorizes the Rule 17(c) subpoenas requested by the defendant, then the United States asks the Court to impose three further refinements to the subpoenas. First, extend the period in which the subpoena recipients may respond to at least ninety (90) days from the date of service to allow sufficient time for the relevant documents, some of which are years old, to be located, assembled, and properly produced to the Court. Second, require that all documents responsive to the proposed subpoenas be produced directly to the Court and thereafter that the parties be given a complete and equal copy of all documents received by the Court. And finally, issue Rule 17(c) subpoenas that call for *both* the production of documents and testimony at trial so the parties will not be required to serve additional subpoenas for testimony at trial.

## II.   THE MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED

It is one thing to authorize the issuance of Rule 17(c) subpoenas when only one defendant has appeared before the Court and the case is not proceeding because of the absence of the remaining defendant. It is another thing to entertain substantive motions – like a motion for a bill of particulars – that go to the sufficiency of the allegations in the indictment.

For the reasons set forth below, defendant Chamberlain's motion does not satisfy the criteria necessary for a bill of particulars (just as defendant Hussain's similar motion for a bill of particulars was rejected by the Court on before the first trial). Even if defendant Chamberlain could meet his burden, the government respectfully submits that, if the Court entertains this motion now, it will invite the defendants to get "two bites at the apple," one for defendant Chamberlain, and another when defendant Lynch finally appears. That is unfair for the United States and may be inefficient for the Court. Respectfully, the proper remedy, given the current procedural posture of the case, is to deny the motion for a bill of particulars without prejudice and with leave to refile any such motion when both defendants can be heard.

### A.   Legal Standard

A bill of particulars is unwarranted unless the defendant "demonstrates surprise, prejudice, or an increased risk of double jeopardy." *United States v. Robertson*, 15 F.3d 862, 874 (9th Cir. 1994) (affirming denial of bill of particulars); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)

(affirming denial of bill of particulars).  Where the indictment specifies the means and methods used to carry out the conspiracy (as the Indictment in this case does) and the government has produced a significant amount of discovery (as the government has in this case), a bill of particulars is unnecessary. *United States v. Ayers*, 924 F.2d 1468, 1484 (9th Cir. 1991) (affirming denial of bill of particulars); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) (affirming denial of bill of particulars when "the indictment itself provides sufficient details of the charges and ... the Government provides full discovery to the defense"); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (affirming denial of bill of particulars because "[f]ull discovery will obviate the need for a bill of particulars").

In the absence of surprise or prejudice, there is no absolute requirement that the government identify other relevant persons at all.  *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985) (affirming denial of bill of particulars); *United States v. DiCesare*, 765 F.2d 890, 897-898 (9th Cir. 1985) (affirming denial of bill of particulars that "requested the names of any unknown coconspirators"). "A defendant is not entitled to know all the evidence the government intends to produce, but only the government's theory of the case." *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963) (affirming denial of bill of particulars).  *See also Remmer v. United States*, 205 F.2d 277, 282 (9th Cir. 1953) (affirming denial of bill of particulars) ("The most to which appellant was entitled to prior to trial was disclosure of the theory of the Government's case.")  "[A bill of particulars'] function is not to provide a defendant with names of government witnesses." *Yeargain,* 314 F.2d at 882.

### B.     No Surprise, Prejudice, or Risk of Double Jeopardy

One of the virtues of trying two cases based largely on the same facts will be the reasonable expectation that there will be no surprises.  The financial statements alleged to be fraudulent in *United States v. Lynch and Chamberlain* will be the same as the financial statements proven to be fraudulent in *United States v. Hussain*.  By itself, the highly detailed testimony already provided in the first trial by witnesses from Deloitte (Autonomy's auditors) and Hewlett-Packard (which was responsible for preparing the restated financial statements) undercuts any argument about the need for further particulars to clarify what was false and misleading about the financial statements Chamberlain helped prepare.  Given the detail in the superseding indictment, the voluminous public record created by the

first trial, and the full discovery he has already received in this case – before his co-defendant has even appeared – there is no way defendant Chamberlain can meet his burden to show surprise, prejudice, or risk of double jeopardy that would warrant a bill of particulars.

In Count Seventeen, defendant Chamberlain is charged in a conspiracy "to cover up, [and] conceal" "the scheme to defraud" alleged in the indictment by, among other things, trying to falsely record revenue while at HP. Document 21 (Superseding Indictment) at 16-17. Interestingly, defendant Chamberlain does not seem to seek a bill of particulars regarding Count Seventeen at all. Instead, as he acknowledges, the defendant "seeks more information" about how Chamberlain's alleged actions connect to Lynch's alleged actions. Document 85 (Motion for a Bill of Particulars) at 17. Seeking "more information" is not the purpose of a bill of particulars. *Remmer,* 205 F.2d at 282.

It seems likely that, when he finally appears, defendant Lynch will raise similar pretrial issues. For that reason, any final decision about the merits of further particulars relating to pending indictment and especially Count Seventeen should await defendant Lynch's appearance.

Finally, once Lynch has been successfully extradited and made to appear before the Court, the United States will not object to the pre-trial identification of all co-conspirators (as the government did on or about July 27, 2017, well in advance of the trial in *United States v. Hussain*).

## CONCLUSION

In the current posture of the case – with only one of the two defendants properly before the Court – it is appropriate for the Court to authorize Rule 17(c) subpoenas for relevant and admissible evidence. Evidence obtained utilizing such subpoenas takes time and issuing the subpoenas now is one way to take advantage of the delay occasioned by the extradition of defendant Lynch. The same is not true for the defendant's motion for a bill of particulars, which should be denied with leave to refile it when defendant Lynch arrives in 2022.

DATED: November 15, 2021  STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Adam A. Reeves*

ADAM A. REEVES
Assistant United States Attorney

THE UNITED STATES' OMNIBUS RESPONSE TO THE DEFENDANT'S MOTIONS
CASE NO. CR 18-577 CRB