STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ADAM A. REEVES (NYBN 2363877)
ROBERT S. LEACH (CABN 196191)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email:  adam.reeves@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | THE UNITED STATES' NOTICE OF MOTION AND MOTION FOR RULE 17 SUBPOENAS |
| v. | |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | |
| Defendants. | |

## INTRODUCTION

On December 1, 2021, or at such other time as may be ordered by the Court, the United States hereby moves for Rule 17(c) subpoenas seeking substantively the same evidence sought by the defendant's November 1, 2021 motion for Rule 17(c) subpoenas (Dkts. 81 and 82-1) – "all records … relating to Autonomy, Mr. Stephen Chamberlain, or Mr. Michael Lynch" – from seven (7) persons who followed co-defendant, Michael Lynch, and worked for him, after he left Autonomy in 2011.

## I. BACKGROUND

Having tried the related case of *United States v. Hussain*, Case No. CR 16-462 CRB, in 2018, the Court has a deep understanding of the facts and circumstances supporting the pending indictment, *United States v. Lynch and Chamberlain*, Case No. CR 18-577. Broadly, the indictment alleges that the defendants engaged in a scheme to defraud Hewlett-Packard Company (HP) using false and misleading financial statements to sell Autonomy to HP for approximately $11 billion, one of the largest corporate frauds ever prosecuted by the Department of Justice. There is a fulsome trial record supporting the conviction of defendant Hussain on all counts which has been produced to defendant Chamberlain.

In 2019, Chamberlain, a citizen of the United Kingdom, who now works for and has long been professionally dependent on his co-defendant, Lynch, voluntarily came to the United States and was arraigned on the pending charges. Lynch, also a citizen of the United Kingdom, chose not to voluntarily appear. Instead, the United States has been required to pursue formal extradition proceedings against Lynch which have been pending since 2019.

On or about July 22, 2021, the Magistrates Court in the extradition proceeding in the United Kingdom in *The Government of the United States v. Michael Richard Lynch* held in favor of the United States and authorized the extradition of defendant Lynch to the United States to face trial on these charges. The government anticipates that defendant Lynch will be required to appear before the Court next year, at which time this case can proceed to trial.

## II. GOVERNMENT'S MOTION FOR RULE 17(c) SUBPOENAS

The government hereby moves for Rule 17(c) subpoenas seeking the same evidence as defendant Chamberlain – all documents relating to Autonomy, Michael Lynch, and Stephen Chamberlain – for the following seven (7) persons:

- Corrado Broli
- Nicole Eagan
- Lisa Harris
- Peter Menell
- Poppy Prentiss (aka Poppy Gustafsson)
- Rob Sass
- Gary Szukalski

THE UNITED STATES' NOTICE OF MOTION AND MOTION FOR RULE 17 SUBPOENAS
CASE NO. CR 18-577 CRB

2

All these persons are former Autonomy employees. All followed Lynch from Autonomy to HP in 2011, and then to Invoke Capital or Darktrace in 2012 or later. The circumstances under which these persons were hired and retained by Invoke Capital (or Darktrace, in which Invoke Capital held a controlling interest for years) are relevant and admissible to, among other things, Count Seventeen of the Superseding Indictment. Dkt. 21 at ¶ 33 (alleging, among other things, that Lynch conspired to "pay[] hush money and other benefits to influence, delay, and prevent the testimony of persons").

These proposed Rule 17(c) subpoenas seek relevant and admissible evidence (namely, documents that show the financial and professional dependency of these persons on Lynch); they are limited in scope and seek evidence from a discrete set of persons (former Autonomy employees who did not part with Lynch after the allegations of fraud arose); and, if compelled now, they will help assure that there is no further delay in bringing this matter to trial after Lynch is extradited. In this way, the Rule 17(c) subpoenas sought by the government satisfy the threshold requirements for such subpoenas. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

On information and belief, Broli, Menell, Harris, and Prentiss are not citizens of the United States. If they decline to accept service of the proposed Rule 17(c) subpoenas voluntarily, then the United States will seek letters rogatory for this evidence. The remaining persons – Eagan, Sass, and Szukalski – are all citizens of the United States and may properly be served with any Rule 17(c) subpoenas issued by the Court.

Finally, if the Court authorizes these Rule 17(c) subpoenas, the United States will confer with counsel for defendant Chamberlain about the wording of the actual subpoenas and submit the final proposed subpoenas to the Court for approval before they are served.

//

//

//

//

//

THE UNITED STATES' NOTICE OF MOTION AND MOTION FOR RULE 17 SUBPOENAS
CASE NO. CR 18-577 CRB

3

## CONCLUSION

In the current posture of the case – with only one of the two defendants properly before the Court – it is appropriate for the Court to authorize Rule 17(c) subpoenas for relevant and admissible evidence. Evidence obtained utilizing such subpoenas takes time and issuing the subpoenas now is one way to take advantage of the delay occasioned by the extradition of defendant Lynch.

DATED:  November 15, 2021

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Adam A. Reeves*

_____
ADAM A. REEVES
Assistant United States Attorney

THE UNITED STATES' NOTICE OF MOTION AND MOTION FOR RULE 17 SUBPOENAS
CASE NO. CR 18-577 CRB

4