STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email: Robert.Leach@usdoj.gov
    Email: Adam.Reeves@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER |
| v. | |
| STEPHEN KEITH CHAMBERLAIN, | |
| Defendant. | |

**<u>STIPULATION</u>**

WHEREAS, on November 29, 2018, the Grand Jury returned an Indictment against Stephen Keith Chamberlain, a resident of the United Kingdom (Document 1);

WHEREAS, on February 4, 2019, defendant Chamberlain ("the defendant") appeared before the Court (with counsel specially appearing), was arraigned on the Indictment, and pleaded not guilty to all counts;

WHEREAS, on March 21, 2019, the Grand Jury returned a Superseding Indictment against Chamberlain (Document 21);

WHEREAS, on January 23, 2020, the Court entered a protective order respecting certain discovery (Document 54);

WHEREAS, on January 27, 2020, the government produced a substantial volume of discovery to the defendant, including materials subject to the protective order;

WHEREAS, on February 21, 2020, the government made an additional production of discovery to the defendant;

WHEREAS, on March 16, 2020, the Court issued General Order No. 72 (IN RE: Coronavirus Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before May 1, 2020," and that "[d]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. section 3161(h)(7)(A)";

WHEREAS, on April 3, 2020, upon the stipulation of the parties, the Court issued an order finding that the time to June 17, 2020 (the date the parties were scheduled to appear for a status conference) shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv) (Document 60);

WHEREAS, on April 30, 2020, the Court issued General Order No. 72-2 (IN RE: Coronavirus Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before June 1, 2020";

WHEREAS, on May 21, 2020, the Court issued General Order No. 72-3 (IN RE: Coronavirus Disease Public Health Emergency), providing that "[n]o new jury trial will be conducted through June 30, 2020";

1      WHEREAS, on June 17, 2020, the Court convened a status conference and, after hearing from the parties, set a further status conference for February 3, 2021, and excluded time under the Speedy Trial Act from June 17, 2020, through February 3, 2021;

     WHEREAS, on or about January 29, 2021, after consultation with the parties, a Clerk's Notice was issued continuing the status conference to May 20, 2021;

     WHEREAS, on March 31, 2021, a Clerk's Notice was issued advancing the status conference to May 19, 2021;

     WHEREAS issues arising from the COVID-19 pandemic continue to impede the parties' ability to effectively prepare the case for trial, including the ability to meet with witnesses, some of whom reside outside the United States;

     WHEREAS, during the week of February 8, 2021, hearings were held in the extradition proceeding relating to co-defendant Michael Richard Lynch, and the extradition proceeding was adjourned for further oral submissions on May 4, 2021;

     WHEREAS the hearing date for further oral submissions was subsequently continued to July 22, 2021;

     WHEREAS, on or about July 22, 2021, Judge Michael Snow of the City of Westminster Magistrates' Court issued Findings of Fact and Reasons, rejecting Mr. Lynch's challenge to extradition, ordering that extradition is compatible with Mr. Lynch's rights, and sending the case to the U.K. Secretary of State for a decision as to whether the defendant is to be extradited;

     WHEREAS, the parties stipulate and agree, and respectfully request that the Court order, that the status conference currently set for September 29, 2021, be continued to February 16, 2022;

     WHEREAS, on September 27, 2021, the Court found that an exclusion of time under the Speedy Trial Act from September 29, 2021, to February 16, 2022, was appropriate due to the complexity of the case, the need for defense counsel to review relevant evidence including recently produced discovery and discovery arising from the extradition proceeding, consult with the defendant in the United States and effectively prepare, and the ongoing COVID-19 pandemic (Document 80);

STIPULATION AND [~~PROPOSED~~] ORDER
CASE NO. CR 18-577 CRB

1      WHEREAS, on November 1, 2021, the defendant Stephen Chamberlain made pretrial motions for the Issuance of Rule 17 Subpoenas and Letters Rogatory (Document 81) and for a Bill of Particulars (Document 85).

     WHEREAS, pursuant to 18 U.S.C. § 3161(h)(1)(D), the time within which the trial of the offense must commence is excluded under the Speedy Trial Act from delay resulting from any pretrial motion through the conclusion of the hearing on or other prompt disposition of the motion.

     WHEREAS, on November 15, 2021, the government made a pretrial motion for the Issuance of Rule 17 Subpoenas (Document 91).

     WHEREAS, on December 1, 2021, the Court heard arguments on the pretrial motions and (1) ruled on the defendant's motion for the Issuance of Rule 17 subpoenas; (2) deferred and did not rule on the defendant's motion for a Bill of Particulars and the government's motion for the Issuance of Rule 17 Subpoenas; and (3) adjourned the matter to February 16, 2022, for a further hearing, excluding time under the Speedy Trial Act (Document 62).

     WHEREAS, on January 28, 2022, the UK Secretary of State issued an Order for Extradition Pursuant to Section 93(4) of the Extradition Act 2003, directing that defendant Lynch be extradited to the United States.

     WHEREAS, from January through May 2022, counsel for defendant Chamberlain and counsel for the government have conferred in detail about the pending motions and discussed the review of certain discovery made available by the United States Attorney's Office.

     WHEREAS, from March 16, 2022, to June 3, 2022, the Court adjourned the hearing on the pending motions multiple times at the request of the parties to permit them time to confer about the motions (Documents 103, 106, 109, and 110).

     WHEREAS, on May 4, 2022, the Court ordered a briefing schedule on the issues that remain in dispute and adjourned the case for a hearing on June 3, 2022 (Document 110).

     THEREFORE, the parties stipulate and agree, and respectfully request that the Court order, that (1) excluding time from April 20, 2022, to June 3, 2022, during the pendency of the pretrial motions, is appropriate under 18 U.S.C. § 3161(h)(1)(D); (2) the exclusion of time will also allow for the effective

preparation of counsel given the complexity of the case, *see* 18 U.S.C. § 3161(h)(7)(B)(ii) & (iv); and (3) the ends of justice served by excluding the time from April 20, 2022, to June 3, 2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial, *see* 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).  The parties stipulate and agree the Court shall enter the proposed order below.

IT IS SO STIPULATED.

DATED:  May 12, 2022

STEPHANIE M. HINDS
United States Attorney

*/s/ Adam A. Reeves*
_____
ROBERT S. LEACH
ADAM A. REEVES
Assistant United States Attorneys

DATED:  May 12, 2022

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG, & RHOW, P.C.

*/s/ Gary S. Lincenberg*
_____
GARY S. LINCENBERG
Counsel for Defendant Stephen Chamberlain

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

**[~~PROPOSED~~] ORDER**

**FOR GOOD CAUSE SHOWN**, based upon the facts set forth in the stipulation and the representations of the parties, the Court hereby finds that excluding the time from April 20, 2022, to June 3, 2022, is warranted during the pendency of the pretrial motions pursuant to 18 U.S.C. § 3161(h)(1)(D), and failing to exclude time from April 20, 2022, to June 3, 2022, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the complexity of the case. 18 U.S.C. § 3161(h)(7)(B)(ii) & (iv). The Court further finds that the ends of justice served by excluding the time from April 20, 2022, to June 3, 2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, with the consent of the parties, it is hereby ordered that the time from April 20, 2022, to June 3, 2022, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).

**IT IS SO ORDERED**.

DATED: May 12, 2022

_____
THE HONORABLE CHARLES R. BREYER
United States District Judge

STIPULATION AND [~~PROPOSED~~] ORDER
CASE NO. CR 18-577 CRB