PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States,
Acting under Authority Conferred by 28 U.S.C. § 515

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6912
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov
           Adam.Reeves@usdoj.gov
           Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  18-CR-577 CRB |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY (TEMPORARILY) CONDITIONS OF PRETRIAL RELEASE |
| v. | |
| MICHAEL RICHARD LYNCH, | |
| Defendant. | |

On September 20, 2023, the defendant, Michael Richard Lynch, filed his third motion to temporarily modify the conditions of his pretrial release.  *See* ECF No. 204.  The government opposes this motion.  Since the Court's Order Granting Bail on May 11, 2023, Dr. Lynch has twice moved for temporary modifications to his conditions of pretrial release.  *See* ECF Nos. 193 & 200.  The government did not oppose those prior motions, both of which were granted.  *See* ECF Nos. 194, 201, 203.  Because Dr. Lynch fails to show that circumstances have change since the Court issued its Order Granting Bail, the government respectfully opposes this third request.  Repeated, monthly, multi-week "modifications" of Dr. Lynch's release conditions risk subverting the Court's original order without a

sufficient showing of changed circumstances.

## I. PRETRIAL RELEASE ORDER AND PRIOR MODIFICATIONS TO CONDITIONS

After contesting extradition for nearly four years, Dr. Lynch was extradited to the United States in May 2023.  Following a bail hearing, on May 11, 2023, the Court determined that Dr. Lynch presented a "serious and substantial risk of flight" and ordered that he be released under certain stringent conditions designed to reasonably assure his appearance at trial.  ECF No. 146.  These conditions included that Dr. Lynch be confined to an address in San Francisco and that he could only travel for meetings with counsel, medical appointments, and court appearances, within the City and County of San Francisco.  *See id.* at 9.  The Court ordered that any further travel must be approved by the United States Attorney's Office and the Court.  *Id.*  The release conditions also included a requirement that Dr. Lynch shall be guarded on a 24-hour basis by a private security company at his own expense.  ECF No. 146 at 9.  On May 24, 2023, the Court further clarified that Dr. Lynch's release conditions allow him to travel for religious services and court-approved obligations within San Francisco, upon the approval of Pretrial Services.  ECF No. 168.

On July 5, 2023, Dr. Lynch moved to temporarily modify his release conditions to allow him to leave his residence between 9 AM and 9 PM PST during the period from July 10, 2023 to July 17, 2023, accompanied by his armed guards, without seeking advance approval of Pretrial Services or the Court.  ECF No. 193.  This request stemmed from Dr. Lynch's desire to accompany his daughters, who were visiting during this period, for meals and activities in San Francisco.  *Id.*  The government and Pretrial Services did not oppose this motion.  *Id.*  The Court granted the motion.  ECF No. 194.

On August 1, 2023, Dr. Lynch moved a second time to temporarily modify his release conditions to allow him to leave his residence between 9 AM and 9 PM PST, during the two-and-a-half- week period from August 9, 2023 to August 26, 2023, without seeking advance approval of Pretrial Services or the Court.  ECF No. 200.  Dr. Lynch agreed to be accompanied by his armed guards when outside his residence.  *Id.*  Dr. Lynch made this request to allow him to spend time with his wife and daughter in San Francisco following the recent death of his brother.  *Id.*  The government and Pretrial Services did not oppose the motion.  The Court granted the motion and ordered that the prior conditions of home confinement would resume on August 27, 2023.  ECF Nos. 201 & 203 (clarifying order).

Dr. Lynch now moves, for the third time, to modify his pretrial release conditions to allow him to leave his residence from 9 AM to 9 PM for the periods of (1) September 24, 2023 through October 9, 2023 and (2) October 24, 2023 through November 5, 2023, when his wife and children are expected to be visiting San Francisco.  ECF No. 204.  For the reasons stated below, the government opposes this motion.

## II.     ARGUMENT

To date, the government has strived to be accommodating to Dr. Lynch's repeated requests to modify his pretrial release conditions.  However, with this third substantial request for a modification, the government has become concerned that the routinized, monthly, multi-week "modifications" of the release conditions risk undermining the Court's original home confinement order.

A bail hearing may be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).

Here, Dr. Lynch has presented no change in circumstances, unknown to him at the time of the original bail hearing, that warrant the requested modifications to the release conditions.  Since the Court's May 11 release order, Dr. Lynch has sought and obtained modifications to his pretrial release conditions that have allowed him to be outside his residence for the day and evening for almost a month (approximately 25 days) in this four-month period.  As such, Dr. Lynch has essentially side-stepped the Court's home confinement order for almost a quarter of the time that he has been on release.  The two new modifications requested in Dr. Lynch's current motion would allow Dr. Lynch to be outside his residence for the day/evening for approximately 27 days out of the 46-day period between today's date and November 5, 2023.  Such significant, frequent, and repeated modifications to the Court's pretrial release conditions have allowed, and will continue to allow, Dr. Lynch to circumvent the Court's bail order in a meaningful way.  While the government was willing to agree to first two requested modifications on the assumption that Dr. Lynch's requests for modifications would be limited and infrequent and tied to specific unforeseen circumstances, a pattern of monthly, multi-week modification requests has instead emerged.

Dr. Lynch has not set forth a change in circumstances that justify an adjustment to the release conditions set by the Court. Dr. Lynch's argument that his home confinement and isolation are adversely affecting his mental health is unpersuasive. ECF No. 204 ¶ 14. Dr. Lynch is fortunate in that he has not been detained pretrial despite the significant flight risk he poses. He is able to engage in phone calls and video calls with his family at any time—privileges unavailable to defendants who remain in custody. In addition, the Court's order allows Dr. Lynch to enjoy unlimited time with his family inside his residence should they wish to visit. Dr. Lynch also argues that the Darktrace share certificates he posted for bail have increased in value since May 2023, *see id.* ¶ 15, however that is not a material change in circumstances that justifies a modification to the release conditions. At the time of the bail hearing, the Court estimated Dr. Lynch's net worth at $450 million. ECF No. 146, at 2. While a $20 million increase in the value of the shares Dr. Lynch posted is not insignificant, given his overall net worth and access to other wealth, Dr. Lynch still poses a serious flight risk despite this increase in share value. Furthermore, shares inherently fluctuate in value depending on the market. The government does not believe an increase in value of the shares should warrant a relaxation of Dr. Lynch's release conditions, just as it does not believe a decrease in the value of the shares would justify a more stringent modification to the release conditions. To hold otherwise would allow the parties to consistently return to the Court with requests to modify pretrial release conditions whenever a market fluctuation results in a change to the value of the posted shares. Finally, compliance with pretrial release conditions to date is not new information that would justify modifying the conditions of pretrial release. *See, e.g.*, *United States v. Kube*, 1-19-CR-00257-NONE-SKO, 2020 WL 1984178, at *5-6 (E.D. Cal. April 27, 2020) ("It is presumed that the defendant will abide by the conditions imposed and his demonstrated ability to do so is what allows him to remain on pretrial release. The fact that Defendant has complied with his conditions of release is what allows him to remain out of custody and is not new information that has a material bearing on his conditions to reopen the detention hearing.").

### III. CONCLUSION

For the reasons stated above, the government respectfully requests that Dr. Lynch's motion to modify his pretrial release conditions be denied.

| | |
|---|---|
| DATED: September 21, 2023 | Respectfully submitted,<br><br>PATRICK D. ROBBINS (CABN 152288)<br>Attorney for the United States,<br>Acting Under Authority Conferred by<br>28 U.S.C. § 515<br><br>_____/s/ Kristina Green_____<br>ROBERT S. LEACH<br>ADAM A. REEVES<br>KRISTINA GREEN<br>Assistant United States Attorneys |