Jonathan M. Baum (SBN: 303469)
**Steptoe & Johnson LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Dwight J. Draughon (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
**Steptoe & Johnson LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Christopher Morvillo (Admitted Pro Hac Vice)
Celeste L. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br><br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S MOTION 1) TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED AND 2) FOR DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 1, 2023<br>Time: 1:30 pm<br>Court: Courtroom 6 – 17th Floor<br>Date Filed: September 29, 2023<br>Trial Date: March 18, 2024 |

Case No. 3:18-cr-00577-CRB

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ...................................................................... 1

II.  BACKGROUND ........................................................................................ 2

III. ARGUMENT ............................................................................................. 5

  A.  Section 3292 Requires Evidence of the Specific Offense the Government Seeks to Toll ... 6

  B.  Count Two, Count Sixteen, Certain Objects of Count Seventeen, and Counts One and Three through Fifteen Are Time-Barred Because They Were Not Tolled by Any Foreign Evidentiary Requests ........................................ 7

    1.   Count Two .......................................................................... 7

    2.   Count Sixteen ..................................................................... 9

    3.   Count Seventeen ................................................................. 10

    4.   Counts One and Three through Fifteen ................................ 11

  C.  Document Discovery Is Appropriate Where, as Here, the Timing and Circumstances Merit Further Discovery to Determine Whether the Government Misused the Tolling Statute ......................................... 12

IV.  CONCLUSION .......................................................................................... 15

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

*Caplan v. Vokes*,
5
   649 F.2d 1336 (9th Cir. 1981) ...................................................................................6

6

*DeGeorge v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
7
   219 F.3d 930 (9th Cir. 2000) .................................................................................12

8

*Grunewald v. United States*,
   353 U.S. 391 (1957) ...............................................................................................5
9

*Toussie v. United States*,
10
   397 U.S. 112 (1970) ...........................................................................................5, 6

11

*United States v. Bogucki*,
12
   316 F. Supp. 3d 1177 (N.D. Cal. 2018) .............................................................12, 14

13

*United States v. Carson*,
14
   No. 09-CR-00077, 2009 WL 10793919 (C.D. Cal. Dec. 8, 2009) ...........................7

15

*United States v. Gonsalves*,
16
   675 F.2d 1050 (9th Cir. 1982) ...............................................................................5

*United States v. Head*,
17
   641 F.2d 174 (4th Cir. 1981) .................................................................................10

18

*United States v. Jackson*,
19
   480 F.3d 1014 (9th Cir. 2007) ................................................................................7

20

*United States v. Jenkins*,
21
   633 F.3d 788 (9th Cir. 2011) .................................................................................7

22

*United States v. Meador*,
   138 F.3d 986 (5th Cir. 1998) ................................................................................12
23

*United States v. Neill*,
24
   952 F. Supp. 831 (D.D.C. 1996) .......................................................................7, 11

25

*United States v. Nukida*,
26
   8 F.3d 665 (9th Cir. 1993) ....................................................................................6

27

*United States v. W.R. Grace*,
   434 F. Supp. 2d 879 (D. Mont. 2006), *rev'd on other grounds*, 504 F.3d 745
28
   (9th Cir. 2007) .....................................................................................................10

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

*Yates v. United States*,
    354 U.S. 298 (1957)..................................................................................10

**Statutes**

15 U.S.C. § 78m ......................................................................................5, 10

18 U.S.C. § 1505 ....................................................................................5, 10

18 U.S.C. § 1512 ....................................................................................5, 10

18 U.S.C. § 1957 ....................................................................................5, 10

18 U.S.C. § 3282 ..........................................................................................4

18 U.S.C. § 3292 .................................................................................. *passim*

18 U.S.C. § 3301 ..........................................................................................4

**Other Authorities**

Federal Rule of Criminal Procedure 12 ......................................................6

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on November 1, 2023, at 1:30 pm or as soon thereafter as counsel may be heard, in Courtroom 6, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Michael Richard Lynch will and hereby does move the Court to dismiss Counts One through Sixteen, and certain objects of Count Seventeen, of the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A) as time-barred by the applicable statutes of limitations, and for discovery.

This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Nicholas Silverman submitted herewith and the exhibits attached hereto, oral argument, and the pleadings and exhibits on file with the Court.

Dated: September 29, 2023

Respectfully submitted,

*/s/ Reid Weingarten*
Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Dwight J. Draughon (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
**Steptoe & Johnson LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

Jonathan M. Baum (SBN: 303469)
**Steptoe & Johnson LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Christopher J. Morvillo (Admitted Pro Hac Vice)
Celeste L. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

Case No. 3:18-cr-00577-CRB

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT

Inexplicably, the five- and six-year statutes of limitations applicable in this matter were not enough for the government to bring charges against Dr. Michael Lynch and codefendant Mr. Stephen Chamberlain.  Although the conduct at issue in the government's initial Indictment ended in October 2011 with HP's acquisition of Autonomy, the government first charged Dr. Lynch and Mr. Chamberlain over seven years later, on November 29, 2018.  On March 21, 2019, the government obtained a Superseding Indictment (SI), adding an additional wire fraud count, a securities fraud count, and a conspiracy count relating to post-acquisition conduct.  But almost all conduct relevant to these new charges occurred no later than 2013.

By the time Dr. Lynch and Mr. Chamberlain were indicted in November 2018, the government had already charged and tried a remarkably similar case against Sushovan Hussain. Indeed, the government had indicted Mr. Hussain in November 2016, obtained a superseding indictment in May 2017, and the trial had occurred in early 2018.  And those indictments against Mr. Hussain were almost identical, word-for-word, to the subsequent indictments against Dr. Lynch and Mr. Chamberlain, except for Count Seventeen—a conspiracy charge against Dr. Lynch and Mr. Chamberlain relating entirely to post-acquisition conduct, which was not brought against Mr. Hussain.[1]

To prevent dismissal of the indictment and SI in this case, on statute of limitations grounds, the government relies on the MLAT tolling statute, 18 U.S.C. § 3292.  But the government failed to timely issue relevant foreign evidentiary requests, and therefore is not entitled to tolling:

- Count Two must be dismissed because the five-year statute of limitations for Count Two expired on January 26, 2016, but as of that date, the government had issued no

---

[1] *See* Exhibit A (Hussain Indictment) and Exhibit B (Hussain Superseding Indictment) to the Declaration of Nicholas Silverman.  Subsequent citations to exhibits to the Declaration of Nicholas Silverman within this brief are provided in the format "Ex. _."

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

relevant foreign evidentiary requests, having sought only information from the Vatican and Italy unrelated to the U.S. transaction in Count Two;

- Count Sixteen must be dismissed because the six-year statute of limitations expired on August 18, 2017, but as of that date, the government had issued no foreign evidentiary requests concerning the relevant August 18, 2011 press release by HP or any statements by Dr. Lynch to HP shareholders; and

- three of the four objects of Count Seventeen must be dismissed because the government never sought evidence relating to any of the conspiracy's objects or overt acts, never referenced any sort of conspiracy to "cover up, conceal, influence witnesses to, and otherwise obstruct investigations" into the scheme to defraud HP, and never cited to any of the statutes the co-conspirators allegedly conspired to violate.[2]

Further, the government is not entitled to use the statute as a stall tactic by requesting evidence that the government already has or does not need.  Here, the government issued a cursory, last-minute evidentiary request to the U.K. mere days before Counts Three and Four were set to expire, suggesting that it may have issued the request merely for the purpose of obtaining tolling.  At a minimum, the Court should allow the defense discovery to ascertain whether the government had a genuine need for the foreign evidence it requested or whether the requests were made for an improper purpose.

## II.   BACKGROUND

This case involves alleged misconduct relating to the U.K. technology firm Autonomy Corporation Ltd, which was acquired by Hewlett Packard ("HP") in October 2011.  The following table sets forth the dates on which the statutes of limitations for the various Counts expired, the dates on which the government issued foreign evidentiary requests and applied for

---

[2] Moreover, Counts One and Three through Fifteen must be dismissed because the government issued no timely foreign evidentiary requests relevant to Counts One and Three through Seven, and because there is reason to believe that the MLAT request that purportedly tolled Counts Eight through Fifteen was issued for an improper purpose.

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

and obtained tolling orders based on those requests, and the dates on which each Count was first charged.[3]  As the table makes clear, the statute of limitations for each of the Counts brought in the Indictment (Counts One through Fourteen) expired before the Indictment was returned, and the statute of limitations for each of the new Counts brought in the SI (Counts Fifteen, Sixteen, and Seventeen, with the exception of Count Seventeen's witness-tampering object) expired before the SI was returned.[4]  The table further shows that the foreign evidentiary requests issued prior to the expiration of the statutes of limitations for Counts Two and Sixteen, certain objects of Count Seventeen, and the remainder of the Counts in the SI, were not relevant to those Counts:

| Event | Date | Description |
|---|---|---|
| DOJ Evidentiary Request 1 (Vatican Request) | Aug. 10, 2015 | Diplomatic note to the Vatican requesting interview of Cesare Pasini, Prefect of the Vatican Apostolic Library, regarding transaction with Autonomy.[5] |
| | Dec. 18, 2015 | Formal follow-up request to the Vatican seeking witness testimony, as well as business records, regarding transaction with Autonomy.[6] |

---

[3] Dr. Lynch and the government also entered into a 123-day tolling agreement on July 30, 2018. Ex. C.  The tolling agreement does not affect the analysis herein.

[4] The government filed its first tolling application on January 29, 2016, relying on the Vatican Request and the Italy Request.  Ex. D (United States' *Ex Parte* Application for an Order Suspending the Statute of Limitations Pursuant to 18 U.S.C. § 3292).  This Court granted the application that same day.  Ex. E (Order Suspending the Running of the Statute of Limitations Under 18 U.S.C. § 3292.  The government filed its second tolling application on June 7, 2016, relying on the First United Kingdom Request.  Ex. F (United States' *Ex Parte* Application for an Order Suspending the Statute of Limitations Pursuant to 18 U.S.C. § 3292).  This Court granted the application on the same day.  Ex. G (Second Order Suspending the Running of the Statute of Limitations Under 18 U.S.C. § 3292.  The government filed its third tolling application on July 27, 2018, relying on the Second United Kingdom Request.  Ex. H (United States' *Ex Parte* Application for an Order Suspending the Statute of Limitations Pursuant to 18 U.S.C. § 3292).  This Court granted the application on August 8, 2018.  Ex. I (Third Order Suspending the Running of the Statute of Limitations Under 18 U.S.C. § 3292).

[5] *See* Ex. J (Diplomatic Note to the Holy See, No. 143-2015); *see also* Ex. K (attached list of questions).

[6] *See* Ex. L at USAO 00003441 (Letter to the Secretariat of State for the Holy See and Vatican City State).

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

| Event | Date | Description |
|---|---|---|
| DOJ Evidentiary Request 2 (Italy Request) | Dec. 23, 2015 | MLAT request seeking business records that were allegedly relevant to Autonomy's revenue recognition.[7] |
| **SOL Expiration[8] – Count 2** | Jan. 26, 2016 | Wire fraud charge relating to a Jan. 26, 2011 email concerning a domestic transaction involving Autonomy, U.S. reseller Discover Technologies, and U.S. prospective end user Bank of America. |
| DOJ Evidentiary Request 3 (Guernsey Request) | Jan. 27, 2016 | MLAT request seeking bank records for Dr. Lynch and his wife from Bank Julius Baer & Co. Ltd.[9] |
| DOJ Evidentiary Request 4 (First U.K. Request) | Jan. 29, 2016 | MLAT request seeking bank records and records of Autonomy share trading for Messrs. Chamberlain and Hussain, and Dr./Mrs. Lynch, records for two phone numbers Hussain used to communicate with U.S. Autonomy employees, and records from RBS and Capita Registrar for the HP/Autonomy transaction.[10] |
| **SOL Expiration – Count 3** | Feb. 1, 2016 | Wire fraud charge relating to the Feb. 1, 2011 issuance of a press release announcing Autonomy's 2010 financial results. |
| **SOL Expiration – Count 4** | Feb. 3, 2016 | Wire fraud charge relating to a Feb. 3, 2011 video conference between, among others, Dr. Lynch and HP. |
| **SOL Expiration – Count 5 through Count 7** | Mar. 4, 2016 to April 21, 2016 | Wire fraud charges relating to a Mar. 4, 2011 HP–Autonomy meeting, an Apr. 4, 2011 email from reseller Discover Technologies regarding a transaction for Spanish prospective end user Prisa, and an Apr. 21, 2011 quarterly earnings release issued by Autonomy. |
| **SOL Expiration – Count 8 through Count 15** | July 27, 2016 to Oct. 4, 2016 | Wire fraud charges relating to pre-acquisition communications between HP and Autonomy, an Autonomy earnings release, and correspondence between Capita Registrars (U.K.) and HP regarding payments totaling about £5.5 billion. |
| **SOL Expiration – Count 1** | Oct. 2016 | Wire fraud conspiracy charge concerning conduct occurring Jan. 2009–Oct. 2011. |

[7] *See* Ex. H at USAO 00003294; *see also* Ex. M (Letter to the Central Authority of Italy); Ex. N.

[8] Count One through Count Fifteen and Count Seventeen, which allege violations of the wire fraud statute and the federal conspiracy statute, are each subject to a five-year statute of limitations.  *See* 18 U.S.C. § 3282.  Count Sixteen, which alleges a violation of the securities fraud statute, is subject to a six-year statute of limitations.  *See* 18 U.S.C. § 3301.

[9] *See* Ex. O (Letter to the Central Authority of the Bailiwick of Guernsey).

[10] *See* Ex. P (Letter to the Central Authority of the United Kingdom).

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

| Event | Date | Description |
|-------|------|-------------|
| DOJ Evidentiary Request 5 (Second U.K. Request) | May 1, 2017 | Supplemental MLAT request seeking: (1) documents related to a data room established by Slaughter & May to "help evidence the representations Autonomy made and the information Autonomy provided to HP during due diligence" and (2) documents prepared by Ernst & Young LLP in the U.K. in connection with an audit of an Autonomy subsidiary's financial statements.[11] |
| **SOL Expiration – Count 17 Books and Records Object** | May 2017 | The latest overt act that could have furthered a conspiracy to circumvent a system of internal account controls of an issuer in violation of 15 U.S.C. § 78m allegedly occurred in May 2012.  *See* SI ¶ 34.f. |
| **SOL Expiration – Count 17 Money-Laundering Object** | June 1, 2017 | The latest overt act that could have furthered a conspiracy to engage in prohibited monetary transactions in violation of 18 U.S.C. § 1957 allegedly occurred on June 1, 2012.  *See* SI ¶ 34.j. |
| **SOL Expiration – Count 16** | Aug. 18, 2017 | Securities fraud charge relating to certain statements in HP's Aug. 18, 2011 press release announcing the Autonomy acquisition. |
| **SOL Expiration – Count 17 Obstruction Object** | Feb. 2018 | The latest overt act that could have furthered a conspiracy to obstruct proceedings in violation of 18 U.S.C. § 1505 allegedly occurred in Feb. 2013.  *See* SI ¶ 34.n. |
| Indictment | Nov. 29, 2018 | Indictment against Dr. Lynch and Mr. Chamberlain charging Counts 1 through 14. |
| Superseding Indictment | Mar. 21, 2019 | Superseding indictment against Dr. Lynch and Mr. Chamberlain adding Counts 15 through 17. |
| **SOL Expiration – Count 17 Witness-Tampering Object** | Oct. 28, 2023 | The latest overt act that could have furthered a conspiracy to tamper with witnesses in violation of 18 U.S.C. § 1512 allegedly occurred on June 27, 2018.  *See* SI ¶ 34.q.  In July 2018, Dr. Lynch and the government entered into a 123-day tolling agreement.  *See supra* n.3; Ex. C. |

## III.    ARGUMENT

The government bears the burden of proving that the charges against Dr. Lynch and Mr. Chamberlain are timely, *Grunewald v. United States*, 353 U.S. 391, 396 (1957), including that the applicable statutes of limitations have been adequately tolled where necessary, *United States v. Gonsalves*, 675 F.2d 1050, 1054 (9th Cir. 1982).  The Supreme Court has admonished

---

[11] *See* Ex. Q (Letter to the Central Authority of the United Kingdom).

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

1  that statutes of limitation be "liberally interpreted in favor of repose."  *Toussie v. United States*,

2  397 U.S. 112, 114–15 (1970) (quoting *United States v. Scharton*, 285 U.S. 518, 522 (1932)).

3  This is because "[t]he purpose of a statute of limitations is to limit exposure to criminal

4  prosecution to a certain fixed period of time," which "is designed to protect individuals from

5  having to defend themselves against charges when the basic facts may have become obscured by

6  the passage of time and to minimize the danger of official punishment because of acts in the far-

7  distant past." *Id.*; *see also Caplan v. Vokes*, 649 F.2d 1336, 1341 n.7 (9th Cir. 1981).

8       Here, the government relied on tolling under § 3292 to preserve every count except for

9  the witness-tampering object of Count Seventeen.  But Counts Two, Sixteen, and three of the

10  four objects of Count Seventeen are ineligible for such tolling, and they must each be dismissed

11  as time-barred under Federal Rule of Criminal Procedure 12(b).  *See United States v. Nukida*, 8

12  F.3d 665, 669 (9th Cir. 1993).[12]  Additionally, further discovery is merited and may reveal that

13  the government cannot adequately justify using MLATs to toll the statutes of limitations of

14  Count One and Counts Three through Count Fifteen, requiring a dismissal of those counts as

15  well.

16     **A.    Section 3292 Requires Evidence of the Specific Offense the Government
            Seeks to Toll**

17       The government attempts to toll the statute of limitations in the absence of a timely,

18  official request for foreign evidence related to each count that the government seeks to toll.

19  Section 3292's plain text clearly precludes this result, and case law interpreting the statute

20  affirms this conclusion.

21       The foreign-evidence tolling statute provides for tolling in only a limited circumstance:

22  "Upon application of the United States . . . indicating that evidence of an offense is in a foreign

23  country[.]"  18 U.S.C. § 3292(a)(1).  Where the government meets this requirement, "the district

---

[12] Moreover, Counts One and Three through Fifteen must be dismissed because the government issued no timely foreign evidentiary requests relevant to Counts One and Three through Seven, and because there is reason to believe that the MLAT request that purportedly tolled Counts Eight through Fifteen was issued for an improper purpose.

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

court . . . shall suspend the running of the statute of limitations for *the offense*"—that is, for the offense that the government "indicat[ed] that evidence of . . . is in a foreign country"— as long as the government proves, by a preponderance of the evidence, "that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." *Id.* (emphasis added). In other words, Section 3292 tolls the statute of limitations for only those offenses covered by the government's foreign-evidence request.  A foreign-evidence request cannot toll the statute of limitations of *another* offense not covered by evidence sought in the request.  The statute is "clear" on this point, so the Court need "look no further than that language in determining the statute's meaning." *See United States v. Jackson*, 480 F.3d 1014, 1021 (9th Cir. 2007).

Foreign evidence requests must be "reasonably specific in order to elicit evidence of the alleged violations under investigation by the grand jury." *United States v. Neill*, 952 F. Supp. 831, 833 (D.D.C. 1996); *see also United States v. Jenkins*, 633 F.3d 788, 797–98 (9th Cir. 2011); *United States v. Carson*, No. 09-CR-00077, 2009 WL 10793919, at *2 (C.D. Cal. Dec. 8, 2009) (citation omitted).  As the *Neill* court aptly put it, "the statute does not grant the government *carte blanche* to toll statutes of limitations." 952 F. Supp. at 832.  While the evidence request need not "list by citation the alleged statutory violations . . . to pass muster under 18 U.S.C. § 3292," *id.*, it does need to seek evidence in support of each crime the government wishes to toll.  Thus, for example, the government cannot "request foreign evidence related to tax violations to toll the statute of limitations regarding conspiracy to import a controlled substance." *Id.* at 833 n.2.

### B.  Count Two, Count Sixteen, Certain Objects of Count Seventeen, and Counts One and Three through Fifteen Are Time-Barred Because They Were Not Tolled by Any Foreign Evidentiary Requests

#### 1.  Count Two

Count Two is a wire fraud charge based on a January 26, 2011 email concerning a transaction involving Autonomy, U.S. reseller Discover Technologies, and U.S. prospective end user Bank of America.  SI ¶ 28; *see also* SI ¶ 23(r).  Count Two is subject to a five-year statute

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

1   of limitations and therefore became time-barred on January 26, 2016, more than two years before

2   Dr. Lynch was indicted.

3         Count Two is unrelated to the only foreign evidentiary requests lodged as of January 26,

4   2016.  As such, § 3292 is inapplicable because no relevant "official request" for evidence of the

5   offense charged in Count Two had been made to a foreign jurisdiction when the statute of

6   limitations expired.  As of January 26, 2016, the government had sent only two official requests

7   for evidence to a foreign jurisdiction that led to a subsequent § 3292 tolling order: (1) the

8   Vatican Request, issued on August 15, 2015 and supplemented on January 14, 2016, and (2) the

9   Italy Request, issued on December 23, 2015.  Neither of these has any bearing on Count Two,

10  which concerns a domestic transaction.

11        The government has conceded that the Vatican Request and Italy Request related to

12  transactions with enumerated counterparties located in those jurisdictions.  *See* Ex. D (*Ex Parte*

13  *Application for an Order Suspending the Running of the Statute of Limitations Pursuant to 18*

14  U.S.C. § 3292).  Specifically, the Vatican Request concerned two "purported license

15  agreement[s]," each dated March 31, 2010, between Autonomy and either Microtechnologies,

16  LLC or Auxilium Tech S.R.L., involving the resale of software to the Vatican Library, in light of

17  discussions between the Vatican Library, Postecom S.p.A., and Autonomy that occurred "both

18  before and after March 31, 2010, regarding a possible sale of Autonomy software to [the Vatican

19  Library] to create a digital archive of materials in the Vatican Library."  Ex. L at

20  USAO 00003442 (Letter to the Secretariat of State for the Holy See and Vatican City State); Ex.

21  R (Diplomatic Note to the Holy See, No. 3-2016).  The Vatican Request then listed, under

22  "Documents Needed," various "Business Records" from the Vatican Library, and under

23  "Testimony Needed," interview responses from two individuals alleged to have been involved

24  with Autonomy's discussions with the Vatican Library and Postecom.  Ex. L at

25  USAO 00003446-49; Ex. R.  The Italy Request sought business records from Sales Consulting,

26  Auxilium, Red Ventures, Postecom, and Poste to determine whether Autonomy appropriately

27  recorded revenue on certain transactions.  *See* Ex. N at 1-2.

28

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

Count Two pertains entirely to a domestic transaction unrelated to Italy, the Vatican, or any of the non-U.S. deals referenced in the Vatican Request or the Italy Request. Because there is no connection between Count Two and the only two foreign evidentiary requests issued less than five years before the relevant conduct, the statute of limitations for Count Two cannot be tolled under § 3292 and expired on January 26, 2016.

## 2.   Count Sixteen

Count Sixteen is a securities fraud charge against Dr. Lynch concerning securities of HP, which traded under the ticker "HPQ." SI ¶¶ 7, 30. The SI suggests that the Count relates to statements made by HP in its August 18, 2011 press release announcing the Autonomy acquisition, which, according to the government, contained false statements about Autonomy's financials that Dr. Lynch "warrant[ed]" were correct in a letter he signed that same day. *See* SI ¶¶ 9, 23.bb. Applying the statute of limitations for this Count absent tolling, the charge was time-barred on August 18, 2017, well before the SI added Count Sixteen on March 21, 2019.

By August 18, 2017, the government had made five evidentiary requests to foreign governments. None of these requests tolled the statute of limitations with respect to Count Sixteen, because none of them requested information relevant to that count, which alleges that Dr. Lynch caused the statements made in HP's August 18, 2011 press release. Indeed, none of these requests sought information relating to the August 18, 2011 HP press release, to Dr. Lynch's role (if any) in preparing it, or to any other statements to HPQ shareholders. The documents requested from the Vatican and Italy have no connection to the allegation that Dr. Lynch committed securities fraud against HP shareholders. The First UK Request sought only foreign bank records for Dr. Lynch and others, records of Autonomy share trading, certain phone records for Mr. Hussain, and records from RBS and Capita Registrar for the HP/Autonomy transaction, none of which are relevant to the allegation that Dr. Lynch defrauded HP shareholders. There is no allegation that Dr. Lynch received any proceeds from the sale of HPQ securities as a result of the alleged false statements in the HP press release. Finally, the Second UK Request sought information relating to HP's pre-acquisition due diligence on Autonomy and Ernst & Young's post-closing audit of one of Autonomy's subsidiaries,

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

1   information that was unrelated to Dr. Lynch's involvement in the preparation of the August 18,

2   2011 press release or the veracity of the statements therein.  In the absence of a nexus between

3   the foreign evidentiary requests and the allegations in Count Sixteen, tolling under § 3292 is

4   unavailable, and the count is time-barred.

5         **3.**      **Count Seventeen**

6         The timeliness of a multi-object conspiracy charge is determined separately for each

7   conspiracy object; the statute of limitations for each object begins to run on the date of the last

8   overt act taken in furtherance of that object.  *See Yates v. United States*, 354 U.S. 298, 311–12

9   (1957); *United States v. W.R. Grace*, 434 F. Supp. 2d 879, 888 (D. Mont. 2006) ("Because the

10  government has failed to allege an overt act in furtherance of the knowing endangerment object

11  within the limitations period, *Yates* requires that the knowing endangerment object of the Count I

12  [§ 371] conspiracy be dismissed as time-barred."), *rev'd on other grounds*, 504 F.3d 745, 751–52

13  (9th Cir. 2007) (acknowledging that the indictment "was structurally flawed" insofar as "it failed

14  to allege an overt act within the statute of limitations" for the "knowing endangerment object");

15  *United States v. Head*, 641 F.2d 174, 177–79 (4th Cir. 1981) (reversing conspiracy conviction

16  because there were no timely overt acts in furtherance of two of the five objects of the

17  conspiracy and the jury returned only a general verdict).  In *Yates*, the defendants were charged

18  with a single conspiracy to (1) organize a seditious group and (2) advocate for the violent

19  overthrow of the government, under two separate provisions of the Smith Act.  354 U.S. at 300.

20  The Supreme Court held that because the statute of limitations had expired on the organization

21  object, the jury's guilty verdict on the overarching conspiracy had to be reversed.  *See id.* at 311–

22  12; *see also Griffin v. United States*, 502 U.S. 46, 51–52 (1991) (explaining *Yates*' holding that

23  where "[one] object was insufficient in law" because the "organiz[ing] … [occurred] beyond the

24  period of the applicable statute of limitations," a conspiracy to effect that object and another

25  cannot "stand on the basis of the 'advocacy' object").

26        There are only three timely overt acts within Count Seventeen: overt acts (o), (p), and (q),

27  each of which could only further the alleged object to violate the federal witness-tampering

28

          10          Case No. 3:18-cr-00577-CRB

**MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY**

statute (18 U.S.C. § 1512) object.[13]  There are no timely overt acts in furtherance of the remaining three objects.  Instead they were allegedly last furthered in May 2012 (books and records violations, 15 U.S.C. § 78m; overt acts (e) and (f)), June 2012 (money laundering, 18 U.S.C. § 1957; overt acts (a), (b), (c), (d), and (j)), and February 2013 (obstruction, 18 U.S.C. § 1505, overt acts (g), (h), (i), (m), and (n)).  Because Count Seventeen was not charged until March 2019, more than five years after the dates of those alleged overt acts, these three objects are time-barred by the statute of limitations and must be struck from Count 17.

Any attempt by the government to invoke § 3292 tolling in connection with the books and records violations, money laundering, and obstruction objects will be unavailing; indeed, not once in any foreign evidentiary request or tolling application did the government reference any potential violations of any of the substantive statutes referenced in Count Seventeen.  SI ¶¶ 32, 33.  Nor did the government seek evidence relating specifically to "cover[ing] up, conceal[ing], influenc[ing] witnesses to, or otherwise obstruct[ing] investigations," or to any of the alleged overt acts.  SI ¶¶ 33, 34.  Even assuming, *arguendo*, that the government were able to point to evidentiary requests relating to the alleged underlying scheme to defraud Autonomy shareholders and HP, which the government ultimately charged as wire fraud, the connection between any such requests and the allegations in Count 17 would be far too attenuated to support tolling; defrauding Autonomy shareholders and HP through the commission of wire fraud, on the one hand, and engaging in a conspiracy to obstruct proceedings, engage in money laundering, and circumvent a system of accounting controls, on the other, are different "offense[s]" for the purposes of § 3292.  *See Neill*, 952 F. Supp. at 833 n.2 (stating that the government cannot "request foreign evidence related to tax violations to toll the statute of limitations regarding conspiracy to import a controlled substance").

### 4.   Counts One and Three through Fifteen

Counts One and Three through Fifteen of the SI are also time-barred; as explained in Mr. Chamberlain's motion, Section IV.A of which Dr. Lynch joins in and incorporates by reference,

---

[13] *See also* overt acts (k) and (l).

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

1   none of the offenses stated in Count One and Counts Three through Seven relate to the

2   information sought in any of the government's foreign evidentiary requests, and there is reason

3   to believe that the MLAT request that purportedly tolled Counts Eight through Fifteen was

4   issued for an improper purpose.  For the reasons stated in Mr. Chamberlain's motion, those

5   counts should be dismissed as time-barred.

6       **C.    Document Discovery Is Appropriate Where, as Here, the Timing and**
        **Circumstances Merit Further Discovery to Determine Whether the**
7       **Government Misused the Tolling Statute**

8           Although the government is entitled to tolling under § 3292 where it is able to meet each

9   of the statutory elements and has a legitimate need for the foreign evidence, the government

10  cannot use the statute as a pretense to obtain tolling by requesting evidence it already has or

11  knew it would receive from domestic sources.  *See United States v. Bogucki*, 316 F. Supp. 3d

12  1177, 1183 (N.D. Cal. 2018).  The government is not permitted to use § 3292 as an "abusive

13  stalling tactic" by filing requests for evidence readily available in the United States.  *DeGeorge*

14  *v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 219 F.3d 930, 939 (9th Cir. 2000); *see also United States*

15  *v. Meador*, 138 F.3d 986, 993 (5th Cir. 1998).  In *United States v. Bogucki*, this Court held that

16  when there is reason to believe that the government has done so, further inquiry into the

17  propriety of the government's use of the tolling statute is warranted.  *See* 316 F. Supp. 3d 1177,

18  at 1183 (determining that the defendant was entitled to additional discovery and an evidentiary

19  hearing to determine the government's "true motivations" for obtaining a tolling order under

20  where timing of MLAT request at issue was suspicious).  Notably, *Bogucki* involved the same

21  USAO as the instant case, sought tolling applications around the same time (in 2016), and

22  concerned the same fundamental subject matter (HP's acquisition of Autonomy).

23          Since *Bogucki*, it has become clear that the problem of prosecutorial misuse of the MLAT

24  tolling statute is more widespread than was generally understood.  In February 2020, a

25  memorandum from the Department of Justice Office of the Inspector General surfaced in which

26  a former DOJ attorney detailed, on a broader scale, the same abuses as those alleged in

27  *Bogucki*—that prosecutors had been regularly abusing the MLAT process by making pretextual

28  § 3292 applications even when the need for foreign evidence was minimal or nonexistent.  *See*

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

Ex. S (Aruna Viswanatha & Dave Michaels, *Justice Department Accused of Abusing Process to Extend Statute of Limitations*, Wall St. J. (Feb. 2, 2020), https://www.wsj.com/amp/articles/justice-department-accused-of-abusing-process-to-extend-statute-of-limitations-11580657654). The former DOJ attorney described widespread misuse of MLAT requests "to circumvent the protections afforded to defendants by statutes of limitation." Ex. T (Jack Crowe, *Former Justice Department Attorney Warns That Prosecutorial Abuses Go Beyond FISA Process*, Nat'l Review (Feb. 13, 2020), https://www.nationalreview.com/news/former-justice-department-attorney-warns-that-prosecutorial-abuses-go-beyond-fisa-process/). The memorandum specifically cited *Bogucki* and another case involving price manipulation as examples of such MLAT request abuses, based on the timing and other suspicious circumstances surrounding the requests. *Id.*

Here, the timing and circumstances surrounding the government's applications similarly suggest that, at least with respect to some of the applications, the government may not have used the § 3292 process for its intended purpose, but rather may have requested documents it did not need or already possessed merely as a means to circumvent the statute of limitations. Specifically, the timing and substance of the requests to the U.K. suggest that once the government recognized that the statute of limitations for Count Two had run, the statutes of limitations as to the other counts were *about to* run, and the MLAT requests to the Vatican and Italy could not toll those other counts, *see* section III.B.1, *supra*, it issued the First U.K. Request in order to extend the statute of limitations for the remainder of the charges, particularly those with nearing expiration dates:

| Event | Date |
|---|---|
| SOL expiration for Count Two | Jan. 26, 2016 |
| First U.K. Request | Jan. 29, 2016 |
| SOL expiration for Count Three | Feb. 1, 2016 |
| SOL expiration for Count Four | Feb. 3, 2016 |

The statutes of limitations for Counts Three and Four were set to expire mere days after the first MLAT request was sent to the United Kingdom. Then, in November 2016, the government

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED, AND FOR DISCOVERY

charged (and later, the government tried) its case against Mr. Hussain before indicting Dr. Lynch. Given that sixteen of the seventeen counts against Dr. Lynch are almost word-for-word identical to the counts in the Hussain indictment charged years prior, and the foreign evidentiary requests submitted after Hussain was indicted seek no evidence unique to Dr. Lynch, it seems especially unlikely that the government genuinely needed the foreign evidence it sought in order to prosecute Dr. Lynch.

In light of the suspicious timing of the government's First U.K. Request, Dr. Lynch is entitled to discovery relating to the MLAT requests, to the extent not already provided, including email correspondence and other communications between: the DOJ prosecutors; the Department of Justice and any foreign authority; and the Department of Justice and the entities and individuals that are the subjects of the government's foreign evidentiary requests.[14]  Notably, Dr. Lynch is requesting this discovery for the same reason additional discovery was sought in *Bogucki*.  *See* Ex. U at 3 (Robert Bogucki's Notice of Motion and Motion to Dismiss) ("Based on the limited circumstantial evidence available to him and the suspicious timing of the MLAT Request, Mr. Bogucki requested discovery and an evidentiary hearing to probe whether the tolling order was obtained improperly – *i.e.*, whether the MLAT Request was pretextual, designed not to secure evidence from abroad, but merely to toll the fast-approaching statute of limitations.").  Only now, the Court has allegations from a former DOJ attorney with firsthand knowledge that the prosecutors involved in *Bogucki* and this matter misused the MLAT tolling statute in *Bogucki*. *See Bogucki*, 316 F. Supp. 3d at 1180.  Indeed, the U.S. Attorney's Office for the Northern District of California in *Bogucki* dropped the charges at issue in lieu of providing additional discovery related to its tactic. *See id.* at 1183 ("The government subsequently filed a superseding indictment, and the parties agreed to cancel the court-ordered evidentiary hearing, stipulating that the government '[would] not rely on or cite to the tolling order in order to

_____

[14] The government has produced to the defense formal correspondence with foreign authorities, but not emails or other informal communications, or communications with the subject individuals and entities or internal Department of Justice communications.

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

1    establish the timeliness of any charges brought in this case or in any future case against Mr.

2    Bogucki.'" (citations omitted)).

3        Additional discovery would allow the Court to evaluate the government's motives and

4    tactics and determine whether the evidence the government sought in those requests was already

5    in the government's possession, could have been obtained more quickly through other means

6    (such as via foreign banks' domestic analogs or the domestic phone records of the counterparties

7    to Mr. Hussain's phone calls), or was irrelevant to the charges subsequently filed against

8    Dr. Lynch.  Depending on what that discovery reveals, there may grounds to dismiss some or all

9    of the remaining counts of the SI as time-barred.

10   **IV.    CONCLUSION**

11       For the reasons stated herein, Dr. Lynch respectfully requests that the Court dismiss Counts

12   One through Sixteen, and the books and records violation, money laundering, and obstruction

13   objects of Count Seventeen of the SI as time-barred, or allow the defense discovery to ascertain

14   whether the government had a genuine need for the foreign evidence that it requested.

15

16   Dated: September 29, 2023                    Respectfully submitted,

17

18                                               */s/ Reid Weingarten*
                                                 Reid H. Weingarten (Admitted Pro Hac Vice)
19                                               Brian M. Heberlig (Admitted Pro Hac Vice)
                                                 Michelle L. Levin (Admitted Pro Hac Vice)
20                                               Nicholas P. Silverman (Admitted Pro Hac Vice)
                                                 Dwight J. Draughon (Admitted Pro Hac Vice)
21                                               Drew C. Harris (Admitted Pro Hac Vice)
22                                               **Steptoe & Johnson LLP**
                                                 1114 Avenue of the Americas
23                                               New York, NY 10036
                                                 Telephone: (212) 506-3900
24

25

26

27

28

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jonathan M. Baum (SBN: 303469)
**Steptoe & Johnson LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com


Christopher J. Morvillo (Admitted Pro Hac Vice)
Celeste L. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

MOTION TO DISMISS COUNTS ONE THROUGH SIXTEEN, AND CERTAIN OBJECTS
OF COUNT SEVENTEEN, OF THE SUPERSEDING INDICTMENT AS TIME-BARRED,
AND FOR DISCOVERY