Gary S. Lincenberg - State Bar No. 123058
　　glincenberg@birdmarella.com
Ray S. Seilie - State Bar No. 277747
　　rseilie@birdmarella.com
Michael C. Landman – State Bar No. 343327
　　mlandman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
Stephen Keith Chamberlain

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>　　　　Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**Joinder and Motion to Dismiss Count 17 of the Superseding Indictment**<br><br>Date:　　November 1, 2023<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 6<br><br>Assigned to Hon. Charles R. Breyer |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on November 1, 2023, or as soon thereafter as the matter may be heard, in Courtroom 6, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Stephen Chamberlain will and hereby does join the Motion to Dismiss Count 17 of the Superseding Indictment concurrently filed by Defendant Michael Richard Lynch for reasons set forth in Dr. Lynch's Memorandum of Points and Authorities in support of his Motion and separately moves to dismiss Count 17 for the additional reasons set forth below. This Motion is based upon the following Memorandum of Points and Authorities, oral argument, and the pleadings and exhibits on file with the Court.

DATED:  September 29, 2023         BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
                                    DROOKS, LINCENBERG & RHOW, P.C.


                                    By:      /s/Gary S. Lincenberg
                                          GARY S. LINCENBERG
                                          RAY S. SEILIE
                                          MICHAEL C. LANDMAN
                                          Attorneys for Defendant Stephen Keith
                                          Chamberlain

# TABLE OF CONTENTS

**Page**

I.  SUMMARY OF ARGUMENT ...................................................................................................1

II. BACKGROUND ........................................................................................................................2

III. APPLICABLE LEGAL STANDARDS ....................................................................................4

    A. Fifth Amendment – Right to Indictment by Grand Jury ............................................4

    B. Conspiracy .................................................................................................................5

IV. DISCUSSION ............................................................................................................................6

    A. Count 17 is Duplicitous ..............................................................................................6

    B. Count 17 Does Not Allege Mr. Chamberlain's Participation in a Single Conspiracy .................................................................................................................7

        1. Alleged Plan to Engage in a Cover Up ...........................................................7

        2. Alleged Plan to Obstruct Investigation ...........................................................8

    C. Count 17 Fails to Allege Mr. Chamberlain's Knowledge of and Intent to Join Any Objects of the Conspiracy ..................................................................................9

    D. Count 17 Fails to Allege a Substantive Violation of 15 U.S.C. § 78m .....................10

V. CONCLUSION .........................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Hamling v. United States*,
    418 U.S. 87 (1974) .................................................................................................... 4, 7

*Ingram v. United States*,
    360 U.S. 672 (1959) ................................................................................................. 2, 11

*Kotteakos v. United States*,
    328 U.S. 750 (1946) ..................................................................................................... 10

*Russell v. United States*,
    369 U.S. 749 (1962) .................................................................................................. 5, 7

*Twitchell v. United States*,
    313 F.2d 425 (9th Cir. 1963), *vacated in part on other grounds sub nom.
    Rogers v. United States*, 376 U.S. 188 (1964).............................................................. 11

*United States v. Adkinson*,
    158 F.3d 1147 (11th Cir. 1998)....................................................................................... 6

*United States v. Awan*,
    459 F. Supp. 2d 167 (E.D.N.Y. 2006), *aff'd*, 384 F. App'x 9 (2d Cir. 2010) ............... 5

*United States v. Boren*,
    278 F.3d 911 (9th Cir. 2002).......................................................................................... 5

*United States v. Buddenberg*,
    No. CR-09-00263 RMW, 2010 WL 2735547 (N.D. Cal. July 12, 2010) ................... 5

*United States v. Cecil*,
    608 F.2d 1294 (9th Cir. 1979)........................................................................................ 5

*United States v. Du Bo*,
    186 F.3d 1177 (9th Cir. 1999).......................................................................... 5, 10, 13

*United States v. Goyal*,
    629 F.3d 912 (9th Cir. 2010)........................................................................................ 11

*United States v. Hopper*,
    177 F.3d 824 (9th Cir. 1999).................................................................................. 2, 6, 7

*United States v. Kaplan*,
    836 F.3d 1199 (9th Cir. 2016)........................................................................................ 6

*United States v. Krasovich*,
 819 F.2d 253 (9th Cir. 1987) ............................................................................................. 6

*United States v. Lorenzo*,
 995 F.2d 1448 (9th Cir. 1993) ........................................................................................... 6

*United States v. Manarite*,
 44 F.3d 1407 (9th Cir. 1995) ....................................................................................... 2, 11

*United States v. Monroe*,
 552 F.2d 860 (9th Cir. 1977) ............................................................................................. 6

*United States v. O'Donnell*,
 608 F.3d 546 (9th Cir. 2010) ............................................................................................. 5

*United States v. Resendiz-Ponce*,
 549 U.S. 102 (2007) ........................................................................................................... 4

*United States v. Reyes*,
 577 F.3d 1069 (9th Cir. 2009) ..................................................................................... 2, 11

*United States v. Rosenblatt*,
 554 F.2d 36 (2d Cir. 1977) ................................................................................................ 6

*United States v. Schmidt*,
 947 F.2d 362 (9th Cir. 1991) ..................................................................................... 2, 6, 8

**Statutes**

15 U.S.C. § 78m .................................................................................................................. 11, 12

15 U.S.C. § 78m(b)(5) ........................................................................................................... 2, 11

18 U.S.C. § 371 .......................................................................................................................... 3

18 U.S.C. § 1343 ........................................................................................................................ 3

18 U.S.C. §§ 1348 and 2 ............................................................................................................ 3

18 U.S.C. § 1349 ........................................................................................................................ 3

United States Code, Section 78m (b) Title 15 ......................................................................... 12

**Other Authorities**

Fifth Amendment ................................................................................................................... 1, 4

U.S. Const., amend. V ............................................................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Stephen Chamberlain joins Dr. Lynch's concurrently-filed motion to dismiss Count 17 of the superseding indictment (ECF No. 21) because it is duplicitous. Mr. Chamberlain joins Dr. Lynch's alternative argument in his motion that the Court should dismiss two objects from Count 17 for failure to state an offense. Mr. Chamberlain separately requests that the Court dismiss Count 17 of the superseding indictment for failure to state an offense as to him. As discussed in further detail below, the Government has violated Mr. Chamberlain's Fifth Amendment rights by failing to adequately allege an offense as to him and by failing to allege sufficient facts to indicate that the Grand Jury reached a valid conclusion as to each element of the conspiracy for which he is charged.

### I.   SUMMARY OF ARGUMENT

Count 17 of the Superseding Indictment is a conglomeration of various unrelated events that the Government alleges were tied to a conspiracy to violate four unrelated federal statutes. It should be dismissed for four separate reasons. *First*, for the reasons stated by Dr. Lynch in connection with his concurrently-filed motion to dismiss Count 17, Count 17 should be dismissed because it is duplicitous.[1] In the alternative, the objects of obstruction of a federal proceeding and money laundering should be dismissed for failure to state an offense.

*Second*, Count 17 should be dismissed as to Mr. Chamberlain because, in its attempt to bring unrelated alleged schemes under the umbrella of a single unlawful plan, the Government fails to allege Mr. Chamberlain's knowledge of and participation in that unlawful plan. The Government attempts to tie the disparate objects to a single conspiracy by alleging that they each furthered the common "objectives" of concealing the pre-acquisition alleged fraud and obstructing investigation of that fraud. However, the Government fails to allege any facts that Mr. Chamberlain knew of, let alone intended to join, any plan to "cover up" or "obstruct" any investigation. *United States v. Hopper*, 177 F.3d 824, 829 (9th Cir. 1999) (single conspiracy

---

[1]   Joinder of Dr. Lynch's Motion is proper under the circumstances because they are charged together in Count 17 and it would be redundant for them to file separate motions regarding Count 17's duplicitous nature.

requires "one overall agreement").

*Third*, Count 17 should be dismissed as to Mr. Chamberlain for failure to allege facts indicating that Mr. Chamberlain possessed the requisite knowledge of and intent to commit each of the alleged objects of the conspiracy. The alleged objects of the conspiracy are (1) circumvention of a system of internal accounting controls, (2) witness tampering, (3) obstructing federal proceedings, and (4) money laundering. ECF No. 21 ¶ 32. Mr. Chamberlain is only implicated in one of those objects (allegedly circumventing a system of internal accounting controls by instructing an HP employee to "falsely record approximately $5.5 million in revenue" in Autonomy-HP's books for Q1 2012). Without more, the Government's allegation in this sole overt act is insufficient to establish Mr. Chamberlain's knowledge of and intent to participate in a conspiratorial agreement to circumvent a system of internal accounting controls as part of a larger scheme to conceal and obstruct the investigation of the pre-acquisition alleged fraud. *United States v. Schmidt*, 947 F.2d 362, 367 (9th Cir. 1991) (mere association with co-conspirators does not establish knowledge of and intent to join conspiracy).

*Fourth*, Count 17 should be dismissed because the Government has failed to properly allege an agreement to violate the sole object of the conspiracy in which Mr. Chamberlain is alleged to have participated. The Government alleges that Mr. Chamberlain conspired to violate 15 U.S.C. § 78m(b)(5), which requires the Government to allege and prove that Mr. Chamberlain knowingly and willfully circumvented a system of internal accounting controls. *United States v. Reyes*, 577 F.3d 1069, 1079 (9th Cir. 2009). The Government's omission of the "knowingly" and "willfully" elements of the underlying offense renders the Superseding Indictment insufficient as to Mr. Chamberlain. *Ingram v. United States*, 360 U.S. 672, 678 (1959); *United States v. Manarite*, 44 F.3d 1407, 1414 (9th Cir. 1995).

For any and all of the above four reasons, Count 17 of the Superseding Indictment must be dismissed as to Mr. Chamberlain.

## II.   BACKGROUND

On November 29, 2018, a Grand Jury returned an indictment charging Mr. Chamberlain and his co-defendant Dr. Michael Lynch with one count of conspiracy to commit wire fraud, in

violation of 18 U.S.C. § 1349, and thirteen counts of wire fraud, in violation of 18 U.S.C. § 1343. ECF No. 1. On March 21, 2019, a Grand Jury returned a Superseding Indictment adding (1) one count of wire fraud, in violation of 18 U.S.C. § 1343, as to Mr. Chamberlain and Dr. Lynch (Count 15), (2) one count of securities fraud, in violation of 18 U.S.C. §§ 1348 and 2, as to Dr. Lynch only (Count 16), and (3) one count of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371, as to Mr. Chamberlain and Dr. Lynch (Count 17). ECF No. 21.

Count 17 charged a conspiracy to violate four separate federal statutes and alleged five different "objectives." The relevant allegations are as follows:

> 31. The allegations in Paragraphs 1 through 24 are realleged and incorporated as if fully set forth here.
>
> 32. Beginning in or about October 2011, and continuing until in or about November 2018, in the Northern District of California and elsewhere, the defendants, MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, and others, did knowingly conspire to commit offenses against the United States, namely (a) circumventing a system of internal accounting controls of an issuer of securities registered under Section 12 of the Securities Exchange Act of 1934, in violation of Title 15, United States Code, Section 78m, (b) tampering with witnesses, victims, and informants, in violation of Title 18, United States Code, Section 1512, (c) obstructing proceedings before departments, agencies, and committees, in violation of Title 18, United States Code, Section 1505, and (d) engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.
>
> 33. The objectives of the conspiracy were, among other things, to cover up, conceal, influence witnesses to, and otherwise obstruct investigations of the scheme to defraud set forth in Paragraphs 19 through 24 by, among other things, (a) falsifying, destroying, and stealing business records of HP, (b) altering, destroying, mutilating, and concealing records, documents, and objects with intent to impair their integrity and availability for use in official proceedings, (c) paying hush money and other benefits to influence, delay, and prevent the testimony of persons in official proceedings, (d) otherwise obstructing, influencing, and impeding official proceedings, and (e) laundering the proceeds of the Autonomy acquisition.
>
> 34. In furtherance of the conspiracy and to effect the objects thereof, in the Northern District of California and elsewhere, LYNCH, CHAMBERLAIN, and others committed the following overt acts:

. . .

    e. On or about February 3, 2012, CHAMBERLAIN and Hussain directed an HP finance employee to falsely record approximately $5.5 million in revenue to be included in HP's financial statements for the period ending January 31, 2012.

. . .

ECF No. 21 ¶¶ 31-34.

  Mr. Chamberlain is only alleged to have committed one of the 17 Overt Acts listed in Count 17. *See* Superseding Indictment ¶ 34(e). The Superseding Indictment does not allege any facts regarding the formation of any alleged agreement among any of the alleged co-conspirators to pursue any of the alleged objects in furtherance of any of the alleged "objectives."

## III. APPLICABLE LEGAL STANDARDS

### A. Fifth Amendment – Right to Indictment by Grand Jury

  The Fifth Amendment provides in relevant part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const., amend. V. The Supreme Court has "identified two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). While the language of the statute may be used in the general description of an offense, "***it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence***, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18 (emphasis added).

  Regarding an indictment, the Ninth Circuit has held:

> An indictment must be specific in its charges and necessary allegations cannot be left to inference ...." Moreover, "an indictment must do more than simply repeat the language of the criminal statute.

*United States v. O'Donnell*, 608 F.3d 546, 555 (9th Cir. 2010) (internal quotation marks and

citations omitted); *see also United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979); *United States v. Buddenberg*, No. CR-09-00263 RMW, 2010 WL 2735547, at *2–3 (N.D. Cal. July 12, 2010). An indictment "must be framed to 'ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury.'" *United States v. Awan*, 459 F. Supp. 2d 167, 175 (E.D.N.Y. 2006), *aff'd*, 384 F. App'x 9 (2d Cir. 2010). It is thus essential "that every ingredient of the offense charged must be clearly and accurately alleged in the indictment" so that the court can decide "whether the facts alleged are sufficient in law to withstand a motion to dismiss the indictment or to support a conviction in the event one should be had." *Russell v. United States*, 369 U.S. 749, 768 n.15 (1962).

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound to the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The Court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.*

"[A] bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770. This is because to "allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.* When an indictment is missing an element of the offense charged, the Court is unable to speculate whether the grand jury did or would have found that element in voting to indict. *United States v. Du Bo*, 186 F.3d 1177, 1179–80 (9th Cir. 1999). Accordingly, it is well settled "in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell*, 369 U.S. at 770.

**B.     Conspiracy**

The elements of a conspiracy to commit an offense against the United States are: "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." *United States v. Kaplan*,

836 F.3d 1199, 1212 (9th Cir. 2016).

"[T]he essence of the crime of conspiracy is a 'meeting of the minds' among the conspirators to accomplish an illegal objective." *See United States v. Lorenzo*, 995 F.2d 1448, 1459 (9th Cir. 1993) (quoting *Blumenthal v. United States*, 332 U.S. 539 (1947)). Knowledge of the objective of the conspiracy ***and*** agreement with a co-conspirator to pursue that objective as a common one are both essential elements of any conspiracy conviction. *United States v. Krasovich*, 819 F.2d 253, 256 (9th Cir. 1987); *see also United States v. Rosenblatt*, 554 F.2d 36 (2d Cir. 1977) (individuals who each agreed to commit offenses against the United States but who did not agree on the same offense could not be found guilty of conspiracy).

"[M]ere association with members of a conspiracy, the existence of an opportunity to join the conspiracy, or simple knowledge, approval of, or acquiescence in the objective or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator." *United States v. Schmidt*, 947 F.2d 362, 367 (9th Cir. 1991) (quoting *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980)). Moreover, where two defendants act in concert to achieve a different goal, the government has not shown a meeting of the minds as to a common scheme or plan. *Lorenzo*, 995 F.2d at 1459; *see also United States v. Adkinson*, 158 F.3d 1147, 1154–55 (11th Cir. 1998) (proof of separate illegal purposes insufficient to establish conspiracy). Rather, an agreement must be shown by "all the parties working together understandingly, with a *single design* for the accomplishment of a common purpose." *United States v. Monroe*, 552 F.2d 860, 862–63 (9th Cir. 1977) (emphasis added); *see also Hopper*, 177 F.3d at 829 (existence of "one overall agreement" is what allows a multiple-object conspiracy to be charged in a single count).

IV.   DISCUSSION

   A.   Count 17 is Duplicitous

Mr. Chamberlain moves to dismiss Count 17 in its entirety because it is duplicitous. Mr. Chamberlain joins the arguments made in connection with Dr. Lynch's concurrently-filed motion to dismiss Count 17.

### B. Count 17 Does Not Allege Mr. Chamberlain's Participation in a Single Conspiracy

To the extent that the Court finds the Superseding Indictment not duplicitous, Count 17 should be dismissed as to Mr. Chamberlain for failure to allege his knowledge of and participation in a single overarching plan. *See Hopper*, 177 F.3d at 829.

In an apparent attempt to charge disparate offenses in a single conspiracy, the Government alleges that the agreement to violate four distinct statutes was part of an overall "objective" to "cover up, conceal, influence witnesses to, and otherwise obstruct investigations of the scheme to defraud" as alleged in paragraphs 18 to 24 (hereinafter, the "pre-acquisition alleged fraud"). ECF No. 21 ¶ 33. The references to "cover up" and "conceal" indicate an objective to hide the alleged fraud after it occurred. The remaining portion of the allegation ("influence witnesses to, and otherwise obstruct investigations") indicates an objective to obstruct an unidentified investigation of said alleged fraud. The Government has failed to allege that Mr. Chamberlain had knowledge of or intent to participate in either objective.

#### 1. Alleged Plan to Engage in a Cover Up

An indictment "must do more than simply repeat the language of the criminal statute." *Russell*, 369 U.S. at 764. Though an indictment may track the language of the applicable criminal statute, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18.

The Government alleges no facts to suggest that Mr. Chamberlain made any agreement, explicit or implicit, with any of the alleged co-conspirators, to engage in a cover-up of the pre-acquisition alleged fraud. There are no introductory allegations that identify any facts related to the conspiracy charge. The Government's incorporation of paragraphs 1 through 24 is irrelevant as such paragraphs pertain only to the pre-acquisition alleged fraud, which the Government alleges ended in October 2011 after HP acquired Autonomy and Mr. Chamberlain and Dr. Lynch got paid. ECF No. 21 ¶¶ 12; 18-24. At that point, taking the allegations as true, the crime was complete. There are no allegations relating to Mr. Chamberlain's awareness of any plan to conceal

that crime or his intent to join such a plan.

The only overt act related to Mr. Chamberlain's alleged participation in Count 17 is the allegation that Mr. Chamberlain instructed an Autonomy-HP employee to falsely record approximately $5.5 million in revenue. ECF No. 21 ¶ 34(e). That allegation is insufficient to connect Mr. Chamberlain to any knowledge of a "cover up," let alone any intent to join it. For example, it is not alleged, nor can it be inferred from a plain reading of the Superseding Indictment, that the inclusion of an additional $5.5 million in revenue in Autonomy-HP's books for Q1 2012 had any effect of covering up an alleged fraud that was completed two quarters prior.[2] The allegation that Mr. Chamberlain acted with Mr. Hussain in instructing the Autonomy-HP employee to falsely record an immaterial amount of revenue is not equivalent to an allegation that Mr. Chamberlain knew of and agreed to join an overarching plan to conceal the pre-acquisition alleged fraud. *Schmidt*, 947 F.2d at 367 ("[M]ere association with members of a conspiracy . . . is not sufficient to make one a conspirator."). The allegation of an overarching plan to conceal the pre-acquisition alleged fraud is insufficient as to Mr. Chamberlain and cannot be the basis for including Mr. Chamberlain as a defendant in what is otherwise a duplicitous Count.

### 2.     Alleged Plan to Obstruct Investigation

The Government alleges no facts to suggest that Mr. Chamberlain made any agreement, explicit or implicit, with any of the alleged co-conspirators, to obstruct any investigation. The Government fails to allege that Mr. Chamberlain was aware of any pending or potential investigation into the pre-acquisition alleged fraud, let alone that he was aware of and intended to join any plan to obstruct it. The Government may not rely on evidence of HP's or the Government's subsequent investigation because neither investigation is alleged in the Superseding Indictment. Moreover, even if it could, Government fails to allege that Mr. Chamberlain knew of—or even anticipated the likelihood of—any investigation as of February 3, 2012, the only date

---

[2] The alleged false recording of $5.5 million in revenue in 2012 is not alleged to have any connection to a cover-up. The allegation relates to $5.25 million in accrued revenue in a quarter in which HP-Autonomy reported $220.1 million in revenue and in which HP reported approximately $30 billion. Declaration of Gary S. Lincenberg ¶ 2.

in which Mr. Chamberlain is alleged to have taken an overt act in furtherance of the alleged conspiracy. ECF No. 21 ¶ 34(e). The allegation of an overarching plan to obstruct an investigation is insufficient as to Mr. Chamberlain and cannot be the basis for including Mr. Chamberlain as a defendant in what is otherwise a duplicitous Count.

### C. Count 17 Fails to Allege Mr. Chamberlain's Knowledge of and Intent to Join Any Objects of the Conspiracy

The Government has not alleged any facts to suggest Mr. Chamberlain knew of or intended to participate in any plan to commit three of the four alleged objects of the conspiracy. As far as the remaining alleged object, circumventing a system of internal accounting controls, the Government alleges no facts to suggest that Mr. Chamberlain made any agreement, explicit or implicit, with any of the alleged co-conspirators, to do so.[3] Once again, the Superseding Indictment does not allege any introductory facts in Count 17 that could be used to infer Mr. Chamberlain's knowledge of and intent to join a conspiracy, and its incorporation of prior paragraphs is unhelpful because such paragraphs pertain to pre-acquisition conduct. The only allegation arguably connecting Mr. Chamberlain to a conspiracy of knowingly and willfully circumventing a system of internal accounting controls is the allegation that he "and Hussain directed an HP finance employee to falsely record approximately $5.5 million in revenue to be included in HP's financial statements for the period ending January 31, 2012." ECF No. 21 ¶ 34(e). Merely placing Mr. Chamberlain's name next to Mr. Hussain's in a single overt act is insufficient to support an allegation that Mr. Chamberlain agreed with Dr. Lynch to knowingly and willfully circumvent a system of internal accounting controls to achieve a common unlawful purpose of concealing a prior fraud and obstructing an investigation, as alleged in Count 17.[4]

---

[3] The Government's failure to allege the "knowingly" element of the statute prohibiting the circumvention of a system of internal accounting controls is a separate basis for dismissal of this object and is discussed in the final section of this Memorandum.

[4] Contrary to Count 1, where Mr. Hussain is identified in the charging paragraph, Count 17 does not allege that Mr. Hussain is a knowing participant in the conspiracy. ECF No. 21 ¶ 32. Even if the Court were to conclude that overt act (e) sufficiently alleges a conspiracy between Mr. Hussain and Mr. Chamberlain, the failure to allege facts tying such an agreement to the overall conspiracy charged in Count 17 makes the count duplicitous and warrants dismissal.

1    The need to allege sufficient facts to support the existence of a single conspiratorial
2    agreement and each defendant's intent to join it is highlighted in cases, like the instant case, which
3    allege sprawling conspiracies over multiple years with multiple different objects and multiple
4    different individuals. *Kotteakos v. United States,* 328 U.S. 750, 776 (1946) ("as [the conspiracy] is
5    broadened to include more and more, in varying degrees of attachment to the confederation, the
6    possibilities for miscarriage of justice to particular individuals becomes greater and greater").
7    Proper factual allegations regarding the common plan and intent of each co-conspirator to join that
8    plan is an important safeguard to an individual's "right not to be tried en masse for the
9    conglomeration of distinct and separate offenses committed by others." *Id.* at 775. Moreover,
10   without alleging facts to support the knowledge and intent elements, it is impossible for the Court
11   to know whether these elements were properly found by the grand jury. *Du Bo*, 186 F.3d at 1179–
12   80.

13   Given the broad nature of the conspiracy charged in Count 17, which is alleged to have
14   involved violations of four unrelated statutes and five separate "objectives" over a period of
15   approximately seven years, the need for specific allegations regarding Mr. Chamberlain's
16   knowledge and intent is heightened. As discussed above, the allegation that Mr. Chamberlain
17   falsified $5.5 million of HP's $30 billion in revenue that quarter is insufficient to connect Mr.
18   Chamberlain to any intent to conceal a prior alleged fraud. Had the Government wished to explain
19   how falsifying an immaterial amount of revenue in a subsequent quarter could conceal a prior
20   fraud that was completed months earlier, it should have done so by alleging facts to support such a
21   theory and by having the Grand Jury vote on that allegation. The failure to do so requires
22   dismissal of Count 17 as to Mr. Chamberlain.

23   **D.   Count 17 Fails to Allege a Substantive Violation of 15 U.S.C. § 78m**

24   Count 17 should be dismissed as to Mr. Chamberlain for failing to allege an agreement to
25   violate the sole object of the conspiracy in which Mr. Chamberlain is alleged to have participated.
26   In order to allege and prove a conspiracy to commit an offense against the United States, the
27   Government must allege and prove that Mr. Chamberlain had the requisite *mens rea* for each
28   element of the underlying offense. *See Ingram*, 360 U.S. at 678 ("(C)onspiracy to commit a

particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself"); *Manarite*, 44 F.3d at 1414 ("each alleged object must constitute a federal offense"); *Twitchell v. United States,* 313 F.2d 425, 428 (9th Cir. 1963), *vacated in part on other grounds sub nom. Rogers v. United States*, 376 U.S. 188 (1964) (elements of underlying offenses are essential elements in conspiracy charge to commit such offenses). The failure to allege each element of an underlying offense is fatal to the Superseding Indictment because it creates a risk that the Grand Jury returned a conspiracy indictment without finding the requisite intent to commit the underlying offense.

Section 78m(b)(5) criminalizes "knowingly" and "willfully" circumventing a system of internal accounting controls. *Reyes*, 577 F.3d at 1080. In order to "knowingly" circumvent a system of internal accounting controls, one must have a general understanding of what those controls are and one must knowingly circumvent them. *United States v. Goyal*, 629 F.3d 912, 920 (9th Cir. 2010). Merely acting in a manner that negligently circumvented a system of internal accounting controls is not a criminal offense. *Id.* (insufficient evidence to support finding that actions violated Generally Accepted Accounting Principles). Willfully, under the statute, is understood to mean "intentionally undertaking an act that one knows to be wrongful." *Reyes*, 577 F.3d at 1079.

In *Goyal*, the Court held that the defendant's desire to meet revenue targets, and his knowledge of and participation in deals to help make that happen, amounted to no more than evidence of the defendant doing his job well. *Goyal*, 629 F.3d at 920. Section 78m does not criminalize all actions by a company's accounting department merely because such actions could be considered, in hindsight, to be false and misleading. *Id.* Rather, the crux of a Section 78m offense is an intent to deceive. *Id.*

The Superseding Indictment fails to allege that Mr. Chamberlain—or anyone for that matter—conspired to "knowingly" and "willfully" circumvent a system of internal accounting controls. A comparison of the superseding indictment to other indictments charging conspiracy to violate Section 78m(b) and standalone violations of Section 78m(b) highlights the pleading error. *See* Declaration of Gary S. Lincenberg, Exhibit 1 ¶ 64 ("defendant NG CHONG HWA, also

known as 'Roger Ng' . . . did knowingly and willfully conspire to commit offenses against the United States, namely, to **knowingly and willfully** circumvent and cause to be circumvented a system of internal accounting controls . . . ."), Lincenberg Decl. Ex. 2 ¶ 50 ("[Defendants] did **knowingly and willfully**, directly and indirectly, falsify and cause to be falsified books, records, and accounts . . . .").

Without an allegation that Mr. Chamberlain knowingly and willfully circumvented a system of internal accounting controls, it is possible that the grand jury indicted Mr. Chamberlain for making a mistake in connection with the $5.25 million accrual, either as to the amount of the accrual or as to the proper procedure under HP's policies for recording such an accrual, even though he acted in the utmost good faith and had no intention to violate HP's policies, much less break the law.

The sole overt act relating to Mr. Chamberlain's purported attempt to circumvent HP's system of internal accounting controls does not save the Government from its failure to allege his intent to knowingly and willfully commit that offense. Taking the facts of this case as an example, the allegation that Mr. Chamberlain and Mr. Hussain directed an Autonomy-HP employee to "falsely record approximately $5.5 million in revenue" says nothing about Mr. Chamberlain's intent to circumvent HP's system of accounting controls. The Superseding Indictment does not allege that HP had a system of accounting controls and does not allege what those controls were as of February 3, 2012, when Mr. Chamberlain's alleged actions occurred. Thus, it is impossible to conclude that the Superseding Indictment alleges that Mr. Chamberlain acted with the intent to knowingly circumvent them. The Government's failure to allege "necessary allegation[s] of criminal intent" requires dismissal of Count 17 as to Mr. Chamberlain. *Du Bo*, 186 F.3d at 1180. [5]

---

[5] In the alternative, the objects of (1) circumvention of a system of internal accounting controls, and (2) obstruction of an official proceeding should be stricken for failure to adequately allege the underlying offenses, as described in this memorandum and as described by Dr. Lynch's in connection with his concurrently-filed motion to dismiss Count 17.

## V. CONCLUSION

For the foregoing reasons, Mr. Chamberlain respectfully requests that the Court grant the motion to dismiss Count 17 of the Superseding Indictment as to Mr. Chamberlain.

DATED: September 29, 2023

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: _/s/ Gary S. Lincenberg_
Gary S. Lincenberg
Ray S. Seilie
Michael C. Landman
Attorneys for Defendant Stephen Keith Chamberlain