PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov
           Adam.Reeves@usdoj.gov
           Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-577 CRB |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT STEPHEN CHAMBERLAIN'S MOTION TO COMPEL THE GOVERNMENT TO SECURE THE TRIAL ATTENDANCE OF ROB KNIGHT OR, IN THE ALTERNATIVE, TO ISSUE A RULE 15 ORDER FOR DEPOSITION [ECF NO. 220] |
| v. | |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | |
| Defendants. | Date: November 1, 2023<br>Time: 1:30 p.m.<br>Court: Hon. Charles R. Breyer<br>       Courtroom 6, 17th Floor |

## INTRODUCTION

The United States respectfully opposes Defendant Stephen Chamberlain's Motion to Compel the Government to Secure the Trial Attendance of Rob Knight or, in the Alternative, to Issue a Rule 15 Order for Deposition. *See* ECF No. 220. Because the government's cooperation agreement with Deloitte LLP does not extend to Rob Knight, and because Chamberlain fails to show extraordinary circumstances warranting a deposition under Federal Rule of Criminal Procedure 15 – particularly in light of other witnesses who are available – the Court should deny the motion.

## FACTUAL BACKGROUND

Deloitte LLP served as outside auditor to Autonomy. Rob Knight is one of many Deloitte representatives who worked on the Autonomy engagement over the years. He did not testify in the Hussain case. He did not give evidence in the parallel civil action involving Lynch and HP in the UK. He was interviewed along with other Deloitte witnesses by the UK's Serious Fraud Office, but that was almost 10 years ago.

On April 28, 2016, Deloitte entered into a cooperation agreement with the government. It says nothing about Mr. Knight. It reads:

> Given the international scope of this matter, you, on behalf of the United States Attorney's Office for the Northern District of California (the "Office"), have requested a written assurance that my clients, Deloitte LLP, Richard Knights, Nigel Mercer, Lee Welham, and Thomas Murray, will continue to cooperate fully, and in good faith, with the Office in any prosecution that may result from its investigation into the facts and circumstances surrounding the financial reporting of Autonomy Corporation plc and its affiliates and subsidiaries (collectively "Autonomy") and Autonomy's acquisition by Hewlett-Packard Company in 2011.
>
> We are pleased to provide the assurance your Office has requested. Deloitte LLP, and Messrs. Knights, Mercer, Welham, and Murray, agree to cooperate fully and in good faith with the Office, and with the Federal Bureau of Investigation, regarding all of the facts and circumstances of this case, including, without limitation, the facts and circumstances surrounding the financial reporting of Autonomy; Deloitte LLP's provision of auditing, review, and other services to Autonomy; and Autonomy's acquisition by Hewlett-Packard Company. In particular, Deloitte LLP, and Messrs. Knights, Mercer, Welham, and Murray, each agree that cooperation shall include, but is not limited to, the following:
>
> a. Meeting with the Office, in London, when requested to do so, and responding truthfully and completely to any and all questions with respect to the facts and circumstances of the case;
>
> b. Providing all documents, records, or other evidence in Deloitte LLP's or the individuals' possession, custody, or control concerning these subject matters when

    requested to do so by the Office;

    c. As to the individuals, Messrs. Knights, Mercer, Welham, and Murray, appearing in person at any trial or other proceeding as requested by the Office and testifying truthfully and completely;

    d. As to Deloitte LLP, producing a custodian of records to authenticate its business records at any trial or other proceeding as requested by the Office; and

    e. Continuing to cooperate in good faith, in the manner described herein, even if Messrs. Knights, Mercer, Welham, or Murray decide to leave Deloitte LLP.

    Deloitte LLP, Messrs. Knights, Mercer, Welham, and Murray, each hereby authorize their counsel, Latham & Watkins, to accept service by e-mail of any grand jury subpoena or trial subpoena compelling his appearance and testimony in the United States in connection with the Office's investigation of Autonomy and, in so doing, waives any right to be served with any such subpoena in compliance with the mutual legal assistances treaties between the United States and the United Kingdom. Messrs. Knights, Mercer, Welham, and Murray, each further agrees that, if subpoenaed in the manner set forth above, he will travel voluntarily to the United States to appear and testify at any proceeding, hearing or trial that may result from this investigation.

    Nothing in this letter is a waiver by my clients of any applicable attorney-client privilege or other privilege.

ECF No. 220-2.

    The government has issued trial subpoenas to Messrs. Knights, Mercer, Welham, and Murray and understands they will be available as witnesses, in either the government's or the defense's case.

## ARGUMENT

**I. BECAUSE MR. KNIGHT IS NOT SUBJECT TO THE COOPERATION AGREEMENT, THE GOVERNMENT CANNOT COMPEL HIS APPEARANCE AND SHOULD NOT BE ORDERED TO DO SO**

    Chamberlain's motion to compel the government to make Mr. Knight available fails for the simple reason he is not a party to the cooperation agreement. The plain language of the agreement does not extend to him, and its text belies the suggestion that it does.

    Chamberlain seizes on the language that Deloitte's cooperation shall include "[m]eeting with the Office." ECF No. 220-2 ¶ a. But that provision is limited to the firm and the listed individuals, which does not include Mr. Knight. It is also limited to "in London." *Id.* The remainder of the agreement makes clear it does not include an obligation by Mr. Knight to meet with the government, appear in person at any trial or other proceeding as requested by the Office, accept service of a subpoena, or travel

to the United States. *Id.* ¶¶ c, e. This case thus is unlike *Hussain* where the defendant demonstrated under the agreement itself the "Office" had the ability to "request" Mr. Knights and Mr. Mercer appear in person at any trial and accept service of a subpoena but declined to exercise its authority. *Id.* ¶¶ c.

Defendant Chamberlain cites three cases in support of his motion arguing the government must somehow compel Mr. Knight to be available. None is remotely on point.

In *Soo Park v. Thompson*, 851 F.3d 910, 919 (9th Cir. 2017), the Ninth Circuit held: "To state a claim for violation of her fair trial and compulsory process rights, Park must therefore adequately plead (1) that [an agent's] alleged conduct amounts to 'substantial government interference' with a defense witness; (2) that [the agent's] conduct caused [the witness] not to testify; and (3) that [the witness's] testimony would have been favorable and material." In this case, there is no allegation the government is interfering with Chamberlain's access to Mr. Knight.

In *Taylor v. Illinois*, 484 U.S. 400, 401-02 (1988), the Supreme Court considered whether a trial court may, consistent with the Sixth Amendment, refuse to allow an undisclosed defense witness to testify as a sanction for not complying with a pretrial order. Answering yes, the Court wrote: "Petitioner's claim that the Sixth Amendment creates an absolute bar to the preclusion of the testimony of a surprise witness is just as extreme and just as unacceptable as the State's position that the Amendment is simply irrelevant. The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence. The Compulsory Process Clause provides him with an effective weapon, but it is a weapon that cannot be used irresponsibly." *Id.* at 410. This case too is unhelpful because it does not address the fact that Mr. Knight is not subject to the agreement with the government.

Finally, *United States v. Theresius Filippi*, 918 F.2d 244, 247 (1st Cir. 1990), acknowledged that the government has no power to compel the presences of a foreign national residing outside the United Dates, but faulted the government for not "requesting a Special Interest Parole from the INS" to allow the witness's entry into the United States. *Id.* In *Theresius Filipi* it was the government that was denying the witness access to the United States. That is not the case here.

Because Rob Knight is not subject to the cooperation agreement, the government cannot compel his appearance and it should be ordered to do so.

## II. DEFENDANT FAILS TO DEMONSTRATE EXTRAORDINARY CIRCUMSTANCES WARRANTING A RULE 15 ORDER

Rule 15 of the Federal Rules of Criminal Procedure 15(a) provides: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." FED. R. CRIM. P. 15(a).

Chamberlain cannot meet this standard. Neither Lynch nor Hussain saw fit to call Mr. Knight in prior proceedings. In this case, if a party chooses, the jury will hear from at least five Deloitte witnesses: Nigel Mercer, Richard Knights, Lee Welham, Tom Murray, and Antonia Anderson. In light of this, it is difficult to see why a sixth Deloitte witness qualifies for exceptional circumstances. Indeed, the exhibits tendered by Chamberlain suggest that Lee Welham and Richard Knights are equally knowledgeable, and any testimony would be unnecessarily cumulative. *See* ECF No. 220-3 (report to the Audit Committee attributing no specific statement to Rob Knight); ECF No. 220-5 (email from Rob Knight expressing *doubts* about Autonomy's accounting on which Welham and Knights are recipients); ECF No. 220-6 (email from Rob Knight asking questions of Hussain and Chamberlain on which Welham is copied); ECF No. 220-7 (EXH 5781/POS00135436) (file note which may meet the elements of the business records exception on which Welham is a recipient); ECF No. 220-8 (EXH 6456/POS00135427.1) (email from Rob Knight expressing key points for an Audit Committee presentation on which both Welham and Richard Knights are recipients); ECF 220-9 (Ex. 531/HP-SEC-0021173) (email from Rob Knight with a list of questions to Hussain and Chamberlain about Microlink of which both Welham and Richard Knights are recipients).

Chamberlain also points to isolated statements by Rob Knight to the SFO, but none are particularly exculpatory. In one example, Mr. Knight speculates about a hardware seller's "paranoia" and comments on the fact that sometimes counter-parties do not provide requested information in an audit or review. ECF No. 220-4 at 16-17. These vague statements about a single transaction in a multi-year conspiracy fail to support the need for deposition.

The government respectfully submits Rob Knight is not the "critical" witness Chamberlain suggests, and that Chamberlain has not shown cause for a Rule 15 deposition in light of the many other Deloitte witnesses that are available.

# CONCLUSION

For these reasons, the Court should deny Defendant's motion.

DATED: October 13, 2023

Respectfully submitted,

PATRICK D. ROBBINS
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

*/s/ Robert S. Leach*
ROBERT S. LEACH
ADAM A. REEVES
KRISTINA GREEN
Assistant United States Attorneys