# EXHIBIT 1

CAND 89B  (Rev. 6/17) Subpoena to Produce Documents or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS IN A CRIMINAL CASE |
| Plaintiff, | |
| v. | Case No.: 3:18-cr-577-CRB |
| Michael Richard Lynch and Stephen Keith Chamberlain, | |
| Defendant(s). | |

TO:  Hewlett Packard ("HP")

YOU ARE COMMANDED to produce at the place, date, and time specified the document(s) or object(s) indicated below.  If compliance would be unreasonable or oppressive, you may file a motion requesting the court to quash or modify the subpoena, to review the documents in camera, or to permit production only pursuant to a protective order.

| PLACE | | | | COURTROOM/JUDGE |
|---|---|---|---|---|
| ☑ U.S. Courthouse 450 Golden Gate Ave. San Francisco, CA 94102 | ☐ U.S. Courthouse 280 South First St. San Jose, CA 95113 | ☐ U.S. Courthouse 3140 Boeing Ave. McKinleyville, CA 95519 | ☐ U.S. Courthouse 1301 Clay Street Oakland, CA 94612 | 6/Breyer |
| | | | | DATE AND TIME 1/2/2024 09:00 |

*If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary.*

The following document(s) or object(s) shall be produced:

See Attachment 1.

NOTE: Subpoena forms requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*) or for the production of state law enforcement personnel or complaint records (CAND 89C, *Subpoena to Produce State Law Enforcement Personnel Or Complaint Records in a Criminal Case*) are available at the Court's website: cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| | |
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Christopher J. Morvillo; Clifford Chance US LLP; 31 West 52nd Street, New York, NY 10019-6131; (212) 878-3437; christopher.morvillo@cliffordchance.com

CAND 89B  (Rev. 6/17) Subpoena to Produce Documents or Objects in a Criminal Case

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS <br> ☐ YES  ☐ NO   AMOUNT $ |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                          SIGNATURE OF SERVER

                                                         ADDRESS:

ADDITIONAL INFORMATION

**Attachment 1**

All records and communications between October 1, 2011 and January 31, 2014 relating to

i.   The write-down of Autonomy, including but not limited to:
   a.   HP's communications with public relations consultants, PWC, Deloitte, EY and the SEC about the write-down;
   b.   the basis for the allegation that more than $5 billion of the write-down was attributable to "serious accounting improprieties, misrepresentation[s] and disclosure failures";
   c.   the quantification of each component of the write-down; and
   d.   EY's disagreement with language in the write-down announcement and in HP's 2012 annual report attributing the majority of the write-down to fraud.

ii.   The restatement of Autonomy Systems Limited's ("ASL") 2010 accounts and the filing of ASL's 2011 accounts, including but not limited to:
   a.   Christopher Yelland's communications with PWC and Morgan Lewis regarding the restatement and/or the internal investigation by Morgan Lewis and PWC;
   b.   Yelland's communications with EY regarding the restatement; and
   c.   EY's disclaimer of opinion on the restatement.

iii.   Deloitte's audit work for Autonomy, including but not limited to:
   a.   the termination of Deloitte as Autonomy's external auditor;
   b.   Deloitte's work on the FY 2011 statutory accounts of ASL, reflecting disagreements between Deloitte and Autonomy or HP regarding the accounting treatment of certain items and the possibility Deloitte would give a qualified audit opinion; and
   c.   Deloitte's communications with Yelland or other HP employees regarding the restatement.

iv.   EY's post-closing review of Autonomy's 2011 accounts, including but not limited to:
   a.   EY's review of Deloitte's work papers;
   b.   EY's communications with Deloitte; and
   c.   the review and preparation of ASL's 2011 accounts.

v.   The integration of Autonomy into HP, including but not limited to:
   a.   the planned combination of Autonomy and Vertica;
   b.   the pricing of Autonomy products;
   c.   the incentivization of HP employees to sell products that competed with Autonomy's products;
   d.   Autonomy's orders of HP hardware for external customers; and
   e.   the retention and attrition of Autonomy employees.