| | |
|---|---|
| Christopher J. Morvillo | Reid H. Weingarten (Admitted Pro Hac Vice) |
| Celeste L.M. Koeleveld | Brian M. Heberlig (Admitted Pro Hac Vice) |
| Daniel S. Silver | Michelle L. Levin (Admitted Pro Hac Vice) |
| (Admitted Pro Hac Vice) | Nicholas P. Silverman (Admitted Pro Hac Vice) |
| **Clifford Chance US LLP** | Dwight J. Draughon (Admitted Pro Hac Vice) |
| 31 West 52nd Street | Drew C. Harris (Admitted Pro Hac Vice) |
| New York, NY 10019 | **Steptoe & Johnson LLP** |
| Telephone: (212) 878-3437 | 1114 Avenue of the Americas |
| | New York, NY 10036 |
| Jonathan M. Baum (SBN: 303469) | Telephone: (212) 506-3900 |
| **Steptoe & Johnson LLP** | |
| One Market Street | *Attorneys for Defendant* |
| Steuart Tower, Suite 1070 | *Michael Richard Lynch* |
| San Francisco, CA 94105 | |
| Telephone: (510) 735-4558 | |
| jbaum@steptoe.com | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:18-cr-00577-CRB |
| Plaintiff, | Judge: Hon. Charles Breyer |
| vs. | **MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE** |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | Date: Nov. 29, 2023, 1:30 pm |
| Defendants. | Court: Courtroom 6 – 17th Floor |
| | Date Filed: Nov. 15, 2023 |
| | Trial Date: March 18, 2024 |

For the past six months, Defendant Lynch has fully complied with all release conditions imposed by this Court. These include: (1) posting a bond in the amount of $100 million, secured by $50 million in cash and unencumbered shares of publicly traded stock; (2) home confinement within the City and County of San Francisco, subject to exceptions to meet with counsel and attend medical appointments and religious services; (3) being guarded on a 24-hour basis by a private security company at his own expense, including video surveillance throughout his residence and two armed guards on duty; (4) electronic monitoring by ankle bracelet; (5) surrender of all travel documents; and (6) ongoing supervision by Pretrial Services. (Dkt. No. 146, at 9.)

Dr. Lynch has established a successful track record of compliance.[1] *See* Exh. A, Decl. of Global Operations Manager David Tindle, ¶ 5 ("Since Keelson began supervising Dr. Lynch in May 2023, there has not been a single violation of his conditions nor any cause for concern. Dr. Lynch has been a model supervisee.")

Dr. Lynch's track record also includes the four separate occasions—55 days in total—when the Court modified his release conditions to allow him to leave his residence from 9:00 am to 9:00 pm: July 10-17, Aug. 9-26, Sept. 24 – Oct. 9, and Oct. 24 – Nov. 5. During these periods, Dr. Lynch never once returned home late nor caused any problems for the security team or Pretrial Services. *Id.*, ¶ 6. Whenever Dr. Lynch left his residence, the security team continued to monitor him, including having two armed security officers travel with him at all times. *Id.*, ¶ 7. The security firm describes Dr. Lynch as a "model supervisee." *Id.*, ¶ 5.

Now, as Dr. Lynch prepares for his upcoming trial, he asks the Court to make the 9:00 am to 9:00 pm curfew condition a permanent part of his release conditions, maintaining all other conditions in place. This change is supported by Dr. Lynch's track record over the past six months and specifically during the four prior periods of temporary modification. *See United States v. Hutchins*, 298 F.Supp.3d 1205, 1206 (E.D. Wisc. Nov. 6, 2017) (modification of release conditions

---

[1] Dr. Lynch's track record of compliance is also consistent with his established track record in the UK, where he was under supervision for nearly four years awaiting extradition. During that time period, he was subject only to an in-person check in with the police once a week.

from home confinement to curfew is appropriate where defendant had demonstrated compliance with prior conditions). The fact that Dr. Lynch has fully complied over the course of the 55 days that he has already been subject to the temporary curfew requests rebuts any argument that making the curfew condition permanent would substantially increase his risk of flight.

To reiterate, should the Court agree to this modification, Dr. Lynch will still be subject to 24-hour surveillance by two armed security guards, ongoing GPS monitoring with an ankle bracelet, a $100 million bond, surrender of all travel documents, confinement to the City and County of San Francisco from 9:00 am to 9:00 pm (and home confinement outside of those hours), and ongoing monitoring by Pretrial Services.

In addition to being justified by his track record of past compliance, imposing a 9:00 am to 9:00 pm curfew will allow Dr. Lynch to better prepare for his trial, including regularly meeting his lawyers in San Francisco without needing to separately clear each meeting in advance with Pretrial Services. This will be especially important beginning in early December, when Dr. Lynch's New York and Washington, DC-based legal team will be spending substantial time in San Francisco preparing for trial, and for the Rule 15 depositions that have been scheduled in January. (Dr. Lynch anticipates spending full days with his counsel in their offices during these depositions.)

A permanent curfew condition will also enable Dr. Lynch to better maintain his mental and physical health, including taking walks around the neighborhood and spending time with his family. Dr. Lynch's wife, Angela, is planning to come to the United States for the upcoming winter holidays and for much of early 2024 as he prepares for trial. A curfew will allow Dr. Lynch to leave the house with her without having to obtain separate permission for each trip she makes to visit, as has occurred previously.

Pretrial Services has been informed of this request and has responded that they have no objections to the proposed 9:00 am to 9:00 pm curfew, "as Mr. Lynch has been compliant with his conditions of release." Defense counsel also conferred with the government, who replied: "Given the Court's recent rulings, the government takes no position on the defendant's request to again modify his release conditions."

For these reasons, Dr. Lynch respectfully requests that the Court modify his release conditions to impose a curfew at home from 9:00 am to 9:00 pm, while maintaining all other conditions in place.

Dated: November 15, 2023

Respectfully submitted,

/s/ Christopher J. Morvillo
Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437

Jonathan M. Baum (SBN: 303469)
**Steptoe & Johnson LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Dwight J. Draughon (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
**Steptoe & Johnson LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

*Attorneys for Defendant*
*Michael Richard Lynch*