**Pages 1 - 24**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
  VS.                           )      **NO. CR 3:18-CR-00577-CRB-1,2**
                                )
Michael Richard Lynch and       )
Stephen Keith Chamberlain,      )
                                )
            Defendants.          )
_____)

                        San Francisco, California
                        Friday, November 3, 2023

            <u>**TRANSCRIPT OF ZOOM VIDEO PROCEEDINGS**</u>

<u>**APPEARANCES:**</u>

For Plaintiff:
                        DAVID L. ANDERSON
                        United States Attorney
                        450 Golden Gate Avenue
                        San Francisco, California  94102
                BY:   **Robert S. Leach and Adam A. Reeves**

                      **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Lynch:
                        Clifford Chance, U.S., LLP
                        31 West 52nd Street
                        New York, NY 10019
                BY:   **Christopher J. Morvillo and**
                      **Reid H. Weingarten**

                      **ATTORNEYS AT LAW**


(Appearances continued on Page 2.)

For Defendant Chamberlain:

                     Bird, Marella, Boxer, Wolper, Nessim,
                     Drooks, Lincenberg & Rhow, P.C.
                     1875 Century Park East, 23rd Floor
                     Los Angeles, CA 90067
            BY:  **Gary S. Lincenberg and**
                 **Michael C. Landman**

                 **ATTORNEYS AT LAW**


Reported By:  Stephen W. Franklin, RMR, CRR, CPE
              Official Reporter

PROCEEDINGS

1    <u>Friday, November 3, 2023, at 10:07 a.m.</u>

2                    P R O C E E D I N G S

3            **THE COURTROOM DEPUTY:**  The next matter is USA versus

4    Michael Richard Lynch and Stephen Keith Chamberlain.  I will

5    promote the panelists.

6            **THE COURT:**  Thank you.

7            **THE COURTROOM DEPUTY:**  Are there any other parties

8    that need to be promoted that are participating this morning?

9            **THE COURT:**  Well, I think Mr. Lincenberg is.

10           **THE COURTROOM DEPUTY:**  There he is.

11           Calling criminal action CR-18-0577, USA versus

12   Michael Richard Lynch and Stephen Keith Chamberlain.  Counsel,

13   please state your appearances.

14           **MR. LEACH:**  Good morning, Your Honor.  Robert Leach

15   for the United States.  I'm joined on the video by Adam Reeves.

16           **THE COURT:**  Good morning.

17           **MR. MORVILLO:**  Good morning, Your Honor.  Chris

18   Morvillo and Reid Weingarten for Michael Lynch, who is also

19   present, although I don't see him on the screen here.

20           **THE COURT:**  Well, let's see if we can promote him to

21   be present.

22           **THE COURTROOM DEPUTY:**  Can you raise your hand if you

23   are present so I can promote you, please?

24           Do we know what user name he's using?

25           **MR. MORVILLO:**  I don't, Ms. Scott, but let me see if

PROCEEDINGS

1   I can find out.

2          **THE COURTROOM DEPUTY:**  Okay.

3          **MR. LINCENBERG:**  Good morning, this is Gary

4   Lincenberg and Michael Landman.  Our client, Mr. Chamberlain,

5   is present remotely onscreen.  Mr. Landman will be arguing the

6   matter for Mr. Chamberlain this morning, Your Honor.

7          **THE COURT:**  Let's see if we can get Dr. Lynch.

8          **THE COURTROOM DEPUTY:**  Mr. Lynch, if you are present,

9   if you could use the "raise hand" feature, I can promote you

10  into the panel.

11         Charlotte Golunski is raising her hand.

12         **MR. MORVILLO:**  That would be him, Ms. Scott.

13         **THE COURTROOM DEPUTY:**  Okay.  Thank you.

14         **MR. MORVILLO:**  Thank you.

15         There we go, Judge.

16         **THE COURT:**  Okay.  All right.  So let the record show

17  that we have all counsel and parties.

18         Mr. Chamberlain, Mr. Lynch, you have a right to be

19  personally present in front of the Court at the proceeding, but

20  your counsel has indicated that you are willing to participate

21  by Zoom.  Is that satisfactory for each of you?  You're muted,

22  so you have to unmute yourselves so I can hear your response.

23         Mr. Chamberlain, is that satisfactory?

24         **DEFENDANT CHAMBERLAIN:**  That's fine.  Thank you, sir.

25         **THE COURT:**  Okay.  And Mr. Lynch, is that

PROCEEDINGS

1   satisfactory?

2           **DEFENDANT LYNCH:**  Yes, it is.

3           **THE COURT:**  Okay.  Thank you.

4           So this matter is on, it's sort of truncated because

5   the parties wanted an earlier response from the Court in terms

6   of the Rule 15 depositions, and the Court has read and

7   considered the submissions of the parties with respect to a

8   showing with respect to the question of whether the Court

9   should order these depositions.  There -- I understand there

10  are some depositions which are, by way of agreement, going to

11  be taken; some which -- or one which Mr. Chamberlain's counsel

12  has requested.  And then I don't know whether the number is

13  four or five that the government has requested as it relates

14  basically to Mr. Lynch.  Is that correct, Counsel?  I know

15  there were four, I just wondered whether there was five.

16          **MR. LEACH:**  Your Honor, if I may, there's three that

17  Mr. Chamberlain and the government have stipulated to that

18  Dr. Lynch is not objecting to, there is an additional one that

19  Mr. Chamberlain is seeking that the government opposes, and

20  then the government is moving for six additional Rule 15

21  depositions.

22          **THE COURT:**  Okay.  So let me deal with

23  Mr. Chamberlain's request as to the deposition.  It's actually

24  twofold.

25          First, he asks that I order the deponent to be

PROCEEDINGS

1  deposed based upon an agreement that was arrived at between the

2  company and the potential deponent, right?  I mean, I think

3  that's one of the two bases.  Is that correct, Mr. -- maybe

4  Mr. Landman?

5          **MR. LANDMAN:**  Your Honor, if I may, the principal

6  request is that the Court order the government to secure the

7  attendance of Mr. Knight at trial.

8          **THE COURT:**  Right.

9          **MR. LANDMAN:**  It's Mr. Chamberlain's preference that

10  he be a trial witness and that there be no need to take his

11  Rule 15 deposition.  And Your Honor's correct that the request

12  is based on the government's cooperation agreement with

13  Deloitte, which, in Mr. Chamberlain's view, requires Deloitte

14  to produce Mr. Knight, a current Deloitte partner, to testify

15  at trial.

16          **THE COURT:**  Right.  And it's my view, after reviewing

17  the agreement, that the Court is not going to order the

18  government to produce this person in light of the fact that

19  what -- exactly what the agreement says.  I understand that

20  it'd have to be almost by way of extension, saying, well, since

21  the company has agreed to cooperate, and since this person is

22  associated with the company, therefore that forms the basis for

23  the Court's authority to order the government to direct that he

24  be present.

25          And by the way, we're talking about depositions,

PROCEEDINGS

1   foreign depositions.  I mean, this is not anybody that the

2   Court has particular jurisdiction over.  They are all outside

3   the United States.  Nevertheless -- so I'm not going to order

4   that.  I am going to permit that part of the request dealing

5   with the Rule 15 deposition, so you may proceed with the Rule

6   15 deposition.

7            Now, to whatever extent the government can cooperate

8   in that endeavor, I would expect the government to cooperate in

9   that endeavor.  You know, I don't know how it all works, to

10  tell you the truth, but there are mechanisms.  The government

11  should assist in that regard.  And, you know, that will be the

12  order.  I assume the government --

13           What's happened to Mr. Leach?  There you are.

14           I assume that the government can assist; is that

15  correct?  Am I ... is it just, okay, good luck, go take the

16  deposition if you can get them and if you can secure it?  I

17  don't want to hear that.  I mean, that's not the way I want to

18  proceed.

19           So go ahead, Mr. Leach.  In other words, what -- and

20  I could also ask Mr. Landman what's your expectation of what

21  the government can do.  But go ahead.  Let's find out what you

22  can do.  We'll deal with it.

23           **MR. LEACH:**  Your Honor, I'm not sure what I can do.

24  I can commit to not being an impediment.  I'm not sure if our

25  treaty obligations with the UK permit or prohibit us from

PROCEEDINGS

1   requesting a deposition for a defense witness.  That's

2   something I can look into.  It's also something that has

3   ramifications for other cases where, if the government somehow

4   has the right to do it, it therefore has the obligation to do

5   it in every case, and I can't make that commitment here, but --

6              **THE COURT:**  Oh, nor should you.  I mean, I want to

7   make sure -- I want to make sure that there's no impediment.  I

8   want to make -- which, you've given me that assurance.  If it's

9   a question of transmitting papers or however the mechanics are,

10  I would expect the government to cooperate with Mr. Landman in

11  that effort.  However, the responsibility for securing the

12  deposition rests with the defendant, as it does with every --

13  basically with every witness.  The party, the proponent of the

14  testimony has the obligation to essentially secure the deponent

15  or the witness.  I'm not going to shift the burden because the

16  defendant -- because the witness happens to be outside the

17  United States.  The burden remains the same, but I want to make

18  sure that there isn't any -- nor would I expect any impediment.

19  I'm quite certain there won't be.

20              So is it clear, Mr. Landman, that what -- how we're

21  leaving it with this individual?

22              **MR. LANDMAN:**  Yes, yes, Your Honor.  I'd just like to

23  add one element to this, if you may.

24              **THE COURT:**  Please.

25              **MR. LANDMAN:**  Or "if I may," I should say.

PROCEEDINGS

1          The -- and Mr. Chamberlain appreciates the Court's

2   order for the Rule 15 deposition and just wanted to address the

3   manner in which the government may be able to provide

4   additional assistance in securing that Rule 15 deposition.

5          **THE COURT:**  And I'm going to suggest that you have a

6   conversation --

7          **MR. LANDMAN:**  Okay.

8          **THE COURT:**  -- with Mr. Leach, and if you're able to

9   arrive at an accommodation, that's fine.  And if not, come back

10  to me.  Okay?  I don't want to get anything on the record and

11  get into a big discussion about it at this point, because maybe

12  you'll be able to get that which you are seeking, maybe you'll

13  be able to get it by way of a conversation.  Okay?

14         **MR. LANDMAN:**  Understood.  Thank you, Your Honor.

15         **THE COURT:**  Okay.  I'll address who's going to be

16  present in the depositions in a moment.  I want to deal with

17  Mr. Lynch's request.  I mean, pardon me, the government's

18  request is the six witnesses.

19         Essentially as I understand the opposition to it --

20  well, first of all, you know, the Court would have to find

21  under Rule 15 that there are exceptional circumstances that in

22  the interests of justice it should be done, and that's defined,

23  "in the interests of justice," by certain -- by cases that, you

24  know, you have to show materiality, you have to show

25  unavailability, you have to show -- well, and then into the mix

PROCEEDINGS

1    comes the question of whether it's cumulative.  And that's what

2    I addressed when I sent out my supplemental order, my second

3    order, because I was and I remain persuaded that these six

4    witnesses have material evidence to give and that these are

5    exceptional circumstances.  They are out of the country.  They

6    would be unavailable unless they voluntarily elected to come

7    here, and they've all indicated that they would not voluntarily

8    elect to come to the United States.

9           So I would find -- and by the way, I'm going to write

10   something on this subject when we finish our discussion so

11   you'll have it in writing as to what I've found and so forth.

12          Now, the issue that was basically addressed by

13   Mr. Lynch's counsel was, is it cumulative.  Well, they don't

14   say, is it cumulative, they say it is cumulative.  That's one

15   of their objections.  There are also other objections which I

16   think are essentially logistical objections, and I'm not saying

17   they're not appropriate, but they fall into a separate

18   category.

19          Let's take a look at the -- let's examine the issue

20   of cumulative.  As to some of these witnesses arguably it could

21   be cumulative, but here is the problem.  And I'm talking to a

22   whole group of trial lawyers, so you know it just as I know it.

23   Whether a witness is cumulative by and large depends on two

24   things, neither -- well, some can be -- one can be addressed

25   pretrial and one cannot.

PROCEEDINGS

1          If the testimony of the proposed witness is an issue

2    to which there is no challenge -- that is, it's almost by way

3    of stipulation -- and some other witness is going to testify as

4    to "X," is not going to be challenged, then I would say, all

5    right, then you could make perhaps a very convincing argument

6    that it's cumulative.  Two people testifying as to the same

7    thing, in which one person has testified and there's no

8    challenge to the testimony, the second person is cumulative to

9    the first.

10         But then of course it's a function of how significant

11   is the testimony in and of itself, because the government isn't

12   limited in its presentation of a case to one witness, one

13   issue, even if it's not challenged, because guess what happens

14   in the jury room?  What happens in the jury room is somebody

15   says, well, so-and-so testified to it, but didn't they have

16   other people who could also testify to it; it's weak, or I

17   didn't find it convincing.

18         And that goes to the second part of the question

19   about whether something's cumulative or not.  It depends on how

20   credible or convincing the testimony is or the evidence is of a

21   noncumulative witness.  That is to say, you know, somebody --

22   you could have two witnesses testify to the same thing, perhaps

23   not challenge, but testimony of witness number 1 is, for one

24   reason or another, not terribly convincing, whatever the

25   reasons are.  Doesn't have a good demeanor, has a horse in the

PROCEEDINGS

1   race, all sorts of things that go to credibility.  And that's

2   something that you don't know until the commencement of the

3   trial or the presentation of the case, and of course we know at

4   that point it's simply too late to do that which you are

5   contemplating doing now.

6           So I'm saying that in terms of my understanding of

7   the objection that it's cumulative, it's as follows:  It could

8   be, but it doesn't necessarily appear as to what was presented

9   to me as obviously cumulative.  So for that -- and it's

10  material.  So for that reason, and others, I'm going to permit

11  the government to take these depositions as requested.  Whether

12  they ultimately come into evidence is something that obviously

13  that will be ruled on another day.

14          Now, let's talk about the presence of the defendants.

15          As to Mr. Chamberlain, he obviously can attend in

16  person, and if his bond needs to be -- his terms of release

17  need to be adjusted -- they don't, I'm getting a sense they

18  don't, but if they do, I would do so.  And also, also he can

19  appear by Zoom.  He doesn't need to.  It's his choice, his

20  lawyers' choice, but I'm not excluding him from the possibility

21  of being personally present during the deposition.

22          Dr. Lynch presents a separate problem, and I think to

23  me it's fairly obvious.  I don't think that there's any change

24  in circumstances from when I set the conditions of his release,

25  so I'm not going to permit him to be personally present.

PROCEEDINGS

1          I'm going to, under Rule 15(c)(3), I will make the

2    findings requisite, and they'll be in my order, which would, in

3    the Court's view, satisfy the requirement that the defendant

4    participate if he wishes to by way of Zoom.  And again, I will

5    say what I've said earlier in connection with Mr. Chamberlain's

6    request, I want to make sure that the government cooperates in

7    terms of the logistical requirements, so that Dr. Lynch can

8    have a meaningful participation with his counsel.  It may

9    require setting up a separate channel for communications, and

10   so forth, during the course of the deposition.  That's

11   something that's done.  I mean, it's not -- not talking about

12   some -- that we need some technological breakthrough here.

13   It's easy enough to do.  However, I want the government to be

14   able to work with Mr. Morvillo or whoever's going to be

15   representing Dr. Lynch in these depositions.

16          So I will write what I consider to be all the reasons

17   in an order, because I think that the parties are entitled to

18   have one, and I've gone through it and done the work.  On the

19   other hand, I did not want to impede the logistical preparation

20   of this, and that's actually why you did come in on

21   November 3rd, because you need this time.

22          I will give one overall caveat.  It is -- I am --

23   let's see, how do I say this?  In part, my decision is based on

24   the fact that I have received assurances from the government

25   that this will not delay the commencement of the trial, and so

PROCEEDINGS

1   I have that in mind.  I don't know how these things work out.

2   That is to say, I don't know whether it's going to be easy,

3   rather difficult, but that's like not my concern.  My concern

4   is that I grant it in sufficient time that the government can

5   avail itself of that opportunity, but the understanding is that

6   I would not be sympathetic to a request that in light of any of

7   these depositions, a trial date be postponed or continued.

8           Now, I'm not -- I don't sit here today and give an

9   edict that I'll never change the trial date, because those

10  grand statements run up against conditions subsequent.  So, but

11  I think it's important that you understand that I'm not going

12  to change the trial date.  You then be guided accordingly.

13          Okay.  After saying all of that, and with the

14  understanding that I'm going to write something, does anybody

15  have a question?

16          MR. MORVILLO:  Your Honor, can I briefly be heard on

17  some of the points you raised?

18          THE COURT:  Absolutely.

19          MR. MORVILLO:  Thank you very much.

20          So I'll start with the last point you made with

21  respect to the trial date and simply note that I'm unaware that

22  the government has given an assurance that it can get all of

23  this done by the trial date.  I think all the government said,

24  as far as I understand, is that they can use a mutual legal

25  assistance treaty to accomplish the depositions.  I do not

PROCEEDINGS

1   believe that they said that it would have no impact on the

2   trial date.

3          THE COURT:  Well, I was under -- let me just stop you

4   there, Mr. Morvillo, because I think I need to clarify that.

5          What is the government saying?  I did think that you

6   were saying that this is not going to interfere with the trial

7   date, but Mr. Morvillo may be correct.  Maybe you never said

8   that, and maybe it's judicial wishful thinking.  So what's your

9   response there, Mr. Leach?

10         MR. LEACH:  Your Honor, we are not seeking to move

11  the trial dates.  Our desire is to accomplish all of these

12  depositions under the current schedule.  Our belief is that

13  it's doable.  Our belief is that we have set out the last two

14  weeks of January in order to accomplish this, and the

15  government is undertaking steps to make that happen, and we are

16  not seeking to move the trial date.  We think we can accomplish

17  all of this within the trial period, and we understand the

18  Court's admonition that if it doesn't happen, our choices have

19  to be made there.  But we're not seeking to move the trial

20  date.  We're taking every step we can to make this happen in

21  the UK according to the current schedule.

22         THE COURT:  Okay.  All right.  That's -- that

23  understanding is satisfactory to me.

24         Mr. Morvillo.

25         MR. MORVILLO:  Yes, Your Honor.

PROCEEDINGS

1        I would be remiss if I did not say that I don't share

2   the government's optimism that the MLI process can happen as

3   quickly as it needs to with respect to those four witnesses,

4   and probably including Mr. Knight, that will require some

5   compulsion.  I have an understanding of what that process

6   entails, and if witnesses need to be compelled, there is quite

7   a lengthy process and procedural hurdles that will need to be

8   crossed, including involvement of a court in England, a

9   requirement that the testimony, if compelled, be conducted in a

10  courtroom under the supervision of a judge.  I don't believe in

11  England that that can be videotaped.  I believe it's just going

12  to be a transcript.  There are requirements that questions be

13  submitted in advance.  And so I think there is a significant

14  question here as to whether this can all be accomplished.  I

15  hope to be proven wrong.

16        The concern obviously in circumstances where we are

17  trying to get all of this done in January and there is

18  uncertainty as to whether this will be accomplished through

19  this diplomatic process that's going to be needed for at least

20  four or five of these witnesses adds to what I would

21  characterize as the unfairness of starting the trial in

22  January.

23        There -- putting aside whether these witnesses are

24  cumulative, and we can argue about that down the road given

25  what the Court has said, we are now in a situation where

1   critical witnesses, from the government's perspective, will be

2   testifying in January, two months before opening statements

3   here, and that will require the defense to disclose evidence,

4   defense theories and strategies long in advance of opening

5   statements, and given that there are numerous witnesses who can

6   testify to these subjects in court the traditional way, by

7   coming in front of a jury and answering questions under

8   examination, that will allow the government the unfair

9   advantage of trying to fix problems that it anticipates based

10  on~---

11          **THE COURT:**  Well, Mr. Morvillo, isn't that true in

12  every case where Rule 15 depositions are ordered?  I mean, you

13  don't -- I suppose it can be done during the course of the

14  proceedings.  I understand that.  That's a possibility.  But I

15  also understand you've got jurors and you have a trial going

16  on.  So, but I think -- I think there are plenty of cases where

17  exactly what you're complaining about is -- occurs.  I

18  understand that.  I understand that.  Isn't that the rule?  I

19  mean --

20          **MR. MORVILLO:**  It certainly is presumed by the

21  existence of Rule 15, Your Honor.

22          My point is that in this case, with the complexity of

23  these witnesses, the fact that the Court has ruled that my

24  client cannot attend, there are impediments and fairness

25  considerations that implicate the interests of justice here.

PROCEEDINGS

1      **THE COURT:**  Okay.  I would also say that a rather

2  narrow, my view was when I read what the government proposed

3  that these witnesses would be testifying about, it seemed

4  somewhat narrow and tailored.  It didn't seem to encompasses,

5  you know, the breadth of the case or anywhere near the breadth

6  of the case, assuming it's a broad case.  I mean, I'm not

7  commenting on what's key and what isn't key.  It seemed fairly

8  narrow.  Seemed fairly tailored.  And so I think that that goes

9  to some extent to your objection.

10      **MR. MORVILLO:**  I don't necessarily share your

11  optimism on the narrowness of some of these witnesses, and I

12  will point out just for example that there is a -- an entirely

13  new count in this case, count 17, that was not present in the

14  Hussain trial.  It's an alleged post-acquisition conspiracy to

15  obstruct justice that spanned seven years and 17 overt acts.

16  Several of the witnesses that are going to be deposed under the

17  Court's order, Mr. Lucini, Mr. Blanchflower, Mr. Goodfellow,

18  Mr. Black, Ms. Harris, Ms. Gustafsson, they're all relevant to

19  that count.

20      And so whatever estimate of time based on the

21  testimony in the Hussain case, I think you need to include an

22  additional amount of examination and scope with respect to

23  those witnesses.

24      **THE COURT:**  Well, I must say I'm not restricting -- I

25  hadn't thought that I had to restrict or was even considering

1  restricting cross-examination of these witnesses, you know, by

2  you or your co-counsel.  I mean, that didn't -- that's not part

3  of my -- that's not part of my thought process.

4         Now, if you're saying, well, the direct as suggested

5  by the government will be, you know, on a certain subject at a

6  certain time, but these witnesses are conversant about some of

7  the other allegations that are in the indictment, or some of

8  the counts in the indictment or it's somehow related to the

9  indictment and we want to ask them those questions, we want to

10  elicit that testimony, you know, unless -- I don't know what

11  the government's position is, but I would think that's

12  something that maybe we should talk about later on, not today.

13  But if you're going to raise that, then I think that I -- and,

14  and the government takes a different view -- I don't know what

15  view they're going to take, but if they take a different view

16  that you should be restricted in your examination basically to

17  the direct examination as distinct from the scope of the

18  indictment, then that's something that I think I have to weigh

19  in on, and I will, but I'm not doing it today.

20         MR. MORVILLO:  We're only asking --

21         THE COURT:  I appreciate the heads up.  I mean,

22  you're just ... that's why you're good.  Yeah, okay.  I see it.

23         MR. MORVILLO:  Nor are we asking you to make that

24  ruling today, Judge.  But of course what you're saying

25  dovetails with another point, which is these depositions are

PROCEEDINGS

1   all going to be occurring simultaneously with the filing of

2   motions in limine, which we'll be seeking to preclude or admit

3   certain types of evidence.  That will not be resolved by the

4   time these depositions occur, and that could allow for

5   additional delay once we come back after having taken 10

6   depositions, one of which apparently is in Australia, with

7   hundreds and hundreds of objections and requests to eliminate

8   or restrict admissibility, there's a certain amount of

9   inefficiency and unfairness to that, as well.

10          So, but I'm not sitting here asking for the Court to

11  rule on scope of cross, et cetera, for any of these witnesses,

12  but I flag it for Your Honor as a question that will need to be

13  resolved once these depositions conclude in late January before

14  the trial starts in March.

15          **THE COURT:**  I'm clearing the decks.  I'm clearing the

16  decks.  You're going to see a lot of me in February, and you

17  all have to clear the decks, too.

18          **MR. MORVILLO:**  Your Honor, so to the point about

19  delay, would the Court consider setting a deadline by which

20  these depositions have to occur?

21          **THE COURT:**  No, no, not now.  You can come back.  I'm

22  not going to do that.  I'm not involved in the process.  If

23  it's set at a certain time and you feel that that's unfair, you

24  can come in.  You can come in.

25          **MR. MORVILLO:**  No, it's really more that we are

PROCEEDINGS

1  planning for January, but if this is -- MLI process looks like

2  it's going to take until the end of February or into March,

3  while we are obviously trying to prepare for opening statements

4  and jury selection, that would also be an unfair burden to

5  place on the parties, and particularly the defense.

6       THE COURT:  If the process evolves into a position

7  that you feel you're being unfairly treated by these

8  circumstances, I'm here.  You come in.  I don't like doing

9  things in, you know, what if this happens, what if that

10  happens.  I just don't like doing that for the obvious reasons.

11       MR. MORVILLO:  Well, I don't like doing it either,

12  Your Honor.

13       THE COURT:  No obvious.  They're obvious to me.

14       MR. MORVILLO:  The -- I don't pretend to see the

15  future, but I have a feeling that we may be back in front of

16  you talking about this issue at some point.

17       THE COURT:  Well, Mr. Morvillo, it's always a

18  pleasure to have you before me.

19       MR. MORVILLO:  Thank you, Your Honor.

20       THE COURT:  That may not be reciprocally felt, but it

21  is.

22       Anything else?  Yes, anything else?

23       MR. LEACH:  No, Your Honor.  Just to comment that

24  we're pleased to coordinate on logistics with the defense, and

25  we'll do everything we can to coordinate as --

PROCEEDINGS

1      **THE COURT:** So if I have to sign orders and so forth,

2   or subpoenas -- I have no idea.  I've never done this before.

3   But obviously I'll be here next week, and anything that needs

4   to be done you can advise me of that.  Okay?

5      **MR. LINCENBERG:** Your Honor, three --

6      **THE COURT:** But I will get out -- I'll get out an

7   order either today or Monday that will reflect these

8   proceedings.

9      **MR. LINCENBERG:** Your Honor, three short points.  The

10  first is the most important, that you should not be working

11  today.  Happy birthday.

12     **THE COURT:** Oh, thank you very much.

13     Well, look, given the alternatives, I'm glad I'm

14  here.

15     **MR. LINCENBERG:** Yeah.

16     Second, there is a hearing on November 29th dealing

17  with legal issues, motion to dismiss.

18     **THE COURT:** Yeah.

19     **MR. LINCENBERG:** And I -- it was unclear to me

20  whether the Court was -- whether it was okay for

21  Mr. Chamberlain to appear remotely for that hearing.

22     **THE COURT:** No, I want the defendants to be

23  personally present, both defendants.

24     **MR. LINCENBERG:** Okay.  Okay.  I wasn't sure, since

25  it was strictly --

PROCEEDINGS

1          **THE COURT:**  Yeah, I -- and I may have been -- I may

2     not have been clear on that.

3          **MR. LINCENBERG:**  Okay.

4          **THE COURT:**  I really want Zoom to be the exception

5     rather than the rule.

6          **MR. LINCENBERG:**  Your Honor, that's fine.  You

7     know --

8          **THE COURT:**  Pardon me?

9          **MR. LINCENBERG:**  That's fine.

10         You know, I'll express my view on it.  Given the

11    logistics, and because of -- just because of, you know, how

12    travel has to be arranged and so forth because bail, it

13    sometimes takes some time.  I thought since it was strictly a

14    legal issue I'd raise it.  But we're fine.  We'll have

15    Mr. Chamberlain present in court for the 29th.

16         Third quick point is I believe that there's no

17    restriction on Mr. Chamberlain flying to Australia.  There is a

18    deposition which apparently is going to take place in

19    Australia.  I -- it might be helpful to hear from government

20    counsel.

21         **THE COURT:**  Well, if he has to travel, simply put in

22    a request.

23         **MR. LINCENBERG:**  Okay.

24         **THE COURT:**  And I'll act on it right away.  But it is

25    my intention to allow Mr. Chamberlain to travel as required.

**PROCEEDINGS**

1          **MR. MORVILLO:**  Okay.  All right.

2          **THE COURT:**  Thank you very much, everybody.

3          **VOICES:**  Thank you, Your Honor.

4          **THE COURT:**  Okay.  We're in recess.

5      (Proceedings concluded at 10:45 a.m.)

6                        * * * * *

7                   CERTIFICATE OF REPORTER

8      I, Stephen W. Franklin, Registered Merit Reporter, and

9  Certified Realtime Reporter, certify that the foregoing is a

10  correct transcript, to the best of my ability, from the record

11  of proceedings in the above-entitled matter.

12      Dated this 6th day of DECEMBER, 2023.

13

14

15  Stephen W. Franklin, RMR, CRR

16

17

18

19

20

21

22

23

24

25