Gary S. Lincenberg - State Bar No. 123058
   glincenberg@birdmarella.com
Ray S. Seilie - State Bar No. 277747
   rseilie@birdmarella.com
Michael C. Landman - State Bar No. 343327
   mlandman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
Stephen Keith Chamberlain

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**Defendant Stephen Chamberlain's Joinder in Defendant Michael Lynch's Motion to Compel and for Related Relief; Declaration of Gary S. Lincenberg**<br><br>Date:   January 10, 2023<br>Time:   10:00 a.m.<br>Place:   Courtroom 6<br><br>Assigned to Hon. Charles R. Breyer |

Defendant Stephen Chamberlain joins and incorporates herein Defendant Michael Lynch's Motion to Compel and for Related Relief (ECF No. 272). We write separately to alert the Court to the overwhelming challenges which Mr. Chamberlain faces from the Christmas Eve "present" of expanded, massive exhibit and witness lists and bill of particulars.

## I. GOVERNMENT EXHIBIT LIST

Simply put, the Government's exhibit list serves more to conceal than to reveal what documents the Government intends to introduce at trial. First, we have spent countless hours simply trying to identify the documents referenced on the exhibit list. Some lack an appropriate description (e.g. Bates identifier). After running in circles, we eventually find that some were never produced.[1] And all while we are preparing for a trial which starts with witness testimony in the U.K. in four weeks.

As an example, Exhibits 11826 - 11828 contain no date, an ambiguous description, and a Bates identifier range that is wholly unfamiliar to the defense:

| 11826 | Spreadsheet, hardware revenue and costs | HPE--USA v. Lynch--0000001 |
| 11827 | Spreadsheet, hardware revenue and costs | HPE--USA v. Lynch--0000002 |
| 11828 | Spreadsheet, hardware revenue and costs | HPE--USA v. Lynch--0000003 |

Declaration of Gary S. Lincenberg, ¶ 2, Ex. 1 at 205.

Another example can be found at Exhibit 3072, which is an undated document identified as "United States Amended Exhibit List," and which contains no Bates identifier:

| 3072 | United States Amended Exhibit List | |

*Id.* at 95.

Counsel eventually learned that some were grand jury exhibits. Even then, we are left guessing exactly which document the Government refers to as Exhibit 3072. And we're swimming in a sea of 16 million documents.

Government counsel have acknowledged that they need to do better. But they are

---

[1] On top of this, we understand that numerous interviews have taken place over the last several months. We have received no interview reports or other documents related to these Government communications with witnesses, and no date by which the Government expects to produce these additional materials.

1  proceeding with a band-aid approach. The band-aid approach is problematic for two reasons. First,
2  answering questions from Defense counsel to plug the gaps we have identified does not account
3  for the next round of gaps we may yet identify. Second, supplemental productions are not
4  identified as trial exhibits, either by an electronic exhibit sticker or Bates identifier. This makes it
5  impossible to use these exhibits as trial exhibits at the upcoming Rule 15 depositions, which will
6  likely result in the defense compounding the duplication problem that already exists in the
7  Government's exhibit list.

8  **In a meet and confer call, counsel for Mr. Chamberlain proposed the Government
9  simply produce all of the documents on its exhibit list *in the form it intends to use them at
10 trial*.** Lincenberg Decl. ¶ 6. The Government indicated that the defense should not expect to
11 receive a production of its exhibits with appropriate exhibit markings prior to the Rule 15
12 depositions. *Id.*

13 **II.    GOVERNMENT'S WITNESS LIST**

14       The Government's witness list is double the number who testified in *Hussain,* yet the
15 Government estimates a shorter length of trial. Lincenberg Decl. ¶ 3, Ex. 2. It suggests the
16 Government's witness list is not real, and pressures the defense to waste precious time preparing
17 for dozens of witnesses who will not be called. The Court's request that the Government be more
18 specific in its notice is not being honored.

19 **III.   GOVERNMENT'S SUPPLEMENTAL BILL OF PARTICULARS**

20       The Government filed a Supplemental Bill of Particulars on December 18, 2023 that
21 substantially expanded the case. This is what Mr. Chamberlain was concerned about when he
22 asked for a bill of particulars two years ago.

23       On November 1, 2021, Mr. Chamberlain filed a Motion for Bill of Particulars. ECF No.
24 85. At a hearing on the motion on December 1, 2021, the Court advised that Mr. Chamberlain's
25 motion had "merit" and was "interposed in order to expedite the case." ECF No. 99 at 10.
26 However, the Court deferred ruling. Counsel for Mr. Chamberlain voiced a concern about having
27 to review a plethora of accounting decisions that were not discussed, or barely discussed, in the
28 Hussain case. *Id.* at 11. Counsel for Mr. Chamberlain added:

> And with regard to the transactions that were at issue and discussed in the Hussain case, Mr. Reeves' response, and I think is a fair one is: Lincenberg, you have an idea, you know what this case is about. And I'll tell you, ***it's going to be the same transactions as in the Hussain trial***.

*Id.* (emphasis added). Counsel for Mr. Chamberlain's understanding that the instant case would involve the same transactions as in the *Hussain* trial was bolstered by the Government's opposition to Mr. Chamberlain's Motion for Bill of Particulars, in which the Government stated:

> One of the virtues of trying two cases based largely on the same facts will be the reasonable expectation that there will be no surprises . . . ***By itself, the highly detailed testimony already provided in the first trial . . . undercuts any argument about the need to clarify*** what [the Government alleges was false].

ECF No. 90 at 5:20-26 (emphasis added). Mr. Chamberlain has relied on this in his preparation.

Mr. Chamberlain was further comforted by the Government's filing of its first Bill of Particulars in October 2023, which identified 21 software transactions, consistent with the evidence it relied on in the *Hussain* trial. *Compare* ECF No. 230 (Government's First Voluntary Bill of Particulars) *with* Decl. of Lincenberg ¶ 4, Ex. 3 ("Balance Sheet of Fraud" Slide used by the Government in its Closing Argument).

Now, with the Government's latest filing of a "Supplemental" Bill of Particulars, approximately one month before witness testimony begins, the Government introduces dozens of additional transactions for which Mr. Chamberlain has not received adequate and timely notice. This is exactly the sort of unfair surprise that Counsel for Mr. Chamberlain sought to avoid by raising the issue two years ago.

Consider the following examples of how this prejudices Mr. Chamberlain and expands the case. On a macro level, the Government just added a theory that Autonomy improperly accounted for certain transactions as a sales of goods rather than royalties. ECF No. 271 (listing Verdasys (Q1 2009), EMC (Q2 2009), and Rand (Q2 2011)); Decl. of Lincenberg ¶ 5, Ex. 4 ¶ 2.8.8 (Government's expert report listing those same transactions under the heading "Table 2.11: Software Focus Transactions with Misstatements arising from transactions being accounted for as a sale of goods rather than royalties"). On a micro level, the Government just added transactions that were not even mentioned in its recently filed 61-page expert report (which also went well

beyond the *Hussain* case). *See*, *e.g.*, ECF No. 271 (listing Apple (Q2 2011), Play (Q2 2011), Realise Limited (Q2 2010), Tottenham Hotspur (Q2 2010), and Mercedez Benz (Q1 2010)). The Government lists multiple other transactions that were identified in its expert report for the first time and were not a part of the *Hussain* trial.[2]

In short, the Supplemental Bill of Particulars, filed just a month before Mr. Chamberlain is set to examine two critical Autonomy finance team members via Rule 15 deposition, contradicts the representations made by the Government in prior hearings and correspondence about its particulars. It is an after-hours attempt to broaden the scope of the Government's case against Mr. Chamberlain beyond that which was presented in *Hussain* or forecasted by the Government's initial Bill of Particulars. As the Government notes, each individual transaction "often involve[s] multiple inter-related transactions." ECF No. 271 at 4:19-20. If the Court allows the Government to change the rules of the game now, it will undercut the reasons why we briefed the issue, held hearings, and conducted extensive meet and confers two years ago, and then again two months ago.

---

[2] In order to even come to this conclusion, Mr. Chamberlain had to expend significant time cross referencing the 100+ transactions listed by the Government in its Supplemental Bill of Particulars with the transactions referenced in the *Hussain* trial and the transactions identified in the Government's expert disclosure. This is precious time that Mr. Chamberlain had hoped he could spend preparing to defend that case the Government said it would run against him two years prior.

## IV. CONCLUSION

For these reasons, the Court should grant Dr. Lynch's Motion to Compel and Motion for Related Relief.

DATED: December 26, 2023

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: _/s/ Gary S. Lincenberg_
Gary S. Lincenberg
Ray S. Seilie
Michael C. Landman
Attorneys for Defendant Stephen Keith Chamberlain