PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States,
Acting under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    E-mail: robert.leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL RICHARD LYNCH, and<br>STEPHEN KEITH CHAMBERLAIN,<br><br>    Defendants. | CASE NO. 18-CR-577 CRB<br><br>**STIPULATION AND [**~~PROPOSED~~**] ORDER REGARDING THE RULE 15 DEPOSITIONS** |

**<u>STIPULATION</u>**

WHEREAS, on November 15, 2023, the Court ordered certain depositions of foreign witnesses pursuant Federal Criminal Rule of Procedure 15.

WHEREAS counsel for the government and counsel for the defendants have conferred at length about the legal, logistical, and other issues relating to the Rule 15 depositions and agree on the following procedures to affect the Court's order:

(1) The Rule 15 depositions are scheduled as follows: Marc Geall on January 22, 2024; Poppy Gustafsson on January 25, 2024; and Lisa Harris on January 30, 2024. Collectively, these three depositions shall be referred to herein as "the Rule 15 depositions."

(2) The Rule 15 depositions shall all occur in London, in the United Kingdom, at the law offices of Clifford Chance, counsel for defendant Michael Lynch, in a conference room large enough to accommodate approximately eighteen (18) people.

(3) To the extent possible, subject to the below considerations, the Rule 15 depositions shall be conducted as if they were testimony occurring in a courtroom at trial.

(4) The Rule 15 depositions shall begin at 9:15 a.m. local time and continue until 6:00 p.m. local time with a one-hour break for lunch and two fifteen (15) minute breaks, one in the morning and one in the afternoon. If necessary, the Rule 15 depositions will continue into the next business day unless all parties, including the witness and counsel for the witness, agree on the record to go later for not more than one additional hour until 7:00 p.m. local time.

(5) Each witness shall be sworn in before their Rule 15 deposition shall commence. Counsel for the government shall ensure that a consular representative of the United States is available to swear in each witness prior to their testimony.

(6) Following the oath at the Rule 15 deposition, counsel for the party noticing the deposition shall read the following Court order to the witness: "You have been ordered to give sworn testimony in the trial of *United States v. Lynch and Chamberlain*, pending in the Northern District of California in the United States, and your testimony now will be heard and received by the Court in the same manner it would hear and receive your testimony as if given during the trial."

(7) The testimony taken during the Rule 15 depositions shall be transcribed by a court-reporter and preserved by a videographer for display at trial as authorized by the Court.

(8) The party noticing the Rule 15 deposition shall pay all costs associated with the court-reporter and videographer. Thus, the government shall pay these costs for the deposition

of Marc Geall and defendant Chamberlain shall pay these costs for the depositions of Poppy Gustafsson and Lisa Harris.

(9) Counsel for the witness shall be permitted to watch and listen to the testimony of their client as they would during the trial and, when the client is not testifying, may at all times speak to and advise their client. Absent exceptional circumstances, as would be the case during trial testimony, counsel for the witness shall not speak to or otherwise communicate with their client during the testimony and shall not, in any way, interfere with the conduct of the deposition.

(10) At all times, counsel for defendant Michael Lynch shall be responsible for effecting the video link between the Rule 15 depositions in London in the United Kingdom and defendant Lynch, who will be in San Francisco in the United States. Counsel or representatives for a party or the testifying witness may observe the depositions through the same video link. Except as otherwise set forth herein, no other person shall be permitted to observe the deposition either live or via video link. The video link shall provide clear audio and video of the witness and the attorney conducting the examination and, in the event the video link goes down, the deposition shall pause to ensure Dr. Lynch's uninterrupted participation in the deposition.

(11) Counsel for defendant Michael Lynch shall reserve two additional conferences rooms as so-called "break out rooms," one for counsel for the government and one for the witness and their counsel.

(12) Only the court-reporter may record any part of the proceedings during the Rule 15 depositions and there shall be no other recordings of any kind of any of the parties or participants involved in the Rule 15 depositions while in the law offices of Clifford Chance or by any party observing the deposition via the video link.

(13) During the Rule 15 depositions, counsel may interpose objections based on privilege, the form of questions, and for lack of foundation or on any other basis that the objecting party reasonably believes could be cured through reformulation of the question.

(14) During the Rule 15 depositions, all other objections shall be preserved and should *not* be made including, but not limited to, objections for relevance and hearsay.

(15) Exhibits used by either party during the depositions shall be marked as trial exhibits. Clifford Chance shall use best efforts to provide monitors to be used by the witness and the parties to view exhibits displayed during the testimony. Those portions of any exhibits displayed to the witness shall be clearly designated by the offering party to ensure the same portions are accurately displayed to the jury during any playback of the deposition.

(16) The transcripts and videos that result from the Rule 15 depositions shall be made available to the parties on a timely basis not to exceed fifteen (15) days following the conclusion of the deposition.

(17) The transcripts and videos shall *not* be made public unless and until they are displayed to the jury during the trial or as otherwise ordered by the Court.

(18) Once the transcripts and videos are available, the parties shall confer and designate those portions of the deposition each party intends to offer in evidence. For the government's witness, Mr. Geall, these designations shall be submitted to the Court no less than five (5) business days in advance of the offer of such testimony. With respect to the depositions of defense witnesses, Ms. Gustafsson and Ms. Harris, these designations may be made after the close of the government's case and no less than five (5) business days in advance of the offer of such testimony. Pursuant to Rule 15, the Court shall hear the designated portions of the Rule 15 depositions outside of the presence of the jury, at which time the parties may interpose any objections preserved during the deposition, including those based on relevance, hearsay, etc., whereupon the Court may then make a ruling and otherwise determine what part of the Rule 15 deposition transcripts shall be heard by the jury and received in evidence during the trial.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED:  January 14, 2024 | PATRICK D. ROBBINS<br>Attorney for the United States,<br>Acting Under Authority Conferred by<br>28 U.S.C. § 515 |
| | */s/ Adam A. Reeves* |
| | ADAM A. REEVES<br>Assistant United States Attorney |
| DATED:  January 14, 2024 | CLIFFORD CHANCE US LLP |
| | */s/ Christopher J. Morvillo* |
| | CHRISTOPHER J. MORVILLO<br>Counsel for Defendant Michael Lynch |
| DATED:  January 14, 2024 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG, & RHOW, P.C. |
| | */s/ Gary S. Lincenberg* |
| | GARY S. LINCENBERG<br>Counsel for Defendant Stephen Chamberlain |

**[PROPOSED] ORDER**

**FOR GOOD CAUSE SHOWN**, the agreements regarding the legal, logistical, and other issues relating to the Rule 15 depositions set forth above are **SO ORDERED**, and, at the commencement of each of the Rule 15 depositions, after the witness has been sworn in, counsel for the party noticing the deposition shall read the following order of the Court to the witness:

"You have been ordered to give sworn testimony in the trial of *United States v. Lynch and Chamberlain*, pending in the Northern District of California in the United States, and your testimony now will be heard and received by the Court in the same manner it would hear and receive your testimony as if given during the trial."

**IT IS SO ORDERED**.

DATED: January 17, 2024

_____
THE HONORABLE CHARLES R. BREYER
United States District Judge