# EXHIBIT 3

Autonomy Corporation Limited
Autonomy House
Cambridge Business Park, Cowley Road
Cambridge, CB4 0WZ

United Kingdom

hp.com

                                              Louise Currey
                                              HMRC
                                              LBS CT Bristol
                                              101 Victoria Street
                                              Bristol
                                              BS1 6DG.

                                              Date:  23 December 2013

**STRICTLY PRIVATE AND CONFIDENTIAL**

**F.A.O: Louise Currey**

**Subject:** Overpayment relief claim under Paragraph 51 Schedule 18 FA 1998

**Reference:**    Autonomy Corporation Limited (Formerly Autonomy Plc)– 454 49690 03904
                       Autonomy Systems Limited – 454 25552 58205
                       Zantaz Limited – 454 89587 15199
                       Meridio Limited – 454 25207 24218
                       Interwoven Limited – 454 38506 09001

Dear Louise,

Further to our meeting of 28th November 2013, the above named Companies hereby make a claim for overpayment relief under Paragraph 51 Schedule 18 FA 1998 to total £38,657,382.  This claim relates to the years ended 31 December 2009 ("FY09"), £19,063,359, and 31st December 2010 ("FY10"), £19,594,023, as split out in Appendix 1.

The grounds on which the overpayments were made relate to the restatement of the statutory accounts for the period ended 31 October 2011 ("FY11").  As part of the FY11 statutory account submission, the FY10 comparatives are being restated as well as the FY09 brought forward and closing retained earnings positions.

As discussed, HP acquired the Autonomy group on 3rd October 2011.  Post-acquisition, evidence began to surface which raised serious concerns over the validity of the numbers in the signed statutory accounts for FY10 and earlier years; these accounts were used in the due diligence conducted during the acquisition process.  As is the norm with the acquisition of publicly listed companies', due diligence was

conducted based on publicly available information and discussions with Deloitte, the auditors of the Autonomy Group, and representations by Autonomy management.

Morgan Lewis and PwC were engaged to conduct an investigation into certain material transactions entered into by Autonomy pre acquisition. Their work identified accounting irregularities and a decision was taken by HP to reexamine the reported results for FY10 and prior when preparing the statutory accounts for FY11.

Deloitte resigned as auditors in Dec 2012 and Ernst and Young, HP's auditors, were appointed in Feb 2013. Their work is close to completion and the current expectation is that the accounts will be signed and submitted to Companies House by 1 March 2013. Even though the accounts are not finalised, further material adjustments to the amount of the overpayment claims are not expected. HP is currently co-operating with the Serious Fraud Office and its equivalent in the US in their investigations into matters related to Autonomy.

The overall impact of the reexamination of the previously published statutory accounts has been to reduce the revenue over the two years in question by £125m in Autonomy Systems Limited (the main trading company), and the pre tax profit by £157m down to £82m from £239m. As such the Companies' outlined above have made payments of tax on profits that did not exist and in considering Paragraph 51A Schedule 18 FA 1998, we have concluded that Cases A – G are not applicable based on the above such that a valid claim can be made in relation to the tax paid on these profits which did not exist.

The above named Companies have not previously made an appeal in connection with the payment.

For completeness we have enclosed the original submitted tax returns and group relief matrices to provide documentary proof that this corporation tax was suffered. Further, the HMRC portal shows that these liabilities have been settled in full, please do let us know if you require the bank records to provide proof of payment or whether you are satisfied based on the payments already being recorded in HMRC's systems.

The detailed workings are enclosed to support the overpayment relief claim figures which start from the submitted tax position and then tax effects each audit adjustment to reach a closing position for all entities for FY09 and FY10. As you can see from the workings, we have discarded the impact of any adjustments that related to periods prior to FY09 as we are out of time to make any claims in this regard.

You will note that as part of the overpayment claim the group relief claims have been amended as highlighted in the revised group relief matrices (also enclosed). We would seek your discretion under FA98/SCH18/PARA74 (2), SP5/01 to allow us to amend the group relief claims on the basis that under the exceptional circumstances the ability to amend the group relief claims within the required statutory timeframes was not possible for reasons beyond the companies' control. At the date of the expiry of the time limit, the company or its agents were unaware of the available losses and profits against which the company could claim relief. Further, any excess losses we propose to adjust through the next submitted tax returns and carry forward.

We appreciate that the deadline in relation to the FY10 claim is 31 December 2014 but we thought it would be best to deal with the claims together given the consistent circumstances surrounding the claims.

Please do let me know if you would like to arrange a meeting to walk through the details of the adjustments, otherwise we will look forward to hearing from you in due course.

Yours Sincerely,



Juzer Shaikhali

UK Tax Director, HP



**Declaration**

I can confirm that the particulars given in the claims as outlined above are correct and complete to the best of my knowledge and belief.

SIGNED

PRINT NAME

DATE


Encs.

1. Submitted tax returns for the above named entities
2. Submitted Group relief matrices for FY09 and FY10
3. Detailed workings for revised tax calculations for all entities for both FY09 and FY10
4. Revised group relief matrix for FY09 and FY10

**Appendix 1: Claim values by entity**

Year ended 31 December 2009

| Entity Name | Submitted Liability | Revised Liability | Overpayment claim |
| --- | --- | --- | --- |
| Autonomy Corporation Limited | £835,500 | £nil | £835,500 |
| Autonomy Systems Limited | £24,624,552 | £6,833,982 | £17,790,570 |
| Zantaz Limited | £20,536 | £nil | £20,536 |
| Meridio Limited | £3,594 | £nil | £3,594 |
| Interwoven Limited | £413,159 | £nil | £413,159 |
| Total | £25,897,341 | £6,833,982 | £19,063,359 |

Year ended 31 December 2010

| Entity Name | Submitted Liability | Revised Liability | Overpayment |
| --- | --- | --- | --- |
| Autonomy Systems Limited | £23,938,205 | £4,344,182 | £19,594,023 |