PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* NO. 6: TO ADMIT THE STATEMENTS OF DR. LYNCH'S AGENTS AND DEFENDANTS' CO-CONSPIRATORS AND EXCLUDE CERTAIN STATEMENTS IF OFFERED BY DEFENDANTS |
| v. | |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | |
| Defendant. | Pretrial Conference: February 21, 2024<br>Trial Date: March 18, 2024 |

**INTRODUCTION**

The trial of Defendants Michael Lynch and Stephen Chamberlain will place before jurors a sophisticated, multi-year conspiracy involving the acts and statements of myriad Autonomy employees. During the conspiracy period between 2009 and 2011, those employees acted at the direction of Autonomy's chief executive officer—Defendant Lynch. Their statements within the scope of their employment are therefore properly admissible against Defendant Lynch. *See* FED. R. EVID. 801(d)(2)(D). In addition, Rule 801 supports the admission, against both Defendants, of statements by

1  their co-conspirators, such as Sushovan Hussain, in furtherance of the conspiracy to commit wire fraud.
2  *See* Fed. Rule Evid. 801(d)(2)(E).  With this motion, the government seeks an order that the statements
3  of Autonomy employees within the scope of their employment are admissible against Dr. Lynch, and
4  that statements by the Defendants' co-conspirators in furtherance of the conspiracy are admissible
5  against both Defendants, subject to objections grounded in other principles.

6  But that agency relationship is not a two-way street: Neither Defendant Lynch nor Chamberlain
7  may rely on Rule 801(d)(2)(D) to admit the out-of-court statements of Autonomy employees—just as
8  they may not admit their own hearsay statements, or co-conspirator statements under Rule 801(d)(2)(E).
9  The relevant rules turn on the direction of admission and convert hearsay statements into "not hearsay"
10 *only* when those statements are "offered against an opposing party."  FED. R. EVID. 801(d)(2).  The
11 Court should enforce these rules at trial, and require that Defendants introduce only competent evidence
12 from the stand, or out-of-court statements that come within a recognized hearsay exception.

13                            **FACTUAL BACKGROUND**

14 The facts as relevant to this motion are simple: Between 1996 and 2011, Defendant Lynch served
15 as the founder and Chief Executive Officer of Autonomy.  In that role, as the United Kingdom court
16 overseeing Hewlett-Packard's civil fraud trial found, Lynch was the "eminence grise" of a "cabal" that
17 ran the company.  *See* Judgment ¶ 101, *ACL Netherlands BV v. Lynch*, [2002] EWHC 1178 (Ch) (May
18 17, 2022), 2022 WL 01557021.  Autonomy's auditors at Deloitte observed that Lynch had "a very
19 unusual level of control" over the company, so much so that Dr. Lynch's approval was required for any
20 purchase over $30,000.  *See* Trial Ex. 4422 at p.2 & 3.  Indeed, the U.K. court would later find that
21 Lynch "exercised very personal overall control [at Autonomy].  He was very definitely and insistently at
22 the apex of an unusual management structure . . . .  He was a very dominant personality. He expected to
23 get his way, and did so.  He was resourceful and determined; and he did not expect or tolerate doubts
24 from others as to his chosen strategy, and he expected his strategies to be implemented."  *See* Judgment
25 ¶ 98, *ACL Netherlands BV v. Lynch*, [2002] EWHC 1178 (Ch) (May 17, 2022), 2022 WL 01557021.

26                              **LEGAL STANDARD**

27 Rule 801 defines hearsay as "a statement that: (1) the declarant does not make while testifying at
28 the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in

the statement." FED. R. EVID. 801(c). Subpart (d) of that rule identifies certain statements that are "not hearsay," including statements offered against an opposing party and

(A) . . . made by the party in an individual or representative capacity;

(B) . . . one the party manifested that it adopted or believed to be true;

(C) . . . made by a person whom the party authorized to make a statement on the subject;

(D) . . . made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) . . . made by the party's coconspirator during and in furtherance of the conspiracy.

FED R. EVID. 801(d)(2) & 802. "The rule specifies five categories of statements for which the responsibility of a party is considered sufficient to justify reception in evidence against [her]." *Id.* advisory comm. note.

## ARGUMENT

### A. The Court Should Admit Against Defendant Lynch Statements by Autonomy and Autonomy Employees If Offered By the Government.

The Ninth Circuit has repeatedly affirmed admission under Rule 801(d)(2)(D) of statements by employees of companies controlled and managed by an individual defendant. For example, in *United States v. Kirk*, 844 F.2d 660 (9th Cir. 1988), the government charged the founder of a time share venture with conspiracy, wire fraud, and other offenses. Kirk "ran the day-to-day operations" and exercised "control over the time share scheme." *Id.* at 661. The Ninth Circuit affirmed the conviction and admission of testimony from "Paradise Palms salespeople[] and co-defendants," holding that the statements "were admissible as nonhearsay statements of agents or employees under Fed. R. Evid. 801(d)(2)(D)." *Id.* at 663. The Ninth Circuit further stated: "Many of the statements cited by Kirk as instances of hearsay were made by agents or employees of Paradise Palms. The statements primarily described the nature and quality of the time share units, and the nature and extent of contractual obligations to prospective time share customers, therefore clearly falling within the scope of agency or employment." *Id*.

Similarly, in *United States v. Gibson*, 690 F.2d 697, 699 (9th Cir. 1982), the government brought mail fraud, wire fraud, and other charges against Gibson, the founder and president of Gibson Marketing

International, Inc. ("GMI"), which sold franchises and franchise distributorship rights. *Id*. at 697. At trial, the government introduced evidence of statements by GMI employees and salesmen against Gibson. The Ninth Circuit found no error in admitting the statements. The Ninth Circuit held that testimony by investors as to statements made by GMI employees were not hearsay but evidence of existence of the scheme. *Id*. at 700-701. The court added that "even if the testimony did fall within the hearsay definition, it would be admissible under either Rule 801(d)(2)(D) (statements by an agent) or Rule 801(d)(2)(E) (statements by a co-conspirator)." *Id*. at 701.

### B. The Court Should Admit Against Both Defendants Statements by Co-Conspirators in Furtherance of the Conspiracy If Offered By the Government.

Federal Rule of Evidence 801(d)(2)(E) also provides an independent basis for admission of statements by Lynch and Chamberlain's co-conspirators, such as Hussain, against *both* Defendants. Accordingly, the Court should admit against Defendant Lynch and Defendant Chamberlain relevant statements by co-conspirators in furtherance of the conspiracy.

Count One of the Superseding Indictment charges Defendants Lynch and Chamberlain with conspiracy to commit wire fraud. Between January 2009 and October 2011, the Defendants and others conspired to devise a fraudulent scheme to deceive purchasers and sellers of Autonomy securities about the true performance of Autonomy's business by making false and misleading statements about Autonomy's finances, sales and performance. Statements of co-conspirators made in furtherance of this conspiracy are admissible. *See* Fed. R. Evid. 801(d)(2)(E).[1]

Under Rule 801(d)(2)(E), a "statement made by a coconspirator of a party during the course and in furtherance of the conspiracy" is admissible against that party as non-hearsay. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir. 1987). To admit a statement, the government must only provide "slight evidence" that the declarant was connected to the conspiracy. *United States v. Perez*, 658 F.2d 654, 658 (9th Cir. 1981); *see also United*

---

[1] On August 8, 2023, in compliance with this Court's scheduling order and Criminal Local Rule 16-1(c)(4), the United States served notice to Defendants that it may offer at trial co-conspirator statements made by the following individuals: John Baiocco, Stephen Chamberlain, John Cronin, Christopher Egan, Lisa Harris, Sushovan Hussain, Andy Kanter, Michael Lynch, Peter Menell, Alan Rizek, David Truitt, and Steve Truitt. The government further disclosed that the substance of those individuals' statements had been disclosed in the government's pre-trial discovery or in the trial of *United States v. Hussain*.

*States v. Saelee*, 51 F. 4th 327, 342 (9th Cir. 2022) ("the Government 'need show only a slight connection with the conspiracy.'") (quoting *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994)). This Court through *Hussain* has become familiar with the evidence of conspiracy that the United States may adduce during Defendants' trial. A convenient summary of some of that "extensive evidence" can be found in this Court's July 30, 2018 order denying Hussain's motions for new trial and judgment of acquittal. *See generally* Order Denying Motions for New Trial and Judgment of Acquittal at 3-19, *United States v. Hussain*, Case No. CR 16-462-CRB (N.D. Cal. July 30, 2018), ECF No. 419 (describing evidence presented in government's case-in-chief).

        **C.**     **The Court Should Preclude Defendants from Offering Their Own Out-Of-Court Statements and Those of Co-Conspirators.**

Although the government may admit Autonomy employees' out-of-court statements against Defendant Lynch, Rule 801(d)(2)(D) does not permit Defendants to adduce their own statements, those of Autonomy employees, or those of co-conspirators. Blackletter hearsay law precludes a defendant from introducing his own prior statements unless an exception applies. *See, e.g., United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (defendant's attempt to elicit exculpatory statements he made during interviews with agents was improper because "[t]hese statements were inadmissible hearsay; as [defendant] was attempting to introduce them himself, they were not party-opponent admissions"); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("[T]he district court did not abuse its discretion when it limited Ortega's ability to elicit his exculpatory hearsay statements on cross-examination" because otherwise "Ortega would have been able to place his exculpatory statements before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids.") (internal quotation omitted).

As for the "not hearsay" provisions of Rule 801(d)(2)—which include the employee and co-conspirator exceptions—they are unavailable to Defendants. The rule plainly limits its operation to statements offered "against an opposing party" where the statement was made by "*the party's* agent or employee," Fed. R. Evid. 801(d)(2)(D), or by "*the party's* coconspirator," Fed. R. Evid. 801(d)(2)(E). Because the United States neither employed Autonomy's employees nor conspired with them, Defendants cannot use those rules to put coconspirator or Autonomy statements before the jury. *See*,

*e.g.*, *United States v. Maliszewski*, 161 F.3d 992, 1011 (6th Cir. 1988) ("Here, the government was the party against whom the statement was offered, and we feel confident that Edward does not mean to suggest that the government was a member of the conspiracy. That fact precludes admission."). The Court should require that Defendants adduce only competent testimony.

## CONCLUSION

For these reasons, the Court should admit against Defendant Lynch the statements of Autonomy and Autonomy employees. The Court should admit against both Defendant Lynch and Defendant Chamberlain relevant statements by co-conspirators in furtherance of the conspiracy. And the Court should preclude Defendants from offering hearsay statements, including the statements of Autonomy employees and of Defendants' co-conspirators.

DATED: January 17, 2024

PATRICK D. ROBBINS
Attorney for the United States Attorney
Acting Under Authority Conferrred by
28 U.S.C. § 515

By:      /s/ Zack Abrahamson
ROBERT S. LEACH
ADAM A. REEVES
KRISTINA N. GREEN
ZACHARY G.F. ABRAHAMSON
Assistant United States Attorneys