Jonathan Matthew Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Dwight J. Draughon
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

# UNITED STATES DISTRICT COURT

## NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br><br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S OPPOSITION TO THE UNITED STATES' MOTION *IN LIMINE* NO. 2 TO ADMIT EVIDENCE OF DR. LYNCH'S CONTROL, KNOWLEDGE, AND INTENT**<br><br>**(Government MIL No. 2)**<br><br>Date:  February 21, 2024 at 2 p.m.<br>Court:  Courtroom 6 – 17th Floor<br>Date Filed:  January 31, 2024<br>Trial Date:  March 18, 2024 |

## I.      INTRODUCTION

Defendant Michael Richard Lynch respectfully submits this memorandum in opposition to the government's second motion *in limine* seeking to admit references to the mafia, villains from James Bond films and other movies, and piranhas in fish tanks that it insists are relevant and probative of Dr. Lynch's "control, knowledge, and intent."  The government also claims that this evidence presents "no prejudice within the meaning of Federal Rule of Evidence 403."  ECF No. 296 (G. MIL No. 2) at 2.

At most, the references the government seeks to admit are probative of tongue-in-cheek attempts at humor at Autonomy.  Nonetheless, the government seeks to turn such innocuous banter into sinister behavior on Dr. Lynch's part designed to demonstrate his domination and control at Autonomy and even his attempt to "bamboozle" HP with a carefully cultivated "master of the universe" image.  *Id*. at 2.  This claim is absurd.  Absent any link to knowledge and intent to defraud, and the government provides no such link, the evidence is irrelevant and unduly prejudicial, especially given the way the government plans to misuse it.  Most of the evidence the government seeks to admit overlaps with evidence Dr. Lynch has moved to preclude in his own motion *in limine*, *see* ECF No. 291 (D. MIL No. 5) (seeking to prevent character assassination including via references to the mafia, Bond villains, aggressive fish, and the like), and the government's motion *in limine* as to that evidence should be denied for the reasons already set forth by Dr. Lynch.  To the extent any of the evidence is not covered by Dr. Lynch's motion *in limine*, it should be precluded for the same reason:  it is irrelevant, lacks probative value, and carries a significant risk of unfair prejudice to Dr. Lynch.

## II.     ARGUMENT

While relevance is a context-specific inquiry applying an admittedly "liberal" standard, *see Crawford v. City of Bakersfield*, 944. F.3d 1070, 1077 (9th Cir. 2019) (citing Fed. R. Evid. 401 and related Advisory Committee Note), a party seeking to introduce state-of-mind evidence as relevant to an allegation bears the burden of clearly linking the evidence at issue with state of mind.  *Bravo v. City of Santa Maria*, No. CV 06-6851 FMO (SHx), 2013 WL 12224037, at *3 (C.D. Cal. July 1, 2013); *see also United States v. Schena*, No. 5:20-CR-00425-EJD-1, 2022 WL

2910185, at *12 (N.D. Cal. July 23, 2022) (to introduce evidence of fraudulent conduct other than the specific acts alleged in the indictment, the government must establish a nexus between the allegations and the evidence it seeks to introduce).  The government fails to meet that burden here.

The government argues that statements that Dr. Lynch and others made comparing Autonomy to "the Mafia," a mock sales video that portrayed Autonomy management as operating like a mob syndicate, the presence of a fish tank with piranhas in the Autonomy offices (along with references to piranhas in a news article about Dr. Lynch), and other "evidence relating to Dr. Lynch's marketing of his image" are relevant to Dr. Lynch's state of mind.  ECF No. 296 at 2, 7.  The government's contentions, however, are conspicuously vague and equivocal—it argues that the evidence is relevant to Dr. Lynch's "state of mind, his control, and his attention to minute details," "his desire to exert total control," and his "desire to brand an image of toughness."  *Id*. at 7–8.  In *United States v. Hussain*, this Court rejected the Government's argument that the same mock sales video was relevant because it "paints a more complete and accessible picture of [Defendant Hussain's] single-handed domination of Autonomy's sales teams and his intolerance of excuses."[1]  *See* Order Granting Defendant's Motion *in Limine* No. 6, *United States v. Hussain*, CR 16-CR-00462-CRB (N.D. Cal. Feb. 9, 2018), ECF No. 245.  Here, the government repeats this refrain that the proffered evidence, including the parody video, is relevant because it "paints a more detailed and complete picture of the Defendant."  ECF No. 296 at 8.  But the government's mantra is no more convincing this time around.

Moreover, the inferences the government seeks to draw from the evidence are unsupported leaps from innocuous references to "damning evidence" of knowledge and intent.  For example, the government claims that mere references to James Bond villains and movies like

---

[1] "[T]he Court has come to the conclusion that the film is likely admissible as a submission to the Academy of Motion Picture Arts and Sciences in the category of ~~Best~~ Worst Live-Action Short Film (Foreign).  If there is another basis of admissibility, the Court is unaware what it might be."  ECF No. 245.

1   "Scarface" and "The Untouchables" are proof positive of Dr. Lynch's supposed "view that rules

2   that apply to others do not apply to Autonomy." *Id.* at 8.  The government even jumps to the

3   conclusion that the reference to Cazenove in that Mafia-themed sales conference video must be a

4   veiled threat against analyst Daud Khan, *id.*, but the government has neglected to do its

5   homework:  even if it could be said that Dr. Lynch was in fact threatening anyone (and it

6   cannot), the video was presented at a sales conference in 2005 before Mr. Khan was even at

7   Cazenove.  In any event, the fact that the founder and CEO of a successful and cutting-edge

8   software company had "demanding" standards and that he understood that salespeople

9   sometimes struggled to close deals for various reasons does not mean that he possessed the

10  specific intent to deceive or defraud or that he sought an acquisition via fraudulent means.  Even

11  under the liberal standard of relevance, the proffered evidence of innocuous attempts at humor

12  within Autonomy is so untethered from the charged allegations that it must be excluded.

13      Moreover, any minimal probative value derived from these humorous references to the

14  mafia and movie villains are clearly outweighed by the unfair prejudice to Dr. Lynch.  Rule 403

15  provides for the exclusion of evidence if its probative value is substantially outweighed by

16  "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

17  needlessly presenting cumulative evidence." Fed. R. Evid. 403.  If and when evidence is directly

18  probative of guilt of a specific allegation, it does not rise to the level of *unfair* prejudice.  *See Old*

19  *Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal

20  defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into

21  declaring guilt on a ground different from proof specific to the offense charged.").  But district

22  courts must exclude evidence that has an "undue tendency to suggest decision on an improper

23  basis, commonly, though not necessarily, an emotional one." *Id.* (quoting Advisory Committee

24  Notes on Fed. Rule Evid. 403).  Moreover, if the evidence is not determinative of a central issue,

25  it may be excluded under Rule 403 for creating a "sideshow." *Pac. Select Fund v. Bank of New*

26  *York Mellon*, No. SACV 10-198-JST (ANx), 2012 WL 12886495 (C.D. Cal. July 2, 2012)

27  (admitting evidence over a Rule 403 objection because it was at "the heart" of the defendant's

28  case).

---

In support of its contention that "Rule 403 is no barrier" to admitting the mafia references, the government cites to a case with plainly distinguishable facts that does not engage in a Rule 403 analysis.  ECF No. 296 at 7.  In that case, *United States v. Fernandez*, 172 F. Supp. 2d 1265 (C.D. Cal. 2001), a RICO prosecution involving the Mexican mafia, the government relied on the defendant's admission that he was in the Mexican mafia to establish that the defendant was in fact part of the alleged RICO conspiracy involving the Mexican mafia.  *Id.* at 1274.  The district court summarily concluded that the defendant's statements were admissible and did not engage in a Rule 403 analysis.  *Id*.  This is understandable given that *Fernandez* was a mafia prosecution where the fact of mafia membership was a relevant issue.  For obvious reasons, the court's admission in *Fernandez* of a party opponent's statement regarding mafia membership does not bear on whether the proffered mafia evidence in an alleged accounting fraud case survives a Rule 403 analysis.

Indeed, the government concedes that the references to organized crime are not probative of their truth but argues that this lessens the prejudicial impact on Dr. Lynch.  *See* ECF No. 296 at 7 ("[H]ere the statements are offered not to show actual membership in organized crime."). On the contrary, admitting mafia evidence in an accounting fraud case would cause substantial prejudice to Dr. Lynch.  *See, e.g., United States v. Love*, 534 F.2d 87, 88 (6th Cir. 1976) (reversing conviction of transmitting a threat in interstate commerce because it rose to prosecutorial misconduct to "intentionally and for no proper purpose inject[] into the trial the spectre of organized crime and the Mafia").  The government's own motion illustrates this well—the mafia video features Dr. Lynch "wield[ing] and sharpen[ing] a knife as he waits for sales personnel to call in."  ECF No. 296 at 4.  The theatrical and sensational nature of the evidence would undoubtedly create a sideshow.  Even with a proper limiting instruction, the government would use the mafia evidence to portray Dr. Lynch as an overly demanding and unlikeable person and would provide comparatively little insight on his state of mind in allegedly defrauding HP.  The government's attempt to portray Dr. Lynch as a villainous "master of the universe"—a moniker it uses *four* times to describe Dr. Lynch—has no place in a case involving allegations of accounting fraud.  *Id*. at 2, 6, 8.

III.   **CONCLUSION**

For these reasons, the Court should deny the government's motion *in limine* to admit references to the mafia, villains from James Bond films and other movies, and piranhas in fish tanks as prejudicial and irrelevant.

Dated: January 31, 2024                    Respectfully submitted,

By:  _/s/ Christopher J. Morvillo_
Christopher J. Morvillo

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-3437
christopher.morvillo@cliffordchance.com

Jonathan Matthew Baum (SBN: 303469)
**STEPTOE LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Dwight J. Draughon
Drew C. Harris
(Admitted Pro Hac Vice)
**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900

*Attorneys for Defendant*
*Michael Richard Lynch*