Jonathan Matthew Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Dwight J. Draughon
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, <br><br> Defendants. | Case No.: 3:18-cr-00577-CRB <br><br> Judge: Hon. Charles Breyer <br><br> **DEFENDANT MICHAEL RICHARD LYNCH'S OPPOSITION TO THE UNITED STATES' MOTION *IN LIMINE* NO. 5 TO ENFORCE DEFENDANTS' RECIPROCAL DISCOVERY OBLIGATIONS** <br><br> **(Government MIL No. 5)** <br><br> Date:  February 21, 2024 at 2 p.m. <br> Court:  Courtroom 6 – 17th Floor <br> Date Filed:  January 31, 2024 <br> Trial Date:  March 18, 2024 |

## I. INTRODUCTION

In its fifth motion *in limine*, the government moves to enforce reciprocal discovery obligations. Citing various categories of documents it believes Dr. Lynch may have in his possession, the government suggests that it may be entitled to those documents and moves "to exclude any evidence offered by the Defendants at trial that they failed to produce prior to trial in violation of their reciprocal discovery obligations." ECF No. 300 (G. MIL No. 5) at 5.

Dr. Lynch is in full compliance with his discovery obligations. Even if he were not, however, the blanket order the government seeks is premature and inappropriate. If it should come to pass that Dr. Lynch seeks to offer at trial a document that he neglected to produce prior to trial, the Court can determine at that time whether the evidence should be precluded or whether some other remedy is appropriate, depending on the circumstances of the delayed production and whether the government is truly prejudiced. To be clear, Dr. Lynch is not suggesting that he will flout his discovery obligations; his only point is that now is not the time to determine the appropriate remedy for a future failure to comply with a discovery obligation.

## II. APPLICABLE LAW

Under Federal Rule of Criminal Procedure 16(b), a defendant who has requested discovery from the government is obligated to provide reciprocal discovery, meaning that the defendant must produce to the government, upon request, evidence it controls and intends to use in its case-in-chief at trial. Fed. R. Crim. P. 16(b)(1)(A). Under Federal Rule of Criminal Procedure 26.2(a), a party calling a witness must produce, upon request and after direct examination of the witness, "any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a).

## III. DISCUSSION

According to the Scheduling Order entered in this case on June 30, 2023, the defendants were required to complete their disclosures required by Rule 16 of the Federal Rules of Criminal Procedure on or before January 3, 2024. ECF No. 192 at 2. Dr. Lynch is in full compliance with this order. He did not disclose any evidence that he controls and intends to use in his case-in-chief at trial on January 3, 2024, because the government is in possession of any such evidence.

Furthermore, the defendants are not required to serve their witness and exhibit lists until March 25, 2024. *Id.* at 3. Thus, while Dr. Lynch understands that his discovery obligations are ongoing, just as the government's obligations are ongoing, he currently has nothing to disclose to the government.

To suggest otherwise, the government identifies certain categories of evidence that lead it to believe that Dr. Lynch might not be in compliance with his discovery obligations, but the government's suspicions are unfounded. Specifically, the government points out that:

- Defendants allegedly took documents and other evidence from HP at the time of their departures from the company. Yet, Dr. Lynch does not have the "mini notebook" identified by the government, and it is the defense that has asked the government time and again for any back-ups of Stephen Chamberlain's laptop that were made while Mr. Chamberlain worked at HP-Autonomy and that should therefore have been in HP's possession and/or produced to the government. As for any documents allegedly in Dr. Lynch's possession, Dr. Lynch reiterates his understanding that the government has whatever documents Dr. Lynch intends to use in his case-in-chief at trial.

- Defendants allegedly have documents from the civil proceedings in the U.K. that have not been disclosed to the government. Given the close working relationship between the government and HP, it is difficult to imagine any document provided to the defense in the civil proceedings that HP has not provided to the government. In any event, Dr. Lynch again reiterates that he is in compliance with his obligations under Rule 16.

- Defendants allegedly failed to comply with Rule 26.2 in connection with the deposition of Poppy Gustafsson, which took place on January 25, 2024. Dr. Lynch did not call Ms. Gustafsson and therefore had no obligation to provide any materials under Rule 26.2. Even if Dr. Lynch had called Ms. Gustafsson, the communications and draft witness statements referenced in the government's motion are privileged, as the government itself appears to recognize by referencing the privilege log produced by Ms. Gustafsson's counsel.

In short, the concerns the government identifies provide no reason to doubt that Dr. Lynch has

complied with his discovery obligations, and Dr. Lynch intends to continue to comply with those obligations. If the government has any reason to be concerned in the future, it can certainly let the Court know and make an application at that time for any appropriate relief.

## IV. CONCLUSION

For these reasons, the Court should deny the government's motion *in limine* to enforce reciprocal discovery obligations.

Dated: January 31, 2024

Respectfully submitted,

By: /s/ *Christopher J. Morvillo*
Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

Jonathan Matthew Baum (SBN: 303469)
**STEPTOE LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Dwight J. Draughon
Drew C. Harris
(Admitted Pro Hac Vice)
**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

*Attorneys for Defendant
Michael Richard Lynch*