Jonathan Matthew Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Dwight J. Draughon
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br><br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S OPPOSITION TO THE UNITED STATES' MOTION *IN LIMINE* NO. 6 TO ADMIT STATEMENTS OF AGENTS AND CO-CONSPIRATORS**<br><br>**(Government MIL No. 6)**<br><br>Date: February 21, 2024 at 2 p.m.<br>Court: Courtroom 6 – 17th Floor<br>Date Filed: January 31, 2024<br>Trial Date: March 18, 2024 |

I.      INTRODUCTION

In its sixth motion *in limine*, the government seeks to introduce statements by former Autonomy employees as statements made within the course of their employment, under Federal Rule of Evidence 801(d)(2)(D), and statements by alleged co-conspirators, including former Autonomy employees, under Federal Rule of Evidence 801(d)(2)(E).  ECF No. 301 (G. MIL No. 6) at 1–2.  The government does not specify which employee statements it seeks to admit but rather seeks a categorial order that *all* statements by *all* Autonomy employees between 2009 and 2011—thousands of employees in 35 offices around the world—are admissible against Dr. Lynch.  In addition, the government seeks a categorical order that *all* statements of co-conspirators in furtherance of the conspiracy to commit wire fraud are admissible.  Finally, the government makes the unremarkable assertion that Rule 801(d)(2), which is limited to statements of party-opponents, does not allow Dr. Lynch to offer statements of Autonomy employees and statements of alleged co-conspirators.

The government provides no particulars as to whose statements it seeks to admit, when or to whom they were made, or the substance of those statements.  More importantly, the government's motion is devoid of any of the threshold analyses required to admit statements under Rules 801(d)(2)(D) and 801(d)(2)(E).  As a result, the government's motion amounts to little more than an abstract lesson in the Federal Rules of Evidence regarding non-hearsay admissions of party-opponents and their agents, employees, and co-conspirators, with a gratuitous "factual background" section that makes irrelevant references to the U.K. civil judgment.[1]  The motion is impermissibly vague and premature and should be denied.

---

[1] The government's factual background section has nothing to do with its motion.  Rather than identify the specific employees and their statements, and the co-conspirators and their statements, that the government seeks to admit at trial—a necessary prerequisite to a ruling on the admissibility of those statements—the government quotes the U.K. civil judgment's characterizations of Dr. Lynch's position at Autonomy and how he carried out his role as CEO.  Putting aside the fact that the U.K. civil judgment is irrelevant to this motion *in limine*, the government has agreed in meet-and-confers with the defense that the U.K. civil judgment is not admissible in these proceedings.  It is therefore unclear why the government sees the need to

## II. ARGUMENT

The government's motion tries to short-circuit the requisite fact-based inquiries necessary for admission under Rules 801(d)(2)(D) and 801(d)(2)(E) and should be rejected as improper and premature.

### A. The Request to Admit Employee Statements is Premature and Should be Denied

The Ninth Circuit has routinely held that admission under Rule 801(d)(2)(D) requires "a fact-based inquiry applying common law principles of agency" to determine whether an employee is an agent of an employer. *United States v. Bonds,* 608 F.3d 495, 504 (9th Cir. 2010) (quoting *NLRB v. Friendly Cab Co., Inc.,* 512 F.3d 1090, 1096 (9th Cir. 2008)). "Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) (citation omitted). Moreover, an employee may be an agent of a corporate employer without being an agent of the CEO or other company executives. *See United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *57 (N.D. Cal. May 22, 2021). Thus, while it is true that statements of employees may sometimes be admissible when offered against an employer by a party-opponent, *see* Rule 801(d)(2)(D); *United States v. Gibson*, 690 F.2d 697, 700–01 (9th Cir. 1982); *United States v. Kirk,* 844 F.2d 660, 663 (9th Cir. 1988), a court must first find that an agency relationship exists and that the statement at issue was within the scope of that relationship.[2] Specifically, a court must determine that the employee "act[ed] on the principal's behalf and subject to the principal's

---

quote from the judgment here and in other motions *in limine. See also* ECF No. 296 (G. MIL No. 2) at 1.

[2] Notably, in both *Kirk* and *Gibson*, the government argued, and the courts accepted, that the statements at issue were not hearsay because they were not being offered for their truth, but only to establish the existence of an alleged scheme or conspiracy. *See Gibson*, 690 F.2d at 700–01; *Kirk*, 844 F.2d at 663. Thus, the statements were not offered to establish the defendant's membership in the scheme, nor were the statements attributable to the defendant as if he had made the statements himself.

control" and that both the principal and the employee manifested assent to the principal's right to control the employee. *See Holmes*, 2021 WL 2044470, at *57 (citing *Bonds*, 608 F.3d at 506).

A recent case from the Northern District of California highlighted the distinction between admitting statements of employees against a corporation as opposed to the CEO of that corporation. In *Holmes*, a wire fraud case against Elizabeth Holmes, the founder and CEO of Theranos, the government sought to admit against Holmes statements by "Theranos agents and employees on matters within the scope of that relationship and while it existed" under Rule 801(d)(2)(D). *Id*. at *56. Although the court recognized that "*Kirk* and *Gibson* support the Government's position," it held that it was "premature . . . to issue a categorical ruling admitting any and all testimony of Theranos agents and employees" because the government had failed to show that an agency relationship existed between the defendant and "all of the hundreds of Theranos employees." *Id*. at *57. The court further observed that "[u]nder general agency principles, Theranos employees were not Holmes' agents; they were Theranos' agents," and noted that the "[t]he Government does not cite, and this Court is unaware of, any case supporting the admission of the statements of hundreds of employees to a corporate CEO under Rule 801(d)(2)(D)." *Id*. Instead, the court cited the Ninth Circuit's instruction in *Bonds* that a fact-based inquiry applying agency principles was required to determine if a statement is admissible under Rule 801(d)(2)(D), and accordingly deferred decision pending such an inquiry. *Id*. at *57–58.

Here, the requirements to admit a statement under Rule 801(d)(2)(D) have not been met. Like in *Holmes*, the government seeks a categorical order admitting *all* statements of *all* Autonomy employees without a showing that an agency relationship existed between each employee and Dr. Lynch. The government's motion should be rejected as premature, just as it was in *Holmes*. Unless and until the government shows that a specific statement relates to a matter within a scope of employment, *see Breneman*, 799 F.2d at 473, and the Court determines that an agency relationship exists between a specific employee and Dr. Lynch, a blanket request to admit unspecified statements from unspecified employees who may or may not be agents of a CEO like Dr. Lynch must be rejected.

**B.     The Request to Admit Co-conspirator Statements is Premature and Should be Denied**

Under Rule 801(d)(2)(E), the statement of a co-conspirator is admissible against the defendant if it was "made by the party's co-conspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). If a party seeks to admit a statement under Rule 801(d)(2)(E) but the "parties dispute whether these two requirements of the rule have been met, 'the offering party must prove them by a preponderance of the evidence.'" *United States v. Saelee*, 51 F.4th 327, 342 (9th Cir. 2022) (quoting *Bourjaily v. United States*, 483 U.S. 171, 176 (1987)); *see also United States v. Chen*, 548 F. Supp. 3d 904, 905 (N.D. Cal. 2021) (holding that government had met its burden to admit statements under 801(d)(2)(E) because it provided exhibits and two appendices detailing the exact statements it intended to admit and offered emails, declarations, and other evidence to prove the defendants' participation in the conspiracy). Finally, Criminal Local Rule 16-1(c)(4) requires the government to provide "[a] summary of any statement the government intends to offer under F. R. Evid. 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement." Crim. L.R. 16-1(c)(4).

Here, the requirements to admit a statement under Rule 801(d)(2)(E) have not been met because the government has failed to identify either the alleged co-conspirators or the specific statements it seeks to admit. Moreover, the government has fallen far short of its burden to prove, by a preponderance of the evidence, that a particular statement was made by a co-conspirator in furtherance of a conspiracy. The government's motion is instead replete with blanket assertions that unidentified statements by unidentified co-conspirators are admissible, and it asserts, somewhat incredibly, that the evidence of conspiracy that it is required to provide is "convenient[ly] summar[ized]" in this Court's decision denying motions for judgment of acquittal and a new trial in *United States v. Hussain*. ECF No. 301 at 5. The government cannot satisfy its burden to admit statements under Rule 801(d)(2)(E) by citing to a wholly different case involving a different defendant and claiming that the Court is already "familiar" with the evidence of conspiracy. *Id*. Because Dr. Lynch disputes that the requirements of Rule 801(d)(2)(E) have been met, the government must prove that specific statements by specific co-

DEFENDANT MICHAEL RICHARD LYNCH'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* NO. 6 TO ADMIT STATEMENTS OF AGENTS AND CO-CONSPIRATORS – 3:18-CR-00577-CRB

4

conspirators were made in furtherance of the charged conspiracy in order for the statements to be admissible. *Saelee*, 51 F.4th at 342.

## III. CONCLUSION

For these reasons, the Court should deny the government's motion *in limine* to admit any and all statements of Autonomy employees against Dr. Lynch pursuant to either Rule 801(d)(2)(D) or Rule 801(d)(2)(E).

Dated: January 31, 2024

Respectfully submitted,

By: /s/ *Christopher J. Morvillo*
Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**CLIFFORD CHANCE US LLP**
31 West 52 Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

Jonathan Matthew Baum (SBN: 303469)
**STEPTOE LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Dwight J. Draughon
Drew C. Harris
(Admitted Pro Hac Vice)
**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

*Attorneys for Defendant
Michael Richard Lynch*

DEFENDANT MICHAEL RICHARD LYNCH'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* NO. 6 TO ADMIT STATEMENTS OF AGENTS AND CO-CONSPIRATORS – 3:18-CR-00577-CRB
5