PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
|     Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT MICHAEL RICHARD LYNCH'S MOTION *IN LIMINE* NO. 2: TO EXCLUDE THE 2014 FILING OF AUTONOMY SYSTEMS LTD.'S 2011 ANNUAL REPORT [ECF No. 293] |
|     v. | |
| MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN, | |
|     Defendants. | Pretrial Conference: February 21, 2024, 2 p.m. Trial Date: March 18, 2024 |

**INTRODUCTION**

    The Court correctly admitted the Restatement in *United States v. Hussain*. The Ninth Circuit affirmed the Court's decision. *See United States v. Hussain*, 818 Fed. Appx. 765, 766 (9th Cir. 2018) (memorandum disposition). All of the arguments raised by Dr. Michael Lynch were raised and rejected by the Ninth Circuit in *SEC v. Jasper*, 678 F.3d 1116 (9th Cir. 2012), by this Court in *Hussain*, and by the Ninth Circuit again on appeal. The so-called "new" information Dr. Lynch presents is a variation on a theme repeatedly pressed by Hussain and rightfully rejected many times. The Restatement is relevant, demonstrating the falsity of Autonomy Corporation plc's financial statements. It is a business record

1 and thus excepted from the hearsay rule.  Dr. Lynch will be free to cross examine the Restatement's

2 principal sponsors, Autonomy CFO Chris Yelland and Antonia Anderson.  All of Dr. Lynch's

3 arguments go to the weight of this highly probative evidence and do not justify exclusion.  The Court

4 should deny the motion.

**ARGUMENT**

**I.    THE RESTATEMENT IS RELEVANT**

7          Evidence is relevant if it has any tendency to make a fact of consequence more or less probable

8 than it would be without the evidence.  FED R. EVID. 401.  The truth or falsity of Autonomy's financial

9 statements are, without question, a fact of consequence.  The Restatement bears on that question and

10 thus is highly probative.  *See* Order Denying Motions for New Trial and Judgment of Acquittal, *United*

11 *States v. Hussain*, CR 16-642 CRB (N.D. Cal. Jul. 30, 2018), ECF No. 419 at 57 ("The restatement was

12 relevant under Rule 401 because it spoke to whether Autonomy misrepresented its finances in its audited

13 financial statements").

14          Dr. Lynch notes that the Restatement is of an Autonomy subsidiary's financial statements

15 (Autonomy Systems Ltd. (or, "ASL") v. Autonomy Corporation plc).  *See, e.g.*, ECF No. 293 at 1, line

16 4-6.  True, but that was equally true in *Hussain*.  *See* ECF No. 419 at 23 (Court observing: "[Yelland]

17 and his group thus prepared a restatement of the accounts of Autonomy Systems Limited—a subsidiary

18 of Autonomy through which most of the revenue flowed—completing their work in early 2014.")

19 Moreover, Dr. Lynch does not contest, nor could he, that the transactions underlying the Restatement

20 flowed through and affected Autonomy Corporation plc's financial statements.  The fact that the

21 Restatement was of a subsidiary's financial statements does not meaningfully detract from the relevance

22 of the evidence.

23          Dr. Lynch also argues at length that that he made no representation about ASL's financial

24 statements, nor has there been witness testimony that an HP witness reviewed or considered ASL's filed

25 financial statements.  *See, e.g.*, ECF No. 293 at 1, line 4-6.  But that blurs the lines between falsity and

26 reliance.  In a wire fraud case, the government generally is required to prove a defendant engaged in a

27 scheme to defraud and made materially false representations.  The Restatement is relevant to falsity, as

28 the Court has repeatedly found and the Ninth Circuit affirmed.  *See, e.g.*, ECF No. 419 at 60 (Court:

"The restatement went directly to the question of falsity."); *id.* at 57.  By contrast the government is not required to prove reliance and thus whether HP saw or did not see ASL's publicly filed financial statements is neither here nor there.

## II.    THE RESTATEMENT IS NOT EXCLUDABLE HEARSAY

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for:

[a] record of an act, event, condition, *opinion*, or diagnosis if:

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6) (emphasis added).

These elements are satisfied.  The restatement was "'(1) made or based on information transmitted by a person with knowledge at or near the time of the transaction; (2) made in the ordinary course of business; and (3) trustworthy, with neither the source of information nor method or circumstances of preparation indicating a lack of trustworthiness.'" *SEC v. Jasper*, 678 F.3d 1116, 1122 n.2 (9th Cir. 2012) (quoting *United States v. Bonallo*, 858 F.2d 1427, 1435 (9th Cir. 1988)).  *Jasper* held that a restatement of financial statements, in the form of an annual report on Form 10-K filed with the SEC, is admissible as a business record so long as it is properly authenticated.  *Id.* at 1122–23.

Indeed, the Restatement here is not meaningfully different from the restatement in *Jasper*. Notwithstanding the fact that Maxim's restatement in *Jasper* followed a "special one-off investigation" and was prepared with litigation in mind, the *Jasper* court found they were "prepared as part of an ongoing duty by the company to correctly state its financials," and "was a paradigmatic 'financial statement audit.'" *Jasper*, 678 F.3d at 1123.  The same is true here – the ASL restatement was prepared as part of its ongoing duty to correctly state its financial statements, and Yelland will testify to his

solemn obligations to get it right.  *Compare* ECF No. 419 at 58.

Dr. Lynch argues that the Restatement was prepared years after the transactions reflected in the financial statements.  But many financial statements are prepared months or years after the underlying transactions.  More fundamentally, the same was true in *Jasper* – the restatement was of accounting for option grants (transactions) years in the past.

Dr. Lynch argues that *Jasper*'s premise was that the annual report was admitted as a business record of the two year "accounting review," not of the underlying transactions described within.  ECF No. 293 at 8 (quoting *Jasper*, 678 F.3d at 1123).  This strained reading of the language of *Jasper* is unpersuasive.  The restatement in *Jasper*, like the Restatement here, was relevant to show the falsity of the company's prior financial statements, not as an accounting of investigative steps.  And the restatement in *Jasper* very much related to historical transactions – Maxim options grants (transactions) that had been accounted for one way in prior financial statements and were accounted for differently in Maxim's restatement.

Dr. Lynch also argues it was not the regular practice of ASL or Autonomy Corporation plc to restate its financial statements.  ECF No. 293 at 10.  This reads Rule 803(6)(B) & (C) far too narrowly.  As Yelland and Anderson will testify, *financial statements* were kept in the course the regularly conducted activity of Autonomy and ASL, and making *financial statements* was a regular practice of that activity.  The defense argument also proves too much.  Few, if any, businesses are in the regular practice of restating financial statements.  If the fact that financial statements were restated was a disqualifying factor *Jasper* would have come out the other way.

Dr. Lynch entirely ignores the legal compulsion that Yelland was under.  He fails to cite a single provision of the Companies Act touching on Yelland's obligations.  He ignores that "Yelland testified that he had a continuing obligation 'to ensure that the accounts show a true and fair view of the balance sheet and profit and loss account.'"  ECF No. 419 at 58 (quoting *Hussain* Tr. at 5048–49 (Yelland)); and *id.* at 59 (emphasizing ASL's ongoing duty to prepare accurate financial statements).  This legal duty mitigates Dr. Lynch's repeated claims that the Restatement is untrustworthy within the meaning of Rule 803(6).

1      Finally, Dr. Lynch argues that the Restatement is untrustworthy.  But all of the arguments raised

2  by Dr. Lynch were raised and rejected in *Hussain*.  And to the extent he believes the Restatement is

3  untrustworthy, he has the ability to cross-examine Yelland and Anderson.  *Compare Waddell v.*

4  *Comm'r*, 841 F.2d 264, 267 (9th Cir. 1988) (noting the author of an appraisal died before trial and could

5  not vouch for its trustworthiness).

6  **III.     THE COURT SHOULD NOT EXCLUDE THE RESTATEMENT BASED ON RULE 403**

7      The Restatement is highly probative of falsity.  The prejudice alleged by Dr. Lynch does not

8  outweigh, let alone substantially outweigh, the probative value of this evidence.

9      Dr. Lynch argues the Restatement was part of HP's litigation strategy and a media campaign.

10  But this wholly ignores the fact that ASL was *required* to file the Restatement and *required* to comply

11  with the Companies Act, which Dr. Lynch hardly mentions.  ECF No. 293 at 1.  This regulatory overlay

12  provides substantial assurance that publicly filed financial statements warrant consideration by the jury.

13  U.K. law required Yelland to prepare and publicly file true and fair financial statements in conformity

14  with U.K. accounting standards.  Dr. Lynch may wish to argue Yelland was swayed by other concerns,

15  but at the end of the day, Yelland swore under oath and subjected himself to substantial penalties by

16  preparing and filing the Restatement.  Dr. Lynch is free to cross-examine Yelland on his motivations.

17  Moreover, in *Jasper*, Maxim's restatement was filed after years of internal investigation and under the

18  cloud of litigation.

19      Dr. Lynch also argues that the Restatement does not describe the investigation that underlies its

20  preparation and merely states an opinion about ASL's bottom-line numbers.  Regardless, the

21  Restatement is a business record evidencing what ASL's – and therefore Autonomy Corporation plc's –

22  revenue and profit were.  Witnesses such as Yelland and Anderson should be able to testify to its

23  constituent parts.

24      Dr. Lynch also briefly notes that Hussain signed ASL's 2010 financial statement.  ECF No. 293

25  at 1.  The Court never invoked this fact as a reason for the Restatement's admissibility.  It is also an

26  artificial distinction.  Lynch domineered over Autonomy and, as the government will prove, Hussain

27  was Dr. Lynch's co-conspirator.

28

1    Perhaps recognizing that the Court has – on multiple occasions – considered the admissibility of

2    the Restatement, the defense appeals to so-called "new information."  ECF No. 293 at 1.  All or virtually

3    all of this so-called new evidence consists of statements by Yelland in the parallel U.K. civil case.

4    Yelland, of course, was available for cross examination in *Hussain* and will be available again here and

5    his U.K. testimony is not meaningfully different from what has been well-known by the parties in

6    *Hussain* and here.

7    Dr. Lynch argues "Deloitte maintained that its audit was correct, and that it was not misled.

8    Deloitte was terminated, and Ernst & Young (EY) took its place to audit the anticipated restatement.

9    Yelland's."  ECF No. 293 at 3.  Not so.  The sole support for Dr. Lynch's claims are (1) an email

10   expressing views on a single transaction, and (2) a letter from a lawyer describing what a witness might

11   say.  Whether the views expressed in the single email about a single transaction are preliminary or the

12   definitive view of Deloitte is very much an open question.  And the hearsay of a lawyer nearly nine

13   years ago in the course of an investigation cannot be conclusive proof of what Deloitte "maintains" then

14   or now.  Regardless, all of this goes to the weight of the evidence.

15   Dr. Lynch also argues Yelland's "collaboration with Morgan Lewis and PwC went beyond

16   receiving and relying upon their investigation work product."  ECF No. 293 at 4.  But the accountants in

17   *Jasper* also had information from an internal investigation, and accountants often rely on documents,

18   business records, and other information provided to them in making accounting assessments.  This too

19   goes to the weight.

20   Finally, Dr. Lynch notes that Ernst & Young, an outside auditor retained by HP, did not render a

21   separate opinion about the restatement.  ECF No. 293 at 7.  The Court has considered and correctly

22   rejected this argument.  ECF No. 419 at 59.  Nothing in the business-records exception requires a

23   separate opinion.  And *Jasper*'s holding did not depend on a separate opinion.

24                                              ***

25   In sum, the Restatement is relevant, a business record, and not excludable under Rule 403.  The

26   Court correctly admitted it in the prior trial, its decision was affirmed on appeal, and Dr. Lynch raises no

27   "new information" dictating a contrary result here.

28

1

**CONCLUSION**

2

For these reasons, the Court should deny the motion.

3

DATED:  January 31, 2024

Respectfully submitted,

4

PATRICK D. ROBBINS

5

Attorney for the United States Attorney
Acting Under Authority Conferrred by

6

28 U.S.C. § 515

7

*Robert S. Leach*

8

ROBERT S. LEACH
ADAM A. REEVES

9

KRISTINA N. GREEN
ZACHARY G.F. ABRAHAMSON

10

Assistant United States Attorneys

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28