PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | |
| v. | UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1: TO ADMIT EVIDENCE OF AUTONOMY SYSTEMS LIMITED'S RESTATEMENT AND RELATED SUMMARY CHARTS |
| MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN, | |
| Defendants. | Pretrial Conference: February 21, 2024, 2 p.m.<br>Trial Date: March 18, 2024 |

**INTRODUCTION**

In its efforts to resist the Ninth Circuit's affirmance of the admission of the Restatement, the defense ignores critical facts – the Restatement was *required* by law and *required* to conform to accounting standards. It also dramatically overstates facts, trying to equate coordination by ASL accountants and outside lawyers working in parallel with untoward collusion. And it all but ignores Ninth Circuit law: *SEC v. Jasper*, 678 F.3d 1116 (9th Cir. 2012) (holding restatement was not excludable hearsay under the business-record exception). *See* ECF No. 308 at iii to iv (omitting *Jasper* from Table of Authorities) & 2 (single citation to "*Jasper*").

The Restatement here, in the end, is a financial statement – required by law, shaped by accounting standards, and prepared in the course of ASL's business. No one questions the transactions in ASL's financial statements flow through to Autonomy Corporation plc. The Restatement, like any financial statement, is a quintessential business record. Its signatory (Yelland) should be permitted to sponsor it, and he and its preparers (e.g., Yelland and Anderson) should be permitted to explain the real-time decisions they made. Whether those decisions were unduly influenced by HP's litigation strategy or outsiders are appropriate matters for cross-examination, not a basis for exclusion. And the summary charts proffered by the government – which explain the impact of the Restatement's component parts on Autonomy Corporation plc's financial statements – should be admitted.

## REPLY

The government incorporates its prior filings touching on the Restatement, including its Opposition to Defendant Michael Richard Lynch's Motion *in Limine* No. 2: To Exclude the 2014 Filing of Autonomy Systems Ltd.'s 2011 Annual Report. *See* ECF No. 312. The government responds briefly to the following points.

First, the defense's suggestion that *Jasper* applies only to a limited category of restatements reflects a deeply constrained view of that case. No one in *Jasper* seriously questioned that financial statements were prototypical business records. The question was whether *restated* financial statements – which necessarily disagreed with prior financial statements – were likewise within the hearsay exception. The defense's efforts to draw yet further distinctions are not supported by the case – or the Ninth Circuit's affirmance in *Hussain*.

Second, the defense contests the "regularity" element of the hearsay exception. *See* ECF No. 308 at 2. But the right question is whether it was the regular practice of ASL to prepare financial statements – not how regularly it restated its financial statements. Few if any companies regularly restate their financial statements, and if that were a disqualifying factor, *Jasper* would have come out the other way.

Third, the defense claims the Restatement is not trustworthy and is not a financial statement filed by Yelland as required by law consistent with accounting standards, but a statement of HP attorneys and

forensic experts. *See, e.g.*, ECF No. 308 at 1 (belittling the filing made under UK law as "a litigant's accusation"). Not only does this go to the weight of the evidence, it is wrong.

The evidence cited by the defense to support the claim that Yelland and Anderson abandoned all independence and free will is belied by its limited citations. For example, the defense cites a May 20, 2013 email from a PwC representative to Anderson regarding a reseller/counterparty Filetek. ECF No. 293-8. But the email consists largely of a recitation of "documentary evidence" uncovered in HP's internal investigation – and there is no indication Anderson relied exclusively or primarily on hearsay from lawyers included in the email. More fundamentally, Anderson's own work product states:

- "HP legal have engaged external counsel Morgan Lewis, and forensic accountants PwC to investigate a number of transactions from the pre-acquisition period. *The current Autonomy team have also conducted investigations*." ECF No. 293-9 at 6 (emphasis added).

- "Around the same time, HP's legal counsel, Morgan Lewis, engaged PWC to review a sample of revenue contracts from the preacquisition period of 2009 and 2011. *The finance team's review* has resulted in identification of significant adjustments all of which have been treated as correction of error." ECF No. 293-9 at 7 (emphasis added).

- "Work done . . . extensive revenue review has been carried out . . . . Following this review and resulting adjustments, *the finance team* consider that revenue is reasonably stated." ECF No. 29309 at 10-11 (emphasis added).

The government respectfully submits this reflects good-faith efforts by ASL not to ignore documentary evidence gleaned from parallel or prior internal investigations, not to unthinkingly concede or turn a blind eye to them. Notably, the restatement in *Jasper* followed an internal investigation by lawyers – that did not detract from the accountants' need to file accurate financial statements. To the extent the defense disagrees, the remedy is cross-examination, not exclusion.

Similarly, the defense's repeated reference to *In re Homestore*, 2011 WL 291176 (C.D. Cal. Jan. 25, 2011), is completely misplaced. The government is not seeking to admit an internal investigation report or interview memoranda by HP counsel. Instead, it seeks to admit a financial statement and the preparer's explanations of the entries in that financial statement.

Just as the Restatement is admissible, so is testimony by Yelland and Anderson about its components. While the defense complains this would be improper opinion testimony, for the reasons

the government has explained, it is, in fact, percipient witness testimony of individuals doing their jobs. Even if it were considered opinion testimony, the government has given ample notice.

Finally, the defense objects to summary charts designed to illustrate for the jury the components of the Restatement and their impact on Autonomy Corporation plc's financial statements.  But its arguments for why these are not appropriate Rule 1006 summaries miss the mark.  Tellingly, nowhere does the defense suggest the summaries somehow do not reflect that actual adjustments ASL made to its financial statements or their equivalent impact on Autonomy Corporation plc's financial statements. They seem to contest Yelland's actions, not the math.  Likewise, their cherry-picked examples of supporting documents do not reflect negatively on its reliability.  For example, the 2014 settlement agreement with PRISA is designed to highlight the end of the relationship (ECF No. 294-3), the August 2012 news article regarding Vatican is designed to show there was no hope of MicroTech really selling software to the Holy See because a competitor had won (ECF No. 208-6), and the "anonymous memo regarding MicroLink appears" consistent with Anderson's workpapers and thus *are* business records (ECF No. 308-5).  These matters are appropriate foundational questions for Yelland, not a basis for exclusion.  The summaries should be admitted because they fairly summarize the complex information in the Restatement.

## CONCLUSION

The Court should grant the government's motion *in limine* and admit the Restatement, testimony by Yelland and Anderson about the Restatement, and the summary charts.

DATED:  February 7, 2024

Respectfully submitted,

PATRICK D. ROBBINS
Attorney for the United States Attorney
Acting Under Authority Conferrred by
28 U.S.C. § 515

*Robert S. Leach*

_____
ROBERT S. LEACH
ADAM A. REEVES
KRISTINA N. GREEN
ZACHARY G.F. ABRAHAMSON
Assistant United States Attorneys