PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7014
     Fax: (415) 436-7234
     Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
|     Plaintiff, | JOINT PRETRIAL CONFERENCE STATEMENT |
| v. | Trial Date: March 18, 2024<br>Pretrial Conference: February 21, 2024 |
| MICHAEL RICHARD LYNCH AND<br>STEPHEN KEITH CHAMBERLAIN, | |
|     Defendants. | |

    The parties respectfully submit this Pretrial Conference Statement addressing the matters set forth in Criminal Local Rule 17.1-1:

**1.  DISCLOSURE AND CONTEMPLATED USE OF STATEMENTS OR REPORTS OF WITNESSES UNDER THE JENCKS ACT, 18 U.S.C. 3500, OR FED. R. CRIM. P. 26.2**

    **The Government's Position:**  The government believes it has produced all Jencks Act statements in its possession and all reports of witnesses interviewed prior to January 1, 2024.  To the extent the government prepares additional reports it will produce them on a rolling basis and in advance of the witness' testimony.

**The Defendants' Position:**  Dr. Lynch and Mr. Chamberlain identify the following unresolved issues regarding witness interviews:

- Dr. Lynch and Mr. Chamberlain have requested that the government provide witness interview summaries of ongoing interviews of trial witnesses and potential trial witnesses as soon as possible after the interviews occur.  While the government is providing interview summaries of recent interviews on a rolling basis, it is essential that the defense receive those summaries expeditiously given the length of the government's witness list and the need to prepare to cross-examine so many witnesses.

- There are also a number of unresolved issues related to witness interview summary memoranda prepared by Hewlett-Packard Company's in-house counsel and its outside counsel at Morgan Lewis & Bockius LLP and Proskauer Rose LLP which the Court may need to address.  First, some of the witness interview summary memoranda prepared by HP's counsel that have been produced to the defense remain redacted.  Second, it is the defense's understanding that HP produced witness interview summaries only for witnesses who testified at the *Hussain* trial; accordingly, the defense may not have a full set of witness interviews from the internal investigations conducted by HP.  Third, witness interview summaries may exist for witnesses the government is planning to call now who did not testify in the *Hussain* trial.  As a result, the defense may need to move to compel HP to provide unredacted interview summaries and/or to provide summaries of interviews that have not yet been produced.  Alternatively, the defense may demand that the government obtain such interview summaries from HP, pursuant to its ongoing *Brady* obligations.  The Court's intervention may be required as to these issues.

The defendants will produce witness statements of defense witnesses not already in the government's possession in advance of the witness's testimony.

Witness statements will be used at trial in accordance with the rules of evidence, to refresh recollection, to cross-examine, and, where appropriate, as prior consistent or inconsistent statements.  In the event a witness denies on cross-examination making statements during prior interviews with HP's lawyers or government agents that are inconsistent with his or her trial testimony, the defense may need to call as witnesses one or more of the attorneys or agents who prepared the witness interview

summaries to confirm that they are authentic and accurate.  Alternatively, the defendants may seek to stipulate to the content of the prior statement or witness interview summary as to the specific testimony at issue.

## 2.  DISCLOSURE AND CONTEMPLATED USE OF GRAND JURY TESTIMONY OF WITNESSES INTENDED TO BE CALLED AT THE TRIAL

**The Government's Position:**  The government has completed its production of grand jury transcripts.

**The Defendants' Position:**  The defendants possess no grand jury transcripts beyond what the government has already produced.

Grand jury transcripts will be used at trial in accordance with the rules of evidence, to refresh recollection, to cross-examine, and, where appropriate, as prior consistent or inconsistent statements.

## 3.  DISCLOSURE OF EXCULPATORY OR OTHER EVIDENCE FAVORABLE TO THE DEFENDANT ON THE ISSUE OF GUILT OR PUNISHMENT

**The Government's Position:**  The government believes it has disclosed all exculpatory or other favorable evidence in its possession or control, including information responsive to *Brady* and *Giglio*, to the defendants.  The government will continue to comply with its obligations under *Brady* and *Giglio*.

**The Defendants' Position:**  In addition to the witness statements described above, the defense identifies the following additional *Brady/Giglio* material which it has sought but has not yet received from the government:

- By motion filed on November 14, 2023, ECF No. 255, Dr. Lynch sought issuance of subpoenas pursuant to Fed. R. Crim. P. 17(c) and to compel the government to produce *Brady* material.  Specifically, Dr. Lynch sought to obtain documents from HP, PwC, EY and Deloitte that constitute relevant, material, admissible and potentially exculpatory evidence concerning post-acquisition events.  The Court denied that motion in light of its decision to sever Count Seventeen.  As Dr. Lynch has explained in motions *in limine*, however, evidence concerning certain post-acquisition events remains relevant, material, and admissible.  *See generally* Defense MIL #1 to Admit Post-Acquisition Evidence, ECF No. 288 (opening brief), ECF No. 341 (reply brief); Defense Opp. to Government

MIL #4 Regarding Post-Acquisition Evidence, ECF No. 305.  Accordingly, Dr. Lynch respectfully submits that his motion for Rule 17(c) subpoenas and for *Brady* material should be granted.

- By Order dated December 1, 2021, ECF No. 96, the Court granted Mr. Chamberlain's motion for a Rule 17(c) subpoena directed at Paul Morland, a U.K. citizen, along with a Letters Rogatory request to compel Mr. Morland to produce documents.  To date, Mr. Morland has not produced responsive documents to the subpoena or responded to defense efforts to contact him, even though Mr. Morland has been identified as a government witness, has accepted a trial subpoena from the government, and has recently been interviewed by the government.  Mr. Chamberlain may seek the Court's assistance in enforcing the Rule 17(c) subpoena.

## 4.  STIPULATIONS OF FACTS WHICH MAY BE DEEMED PROVED AT THE TRIAL WITHOUT FURTHER PROOF BY EITHER PARTY AND LIMITATION OF WITNESSES

Defendants have agreed to four stipulations from the *Hussain* case.  On February 14, 2024, the government proposed additional stipulations that certain documents are authentic under Rule 901 of the Federal Rules of Evidence, and that certain documents are authentic under Rule 901 and excepted from the hearsay rule under the business records exception, Rule 803(6). The defense is considering the proposed stipulations.

The parties will endeavor to enter into stipulations where appropriate—including as to authenticity and business records—to avoid unnecessary testimony and delay of the proceedings.

## 5.  APPOINTMENT BY THE COURT OF INTERPRETERS UNDER FED. R. CRIM. P. 28

The parties are not aware of any need for interpreters in this case.

## 6.  DISMISSAL OF COUNTS AND ELIMINATION FROM THE CASE OF CERTAIN ISSUES, E.G., INSANITY, ALIBI AND STATUTE OF LIMITATIONS

Motions to Dismiss have been filed and denied.  The Court has severed Count 17, which will be tried, if at all, after the trial of Counts 1 through 16.  The government does not intend to dismiss any of

Counts 1 through 16 in advance of trial.  Dr. Lynch and Mr. Chamberlain may file motions for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

**7. JOINDER PURSUANT TO FED. R. CRIM. P. 13 OR THE SEVERANCE OF TRIALS AS TO ANY CO-DEFENDANT**

Neither party has sought joinder or severance.

**8. IDENTIFICATION OF INFORMERS, USE OF LINEUP OR OTHER IDENTIFICATION EVIDENCE AND EVIDENCE OF PRIOR CONVICTIONS OF DEFENDANT OR ANY WITNESS, ETC.**

The government has identified one witness who will testify pursuant to a cooperation agreement with the government, and one witness who will testify pursuant to a non-prosecution agreement with the government.

**9. PRETRIAL EXCHANGE OF LIST OF WITNESSES INTENDED TO BE CALLED IN PERSON OR BY DEPOSITION TO TESTIFY AT TRIAL, EXCEPT THOSE WHO MAY BE CALLED ONLY FOR IMPEACHMENT OR REBUTTAL**

On August 8, 2023, the government served a Preliminary Witness list.  On November 22, 2023, it served its Witness List.  On December 15, 2023, it served its First Amended Witness List.  On January 13, 2024, the government conferred with the defense about witness order and the relative likelihood of each witness being called.  The government currently intends to call 44 witnesses, whom the government will identify to the defense by February 16, 2024.

Dr. Lynch and Mr. Chamberlain will serve their witness list on March 25, 2024, in accordance with the Court's Scheduling Order, ECF No. 192 at 3.

**10. PRETRIAL EXCHANGE OF DOCUMENTS, EXHIBITS, SUMMARIES, SCHEDULES, MODELS OR DIAGRAMS INTENDED TO BE OFFERED OR USED AT TRIAL, EXCEPT MATERIALS THAT MAY BE USED ONLY FOR IMPEACHMENT OR REBUTTAL**

The government served its exhibit list on December 7, 2023.  The government anticipates providing copies of all exhibits to the defense by February 26, 2024.  Dr. Lynch and Mr. Chamberlain

1   will serve their exhibit list on March 25, 2024, in accordance with the Court's Scheduling Order, ECF

2   No. 192 at 3.

3          The government will produce summaries and demonstratives to the defense in sufficient time for

4   objections to be resolved.  The government has filed a motion *in limine* seeking the admission into

5   evidence of a summary chart (ECF No. 295).  Dr. Lynch has opposed the motion (ECF No. 308).  The

6   defendants may have summary charts, models or diagrams and will disclose them in sufficient time for

7   objections to be resolved.

8          Because of the volume of exhibits, the parties request that they be excused from any requirement

9   to produce hard-copy exhibits.  For similar reasons, the government requests guidance from the Court on

10  the number of hard-copy witness binders that should be prepared and requests they be kept to a

11  minimum.

12

13  **11. PRETRIAL RESOLUTION OF OBJECTIONS TO EXHIBITS OR TESTIMONY TO BE**
        **OFFERED AT TRIAL**

14

15         Motions *in limine* regarding certain exhibits or testimony have been filed and will be decided by

16  the Court at the Pretrial Conference.

17         In January 2024, three witnesses—Marc Geall, called by the government, and Poppy Gustafsson

18  and Lisa Harris, called by Mr. Chamberlain—were deposed in London, England, pursuant to Fed. R.

19  Crim. P. 15.  In accordance with a Stipulation and Order, ECF No. 284, certain objections to the

20  testimony, including hearsay, relevance and admissibility, have been preserved automatically; other

21  objections, such as lack of foundation, were recorded during the deposition but have not been resolved.

22  As contemplated by the stipulation, the parties are to meet and confer regarding what portions of the

23  depositions will be designated for introduction into evidence at trial, and those portions must then be

24  submitted to the Court five business days in advance of the offer of testimony, so that the Court can

25  review the designations and rule on any objections.

26

27

28

**12. PREPARATION OF TRIAL BRIEFS ON CONTROVERTED POINTS OF LAW LIKELY TO ARISE AT TRIAL**

With the Court's permission, the parties do not plan to submit a trial brief before the trial starts. To the extent controverted issues of law arise during the trial, the parties reserve the right to present short briefs on points of law to the Court.

**13. SCHEDULING OF THE TRIAL AND OF WITNESSES**

According to the Court's Order for Pretrial Preparation (ECF No. 267), the normal trial schedule will be 9:15 a.m. to 4:00 p.m. with two fifteen-minute breaks and a lunch break.  The schedule thus contemplates approximately 21 trial hours per week.  Counsel must arrive by 8:45 a.m., or earlier as needed for any matters to be heard out of the presence of the jury.  The trial week is Monday through Thursday, except for all federal court holidays, and the following days when the Court is not available: April 24-25 (Wednesday and Thursday), May 13-15 (Monday through Wednesday), and June 11-13 (Tuesday through Thursday).

The government is currently planning a case-in-chief that will call approximately 44 witnesses and may last six plus weeks (assuming 5.25 hours per day, 4 days per week, for a total of 21 trial hours per week) until approximately the week of April 29, 2024.

Dr. Lynch and Mr. Chamberlain estimate that the defense case will be approximately four weeks, but this estimate is subject to change based on the government's presentation of evidence.

Accordingly, the parties respectfully request that the jury panel be screened for service that may, considering both the government and defense cases, jury addresses, jury instructions and deliberations, and the Court's schedule, extend into mid-June.

In the government's case-in-chief and any defense case, the parties agree to provide notice, in good faith, of (1) the anticipated witnesses for the next three business days; (2) the order in which they intend to call them; and (2) any exhibits (including demonstrative exhibits) they intend to use with the witnesses.  The parties further agree to update their respective notices at the conclusion of each trial day or by email shortly thereafter.

The government notes that many witnesses are from out of town and/or reside abroad and there

may be a need to take witnesses out of order.  As to all foreign witnesses called by the government, the defense requests that travel arrangements leave ample room for both direct testimony and for cross-examination, and that witnesses be advised that travel flexibility may be needed to ensure that cross-examination by the defense is not cut short by travel needs.

Deloitte witnesses Richard Knights, Nigel Mercer and Rob Knight, all of whom reside in the United Kingdom, have each accepted service of a trial subpoena.  They have agreed to make themselves available to testify in the defense case, if necessary, if they are not called as witnesses by the government.  Counsel for the Deloitte witnesses has confirmed that his clients will appear and testify when called to do so.  However, they have still not signed an on-call agreement; defense counsel will further update the Court on this topic at the February 21 hearing.

## 14. REQUEST TO SUBMIT QUESTIONNAIRE FOR PROSPECTIVE JURORS PURSUANT TO CRIM. L.R. 24-1, VOIR DIRE QUESTIONS, EXERCISE OF PEREMPTORY AND CAUSE CHALLENGES AND JURY INSTRUCTIONS

The parties have submitted a proposed juror questionnaire.  Given the proposed jury questionnaire being submitted to the Court, the parties do not see a need to submit specific voir dire questions in addition to the Court's customary voir dire questions.  The parties respectfully request that the Court permit counsel for both sides to conduct limited individual voir dire, as appropriate, to follow up on (1) significant responses in the written questionnaires, or (2) responses given to the Court's voir dire.

The government has 6 peremptory challenges and the defense jointly has 10.  The government recommends the Court impanel 5 alternates given the anticipated length of the trial.

Pursuant to the Court's Scheduling Order (ECF No. 192), and with the Court's permission, a joint submission as to jury instructions is being filed on February 16, 2024.

## 15. ANY OTHER MATTER WHICH MAY TEND TO PROMOTE A FAIR AND EXPEDITIOUS TRIAL

The parties have agreed that, once cross-examination of a witness begins, the witness cannot consult with counsel for the party who is sponsoring that witness (with the exception of the defendants,

1   should they testify), unless notice is provided.

2       The parties respectfully request that the Court order that witnesses (other than the defendants,

3   government case agents, and potential expert witnesses Steven Brice, Greig Taylor, John Levitske and

4   Philippe Cerf) be excluded under Federal Rule of Evidence 615.

5       **Defense position**:  In addition, the defense requests that the Court admonish counsel for

6   prospective witnesses, including counsel for HP and Deloitte witnesses, that they are not to reveal to

7   their clients or to other witnesses, directly or indirectly, the substance of any trial proceedings, including

8   witness testimony, direct or cross-examination questions, or attorney argument (including opening

9   statements).  Furthermore, no transcripts of testimony, questions or argument should be shown to any

10  witness.  *See* Fed. R. Evid. 615(b) (trial judge "may also, by order: (1) prohibit disclosure of trial

11  testimony to witnesses who are excluded from the courtroom; and (2) prohibit excluded witnesses from

12  accessing trial testimony").

13      **Government position**:  The government opposes the request for instructions pursuant to Rule

14  615(b).

15                                    * * *

16      The parties will promptly bring to the Court's attention any matter they believe necessary to

17  promote a fair and expeditious trial.

18

19

20

21

22

23

24

25

26

27

28

1

2   DATED:  February 16, 2024          PATRICK D. ROBBINS
                                       Attorney for the United States
3                                      Acting Under Authority Conferrred by
                                       28 U.S.C. § 515
4

5                                  By: _/s/ Robert S. Leach_____
                                       ROBERT S. LEACH
6                                      ADAM A. REEVES
                                       KRISTINA N. GREEN
7                                      ZACHARY G.F. ABRAHAMSON
                                       Assistant United States Attorneys
8

9
                                   By: _/s/ Christopher J. Morvillo_
10                                     Christopher J. Morvillo
                                       Celeste L.M. Koeleveld
11                                     Daniel S. Silver
                                       (Admitted Pro Hac Vice)
12                                     **CLIFFORD CHANCE US LLP**

13
                                       Jonathan Matthew Baum (SBN: 303469)
14                                     Reid H. Weingarten
                                       Brian M. Heberlig
15                                     Michelle L. Levin
                                       Nicholas P. Silverman
16                                     Drew C. Harris
17                                     **STEPTOE LLP**

18                                     *Attorneys for Defendant*
                                       *Michael Richard Lynch*
19

20                                 By: _/s/ Gary S. Lincenberg_
                                       Gary S. Lincenberg
21                                     Ray S. Seilie
                                       Michael C. Landman
22                                     **BIRD, MARELLA, RHOW, LINCENBERG,**
                                       **DROOKS & NESSIM LLP**
23

24                                     *Attorneys for Defendant*
                                       *Stephen Keith Chamberlain*
25

26

27

28

PRETRIAL CONFERENCE STATEMENT
CASE NO. CR 18-577 CRB                  10