Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
New York, NY 10036
Telephone:  (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

Gary S. Lincenberg (SBN: 123058)
Ray S. Seilie (SBN:  277747)
Michael C. Landman (SBN:  343327)
**Bird, Marella, Rhow, Lincenberg,**
**Drooks & Nessim LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone:  (310) 201-2100
glincenberg@birdmarella.com

*Attorneys for Defendant*
*Stephen Keith Chamberlain*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and<br>STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br>Judge: Hon. Charles Breyer<br><br>**JOINT SUBMISSION RE JURY**<br>**INSTRUCTIONS**<br><br>Date: February 21, 2024<br>Time: 2:00 pm<br>Court: Courtroom 6 – 17th Floor<br>Date Filed: February 16, 2024<br>Trial Date: March 18, 2024 |

# **Table of Contents**

1.    1.1—Duty of Jury ...................................................................................2

2.    1.2—The Charge—Presumption of Innocence, Burden of Proof (disputed; defense version) ...........................................................3

3.    1.2—The Charge—Presumption of Innocence (disputed; government version) ...........................................................................5

4.    1.3—What is Evidence ........................................................................6

5.    1.4—What is Not Evidence .................................................................7

6.    1.5—Direct and Circumstantial Evidence ..........................................8

7.    1.6—Ruling on Objections ..................................................................9

8.    1.7—Credibility of Witnesses ...........................................................10

9.    1.8—Conduct of the Jury ..................................................................11

10.    1.9—No Transcript Available to Jury ................................................13

11.    1.10—Taking Notes ..........................................................................14

12.    Number of Witnesses (disputed; defense version)............................15

13.    Conduct of Counsel (disputed; defense version) .............................16

14.    1.11—Outline of Trial ......................................................................17

15.    1.13—Separate Consideration for Each Defendant ..........................18

16.    1.16—Bench Conferences and Recesses ..........................................19

17.    2.1—Cautionary Instruction—First Recess ......................................20

18.    2.2—Stipulated Testimony (If Applicable) ......................................21

19.    2.3—Stipulations of Fact (If Applicable) .........................................22

20.    2.5—Deposition as Substantive Evidence ........................................23

21.    2.6—Transcript of Recording in English..........................................24

22.    6.1—Duties of Jury to Find Facts and Follow Law............................25

23.    6.2—Charge Against Defendant Not Evidence—Presumption of Innocence (disputed; defense version)...........................................26

24.    6.2—Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof (disputed; government version)................27

25.    6.5—Burden of Proof—Reasonable Doubt—Defined (disputed; defense version) .........................................................................28

26.    6.5—Burden of Proof—Reasonable Doubt—Defined (disputed; government version) ...................................................................30

27.  6.3-6.4—Defendant's Decision Not to Testify / Defendant's Decision to Testify (disputed; defense version) .................................................................. 31

28.  6.3-6.4—Defendant's Decision Not to Testify / Defendant's Decision to Testify (disputed; government version) ........................................................... 32

29.  6.6—What is Evidence ............................................................................................ 33

30.  6.7—What is Not Evidence ................................................................................... 34

31.  3.16—Summaries Not Admitted Into Evidence (if applicable) ................. 35

32.  3.17—Charts and Summaries Admitted Into Evidence (if applicable) ..... 36

33.  6.8—Direct and Circumstantial Evidence .................................................... 37

34.  6.9—Credibility of Witnesses .............................................................................. 38

35.  3.9—Testimony of Witnesses Involving Special Circumstances, Immunity, Benefits, Accomplice, Plea (disputed; defense version) .......... 39

36.  3.9—Testimony of Witnesses Involving Special Circumstances, Immunity, Benefits, Accomplice, Plea (disputed; government version) ... 40

37.  3.14—Opinion Evidence—Expert Witness ................................................. 41

38.  Government As A Party (disputed; defense version) ............................... 42

39.  6.10—Activities Not Charged (disputed in part) ...................................... 43

40.  Other Proceedings and Prior Testimony (disputed; defense version) ........ 44

41.  6.13—Separate Consideration of Multiple Counts—Multiple Defendants ........................................................................................................ 45

42.  6.18—On or About—Defined ........................................................................ 46

43.  15.35—Wire Fraud (disputed; defense version) ...................................... 47

44.  15.35—Wire Fraud (disputed; government version) ............................... 49

45.  4.8—Knowingly—Defined (disputed; defense version) ......................... 51

46.  4.8—Knowingly—Defined (disputed; government version) .................. 53

47.  4.9—Deliberate Ignorance (disputed; government version) ................... 54

48.  Wire Fraud—Material Misrepresentation (disputed; defense version) ..... 55

49.  4.13—Wire Fraud—Intent to Defraud—Defined (disputed; defense version) .......................................................................................................... 58

50.  Good Faith (disputed; defense version) ..................................................... 59

51.  Wire Fraud—HP's Conduct (disputed; defense version) ........................ 60

52.  Wire Fraud—Victim's Conduct (disputed; government version) ............ 61

53.  15.33—Scheme to Defraud—Vicarious Liability (disputed; defense version) .......................................................................................................... 62

54.    15.33—Scheme to Defraud—Vicarious Liability (disputed; government version) ........................................................................63

55.    Respondeat Superior (disputed; defense version)..................................64

56.    11.1—Conspiracy to Commit Wire Fraud (disputed; defense version) ....65

57.    11.1—Conspiracy to Commit Wire Fraud (disputed; government version) ........................................................................................67

58.    11.4—Conspiracy—Knowledge of and Association with Other Conspirators (disputed; government version)..........................................69

59.    Willfully Defined (disputed; defense version)......................................70

60.    11.6—Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (disputed; defense version) ........................................71

61.    11.6—Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (disputed; government version) ...................................73

62.    11.3—Conspiracy—Multiple Conspiracies (disputed; defense version)...74

63.    Specific-Issue Unanimity (disputed; defense version) ...........................75

64.    15.47—Securities Fraud (disputed; defense version) .............................76

65.    15.47—Securities Fraud (disputed; government version) .......................77

66.    4.1—Aiding and Abetting (§ 2(a))......................................................78

67.    4.2—Willfully Causing (§ 2(b)) (disputed; defense version) ..................79

68.    4.2—Willfully Causing (§ 2(b)) (disputed; government version) ............80

69.    Jury Finding Regarding Extraterritoriality and Statute of Limitations (disputed; defense version) ..............................................................81

70.    Defense Theory of the Case...............................................................82

71.    6.19—Duty to Deliberate..................................................................83

72.    6.20—Consideration of Evidence—Conduct of the Jury ........................84

73.    6.21—Use of Notes..........................................................................85

74.    6.22—Jury Consideration of Punishment ............................................86

75.    6.23—Verdict Form..........................................................................87

76.    6.24—Communication with Court.......................................................88

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY STATEMENT

Pursuant to the Court's December 6, 2023 Order for Pretrial Preparation (ECF No. 267), the parties respectfully submit the following proposed jury instructions.  Consistent with the Court's Order, the instructions refer where possible to the 2022 edition of the Manual of Model Jury Instructions for the Ninth Circuit, last updated in August 2023 ("Model Instr.").

The Court's Order provides that the instructions are to be ordered in a logical sequence, with instructions as to which the parties have not agreed marked "disputed" and included in the place where the party proposing the instruction believes it should be given.  The parties disagree, however, with respect to the order in which the instructions are listed.  The instructions are listed in the order proposed by the defense, in a sequence the defense believes is logical, including with the instructions for wire fraud preceding the instructions for conspiracy to commit wire fraud. The government believes that the instructions should generally follow the order in the Manual of Model Jury Instructions; in addition, the government believes that the conspiracy instructions should come before the wire fraud instructions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRETRIAL INSTRUCTIONS

1.      **1.1—Duty of Jury**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.  Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.

<u>Authority</u>:  Ninth Circuit Manual of Model Criminal Jury Instructions § 1.1
(2022 edition, last updated Aug. 2023) (hereafter "2022 Model Instr.")

2

2.      **1.2—The Charge—Presumption of Innocence, Burden of Proof (disputed; defense version)**

This is a criminal case brought by the United States government.  The government charges the defendants with conspiracy to commit wire fraud and wire fraud.  The government also charges defendant Michael Lynch with securities fraud.  The defendants have pleaded not guilty to the charges and must be presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  Thus, each defendant, although accused of certain crimes, begins the trial with a "clean slate"—with no evidence against him.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in important situations.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In addition, the defendants do not have to testify or present any evidence.  The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

<u>Authority</u>:  2022 Model Instr. § 1.2 (modified); Jury Instructions at 4, *United States v. Ficeto*, 2:13-cr-183, Dkt. 246 (C.D. Cal. Jul. 12, 2019); Kevin F. O'Malley et al., 1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.).

### 3.    1.2—The Charge—Presumption of Innocence (disputed; government version)

This is a criminal case brought by the United States government.  The government charges defendant Michael Richard Lynch with conspiracy to commit wire fraud, wire fraud, and securities fraud.  The government charges Stephen Keith Chamberlain with conspiracy to commit wire fraud and wire fraud.  The charges against the defendants are contained in the indictment.  The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendants have the right to remain silent and never have to prove innocence or present any evidence.

Authority:  2022 Model Instr. § 1.2

1

2        **4.        1.3—What is Evidence**

3    The evidence you are to consider in deciding what the facts are consists of:

4
5    (1) the sworn testimony of any witness;

6
7    (2) the exhibits which are received in evidence; and

8    (3) any facts to which the parties agree.

9    <u>Authority</u>:  2022 Model Instr. § 1.3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

5.      **1.4—What is Not Evidence**

2

The following things are *not* evidence, and you must not consider them as evidence in

3

deciding the facts of this case:

4

First, statements and arguments of the attorneys;

5

6

Second, questions and objections of the attorneys;

7

Third, testimony that I instruct you to disregard; and

8

Fourth, anything you may see or hear when the court is not in session even if what you

9

see or hear is done or said by one of the parties or by one of the witnesses.

10

Authority:  2022 Model Instr. § 1.4

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

6.      1.5—Direct and Circumstantial Evidence

2

3
Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

4
as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5
evidence is indirect evidence, that is, it is proof of one or more facts from which one can find

6
another fact.

7
You are to consider both direct and circumstantial evidence.  Either can be used to prove

8
any fact.  The law makes no distinction between the weight to be given to either direct or

9
circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

10

11
Authority:  2022 Model Instr. § 1.5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 7.   1.6—Ruling on Objections

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received. I f I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Authority</u>:  2022 Model Instr. § 1.6

1

8.      **1.7—Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Authority:  2022 Model Instr. § 1.7 (as modified in *United States v. Hussain*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 9.  1.8—Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, X, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or

11

commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

 A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Authority:  2022 Model Instr. § 1.8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 10.    1.9—No Transcript Available to Jury

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

<u>Authority</u>:  2022 Model Instr. § 1.9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 11.    1.10—Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority:  2022 Model Instr. § 1.10

1

2

3        **12.      Number of Witnesses (disputed; defense version)**

4              The fact that one party may call more witnesses and may introduce more evidence than

5    the other does not mean that you should necessarily find the facts in favor of the side offering the

6    most witnesses.  By the same token, you do not have to accept the testimony of any witness who

7    you find not to be credible, even if the witness's testimony has not been contradicted or

8    impeached.  You also have to decide which witnesses to believe and which facts are true.  To do

9    this you must look at all the evidence, drawing upon your own common sense and personal

10   experience.  After examining all the evidence, you may decide that the party calling the most

11   witnesses has not persuaded you because you do not believe its witnesses, or because you do

12   believe the fewer witnesses called by the other side.

13            You should keep in mind that the burden of proof is always on the government and that

14   the defendants are not required to call any witnesses or offer any evidence, since they are

15   presumed to be innocent.

16            <u>Authority</u>: 1 Sand, Modern Federal Jury Instructions-Criminal ¶ 4-3 (Number of
17            Witnesses and Uncontradicted Testimony) (Matthew Bender ed. 2020) (modified).

18

19

20

21

22

23

24

25

26

27

28

1

2

### 13.   Conduct of Counsel (disputed; defense version)

It is the duty of the attorney for each side of a case to object when the other side offers

testimony or other evidence that the attorney believes is not properly admissible.  Counsel also

have the right and duty to ask the court to make rulings of law and to request conferences at the

side bar out of the hearing of the jury.  All those questions of law must be decided by me, the

Court.  You should not show any prejudice against an attorney or his client because the attorney

objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury

or asked the Court for a ruling on the law.  My rulings on the admissibility of evidence do not

indicate any opinion about the weight or effect of admitted evidence.  You are the sole judges of

the credibility of all witnesses and the weight and effect of all evidence.

<u>Authority</u>: 1 Sand, Modern Federal Jury Instructions-Criminal, Instruction ¶ 2-8
(Conduct of Counsel) (Matthew Bender ed. 2020) (modified).

14.    1.11—Outline of Trial

The next phase of the trial will now begin. First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Authority:  2022 Model Instr. § 1.11

17

1

### 15.    1.13—Separate Consideration for Each Defendant

2

Although the defendants are being tried together, you must give separate consideration to

each defendant.  In doing so, you must determine which evidence in the case applies to each

defendant, disregarding any evidence admitted solely against some other defendants.  The fact

that you may find one of the defendants guilty or not guilty should not control your verdict as to

any other defendants.

<u>Authority</u>:  2022 Model Instr. § 1.13

1

### 16.    1.16—Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

<u>Authority</u>:  2022 Model Instr. § 1.16

### INSTRUCTIONS TO BE GIVEN DURING TRIAL

### 17.     2.1—Cautionary Instruction—First Recess

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

Authority:  2022 Model Instr. § 2.1 (modified for alternate 1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.     **2.2—Stipulated Testimony (If Applicable)**

The parties have agreed what [name of witness]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

<u>Authority</u>: 2022 Model Instr. § 2.2

21

### 19.    2.3—Stipulations of Fact (If Applicable)

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

<u>Authority</u>: 2022 Model Instr. § 2.3

1

**20.     2.5—Deposition as Substantive Evidence**

2

When a person is unavailable to testify at trial, the deposition of that person may be used

3

at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is

4

placed under oath to tell the truth and lawyers for each party may ask questions.  The questions

5

6

and answers are recorded.

7

The deposition of [name of witness], which was taken on [date], is about to be presented

8

to you.  You should consider deposition testimony in the same way that you consider the

9

testimony of the witnesses who have appeared before you.

10

Authority:  2022 Model Instr. § 2.5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**21.   2.6—Transcript of Recording in English**

You [are about to [hear][watch] [have heard] [watched]] a recording that has been received in evidence.  [Please listen to it very carefully.]  Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling.

[[After] [Now that] the recording has been played, the transcript will be taken from you.]

Authority:  2022 Model Instr. § 2.6

**POST-TRIAL INSTRUCTIONS**

**22.      6.1—Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions, or into anything I may have said or done, any suggestions as to what verdict you should return—that is a matter entirely up to you.

Authority:  2022 Model Instr. § 6.1 (as modified in *United States v. Hussain*)

1
2

**23.    6.2—Charge Against Defendant Not Evidence—Presumption of Innocence (disputed; defense version)**

3

        The charges are not evidence.  The defendants have pleaded not guilty to the charges.

4

You must presume each defendant to be innocent of the crimes charged.  The defendants are

5
6

presumed to be innocent unless and until the government proves the defendants guilty beyond a

reasonable doubt.

7

        Thus, each defendant, although accused of certain crimes, begins the trial with a "clean

8
9

slate"—with no evidence against him.  The defendants, of course, are not on trial for any act or

10

crime not contained in these instructions.  Only the evidence presented before the jury in court

11

may be considered in support of any charge against a defendant.

12

        The presumption of innocence alone is sufficient to acquit each defendant.

13

        <u>Authority</u>:  2022 Model Instr. § 6.2 (modified)

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

**24.    6.2—Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof (disputed; government version)**

3          The indictment is not evidence.  The defendants have pleaded not guilty to the charges.

4    The defendants are presumed to be innocent unless and until the government proves each

5    defendant guilty beyond a reasonable doubt.  In addition, a defendant does not have to testify or

6    present any evidence.  A defendant does not have to prove innocence; the government has the

7    burden of proving every element of the charges beyond a reasonable doubt.

8

9          <u>Authority</u>:  2022 Model Instr. § 6.2 (modified for two defendants)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 25.    6.5—Burden of Proof—Reasonable Doubt—Defined (disputed; defense version)

The government bears the burden of proof beyond a reasonable doubt.

The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.  The burden is always upon the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in important situations.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not *firmly* convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the

1   evidence, you are *firmly* convinced beyond a reasonable doubt that the defendant is guilty, it is

2   your duty to find the defendant guilty.

3           <u>Authority</u>:  2022 Model Instr. § 6.2, § 6.5; Jury Instruction at 4, *United States v. Ficeto*,
4           2:13-cr-183-VAP, Dkt. 246 (C.D. Cal. Jul. 12, 2019); Kevin F. O'Malley et al., 1A Fed.
5           Jury Prac. & Instr. § 12:10 (6th ed.).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Submission re Jury Instructions
Case No. 3:18-cr-00577-CRB

1

2

26.    **6.5—Burden of Proof—Reasonable Doubt—Defined (disputed; government version)**

3

4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

5

6

7

8

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

9

10

11

12

13

14

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

15

Authority:  2022 Model Instr. § 6.5

16

17

18

19

20

21

22

23

24

25

26

27

28

27.    **6.3-6.4—Defendant's Decision Not to Testify / Defendant's Decision to Testify (disputed; defense version)**

[If the defendant did not testify:] A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If the defendant testified:] The defendant elected to testify.  You should treat his testimony just as you would the testimony of any other witness.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

<u>Authority</u>:  2022 Model Instr. § 6.3-6.4 (modified)

31

28.    **6.3-6.4—Defendant's Decision Not to Testify / Defendant's Decision to Testify (disputed; government version)**

[If the defendant did not testify:] A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If the defendant testified:] The defendant elected to testify.  You should treat his testimony just as you would the testimony of any other witness.

<u>Authority</u>:  2022 Model Instr. § 6.3-6.4

**29.     6.6—What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

<u>Authority</u>:  2022 Model Instr. § 6.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 30.     6.7—What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority:  2022 Model Instr. § 6.7

**31.     3.16—Summaries Not Admitted Into Evidence (if applicable)**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

<u>Authority</u>:  2022 Model Instr. § 3.16

35

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**32.  3.17—Charts and Summaries Admitted Into Evidence (if applicable)**

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Authority:  2022 Model Instr. § 3.17

1

**33.     6.8—Direct and Circumstantial Evidence**

2

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

3

as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4

evidence is indirect evidence, that is, it is proof of one or more facts from which you can find

5

another fact.  You are to consider both direct and circumstantial evidence. Either can be used to

6

prove any fact.  The law makes no distinction between the weight to be given to either direct or

7

circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

8

Authority:  2022 Model Instr. § 6.8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 34.    6.9—Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Authority</u>:  2022 Model Instr. § 6.9 (as modified in *Hussain*)

38

1

2

35.    3.9—**Testimony of Witnesses Involving Special Circumstances,**
**Immunity, Benefits, Accomplice, Plea (disputed; defense version)**

3

4

You have heard testimony from Christopher "Stouffer" Egan, a witness whom the

5

government allowed to enter into a deferred prosecution agreement avoiding his potential

6

inclusion as a defendant in this case.  This deferred prosecution agreement is not evidence

7

against the defendants.  You may consider the deferred prosecution agreement only in

8

determining this witness's believability.

9

You have heard testimony from Antonia Anderson, a witness who received immunity

10

from the government.  That testimony was given in exchange for a promise by the government

11

that the statements or other information will not be used in any case against the witness.

12

You have heard testimony from Alan Rizek, Joel Scott, and Steven Truitt, witnesses who

13

received immunity.  That testimony was compelled and given pursuant to court orders requested

14

by the government which state that the testimony will not be used in any case against these

15

witnesses.

16

For these reasons, in evaluating the testimony of Alan Rizek, Joel Scott, Steven Truitt,

17

Antonia Anderson, and Christopher "Stouffer" Egan, you should consider the extent to which or

18

whether his or her testimony may have been influenced by any of these factors.  In addition, you

19

should examine the testimony of these witnesses with greater caution than that of other

20

witnesses.

21

Authority:  2022 Model Instr. § 3.9

22

23

24

25

26

27

28

1
2

### 36.    3.9—Testimony of Witnesses Involving Special Circumstances, Immunity, Benefits, Accomplice, Plea (disputed; government version)

3

4

You have heard testimony from Alan Rizek, Joel Scott, and Steven Truitt, witnesses who

received immunity.  That testimony was compelled and given pursuant to court orders requested

5

6

by the government which state that the testimony will not be used in any case against these

witnesses.

7

8

You have heard testimony from Antonia Anderson, a witness who received immunity.

9

That testimony was given in exchange for a promise by the government that the statements or

10

other information will not be used in any case against the witness.

11

12

You have heard testimony from Christopher "Stouffer" Egan, a witness who entered into

a deferred prosecution agreement for conduct arising out of the same events for which the

13

14

defendant is on trial.  This deferred prosecution agreement is not evidence against the defendant,

and you may consider it only in determining this witness's believability.

15

16

For these reasons, in evaluating the testimony of Alan Rizek, Joel Scott, Steven Truitt,

17

Antonia Anderson, and Christopher "Stouffer" Egan, you should consider the extent to which or

18

whether his or her testimony may have been influenced by any of these factors.  In addition, you

19

20

should examine the testimony of these witnesses with greater caution than that of other

witnesses.

21

22

Authority:  2022 Model Instr. § 3.9; *Hussain* instruction

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 37.   3.14—Opinion Evidence—Expert Witness

You have [heard] [are about to hear] testimony from [_name_] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions.  This opinions testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Authority:  2022 Model Instr. § 3.14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**38.     Government As A Party (disputed; defense version)**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

<u>Authority</u>: 1 Sand, Modern Federal Jury Instructions Criminal, Instruction ¶ 2-5 (The Government as a Party) (Matthew Bender ed. 2020) (modified).

1

2

### 39.   6.10—Activities Not Charged (disputed in part)[1]

3

You are here to determine only whether the defendant you are considering is guilty or not

4

guilty of the charges as I am defining them for you.  The defendants are not on trial for any

5

conduct or offense not defined in these instructions.

6

<u>Authority</u>:  2022 Model Instr. § 6.10 (modified to remove references to indictment).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] The government submits it is not necessary to substitute "in the indictment" with "as I am defining them for you" or "not defined in these instructions").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**40.      Other Proceedings and Prior Testimony (disputed; defense version)**

You have heard evidence that [Dr. Lynch] [and] [certain witnesses] have provided testimony in other proceedings.  Keep in mind that you must decide this case solely on the evidence presented to you in this trial.  You are not to consider the fact of a previous proceeding in deciding this case.  Do not speculate about the nature or result of any past proceeding.  You may not infer that a defendant is guilty of alleged conduct because he previously provided testimony and/or participated in a different proceeding.

<u>Authority</u>: 2022 Model Instr. § 2.16 (modified).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

41.   **6.13—Separate Consideration of Multiple Counts—Multiple Defendants**

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

<u>Authority:</u>  2022 Model Instr. § 6.13 (as modified in *United States v. Hussain* [Single Defendant version])

45

1

### 42.    6.18—On or About—Defined

2

The offenses alleged in Counts One through Sixteen are alleged to have been committed

3

"on or about" a certain date.

4

5

Although it is necessary for the government to prove beyond a reasonable doubt that the

6

offense was committed on a date reasonably near the date alleged, it is not necessary for the

7

government to prove that the offense was committed precisely on the date charged.

8

<u>Authority:</u>  2022 Model Instr. § 6.18

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 43.     15.35—Wire Fraud (disputed; defense version)[2]

The defendants are charged in Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the scheme involved a material misrepresentation—a term that I will define for you shortly;

---

[2] The defense objects to references to "omitted facts" and "facts omitted" in the government's proposed instructions.  "When the government bases a fraud charge on material non-disclosures, the trial court must instruct the jury that a non-disclosure can only support a fraud charge when the defendant has a duty to disclose the omitted information."  *United States v. Spanier*, 744 F. App'x 351, 355 (9th Cir. 2018); *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015) ("Absent an independent duty, such as a fiduciary duty or an explicit statutory duty, failure to disclose cannot be the basis of a … fraudulent scheme."); *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 267 (2d Cir. 1993) ("[A] corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact.").  "Even if a Defendant was aware of … accounting improprieties, that Defendant was not required to disclose it unless his or her failure to do so altered a statement that Defendant made."  *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870, 2005 WL 8158825, at *23 (S.D. Cal. Mar. 30, 2005).

In the context of a securities purchase, "a relationship of trust and confidence" is required to create a duty to disclose.  *Chiarella v. United States*, 445 U.S. 222, 230 (1980); *accord United States v. Laurienti*, 611 F.3d 530, 539 (9th Cir. 2010).  A district court must instruct the jury on the government's burden to prove such a "trust relationship."  *Laurienti*, 611 F.3d at 543.  "[E]ven in a trust relationship, a [seller] is required to disclose only *material* facts."  *Id.* at 541 (emphasis in original).  In the absence of a duty to disclose, courts have consistently rejected omission theories to the extent the government has alleged one here.  *See, e.g., In re Eros Int'l Secs. Litig.*, No. 15-CV-8956 (AJN), 2017 WL 6405846, at *6 (S.D.N.Y. Sept. 22, 2017) (concluding that defendants did not violate duty to disclose by reporting number of "users" instead of separating users who could access core content from those who could not), *aff'd* 735 F. App'x 15 (2d Cir. 2018); *Altayar v. Etsy, Inc.*, 242 F. Supp. 3d 161, 178-81 (E.D.N.Y. 2017) (holding that revenue figures were not misleading because they failed to separate revenue from legitimate users from revenue from counterfeiters), *aff'd* 731 F. App'x 35 (2d Cir. 2018).

---

47

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

<u>Authority</u>:  2022 Model Instr. § 15.35 (modified)

48

1

2

### 44.     15.35—Wire Fraud (disputed; government version)

The defendants are charged in Counts Two, Three, Four, Five, Six, Seven, Eight, Nine,

Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen of the indictment with wire fraud in

violation of Section 1343 of Title 18 of the United States Code.  For a defendant to be found

guilty of that charge, the government must prove each of the following elements beyond a

reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or

plan to defraud for the purpose of obtaining money or property by means of false or fraudulent

pretenses, representations, or promises, or omitted facts.  Deceitful statements or half-truths may

constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is,

they had a natural tendency to influence, or were capable of influencing, a person to part with

money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and

cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire

communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the

defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of

business or when one can reasonably foresee such use.  It does not matter whether the material

transmitted by wire was itself false or deceptive so long as the wire communication was used as

part of the scheme, nor does it matter whether the scheme or plan was successful or that any

money or property was obtained.

49

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

To convict the defendant of wire fraud based on an omission of a material fact, you must find that the defendant had a duty to disclose the omitted fact arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

<u>Authority</u>:  2022 Model Instr. § 15.35

45.    **4.8—Knowingly—Defined (disputed; defense version)[3]**

The first element of wire fraud requires proof beyond a reasonable doubt that the

defendant participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme

---

[3] The defense objects to the government's insertion of the language, "[t]he government is not required to prove that the defendant knew that his acts or omissions were unlawful," in its proposed instruction on "knowingly." The contested sentence is bracketed in the model instruction because it is not applicable in cases like this. Wire fraud charges require "specific intent to defraud," an inherently unlawful intent. In one recent case in this Circuit, the court held that providing the contested instruction was error requiring a new trial. *United States v. Smith*, No. 17-cr-20, 2022 WL 17729383, at *6 (D. Guam Dec. 16, 2022) (holding that by giving the general instruction that the government was not required to prove the defendant's knowledge that his acts were unlawful, "the instructions omitted an element of the offense as surely as if the district court had failed to mention the element altogether") (quoting *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994)). The government withdrew its appeal of that decision.

Indeed, because intent to defraud is inherently synonymous with intent to violate the law, the Ninth Circuit has—for decades—repeatedly equated "knowingly" with "willfully" in the wire fraud context. *See, e.g.*, *United States v. Manion*, 339 F.3d 1153, 1156 (9th Cir. 2003) ("[i]n order to sustain a conviction under the federal mail fraud statutes, it is not necessary that the defendant be the mastermind of the operation, but it is necessary to show willful participation in a scheme with knowledge of its fraudulent nature and with intent that these illicit objectives be achieved."); *accord United States v. Chandler*, 658 F. App'x 841, 846 (9th Cir. 2016); *United States v. Mikhaylov*, 209 F. App'x 700, 701-02 (9th Cir. 2006); *United States v. A.G.E. Enters.*, 15 F. App'x 439, 443-44 (9th Cir. 2001); *United States v. Ciccone*, 219 F.3d 1078, 1084 (9th Cir. 2000); *United States v. Collins*, 202 F.3d 279, at *2 (9th Cir. 1999); *United States v. Homick*, 964 F.2d 899, 907-08 (9th Cir. 1992) (jury instruction); *United States v. Lothian*, 976 F.2d 1257, 1267 (9th Cir. 1992); *United States v. McCollum*, 802 F.2d 344, 347 (9th Cir. 1986) (jury instruction); *United States v. Price*, 623 F.2d 587, 591 (9th Cir. 1980); *Ward v. Pickett*, No. 13-cv-1735, 2013 WL 5496549, at *6 (N.D. Cal. Oct. 3, 2013).

And where a scheme to defraud requires proof of willfulness, "[t]he instruction that '[t]he government is not required to prove that the defendant knew that his acts or omissions were unlawful' [i]s erroneous under *Bryan [v. United States*, 524 U.S. 184, 199 (1998)]." *United States v. Awad*, 551 F.3d 930, 939-41 (9th Cir. 2009). As the two most prominent national federal model instructions state, a defendant's belief "that he was acting properly" is inconsistent with "fraud." Sand Model Instr. 8-1 ("If fraud charged"); *accord* O'Malley, Federal Jury Practice & Instructions Criminal § 19:06 (6th ed. Feb. 2021 update) ("good faith on the part of the defendant is, simply, inconsistent with" knowing conduct).

The government's suggested language should be rejected.

---

51

or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, and that such participation or devising was "knowing."

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Authority:  2022 Model Instr. § 4.8 (modified)

1

### 46.    4.8—Knowingly—Defined (disputed; government version)

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Authority:  2022 Model Instr. § 4.8

1

**47.    4.9—Deliberate Ignorance (disputed; government version)[4]**

2

You may find that the defendant acted knowingly if you find beyond a reasonable doubt

3

that:

4

5

First, the defendant was aware of a high probability that [e.g., drugs were in the

6

defendant's automobile], and

7

Second, the defendant deliberately avoided learning the truth.

8

You may not find such knowledge, however, if you find that the defendant actually

9

10

believed that [e.g. no drugs were in the defendant's automobile], or if you find that the defendant

11

was simply negligent, careless, or foolish.

12

Authority:  2022 Model Instr. § 4.9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[4] The defense position is that, under the circumstances of this case, a deliberate ignorance instruction is unwarranted, confusing to the jury, and highly prejudicial.  The defense respectfully reserves the right to submit a deliberate ignorance instruction at the conclusion of the trial, if the Court decides, over defense objection, to provide such an instruction.

28

1

2        48.      **Wire Fraud—Material Misrepresentation (disputed; defense version)**

3        As I have explained, one of the elements of the wire fraud offense is that the scheme

4   involved a material misrepresentation.  To prove a material misrepresentation, the government

5   must prove two elements beyond a reasonable doubt.

6        The first element is that the government must prove that the alleged false representation

7   occurred.  A false representation is a statement of fact that the speaker knew to be incorrect at the

8   time it was made.  To prove that a statement in response to a reporting requirement is false, the

9   government must prove either:  (1) that its interpretation of the reporting requirement is the only

10  objectively reasonable interpretation and that, under this interpretation, the defendant's statement

11  was false; or (2) that the defendant's statement was false under each alternative, objectively

12  reasonable interpretation of the reporting requirement.  Put another way, if the government

13  cannot prove beyond a reasonable doubt that a defendant's statement was false under each

14  objectively reasonable interpretation of an ambiguous reporting requirement, it cannot prove the

15

16  element of falsity.[5]

17

18  _____

19  [5] *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) ("The fact that an
    allegedly fraudulent statement and a later statement are different does not necessarily amount to
20  an explanation as to why the earlier statement was false.  For example, both the valuation of
    assets and the setting of loan loss reserves are based on flexible accounting concepts, which,
21  when applied, do not always (or perhaps ever) yield a single correct figure.  In order to allege the
    circumstances constituting fraud, plaintiff must set forth facts explaining why the difference
22  between the earlier and the later statements is not merely the difference between two permissible
    judgments, but rather the result of a falsehood."); *United States v. Harra*, 985 F.3d 196 (3d Cir.
23  2021) ("To prove a statement in response to a reporting requirement false, the government must
    prove either that its interpretation is the only objectively reasonable interpretation and that, under
24  this interpretation, the defendant's statement was false, or that the defendant's statement was false
    under each alternative, objectively reasonable interpretation; put another way, if the government
25  cannot prove beyond a reasonable doubt that a defendant's statement was false under each
    objectively reasonable interpretation of an ambiguous reporting requirement, it cannot prove the
26  element of falsity"); *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 1007 (N.D. Cal.
27  2016) (holding that to demonstrate financial statements regarding assets were false, "Plaintiffs
28

1
2

   A statement is not false merely because it conflicts with one reading of an accounting
principle, standard, or guideline.

3
4
5

   For this element to be satisfied, you must unanimously agree on the particular false
statement(s) that was or were made.[6]

6
7
8
9
10

   The second element the government must prove is that the false statement was material.
"Material" means that the statement is a fact that would have been viewed by a reasonable
investor as important in making an investment decision and would have significantly altered the
total mix of information available.[7]

11

---

12
13

must show that the accounting was a result of a 'falsehood' rather than the 'difference between
two permissible judgments'").

14
15
16

[6] *United States v. Rude*, 88 F.3d 1538, 1547 (9th Cir. 1996) (affirming instruction that "[f]irst, the
defendant made up a scheme or plan to defraud individual and organizational investors,
including Unity House, Inc., and to obtain money from the investors by means of false promises
or statements, with all of you agreeing on at least one particular false promise or statement that
was made;").

17
18
19
20
21
22
23
24

[7] The jury will be instructed that a material misrepresentation is an element of both of the crimes
charged:  securities fraud and wire fraud (including conspiracy to commit wire fraud).
"Material" is defined in different ways depending on context.  *See, e.g.*, *TSC Industries, Inc. v.
Northway, Inc.*, 426 U.S. 438, 448-49 (1976); *Neder v. United States*, 527 U.S. 1, 16, 22 n.5
(1999); *Universal Health Servs., Inc. ex rel Escobar v. United States*, 579 U.S. 176, 193 (2016).
In the context of securities fraud, the Supreme Court has held that materiality cannot be set too
low because a low standard of materiality could lead intimidated managers "to bury the
shareholders in an avalanche of trivial information—a result that is hardly conducive to informed
decisionmaking." *TSC Industries*, 426 U.S. at 448-49; *accord Basic Inc. v. Levinson*, 485 U.S.
224, 231 (1988).  It was "precisely these dangers" that caused the Court to reject a materiality
standard nearly identical to the "capable of influencing" standard sometimes applied in wire
fraud cases.  *TSC Industries*, 426 U.S. at 449 (rejecting a test that turn on what shareholders
"might consider important" because "might" was "too suggestive of mere possibility").

25
26
27
28

Counts charging securities fraud under 18 U.S.C. § 1348 therefore require an instruction that
securities fraud demands proof of a misrepresentation that a reasonable shareholder would
consider important.  *See, e.g.*, Jury Charge Tr. at 24, *United States v. Milton*, No. 21-cr-478, Dkt.
248 (S.D.N.Y. Oct. 14, 2022) ("[I]f you find a particular statement or representation false you
must determine whether that statement or representation was one that a reasonable person would
have considered important in making his or her decision."); *United States v. Hatfield*, 795 F.
Supp. 2d 219, 244-45 (E.D.N.Y. 2011); *see also SEC v. Stein*, 906 F.3d 823, 830 (9th Cir. 2018)



(holding that with an inapplicable exception, SEC's civil securities fraud claims "require[d] proof of the same elements" as 18 U.S.C. § 1348).

Counts charging wire fraud under 18 U.S.C. § 1343 could adopt a different, "capable of influencing" standard of materiality, but the Court should reject any such attempt for two reasons. First, the Supreme Court has been clear about the policy risks of setting a low materiality standard akin to "capable of influencing." Those policy risks are just as dangerous if managers face wire fraud liability as if they face securities fraud liability. Second, the jury will be confused by the use of multiple definitions of materiality. In a similar case involving both securities fraud and wire fraud counts premised on representations allegedly linked to securities, S.D.N.Y. Judge Edgardo Ramos instructed the jury that the materiality element of both wire and securities fraud requires proof that a reasonable person would have considered the fact "important." *Milton*, Dkt. 248, at 16, 24. The Court should so instruct the jury here.

1

2

**49.    4.13—Wire Fraud—Intent to Defraud—Defined (disputed; defense
version)**

3

4

An intent to defraud is an intent to deceive and cheat.  To prove intent to defraud, the
government must prove beyond a reasonable doubt that the defendant did not act in good faith.

5

6

<u>Authority</u>:  2022 Model Instr. § 4.13 (modified)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

58

1

2

**50.    Good Faith (disputed; defense version)**

The government has the burden to prove to you, beyond a reasonable doubt, that the defendant you are considering acted with criminal intent and lacked good faith.  The burden of proving good faith rests with the government, and not with a defendant, because a defendant does not have any obligation to prove anything in this case.  If the government fails to meet its burden to prove a defendant lacked good faith, its failure to do so is a complete and absolute defense to the charges in this case and you must return a not guilty verdict.

If a defendant carried out his or her actions in good faith, there was no criminal intent.

A person who acts on a belief or an opinion that an accounting judgment is reasonable is not punishable under the charges in the indictment merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

If the evidence in the case leaves the jury with a reasonable doubt as to whether a defendant acted with criminal intent and lacked good faith, the jury must acquit that defendant.

*Authority*: *United States v. Lacey et. al*., 2:18-cr-422-PHX-DJH (D. Ariz.); *accord United States v. Cohen*, No. 10-cr-547 (CRB), Dkt. 286, at 19 (N.D. Cal. Nov. 9, 2011); Jury Instructions at 30, *United States v. Karatz*, No. 09-cr-203, Dkt. 365 (C.D. Cal. Apr. 21, 2010); Jury Instructions at 24, *United States v. Hard*, No. 08-cr-177, Dkt. 131 (C.D. Cal. Dec. 3, 2009); Jury Instructions at 42-44, *United States v. Lin*, 3:11-cr-00393-TEH, Dkt. 102 (N.D. Cal. May 15, 2012) (instructing jury on good faith); Kevin O'Malley et al., 2A Fed. Jury Prac. & Instr. § 47:16 (6th ed.); Joel M. Androphy, 3 White Collar Crime § 21:40 (Selected Jury Instructions: false statements and claims, good faith, ambiguity) (3d ed.); *see also United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010) (affirming use of good faith instruction where advice of counsel instruction did not apply); *United States v. Tarallo*, 380 F.3d 1174, 1191 (9th Cir. 2004) (affirming use of good faith instruction); Jury Instructions at 35, *United States v. Shabudin*, No. 11-cr-664, Dkt. 322 (N.D. Cal. Mar. 25, 2015).  In the alternative, the defendants request the model instruction on good faith in Sand, *Modern Instructions Criminal* § 8.01 (Good Faith) (Matthew Bender ed. 2020).  *See also* Jury Instructions at 26, *United States v. Holmes*, No. 5:18-cr-00258-EJD-1, Dkt. 1206 (N.D. Cal. Dec. 17, 2021); Jury Instructions at 36, *United States v. Reyes*, No. CR 06-0556-1 (CRB), Dkt. 1158 (N.D. Cal. Mar. 23, 2010); Kevin O'Malley et al., 1A Fed. Jury Prac. & Instr. § 19:06 (6th ed.).

1

**51.     Wire Fraud—HP's Conduct[8] (disputed; defense version)**

2

Negligence on the part of HP is not a defense to wire fraud.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[8] The defense opposes an instruction about HP's conduct because it has no real bearing here.  The defense is not that HP was negligent or careless, but that certain information was not sought during the due diligence process because it was not material to HP.  If an instruction about the victim's negligence is to be given, however, this version is requested by the defense.

1

**52.      Wire Fraud—Victim's Conduct (disputed; government version)**

2

You have heard evidence regarding Hewlett Packard's process for deciding whether to

3

purchase Autonomy.  You are to consider this evidence to the extent that it helps you determine

4

whether the defendant made false or fraudulent pretenses, representations, or promises as part of

5

a scheme or plan to defraud (see p. __).  You may also consider this evidence to the extent that it

6

helps you determine whether the statements made or facts omitted as part of the alleged scheme

7

were material; that is, whether they had a natural tendency to influence, or were capable of

8

influencing, a person to part with money or property (see p. __).  If you find that these elements

9

have been met, then whether there were additional things Hewlett Packard could have done to

10

avoid being impacted by the alleged misstatements and/or omissions is irrelevant to your verdict.

11

12

13       Authority:  *United States v. Hussain*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 53.    15.33—Scheme to Defraud—Vicarious Liability[9] (disputed; defense version)

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that took place during the life of the scheme and that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

Foreseeability must be evaluated according to the facts that were known to the defendant.

A natural consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes.  In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence.

A member of a scheme to defraud is not criminally responsible for the act of another member if that act does not further the common scheme or is not a natural and probable consequence of the common scheme.

A member of a scheme to defraud is not responsible for the acts of another person who was not a member of the conspiracy even if the acts of the other person helped accomplish the goal of the scheme.

---

[9] The defense opposes any instruction on this issue.  Either the defendant is liable as a principal, or he must be found guilty as an aider and abettor.  This instruction presents an unacceptable risk of a finding of guilt based on mere position or role at Autonomy.  If an instruction is to be given, however, this version is requested by the defense.

1

2

54.  **15.33—Scheme to Defraud—Vicarious Liability (disputed; government version)**

3

If you decide that the defendant was a member of a scheme to defraud and that the

4

defendant had the intent to defraud, the defendant may be responsible for other co-schemers'

5

actions during the course of and in furtherance of the scheme, even if the defendant did not know

6

what they said or did.

7

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of

8

the scheme, the offense must be one that took place during the life of the scheme and that the

9

defendant could reasonably foresee as a necessary and natural consequence of the scheme to

10

defraud.  You need not find that a conspiracy existed to find that the defendant is vicariously

11

liable for actions of co-schemers.

12

13

<u>Authority</u>:  2022 Model Instr. § 15.33; *United States v. Hussain*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   **55.     Respondeat Superior (disputed; defense version)**

3          You have heard testimony that Dr. Lynch was the Chief Executive Officer ("CEO") of

4   Autonomy.  You may not infer that Dr. Lynch is guilty of the charged offenses merely from the

5   fact of the position he held at Autonomy.

6          A defendant who is an officer, director, or employee of a corporation is not criminally

7   responsible for the alleged acts of his subordinates merely because he held a senior position with

8   the corporation.  It is not enough for the government to prove that one or more individuals

9   involved in alleged conduct reported to Dr. Lynch.  In addition, you may not infer that Dr.

10  Lynch, based solely on his position at Autonomy, engaged in or had knowledge of any alleged

11  conduct.  Furthermore, it is not enough for the government to prove that Dr. Lynch should have

12  known about any alleged conduct at Autonomy.  In each instance, the law requires more.  The

13  government must prove beyond a reasonable doubt that Dr. Lynch committed the charged

14  conduct and that he did so with the particular unlawful intent required for each charged offense.

15

16  Authority: 1 Sand, Modern Federal Jury Instructions Instruction ¶ 6-3 (Inference of
    Participation from Presence or Association) (Matthew Bender ed. 2020) (modified)
17  ("You may not infer that the defendant is guilty of participating in criminal conduct
    merely from the fact that he was present at the time the crime was being committed and
18  had knowledge that it was being committed"); 1 Sand, Modern Federal Jury Instructions
    ¶ 6-4 (Impermissible To Infer Participation from Association) (Matthew Bender ed.
19  2020) ("You may not infer that the defendant was guilty of participating in criminal
    conduct merely from the fact that he associated with other people who were guilty of
20  wrongdoing"); *United States v. Holmes*, 18-cr-00258-EJD, Dkt. 798 at 63 (N.D. Cal.
    Mar. 22, 2021) (refusing to "invite the jury to potentially find Ms. Holmes vicariously
21  liable for the actions of others based on nothing more than her 'influence'"); *United States
    v. Rank*, No. 84-1870, 1986 WL 18059, at *4 (6th Cir. Oct. 14, 1986) (per curiam)
22  (reversing conviction and "declin[ing] to adopt the government's theory, akin to a
    respondeat superior basis for criminal liability," that "Brown's position as owner and
23  president of the Clinic and his frequent telephone contacts with it from the Caribbean
    demonstrated sufficient control over the Clinic's operation to infer that Brown had
24  participated in the criminal acts alleged against him"); *Beck v. United States*, 33 F.2d 107,
    112 (8th Cir. 1929) ("the doctrine of respondeat superior that sometimes holds a principal
25  for representations he neither authorized nor ratified, expressly or impliedly, is a doctrine
    of civil liability, and not of criminal responsibility").

26

27

28

---

64

1

2          **56.     11.1—Conspiracy to Commit Wire Fraud (disputed; defense version)**

3          The defendants are charged in Count One with conspiring to commit wire fraud in

4   violation of Section 1349 of Title 18 of the United States Code.  In order for the defendants to be

5   found guilty of that charge, the government must prove each of the following elements beyond a

6   reasonable doubt:

7          First, there was an agreement between two or more persons to commit wire fraud, the

8   elements of which I have just defined for you;

9          Second, that the agreement began in or about the first quarter of 2009 and continued until

10  in or about October 2011;

11

12         Third, that the defendant you are considering became a member of the conspiracy

13  knowing of at least one of its objects and intending to help accomplish it;

14         Fourth, one of the members of the conspiracy performed at least one overt act on or after

15  January 2009 for the purpose of carrying out the conspiracy, with all of you agreeing on a

16  particular overt act that you find was committed; and

17

18         Fifth, that the defendant agreed to engage in criminal activity willfully and with the

19  specific intent to defraud, that is, to deceive and cheat purchasers of Autonomy shares by means

20  of materially false and fraudulent representations.

21         I shall discuss with you briefly the law relating to each of these elements.

22

23         A conspiracy is a kind of criminal partnership—an agreement of two or more persons to

24  commit one or more crimes.  The crime of conspiracy is the agreement to do something

25  unlawful; it does not matter whether the crime agreed upon was committed.

26         For a conspiracy to have existed, it is not necessary that the conspirators made a formal

27  agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that

28  they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

65

1  one another.  You must find that there was a plan to commit the crime of wire fraud alleged as

2  the object of the conspiracy.

3      One becomes a member of a conspiracy by willfully participating in the unlawful plan

4  with the specific intent to advance or further some object or purpose of the conspiracy, even

5  though the person does not have full knowledge of all the details of the conspiracy.  I will

6  instruct you momentarily on the definition of willfully.  Furthermore, one who willfully joins an

7  existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no

8  knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of

9  the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a

10  conspirator merely by associating with one or more persons who are conspirators, nor merely by

11  knowing that a conspiracy exists.

Authority:  2022 Model Instr. § 11.1 (modified); *United States v. Ball*, 711 F. App'x 838, 841 (9th Cir. 2017) (quoting *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010)) (18 U.S.C. § 1349 conspiracy requires overt act in furtherance of conspiracy).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 57.    11.1—Conspiracy to Commit Wire Fraud (disputed; government version)

The defendants are charged in Count One of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about Autonomy's first quarter 2009, which began in January of 2009, and continuing until in or about October 2011, there was an agreement between two or more persons to commit wire fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.  I shall discuss with you briefly the law relating to each of these elements.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes of wire fraud alleged in the indictment as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who

willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Authority:  2022 Model Instr. § 11.1; *United States v. Hussain*

68

1
2

### 58.  11.4—Conspiracy—Knowledge of and Association with Other Conspirators (disputed; government version)

3

A conspiracy may continue for a long period of time and may include the performance of

4

many transactions.  It is not necessary that all members of the conspiracy join it at the same time,

5

and one may become a member of a conspiracy without full knowledge of all the details of the

6

unlawful scheme or the names, identities, or locations of all of the other members.

7

Even though a defendant did not directly conspire with other conspirators in the overall

8
9

scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government

10

proves each of the following beyond a reasonable doubt:

11

(1) the defendant directly conspired with one or more conspirators to carry out at least

12

one of the objects of the conspiracy;

13

(2) the defendant knew or had reason to know that other conspirators were involved with

14
15

those with whom the defendant directly conspired; and

16

(3) the defendant had reason to believe that whatever benefits the defendant might get

17

from the conspiracy were probably dependent upon the success of the entire venture.

18

It is not a defense that a person's participation in a conspiracy was minor or for a short

19
20

period of time.

21

<u>Authority</u>:  2022 Model Instr. § 11.4; *United States v. Hussain*

22
23
24
25
26
27
28

1

2      **59.     Willfully Defined (disputed; defense version)**

3      "Willfully" means to act with knowledge that one's conduct is unlawful and with the

4   specific intent to do something the law forbids, that is to say with the bad purpose to disobey or

5   disregard the law.  The defendant's conduct was not "willful" if it was due to negligence,

6   inadvertence, or mistake.  Good faith on the part of the defendant is inconsistent with a finding

7   that the defendant acted willfully.  Thus, if the defendant believed in good faith that he was

8   acting properly, even if he was mistaken in that belief, and even if others were injured by his

9   conduct, there would be no crime.

10      The burden of establishing criminal intent and lack of good faith rests with the

11   government.  If the government has failed to prove this element beyond a reasonable doubt, you

12   must find the defendant not guilty with respect to the count you are considering.

13

14      <u>Authority</u>: Sand, Modern Federal Jury Instructions ¶ 3A-3 (Willfully) (Matthew Bender
    ed. 2020) (modified); *see* Manual of Model Criminal Jury Instructions for the District
15   Courts of the Ninth Circuit § 5.5 cmt. (2010 ed., last updated 3/2021) (willfully); Sand,
    Modern Federal Jury Instructions ¶ 8-1(Good Faith).
16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**60.     11.6—Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator[10] (disputed; defense version)**

3

A participant in a conspiracy is liable for the crimes committed by co-conspirators if

4

those crimes took place during the life of the scheme and were reasonably foreseeable to the

5

participant as a necessary and natural consequence of the fraudulent scheme.

6

Foreseeability must be evaluated according to the facts that were known to the

7

8

participant.

9

A natural consequence is one that a reasonable person would know is likely to happen if

10

nothing unusual intervenes.  In deciding whether a consequence is natural and probable, consider

11

all of the circumstances established by the evidence.

12

A member of a conspiracy is not criminally responsible for the act of another member if

13

14

that act does not further the common scheme, or is not a natural and probable consequence of the

common scheme.

15

16

A member of a conspiracy is not responsible for the acts of another person who was not a

17

member of the conspiracy even if the acts of the other person helped accomplish the goal of the

18

19

conspiracy.

20

You may find the defendant guilty of wire fraud if the government has proved each of the

21

following elements beyond a reasonable doubt:

22

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

23

24

Second, the person was a member of the conspiracy charged in Count One;

25

Third, the person committed the crime of wire fraud in furtherance of the conspiracy;

26

27

28

---

[10] The defense opposes any instruction on this issue.  However, if one is to be given, this version is requested by the defense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts Two through Fifteen was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen by the defendant based on what he knew at the time to be a necessary or natural consequence of the unlawful agreement.

Authority:  2022 Model Instr. § 11.6 (modified)

61. **11.6—Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator (disputed; government version)**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of wire fraud as charged in Counts Two through Fifteen of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts Two through Fifteen was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen by the defendant based on what he knew at the time to be a necessary or natural consequence of the unlawful agreement.

Authority:  2022 Model Instr. § 11.6; *United States v. Hussain*

1

2      **62.      11.3—Conspiracy—Multiple Conspiracies (disputed; defense version)**

3          You must decide whether the conspiracy charged existed, and, if it did, who at least some

4   of its members were.  If you find that the conspiracy charged did not exist, then you must return

5   a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if

6   you find that any defendant was not a member of the charged conspiracy, then you must find that

7   defendant not guilty, even though that defendant may have been a member of some other

8   conspiracy.

9          <u>Authority</u>:  2022 Model Instr. § 11.3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**63.     Specific-Issue Unanimity (disputed; defense version)**

As I have instructed, the government must prove each element of each count beyond a reasonable doubt.  The defendants are charged in Count One with conspiring to commit wire fraud against purchasers of Autonomy.  You must unanimously agree that the defendant you are considering formed a particular agreement with a particular person to pursue at least one particular criminal object of the alleged conspiracy.

I will now explain to you what I mean by unanimous in this context.

Each juror must agree with each of the other jurors that the defendant reached the same agreement with the same person to pursue the same criminal object of the charged conspiracy. The jury need not unanimously agree on all agreements, all persons in, or all criminal objects of a charged conspiracy.  But, in order to convict a defendant of the conspiracy charged in Count One, you must unanimously agree that the defendant knowingly and willfully entered into the same agreement with the same person with the specific intent to advance or further at least one particular criminal object of the alleged conspiracy.

Unless the government has proven that the defendant knowingly and willfully entered into the same agreement with the same person with the specific intent to advance or further the same criminal object of the alleged conspiracy to each of you, beyond a reasonable doubt, you must find the defendant not guilty of the offense alleged in Count One.

The same goes for the wire fraud charges in Counts Two through Fifteen.  As to each of those counts, you must unanimously agree on the specific scheme to defraud at issue in each count and you must unanimously agree that the defendant knowingly, intentionally, and willfully participated in that scheme.

1

2      **64.      15.47—Securities Fraud (disputed; defense version)**

3          The defendant Michael Lynch is charged in Count Sixteen with securities fraud in

4    violation of Section 1348 of Title 18 of the United States Code.  In order for the defendant to be

5    found guilty of that charge, the government must prove each of the following elements beyond a

6    reasonable doubt:

7          First, the defendant knowingly executed, or attempted to execute, a scheme or plan to

8    defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent

9    pretenses, representations, or promises, as I have defined that requirement in the wire fraud

10   counts;

11

12         Second, the statements made or facts omitted as part of the scheme were material, as I

13   have defined that requirement in the wire fraud counts;

14         Third, the defendant acted with the intent to defraud, that is, the intent to deceive and

15   cheat and not in good faith, as I have defined that requirement in the wire fraud counts; and

16

17         Fourth, the scheme was in connection with the purchase or sale of securities of Hewlett-

18   Packard Company.

19         In determining whether a scheme to defraud exists, you may consider not only the

20   defendant's words and statements, but also the circumstances in which they are used as a whole.

21         <u>Authority</u>:  2022 Model Instr. § 15.47 (modified)

22

23

24

25

26

27

28

1

2   **65.   15.47—Securities Fraud (disputed; government version)**

3       The defendant Michael Lynch is charged in Count Sixteen with securities fraud in

violation of Section 1348 of Title 18 of the United States Code.  In order for the defendant to be

found guilty of that charge, the government must prove each of the following elements beyond a

reasonable doubt:

7       First, the defendant knowingly executed, or attempted to execute, a scheme or plan to

defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent

pretenses, representations, or promises;

10      Second, the statements made or facts omitted as part of the scheme were material, that is,

they had a natural tendency to influence, or were capable of influencing, a person to part with

money or property;

13      Third, the defendant acted with the intent to defraud, that is, the intent to deceive and

cheat; and

16      Fourth, the scheme was in connection with the purchase or sale of securities of Hewlett-

Packard Company.

19      In determining whether a scheme to defraud exists, you may consider not only the

defendant's words and statements, but also the circumstances in which they are used as a whole.

21      <u>Authority</u>:  2022 Model Instr. § 15.47; *United States v. Hussain*

22

23

24

25

26

27

28

66.    **4.1—Aiding and Abetting (§ 2(a))**

A defendant may be found guilty of the crimes charged in Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in the commission of the crime.  To prove a defendant guilty of a crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, that the crime was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime charged;

Third, the defendant acted with the intent to facilitate the crime, that is, with specific intent to defraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

Authority:  2022 Model Instr. § 4.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**67.    4.2—Willfully Causing (§ 2(b)) (disputed; defense version)**

A defendant may be found guilty of wire fraud or securities fraud, even if the defendant personally did not commit the act or acts constituting the crime but knowingly, intentionally and willfully, with specific intent to defraud, caused an act to be done which if directly performed by him or another would be an offense against the United States.

<u>Authority</u>:  2022 Model Instr. § 4.2 (modified)

79

1

2    **68.    4.2—Willfully Causing (§ 2(b)) (disputed; government version)**

3        A defendant may be found guilty of wire fraud or securities fraud, even if the defendant

4    personally did not commit the act or acts constituting the crime but willfully caused an act to be

5    done which if directly performed by him or another would be an offense against the United

6    States.  To prove a defendant guilty of wire fraud or securities fraud by willfully causing, the

7    government must prove beyond a reasonable doubt that the defendant willfully caused an act to

8    be done which if directly performed by him or another would be an offense against the United

9    States.  The government need not prove that someone other than the defendant was guilty of the

10   substantive crime.  A person who causes the commission of an offense is punishable as a

11   principal even though the person who completes the wrongful act violates no criminal statute

12   because of lack of criminal intent or capacity.  One who puts in motion or causes the commission

13   of an indispensable element of an offense by an innocent agent or instrumentality is guilty as a

14   principal.

15       Authority:  *United States v. Hussain*

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Submission re Jury Instructions
Case No. 3:18-cr-00577-CRB

### 69.    Jury Finding Regarding Extraterritoriality and Statute of Limitations (disputed; defense version)[11]

To convict a defendant of wire fraud, you must find that the evidence proves beyond a reasonable doubt that the charged use of the U.S. wires was a core component of the alleged scheme to defraud.

To convict a defendant of any offense, you must find beyond a reasonable doubt that the charged offense occurred on or after November 29, 2013.

---

[11] Defendants understand that the Court has denied the pretrial motions to dismiss on extraterritoriality and statute of limitations grounds.  Defendants propose these instructions to ensure that those motions are adequately preserved for appellate review.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**70.     Defense Theory of the Case**

The defense theory of the case is as follows:  [To be provided after the defense rests]

Joint Submission re Jury Instructions
Case No. 3:18-cr-00577-CRB

71.     **6.19—Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Authority:  2022 Model Instr. § 6.19

1    **72.    6.20—Consideration of Evidence—Conduct of the Jury**

2        Because you must base your verdict only on the evidence received in the case and on

3    these instructions, I remind you that you must not be exposed to any other information about the

4    case or to the issues it involves.  Except for discussing the case with your fellow jurors during

5    your deliberations:

6

7        Do not communicate with anyone in any way and do not let anyone else communicate
    with you in any way about the merits of the case or anything to do with it.  This includes
8    discussing the case in person, in writing, by phone or electronic means, via email, text
    messaging, or any Internet chat room, blog, website or other feature.  This applies to
9    communicating with your family members, your employer, the media or press, and the
    people involved in the trial.  If you are asked or approached in any way about your jury
10   service or anything about this case, you must respond that you have been ordered not to
    discuss the matter and to report the contact to the court.
11       Do not read, watch, or listen to any news or media accounts or commentary about the
12   case or anything to do with it; do not do any research, such as consulting dictionaries,
    searching the Internet or using other reference materials; and do not make any investigation
13   or in any other way try to learn about the case on your own.

14

15       The law requires these restrictions to ensure the parties have a fair trial based on the same

16   evidence that each party has had an opportunity to address.  A juror who violates these

17   restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

18   require the entire trial process to start over.  If any juror is exposed to any outside information,

19   please notify the court immediately.

20

21       <u>Authority</u>:  2022 Model Instr. § 6.20

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 73.    6.21—Use of Notes

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority:  2022 Model Instr. § 6.21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**74.    6.22—Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Authority:  2022 Model Instr. § 6.22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**75.     6.23—Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

<u>Authority</u>:  2022 Model Instr. § 6.23

76.     **6.24—Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your foreperson or by one or more of members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of either defendant, until after you have reached a unanimous verdict or have been discharged.

Authority:  2022 Model Instr. § 6.24

Dated: February 16, 2024

Respectfully submitted,

By:  _/s/ Celeste L.M. Koeleveld_
Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**CLIFFORD CHANCE US LLP**

By:  _/s/ Nicholas P. Silverman_
Jonathan M. Baum (SBN: 303469)
Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**STEPTOE LLP**

*Attorneys for Defendant*
*Michael Richard Lynch*

By:  _/s/ Gary S. Lincenberg_
Gary S. Lincenberg
Ray S. Seilie
Michael C. Landman
**BIRD, MARELLA, RHOW, LINCENBERG,**
**DROOKS & NESSIM LLP**

*Attorneys for Defendant*
*Stephen Keith Chamberlain*

By:  _/s/ Robert S. Leach_
Robert S. Leach
Adam A. Reeves
Kristina N. Green
Zachary G.F. Abrahamson
**Assistant United States Attorneys**

Patrick. D Robbins
**Attorney for the United States**

Martha Boersch
**Chief, Criminal Division**

*Attorneys for the United States*

89