Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

# UNITED STATES DISTRICT COURT

# NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    vs.<br><br>MICHAEL RICHARD LYNCH and<br>STEPHEN KEITH CHAMBERLAIN,<br><br>              Defendants. | Case No.: 3:18-cr-00577-CRB<br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S SUPPLEMENTAL SUBMISSION REGARDING SETTLEMENT OF REENA PRASAD'S WRONGFUL TERMINATION CLAIM**<br><br>**(Supplement to Lynch MIL No. 5)**<br><br>Date:  March 20, 2024, 9:00 a.m.<br>Court:  Courtroom 6 – 17th Floor |

**SUPPLEMENTAL SUBMISSION REGARDING**

**REENA PRASAD'S SETTLEMENT AGREEMENT**

Defendant Michael Richard Lynch respectfully submits this memorandum in further support of his motion *in limine* to preclude evidence of Autonomy's settlement of Reena Prasad's wrongful termination claim, *see* ECF No. 291 (D. MIL No. 5) at 6-8, and in response to the government's motion to admit the settlement agreements with Reena Prasad, Brent Hogenson, and Percy Tejeda.  Consistent with the Court's directives during the proceedings on Tuesday, March 19, 2024, the defense focuses here on the settlement agreement with Ms. Prasad and will provide further briefing at a later date regarding the settlement agreements with Mr. Hogenson and Mr. Tejeda.

Pursuant to the Settlement Agreement, Ex. 1614 (attached to ECF No. 384, Declaration of Kristina Green), Autonomy paid Ms. Prasad and her attorney $75,000 to settle her wrongful termination claim.  Both parties "denied the other's allegations that they engaged in any improper or illegal conduct."  The Settlement Agreement includes standard terms regarding releases of claims by both parties and confidentiality.

As Dr. Lynch argued in his motion *in limine*, evidence of the settlement is improper and unfairly prejudicial because it suggests that the settlement is an admission of liability, *i.e.*, that Ms. Prasad was wrongfully terminated in retaliation for raising concerns about accounting issues. Under Federal Rule of Evidence 408, evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" "is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim."  Fed. R. Evid. 408.  Rule 408 thus bars evidence from settlement negotiations "when offered to prove liability for, invalidity of, [or] amount of a claim that was disputed."  *Rhoades v. Avon. Prods., Inc*., 504 F.3d 1151, 1160 (9th Cir. 2007) (citing Fed. R. Evid. 408).  The rule also applies to settlements with third parties.  *See Hudspeth v. Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990).

Admitting the settlement agreement to suggest that Dr. Lynch improperly retaliated against Ms. Prasad and then admitted wrongdoing via Autonomy's decision to settle would

plainly violate Rule 408.[1]  It would also ignore the myriad reasons that can inform a settlement

agreement, such as an effort to mitigate damages in response to potential litigation risk.

Moreover, evidence of the settlement will create a sideshow around the amount of the payout and

its justifications, as the jury may incorrectly assume that Autonomy did something wrong merely

because it paid money to settle a claim.[2]  Finally, the prejudicial nature of the settlement

evidence would substantially outweigh any probative value, rendering this evidence inadmissible

under Rule 403.

On January 31, 2024, in response to Dr. Lynch's motion *in limine*, the government

represented that it "does not intend to offer evidence of the settlement agreements with

Hogenson, Tejeda, and Prasad, but reserved the right to do so depending on the cross-

examination of the witnesses."  ECF No. 311 at 9 n.1.

On Sunday, March 17, 2024 (before opening statements), however, the government

reversed course, including Ex. 1614 with the exhibits it planned to use in its direct examination

of Ms. Prasad and advising the defense that it intended to question Ms. Prasad about the

settlement.  The defense brought the issue to the Court's attention, and the Court heard argument

on Tuesday, March 19, 2024, after opening statements and during the testimony of Ms. Prasad.

On March 19, 2024, the government submitted its motion seeking to admit the settlement

agreement, along with 161 pages of exhibits relating primarily to Mr. Hogenson.

---

[1] As Dr. Lynch also argued in his motion *in limine*, evidence of the Settlement Agreement with Ms. Prasad is particularly prejudicial to him because there is no evidence that he had any involvement in the decision to terminate her employment or to settle her wrongful termination claim.

[2] Indeed, that is precisely the conclusion the government urged the jury to draw, improperly, in the *Hussain* trial.  *See Hussain* Tr. at 5782:13–16 ("Ladies and gentlemen, you do not pay that kind of money to someone who has made false accusations.").

The government makes three main arguments in favor of admission of the Settlement Agreement:

- The Settlement Agreement is admissible pursuant to Rule 408(b) of the Federal Rules of Evidence because it is evidence that Dr. Lynch "obstruct[ed] a criminal investigation or prosecution." Fed. R. Evid. 408(b).

- The Settlement Agreement is admissible because Dr. Lynch opened the door in his opening statement by arguing that Brent Hogenson was terminated for proper business reasons, namely, because he had engaged in misconduct, and not in retaliation for being a whistleblower.

- The Settlement Agreement is admissible because the Superseding Indictment alleges that one of the means and methods of the conspiracy was to "[i]ntimidat[e], pressur[e], and pay[]-off persons who raised complaints or openly criticized Autonomy's financial practices and performance." Superseding Indictment, ECF No. 21 ¶ 22(i).

These arguments do not withstand scrutiny.

First, Dr. Lynch cannot have "obstruct[ed] a criminal investigation or prosecution" by entering into the Settlement Agreement because no such investigation or prosecution was pending when the Agreement was entered into. *See United States v. Davis*, 596 F.3d 852, 860–61 (D.C. Cir. 2010) (no basis for applying exception where there is "no evidence indicating that [defendant] knew of any criminal investigation" at time of settlement; ruling otherwise would contravene underlying purpose of Fed. R. Evid. 408(b), to encourage settlements of disputes); *see also United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) (logic behind Rule 408 is to encourage settlement by enabling "full and open disclosure"). The government attaches to its papers Mr. Hogenson's submissions to the Financial Services Authority (FSA) in July 2010 and to the SEC in August 2010.[3] But these submissions are not

---

[3] The government also relies on Mr. Vaidyanathan's vague belief that Mr. Hogenson might also have submitted something to the SFO at some point, but there is no evidence of any such submission or when it might have occurred, if it did, nor is there any reason to believe one was made, given Mr. Hogenson's careful documentation of his submissions to regulatory authorities.

1   evidence of a pending criminal investigation or prosecution, as required under Rule 408(b).  Nor
2   is there any support for the government's argument that the mere possibility of criminal charges
3   in the future is enough to invoke Rule 408(b), as Autonomy and HP did not begin discussions
4   until 2011 and the criminal investigation here did not begin until November 2012.

5          In any event, the mere fact that the Settlement Agreement contains confidentiality
6   provisions does not mean that it was intended to obstruct a criminal investigation, as the
7   government suggests.  The obvious thrust of the confidentiality provisions is to keep the terms of
8   the Settlement Agreement itself confidential.  Indeed, the Settlement Agreement makes clear that
9   "nothing" in the Agreement "is intended to or shall prohibit either Prasad or Autonomy from
10  testifying truthfully if called to do so."  Tr. Ex. 1614 ¶ 7.  The Settlement Agreement also
11  contemplates that disclosure may be required by court order, subpoena, or deposition notice.  Tr.
12  Ex. 1614 ¶ 8.  While the Settlement Agreement does require notice to Autonomy in that
13  circumstance, *id.*, so that Autonomy may take legal steps to protect the confidentiality of the
14  Settlement Agreement if necessary, nothing in the Settlement Agreement suggests that Ms.
15  Prasad may not respond to government inquiries and lawful requests for information.  And it is
16  clear that Ms. Prasad has done so in this case and that she has not been prevented from
17  cooperating with the government in any way.

18         Second, Dr. Lynch's opening statement did not open the door to evidence of Ms. Prasad's
19  settlement.  Mr. Reeves argued in his opening statement that Mr. Hogenson had been wrongfully
20  terminated in retaliation for being a whistleblower about accounting misconduct at Autonomy.
21  Mr. Weingarten responded to that allegation by saying it was "bunk" and that Mr. Hogenson was
22  fired "because of his own conduct [which] over and over and over again made him completely
23  unqualified to be the CFO of a public company."  Tr. 367-68.  How responding to the
24  government's argument opens the door is unclear.  Nothing was said about the lawsuit or the
25  settlement.  The government apparently believes that Dr. Lynch cannot provide his version of
26  events surrounding Mr. Hogenson's termination without opening the door to the settlement.  But
27  it cannot be the case that responding to the government's allegation about Mr. Hogenson's
28  allegedly wrongful termination in July 2010 opens the door to evidence of an entirely separate

issue: how Autonomy later handled Mr. Hogenson's wrongful termination claim, a standalone issue that is plainly covered by Rule 408.[4]

Third, the mere fact that a piece of evidence arguably supports a "means and methods" section of an indictment does not mean that the evidence is admissible. What controls the admission of evidence is not the "means and methods" section of an indictment, but the rules of evidence. Thus, where evidence is prohibited by the rules of evidence, is far more prejudicial than probative, and creates an unnecessary sideshow in a trial that has not even completed its first witness, that evidence is inadmissible and should be precluded. And the necessary result of that ruling—assuming that piece of evidence is the only piece of evidence that supports that "means and methods" allegation—is that that particular allegation has not been proved.

For all of these reasons, Dr. Lynch respectfully submits that evidence of Autonomy's settlement with Ms. Prasad should be precluded. The issue before the jury will be whether she was terminated because she was an at-will employee who violated company policies or because she raised questions about Autonomy's accounting practices and the company retaliated against her. Whether she later brought a claim against Autonomy alleging that she had been wrongfully terminated and how that claim was resolved is not relevant, is more prejudicial than probative, and leads to inadmissible evidence under Rule 408. The defense will not be suggesting that the absence of evidence of a claim against Autonomy means that Ms. Prasad did not believe she was wrongfully terminated. Absent that suggestion, there is no basis for admitting evidence of her claim or the Settlement Agreement, and the evidence should be precluded.

---

[4] The government also points out that evidence of the settlement was admitted in the *Hussain* proceedings, but Mr. Hussain did not object to the settlements on Rule 408 grounds.

1

2   Dated: March 20, 2024                Respectfully submitted,

3

4                                        By:  _/s/ Celeste L.M. Koeleveld__

5                                        Christopher J. Morvillo

6                                        Christopher J. Morvillo

7                                        Celeste L.M. Koeleveld
                                         Daniel S. Silver

8                                        (Admitted Pro Hac Vice)
                                         **CLIFFORD CHANCE US LLP**

9

10                                       Jonathan M. Baum (SBN: 303469)
                                         **STEPTOE LLP**

11                                       One Market Street

12                                       Steuart Tower, Suite 1070
                                         San Francisco, CA  94105

13                                       Telephone:  (510) 735-4558
                                         jbaum@steptoe.com

14

15                                       Reid H. Weingarten
                                         Brian M. Heberlig

16                                       Michelle L. Levin
                                         Nicholas P. Silverman

17                                       Drew C. Harris

18                                       (Admitted Pro Hac Vice)
                                         **STEPTOE LLP**

19                                       1114 Avenue of the Americas

20                                       New York, NY 10036
                                         Telephone:  (212) 506-3900

21

22                                       *Attorneys for Defendant*
                                         *Michael Richard Lynch*

23

24

25

26

27

28

---