1  **MORGAN LEWIS & BOCKIUS LLP**
   SUSAN D. RESLEY, Bar No. 161808
2  MADELEINE AYER, Bar No. 353257
   susan.resley@morganlewis.com
3  madeleine.ayer@morganlewis.com
   One Market, Spear Street Tower
4  San Francisco, CA 94105
   Tel:   (415) 442-1000
5  Fax:   (415) 442-1001

6  **MORGAN LEWIS & BOCKIUS LLP**
   MARTHA B. STOLLEY, *Pending Pro Hac Vice*
7  martha.stolley@morganlewis.com
   101 Park Avenue
8  New York, NY 10178
   Tel:   (212) 309-6858
9  Fax:   (212) 309-6001

10  **WILLKIE FARR & GALLAGHER LLP**
    MICHAEL LI-MING WONG, Bar No. 194130
11  mlwong@willkie.com
    333 Bush Street
12  San Francisco, CA 94104
    Tel:   (415) 858-7400
13  Fax:   (415) 858-7599

14  *Attorneys for Hewlett Packard, Inc. and*
    *Hewlett Packard Enterprise*

**FILED**

**MAR 25 2024** AK

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA  C

15                      UNITED STATES DISTRICT COURT

16                     NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18
    UNITED STATES OF AMERICA,            Case No. 3:18-cr-577-CRB
19
                      Plaintiff,         NOTICE OF MOTION AND MOTION TO
20                                       QUASH SUBPOENA ISSUED TO NON-
                      v.                 PARTIES HEWLETT PACKARD, INC. AND
21                                       HEWLETT PACKARD ENTERPRISE
    MICHAEL RICHARD LYNCH and            PURSUANT TO RULE 17(c); MEMORANDUM
22  STEPHEN KEITH CHAMBERLAIN,           OF POINTS AND AUTHORITIES IN SUPPORT
                                         THEREOF
23                    Defendants.
                                         Date:   April 8, 2024
24                                       Time:   4 p.m.
                                         Place:  Courtroom 6, 17th Floor
25                                       Judge:  Hon. Charles R. Breyer

26                                       Date Filed: March 25, 2024
                                         Trial Date: March 18, 2024
27

28

1

## NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA

2

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    **NOTICE IS HEREBY GIVEN** that, on April 8, 2024 at 4 p.m.,[1] or as soon thereafter as

4    the matter may be heard by the above-referenced Court, located at 450 Golden Gate Avenue, San

5    Francisco, California 94102, Courtroom 6, Hewlett Packard, Inc. and Hewlett Packard Enterprise

6    (collectively referred to here as "HP") will and hereby do move this Court pursuant to the Federal

7    Rule of Criminal Procedure 17(c)(2) for an order quashing the subpoena brought by Defendant

8    Michael Richard Lynch, which was issued to HP pursuant to Federal Rule of Criminal Procedure

9    17(c).

10    The Motion to Quash is based upon this Notice of Motion and Motion, the following

11    Memorandum of Points and Authorities, the Declaration of Susan D. Resley in support of this

12    Motion and accompanying Exhibit, the reply to be filed in support of this Motion, oral argument

13    of counsel at the hearing, all pleadings and papers on file in this action, and any other matters the

14    Court may properly consider by judicial notice or otherwise.

15

16

17

18

19

20

21

22

23

24

25

26    [1] Hewlett Packard Enterprise and Hewlett Packard, Inc. (collectively, "HP") are aware that Crim.
L. R. 47-2 is not applicable during the pendency of a trial but provided a 14-day notice period as a
27    point of reference and, in accordance with Judge Breyer's Standing Orders, HP selected a hearing
date that appears to be available on the court calendar and a time that is after a regularly
28    scheduled court day.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1    Dated: March 25, 2024                        Respectfully submitted,

2

3                                                 By: _Susan Resley_

4                                                 SUSAN D. RESLEY
                                                  MADELEINE AYER
5                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                  One Market, Spear Street Tower
6                                                 San Francisco, CA 94105
                                                  Telephone: (415) 442-1000
7                                                 Facsimile: (415) 442-1001
                                                  susan.resley@morganlewis.com
8                                                 madeleine.ayer@morganlewis.com

9
                                                  MARTHA B. STOLLEY
10                                                MORGAN, LEWIS & BOCKIUS LLP
                                                  101 Park Avenue
11                                                New York, NY 10178-0060
                                                  Telephone: (212) 309-6000
12                                                Facsimile: (212) 309-6001
                                                  martha.stolley@morganlewis.com
13
                                                  MICHAEL LI-MING WONG
14                                                WILLKIE FARR & GALLAGHER LLP
                                                  333 Bush Street
15                                                San Francisco, CA 94104
                                                  Telephone: (415) 858-7400
16                                                Facsimile: (415) 858-7599
                                                  mlwong@willkie.com
17
                                                  *Attorneys for Hewlett Packard, Inc. and Hewlett*
18                                                *Packard Enterprise*

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP                                    2              NOTICE OF MOTION AND MOTION TO QUASH
ATTORNEYS AT LAW                                                    SUBPOENA; MPA ISO MOTION
SAN FRANCISCO                                                       Case No. 3:18-cr-577 (CRB)

1

## TABLE OF CONTENTS

2

Page

3    I.    SUMMARY OF ARGUMENT ......................................................................................... 1

4    II.   BACKGROUND ............................................................................................................... 2

5          A.    The Restatement of Autonomy's Accounts Was Necessitated by Fraud
                 Perpetrated by Autonomy Executives ..................................................................... 2

6          B.    The Court Has Made Clear the Permissible Scope of Yelland's and
7                Anderson's Testimony in this Trial ......................................................................... 2

8          C.    The Lynch Subpoena ................................................................................................ 3

9    III.  ARGUMENT .................................................................................................................... 4

10         A.    The Lynch Subpoena Far Exceeds the Limits of Discovery Permitted
                 Under Rule 17(c) ...................................................................................................... 4

11         B.    The Lynch Subpoena Fails to Meet the *Nixon* Factors ........................................... 5

12               1.    Lynch Seeks Documents That Are Not Admissible ..................................... 6

13               2.    The Requests Fail the "Specificity" Requirement ....................................... 8

14               3.    Lynch Seeks Documents That Are Not Relevant ......................................... 9

15         C.    The Court Should Quash the Lynch Subpoena on Additional Grounds ............... 10

16               1.    Lynch Improperly Seeks Privileged Information ....................................... 11

17                     a.    The Lynch Subpoena Seeks Materials Subject to the
18                           Attorney-Client Privilege ............................................................... 11

19                     b.    The Lynch Subpoena Seeks Attorney Work Product ..................... 13

20               2.    Lynch Improperly Seeks Witness Statements ........................................... 14

21               3.    Lynch Seeks to Impose an Unreasonable and Oppressive Burden on
                       Non-Party Victims ..................................................................................... 14

22   IV.   CONCLUSION ............................................................................................................... 15

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1                              **TABLE OF AUTHORITIES**

2                                                               **Page(s)**

3 **Cases**

4 *Bowman Dairy Co. v. United States,*
    341 U.S. 214, 220 (1951)..............................................................................................................5

*Goff v. Harrah's Operating Co.,*
6     240 F.R.D. 659 (D. Nev. 2007)....................................................................................................14

7 *In re Grand Jury Subpoena,*
    357 F.3d 900 (9th Cir. 2004)........................................................................................................13

*In re Grand Jury Subpoena,*
9     31 F.3d 826 (9th Cir. 2004)..........................................................................................................11

10 *Hickman v. Taylor,*
    329 U.S. 495 (1947).....................................................................................................................13

*Laub v. Horbaczewski,*
12     No. CV 17-6210-JAK (KSX), 2020 WL 7978227 (C.D. Cal. Nov. 17, 2020).....................5, 9

13 *Santella v. Grizzly Indus., Inc.,*
    286 F.R.D. 478 (D. Or. 2012)......................................................................................................13

15 *Todd v. STAAR Surgical Co.,*
    No. CV-14-05263 MWF (RZX), 2015 WL 13388227
    (C.D. Cal. Aug. 21, 2015)...........................................................................................................11

17 *United States v. Aguilar,*
    No. CR 07-00030 SBA, 2008 U.S. Dist. LEXIS 63114
    (N.D. Cal. Aug. 1, 2008)...............................................................................................................8

19 *United States v. Burke,*
    No. S-05-0365 FCD, 2009 U.S. Dist. LEXIS 90287 (E.D. Cal. Sept. 16, 2009) ....................10

20 *United States v. Collins,*
    No. 11-CR-00471-DLJ (PSG) 2013 U.S. Dist. LEXIS 36361
    (N.D. Cal. Mar. 15, 2013).............................................................................................................6

22 *United States v. Freeman,*
    498 F.3d 893 (9th Cir. 2007).........................................................................................................7

24 *United States v. Gadson,*
    763 F.3d 1189 (9th Cir. 2014).......................................................................................................7

25 *United States v. Gangi,*
    1 F.Supp.2d 256 (S.D.N.Y.1998)................................................................................................12

27 *United States v. Johnson,*
    No. CR 94-0048 SBA, 2007 U.S. Dist. LEXIS 95834
    (N.D. Cal. Dec. 24, 2007) .........................................................................................................4, 5

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii                    NOTICE OF MOTION AND MOTION TO QUASH
                              SUBPOENA; MPA ISO MOTION
                              Case No. 3:18-cr-577 (CRB)

*United States v. Johnson,*
No. 14-cr-00412-THE, (N.D. Cal. Nov. 13, 2014) ................................................................. 14

*United States v. Mason,*
No. CR 05-324-RE, 2008 U.S. Dist. LEXIS 34537 (D. Or. Apr. 25, 2008)........................... 10

*United States v. Nixon,*
418 U.S. 683 (1974) ........................................................................................................ *passim*

*United States v. Pac. Gas & Elec. Co.,*
No. 14-cr-00175-TEH-1, 2016 U.S. Dist. LEXIS 40587
(N.D. Cal. Mar. 28, 2016) ...................................................................................... 4, 5, 8, 10

*United States v. Pac. Gas & Elec. Co.,*
No. 14-cr-00175-TEH, 2016 U.S. Dist. LEXIS 78798
(N.D. Cal. June 16, 2016) .............................................................................................. 6

*United States v. Phoenix,*
No. 5:14-cr-00318-LHK, 2015 U.S. Dist. LEXIS 141373
(N.D. Cal. Oct. 15, 2015)................................................................................................. 8, 15

*United States v. Reyes,*
239 F.R.D. 591 (N.D. Cal. 2006) .................................................................................. *passim*

*United States v. Rodriguez,*
No. 2:11-0296 WBS, 2016 WL 6440323 (E.D. Cal. Oct. 28, 2016) .................................. 5, 15

*United States v. Roque,*
No. CR 13-829 PA, 2014 U.S. Dist. LEXIS 197123 (C.D. Cal. Aug. 18, 2014) ................... 10

*United States v. Salvagno,*
267 F. Supp. 2d 249 (N.D.N.Y 2003) .................................................................................. 10

*United States v. Sanchez,*
No. CR S-05-0443 WBS, 2007 U.S. Dist. LEXIS 103945
(E.D. Cal. Jan. 9, 2007)...................................................................................................... 7

*United States v. Stukenbrock,*
No. 5:15-cr-00034-EJD-1 (HRL), 2016 U.S. Dist. LEXIS 171563
(N.D. Cal. Dec. 9, 2016) ............................................................................................ 8, 9, 10

*United States v. Tomison,*
969 F. Supp. 587 (E.D. Cal. 1997)....................................................................................... 11

*United States v. Villa,*
503 F. App'x. 487 (9th Cir. 2012) ..................................................................................... 1, 4

*In re Wyoming Tight Sands Antitrust Cases,*
1987 WL 93812 (D.Kan.1987) ............................................................................................ 12

**Statutes**

Jencks Act ........................................................................................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1 | **Other Authorities**

2 | Fed. R. Crim. P. 17(c) ............................................................................................................ *passim*

3 | Fed. R. Crim. P. 17(h)............................................................................................................ 2, 14

4 | Fed. R. Evid. 801(c)..................................................................................................................... 6

5 | Fed. R. Evid. 802 ........................................................................................................................ 7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I. SUMMARY OF ARGUMENT

3    This matter is a federal criminal case. It is *not* a civil matter. Yet, on the eve of trial,

4    despite having had years to prepare, Defendant Michael Lynch ("Lynch") served on the Hewlett-

5    Packard entities (collectively "HP")[2] what purports to be a Rule 17 subpoena ("the Lynch

6    Subpoena"), but which actually reads like a civil discovery request, running afoul of all Rule 17

7    requirements. The Lynch Subpoena also flagrantly disregards this Court's recent rulings about

8    whether and to what extent Christopher Yelland ("Yelland") and Antonia Anderson ("Anderson")

9    may testify, including by seeking related materials that the Court has determined will not be part

10   of the trial. Despite a meet-and-confer session during which HP counsel gave Lynch full notice of

11   the subpoena's deficiencies, Lynch has refused to withdraw—or even narrow—the Lynch

12   Subpoena. Consequently, HP is left with no other choice but to move this Court to quash the

13   Lynch Subpoena, based on three grounds, each of which provides an independent basis for

14   quashing.

15   First, the Lynch Subpoena constitutes an inappropriate, open-ended discovery request.

16   Specifically, the Lynch Subpoena requests "*[a]ll* records and communications" relating to

17   Autonomy's Restatement (the "ASL Restatement")—over a period of more than two years—

18   based on speculation that *a single document*, produced recently by another third party, suggests

19   that there are other similar documents out there. This is the epitome of a fishing expedition. As

20   the Ninth Circuit has made clear: "Rule 17(c) was not intended as a discovery device, or to allow

21   a blind fishing expedition seeking unknown evidence." *United States v. Villa*, 503 F. App'x. 487,

22   489 (9th Cir. 2012) (internal quotations omitted).

23   Second, the Lynch Subpoena fails to satisfy *any* of the requirements prescribed by the

24   U.S. Supreme Court in *United States v. Nixon,* 418 U.S. 683 (1974). The Lynch Subpoena seeks

25   evidence that is hearsay and thus *inadmissible*. In requesting "all" documents of a certain

26   category, the Lynch Subpoena fails *Nixon*'s *specificity* requirement. Finally, the Lynch Subpoena

27

28   [2] In November 2015, The Hewlett-Packard Company separated into two public companies—
Hewlett Packard Enterprise ("HPE") and Hewlett Packard, Inc. ("HPI").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  engages in a fishing expedition for documents pertaining to Anderson and Yelland, which are

2  *irrelevant*, in large part because the Court has limited the testimony of both Anderson and

3  Yelland regarding the ASL Restatement.

4  Third, the Lynch Subpoena seeks material that is protected by the attorney-client privilege

5  and attorney work-product doctrine, in addition to witness statements, which Rule 17(h) explicitly

6  prohibits.

## II.    BACKGROUND

### A.    The Restatement of Autonomy's Accounts Was Necessitated by Fraud Perpetrated by Autonomy Executives

Because the Court is now very familiar with the facts, the following recitation will be

brief. In the summer of 2012, HP began its internal investigation into Autonomy's accounting

practices. HP engaged Morgan, Lewis & Bockius LLP ("Morgan Lewis"), to lead the

investigation. Morgan Lewis retained PricewaterhouseCoopers LLP ("PwC") as forensic

accountants. When the investigation revealed the massive fraud led by Lynch and his co-

conspirators, Yelland and his finance team at HP (including Anderson) analyzed and revised

Autonomy's previously issued financial statements. This resulted in a restatement in the United

Kingdom with Companies House of the Company's accounts (the "ASL Restatement"), which

identified significant accounting improprieties, disclosure failures, and outright

misrepresentations by Lynch and others at Autonomy.

### B.    The Court Has Made Clear the Permissible Scope of Yelland's and Anderson's Testimony in this Trial

21  This Court has clearly articulated in pre-trial rulings the permissible scope and content of

22  Yelland's and Anderson's upcoming testimony in the Lynch-Chamberlain trial. As in the 2018

23  trial of Autonomy CFO Sushovan Hussain (the "Hussain Trial"), the Court has ruled that the ASL

24  Restatement can be received into evidence in the Lynch-Chamberlain trial and that the

25  Government may use related summary charts regarding specific transactions for demonstrative

26  purposes.[3] Tr. 5:22–6:5 (Feb. 21, 2024). The Court also has determined that Anderson "doesn't

27  ─────────────

[3] Citations to the hearing transcript ("Tr.") refer to either the February 21, 2024 or February 28, 28  2024 proceeding.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1  have to testify" about the ASL Restatement in the Lynch-Chamberlain trial, because her

2  testimony would be cumulative of Yelland's on that topic. Tr. 13:21–23 (Feb. 28, 2024). As to

3  Yelland, the Court has observed that the Government failed to designate him as an expert in this

4  trial and that "[h]e's not a summary witness. He's a percipient witness in that he prepared a

5  business record, and that comes in."[4] Tr. 13:18–29; 24:17–19 (Feb. 28, 2024).

6  ## C.   The Lynch Subpoena

7  On March 5, 2024, Lynch served his subpoena on HP. Resley Decl. ¶ 2, Exh. 1. The

8  Lynch Subpoena is breathtaking in its broad sweep, as is clear from a verbatim recitation of the

9  request:

10  All records and communications between October 1, 2011 and January 31, 2014
   relating to the bases for the restatement of Autonomy Systems Limited's ("ASL")
11  2010 accounts and the filing of ASL's 2011 accounts (collectively, the "ASL
   Restatement"), including:

12
   A. Christopher Yelland's communications with representatives of PwC,
13     Morgan Lewis, Ernst & Young ("EY"), Deloitte, and/or HP's in-house
       legal department regarding the ASL Restatement and/or the internal
14     investigation by Morgan Lewis and PwC;

15  B. Antonia Anderson's communications with representatives of PwC, Morgan
       Lewis, EY, Deloitte and/or HP's in-house legal department regarding the
16     ASL Restatement and/or the internal investigation by Morgan Lewis and
       PwC;

17
   C. Documents and communications generated or received by HP, its affiliates,
18     and its advisors and consultants, such as work product, memoranda,
       supporting schedules, internal communications between Yelland, Anderson
19     and/or others, or similar documents, explaining the bases for restating each
       of the transactions at issue in the ASL Restatement.

20
   For the avoidance of doubt, this subpoena seeks all documents in the above
21  categories in unredacted form. Where redacted versions of the documents have
   previously been produced, or documents have previously been withheld from
22  production, to the United States Department of Justice or the Securities and
   Exchange Commission based on assertions of the attorney-client privilege, the
23  attorney work product doctrine, or any other similar privilege, we are seeking
   unredacted versions of all responsive documents.

24
   Lynch has suggested that he is justified in using a Rule 17 subpoena to make such overly

25  broad requests because EY previously produced a single document—pursuant to an MLAT

26

27  [4] To ensure Yelland's testimony remains limited to that of a percipient witness, the Court noted
   that "it would be helpful [for the Government] to write out Mr. Yelland's testimony" for the

28  Court's review, to which the Parties agreed. Tr. 25:15–23 (Feb. 28, 2024).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO                           3       NOTICE OF MOTION AND MOTION TO QUASH
                                                SUBPOENA; MPA ISO MOTION
                                                Case No. 3:18-cr-577 (CRB)

1    request—that Lynch speculates may be one of many. As Lynch's counsel stated during the

2    pretrial hearing on February 21, 2024:

3        None of that was known at the *Hussain* trial because that document had not been
         produced yet. And many more like it are still being withheld on privilege grounds,
4        so we have no basis to cross-examine Mr. Yelland and say: Our inquiries
         determined that that transaction didn't have any economic substance.
5
         The inquiries are not reflected in the documents on that trolley or in the index of
6        materials that counsel says the summary chart was based on. We have no idea
         what they are, save for this one memorandum and a few scraps of e-mails that
7        made it through the privilege filter. I don't know if that was a mistake on their part
         or what, but they paint a very different picture than the one that was presented at
8        the Hussain trial.

9        Tr. 18:10–22 (Feb. 21, 2024).

10       Hoping to narrow the disputes before this Court, HP counsel provided Lynch the Bates-

11   label ranges of all documents supporting the summary charts, followed by a meet-and-confer

12   between HP counsel and Lynch counsel on March 11, 2024. Resley Decl. ¶ 3–4. Nevertheless,

13   and in spite of the Court's ruling of February 28, 2024 that Anderson would not testify at all

14   about the Restatement, Tr. 13:21–23 (Feb. 28, 2024), Lynch refused to modify or withdraw any

15   of the broad requests made in the Lynch Subpoena. Resley Decl. ¶ 4.

16                                   **III.    ARGUMENT**

17       **A.    The Lynch Subpoena Far Exceeds the Limits of Discovery Permitted Under
                 Rule 17(c)**
18
         Lynch may not engage in a fishing expedition by serving an overly broad Rule 17(c)
19
     subpoena. *See United States v. Villa*, 503 F. App'x. 487, 489 (9th Cir. 2012) (internal quotations
20
     omitted) (quashing subpoena because "Rule 17(c) was not intended as a discovery device, or to
21
     allow a blind fishing expedition seeking unknown evidence"). Discovery under Rule 17 must be
22
     narrowly tailored. Although Rule 17(c) provides that a party may compel a "witness to produce
23
     any books, papers, documents, data, or other objects," *see* Fed. R. Crim. P. 17(c)(1), this Court
24
     has observed that it "is not as broad as its plain language suggests." *United States v. Reyes*, 239
25
     F.R.D. 591, 597 (N.D. Cal. 2006). As the Supreme Court has made clear, Rule 17(c) subpoenas
26
     are "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698; *see*
27
     *also United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH-1 (MEJ), 2016 U.S. Dist.
28

MORGAN, LEWIS &
BOCKIUS LLP                                            4              NOTICE OF MOTION AND MOTION TO QUASH
ATTORNEYS AT LAW                                                          SUBPOENA; MPA ISO MOTION
SAN FRANCISCO                                                             Case No. 3:18-cr-577 (CRB)

1  LEXIS 40587, at \*7–8 (N.D. Cal. Mar. 28, 2016) (holding "a Rule 17(c) subpoena reaches only

2  *evidentiary* materials—not all *discoverable* materials") (emphasis in original). A proponent may

3  not seek records "on the possibility that the events may not have happened as described" by

4  witnesses or victims, or where he does not know if helpful information exists in the requested

5  materials. *United States v. Johnson*, No. CR 94-0048 SBA, 2007 U.S. Dist. LEXIS 95834, at \*10-

6  11 (N.D. Cal. Dec. 24, 2007). Further, Rule 17(c) does not permit a defendant to bypass the

7  limitations of discovery provided by the government pursuant to Rule 16. *Id.* at \*5 (citing

8  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)); *United States v. Rodriguez*, No.

9  2:11-0296 WBS, 2016 WL 6440323, at \*1 (E.D. Cal. Oct. 28, 2016) ("The discovery tools

10  available to defendants in criminal cases are limited, and are to be found elsewhere in the Federal

11  Rules of Criminal Procedure, not in Rule 17.").

12      Lynch's request for "[a]ll records and communications" relating to the ASL Restatement

13  during a period of more than two years reads like a broad *civil* discovery request, not a narrowly

14  tailored request for known evidentiary materials in a federal *criminal* proceeding. Furthermore,

15  Lynch bases the entire sweeping Lynch Subpoena on having found *a single document* (explained

16  above) that he claims establishes that there may be other similar documents. This is woefully

17  inadequate—especially where that one document is privileged and inadmissible (despite Lynch's

18  conclusory and unfounded assertions of a blanket privilege waiver). *See Laub v. Horbaczewski*,

19  No. CV 17-6210-JAK (KSX), 2020 WL 7978227, at \*8 (C.D. Cal. Nov. 17, 2020) (ruling it

20  "patently disproportional" to compel production of all Series C documents based on the slim

21  possibility that one Series C document was relevant). The speculation that "there must be more

22  where that came from" is not a basis for a Rule 17 subpoena. Rule 17 is not a discovery tool. The

23  theoretical existence of documents, the contents of which Lynch purports to have no idea about,

24  cannot serve as the basis for a Rule 17 request. Indeed, it is the quintessential example of a

25  fishing expedition. For that reason alone, the Court should quash the Lynch Subpoena.

26      **B.**    **The Lynch Subpoena Fails to Meet the *Nixon* Factors**

27      As the proponent of the Lynch Subpoena, Lynch must establish that each request (1) seeks

28  *admissible* evidence; (2) is sufficiently *specific*; *and* (3) is *relevant* to the crimes charged. *Nixon*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1  418 U.S. at 700; *see also Reyes*, 239 F.R.D. at 598. Lynch cannot satisfy any of the three required

2  elements here, providing additional, independent grounds for the Court to quash the Lynch

3  Subpoena.

### 1.  Lynch Seeks Documents That Are Not Admissible

5  The subpoena proponent must make a "sufficient preliminary showing that . . . [the

6  requested material] contains evidence admissible with respect to the offenses charged." *Nixon*,

7  418 U.S. at 700. Admissibility "is governed by the Federal Rules of Evidence." *United States v.*

8  *Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH, 2016 U.S. Dist. LEXIS 78798, at *4 (N.D. Cal.

9  June 16, 2016). Information sought for impeachment purposes does not meet the admissibility

10 requirement. *See Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses

11 is insufficient to require its production in advance of trial."). Moreover, hearsay is presumptively

12 inadmissible, and so this Court is among those that have quashed Rule 17(c) subpoenas

13 requesting hearsay. *Reyes*, 239 F.R.D. at 600 (quashing subpoena requests seeking inadmissible

14 hearsay); *see also United States v. Collins*, No. 11-CR-00471-DLJ (PSG) 2013 U.S. Dist. LEXIS

15 36361 *4-5 (N.D. Cal. Mar. 15, 2013) (same).

16 Here, Lynch seeks *all* records and communications relating to the bases for the ASL

17 Restatement—that is, out-of-court statements that Lynch seeks to prove the truth of the matter

18 asserted—the very definition of hearsay. Fed. R. Evid. 801(c). Specifically, Lynch seeks the

19 following materials, which are presumptively hearsay:

20 • Yelland's and/or Anderson's communications with representatives of PwC, Morgan
     Lewis, Ernst & Young, Deloitte, and/or HP's in-house legal department regarding the
21   ASL Restatement and/or the internal investigation by Morgan Lewis and PwC.

22 • Documents and communications generated or received by HP, its affiliates, and its
     advisors and consultants explaining the bases for restating each of the transactions at
23   issue in the ASL Restatement.

24 In *Collins*, the court quashed the defendants' Rule 17 subpoena to the third-party victim

25 on the grounds that the subpoena sought inadmissible hearsay—namely, as in this case, writings

26 and recordings, such as chat logs and "written and electronic mail and notes or memoranda of

27 meetings or conversations," reflecting the victim's investigations into the crimes for which the

28 defendants were charged, including but not limited to investigation by the victim's employees,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1 consultants, and contractors. 2013 U.S. Dist. LEXIS 36361 at *3, 4-5. *See also United States v.*
2 *Sanchez*, No. CR S-05-0443 WBS, 2007 U.S. Dist. LEXIS 103945, *3 (E.D. Cal. Jan. 9, 2007)
3 (denying authorization to issue Rule 17(c) subpoena because, *inter alia*, "[w]itness interviews,
4 memoranda, notes, reports, and the debriefings of third parties would clearly appear to be
5 hearsay"); *Reyes*, 239 F.R.D. at 600 (finding that Rule 17(c) requests for summaries, notes, and
6 memoranda related to interviews are inadmissible hearsay). If Lynch wishes to admit these
7 hearsay documents, he must demonstrate that they qualify as an exception to the hearsay rule.
8 Fed. R. Evid. 802. There is no hearsay exception that is applicable here, and Lynch has identified
9 none.

10       Lynch apparently wishes to use these documents in his cross-examination of Anderson
11 and Yelland. *See* Tr. 18:11–14 (Feb. 21, 2024) ("[M]any more [documents] like it are still being
12 withheld on privilege grounds, *so we have no basis to cross-examine Mr. Yelland* and say: Our
13 inquiries determined that that transaction didn't have any economic substance.") (emphasis
14 added). However, this Court has already ruled that Yelland may not testify as an expert or a
15 summary witness; rather, he may testify only as a lay witness. Tr. 13:18–29; 24:17–19 (Feb. 28,
16 2024). As such, Yelland may not himself rely on or convey hearsay evidence. *United States v.*
17 *Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay
18 evidence when testifying as a lay witness . . . he exceeded the bounds of properly admissible
19 testimony."); *see also United States v. Gadson*, 763 F.3d 1189, 1211 (9th Cir. 2014) ("[L]ay
20 opinion testimony may not convey or rely on hearsay, because it is not helpful to the jury.").
21 Indeed, the Court has made clear that Yelland's testimony must be confined to "vanilla"
22 statements, such as, "'I did a restatement. I looked at the figures. I came to a different
23 conclusion.'" Tr. 13:13; 9:19–20 (Feb. 28, 2024). He may not discuss what he relied on to
24 formulate his opinion or otherwise disclose any inadmissible hearsay that formed the basis of his
25 opinion. Similarly, this Court has ruled that Anderson will not testify about the ASL Restatement.
26 Tr. 13:21–23 (Feb. 28, 2024). Given the Court's existing rulings, none of the hearsay evidence
27 covered by the Lynch Subpoena is likely to be implicated by either Yelland's or Anderson's
28 direct testimony; and the cross-examination purposes for which the Lynch Subpoena would seek

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1  to use these extrinsic materials is insufficient to support admission into evidence. *See Nixon*, 418

2  U.S. at 701.

3  ## 2. The Requests Fail the "Specificity" Requirement

4  Each request made under a Rule 17(c) subpoena must specifically identify particular items

5  that a defendant believes in good faith are in existence. *Nixon*, 418 U.S. at 700. The specificity

6  requirement "is not satisfied if a defendant does not know what the evidence consists of or what it

7  will show . . . . Likewise, a defendant's mere hope the documents will produce favorable evidence

8  will not support the issuance of a subpoena." *United States v. Aguilar*, No. CR 07-00030 SBA,

9  2008 U.S. Dist. LEXIS 63114, *18 (N.D. Cal. Aug. 1, 2008) (internal citations and quotations

10  omitted) (denying authorization for 17(c) subpoena for information regarding two telephone

11  numbers over a seven-month period because it was "vague and unspecific"); *see also United*

12  *States v. Stukenbrock*, No. 5:15-cr-00034-EJD-1 (HRL), 2016 U.S. Dist. LEXIS 171563, *6

13  (N.D. Cal. Dec. 9, 2016) (quashing subpoena even with a narrowed date range, because "it

14  appears that he seeks very broad information about [] bank accounts merely with the hope of

15  finding something helpful").

16  Courts are particularly wary of requests for "any" or "all" documents of a certain type or

17  category. As this Court observed:

18  A demand for any and all documents relating to several categories of subject
      matter rather than specific evidentiary items, suggests the subpoena's proponent
19  seeks to obtain information helpful to the defense by examining large quantities of
      documents, rather than to use Rule 17 for its intended purpose—to secure the
20  production for a court proceeding of specific admissible evidence.

21  *Reyes*, 239 F.R.D. at 606 (internal quotations omitted); *see also Pac. Gas & Elec. Co.*, 2016 U.S.

22  Dist. LEXIS 40587, at *16 (quashing requests for "complete personnel files" of named

23  employees, "all payments to" those employees, and "all records and communications" regarding

24  the retention of counsel for those employees); *United States v. Phoenix*, No. 5:14-cr-00318-LHK,

25  2015 U.S. Dist. LEXIS 141373, *7 (N.D. Cal. Oct. 15, 2015) (quashing subpoena where requests

26  did not identify "particular documents from particular custodians," but rather recited "broad

27  categories of documents"); *Aguilar*, 2008 U.S. Dist. LEXIS 63114, at *18 ("Courts will generally

28  find the use of broad requests, such as for 'all files' or 'all records' pertaining to a given subject,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1  not sufficiently specific."); *Laub*, No. CV 17-6210-JAK (KSX), 2020 WL 7978227, at *8 (ruling

2  it "patently disproportional" to mandate production of "all" of a type of document based on the

3  possibility that one of that type of document was relevant).

4      Here, the Lynch Subpoena demands "*[a]ll* records and communications between

5  October 1, 2011 and January 31, 2014"—a period of two years and four months—concerning the

6  bases for the ASL Restatement, to or from Yelland or Anderson or generated or received by HP,

7  its affiliates, and its advisors or consultants. This is an expansive request that encompasses

8  hundreds of thousands of emails, letters, chat logs, SMS/text messages, voicemails, phone logs,

9  notes, reports, memoranda, agreements, and other records from hundreds of custodians. As

10  evidenced by a comment made by Lynch's counsel at the meet-and-confer that "we don't know

11  what we don't have," Resley Decl. ¶ 4, Lynch is improperly "casting a wide net with the goal of

12  reeling in something to support it." *United States v. Reyes*, 239 F.R.D. 591, 606 (N.D. Cal. 2006).

13  This is the quintessential "fishing expedition" that courts repeatedly have quashed. For instance,

14  in *Reyes*, the court quashed a subpoena that demanded "any and all information related to stock

15  options issued between 1994 and 1999 by a multi-million dollar company," holding it to be an

16  abuse of Rule 17(c). *Id.* at 605–06. By contrast, the court in *United States v. MacKey* upheld a

17  district court's order to compel production because the defendant "[s]pecifically sought . . . a

18  Brooks Brothers diary and a desk-type calendar." 647 F.2d 898, 899 (9th Cir. 1981).

19      Here, similar to *Reyes*, Lynch is demanding voluminous materials in the hope that he may

20  find some relevant pieces of information. Such a fishing expedition is not the proper basis of a

21  proper Rule 17(c) subpoena. Accordingly, the Court should quash the Lynch Subpoena for this

22  reason alone.

23          **3.    Lynch Seeks Documents That Are Not Relevant**

24      A proponent of a Rule 17(c) subpoena may only request documents that have a "sufficient

25  likelihood" of being "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700.

26  "In assessing relevance, the court must determine whether the requested material has any

27  tendency to make a fact more or less probable than it would be without the evidence and *whether*

28  *that fact is of consequence in determining the action.*" *United States v. Stukenbrock*, No. 5:15-cr-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1  00034-EJD-1 (HRL), 2016 U.S. Dist. LEXIS 171563, *4 (N.D. Cal. Dec. 9, 2016) (internal

2  quotations omitted) (emphasis added). It is not enough that the information sought has "some

3  potential for relevance." *United States v. Roque*, No. CR 13-829 PA, 2014 U.S. Dist. LEXIS

4  197123, at *5 (C.D. Cal. Aug. 18, 2014).

5      Here, Lynch requests records "pertaining to materials far beyond the scope of the

6  Indictment," which is improper. *United States v. Salvagno*, 267 F. Supp. 2d 249, 253–54

7  (N.D.N.Y 2003). Each charge against Lynch relates to fraudulent activity prior to October 2011—

8  *before* HP commenced its internal investigation and began restating the transactions at issue in

9  the ASL Restatement. As such, the requested documents are not relevant to the charges in the

10  indictment. *See United States v. Burke*, No. S-05-0365 FCD, 2009 U.S. Dist. LEXIS 90287, at *8

11  (E.D. Cal. Sept. 16, 2009) (denying request for issuance of Rule 17 subpoena where, among other

12  concerns, "the time period requested for records far exceeds the relevant time period in the

13  indictment"); *United States v. Mason*, No. CR 05-324-RE, 2008 U.S. Dist. LEXIS 34537, at *5

14  (D. Or. Apr. 25, 2008) (quashing subpoena for documents that pre-dated or post-dated the FBI's

15  investigation of the defendant); *Salvagno*, 267 F. Supp. 2d, 253–54.

16      Furthermore, the materials sought are not relevant to a "fact of consequence" in this case.

17  *See Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 40587, at *19 (quashing subpoena request

18  where proponent did not make showing that documents sought would be relevant the case).

19  Specifically with respect to Anderson's and Yelland's communications, the information contained

20  therein cannot be relevant because this Court already has ruled that Anderson may not testify to

21  the ASL Restatement and Yelland may testify only as a lay witness and solely to lay a foundation

22  for the document—i.e., *not* a fact of consequence in this matter. Tr. 13:18–23 (Feb. 28, 2024).

23  Accordingly, Lynch fails the third and final *Nixon* factor, and the Court should quash the Lynch

24  Subpoena for this reason alone.

25      **C.  The Court Should Quash the Lynch Subpoena on Additional Grounds**

26      Even if Lynch could satisfy all three *Nixon* factors—which he cannot—the Court should

27  quash the Lynch Subpoena because it (1) seeks material protected by the attorney-client privilege

28  and attorney work product doctrine; (2) demands statements of prospective witnesses in

10

1  prohibition of Rule 17; and (3) is unduly burdensome and oppressive.

2  **1.  Lynch Improperly Seeks Privileged Information**

3  As this Court has ruled, "a Rule 17(c) subpoena should be quashed or modified if it calls

4  for a privileged matter," whether under the attorney-client privilege or the attorney work-product

5  doctrine. *Reyes*, 239 F.R.D. at 598 (internal quotations omitted). Nevertheless, all of Lynch's

6  requests demand privileged information. In fact, the Lynch Subpoena expressly demands

7  "unredacted versions of all responsive documents," including documents that were previously

8  produced in redacted form or withheld on the basis of attorney-client, attorney work product, or

9  other protection.

10  **a.  The Lynch Subpoena Seeks Materials Subject to the Attorney-Client Privilege**

11  A recipient may seek to quash a Rule 17(c) subpoena on the grounds that it seeks material

12  protected by the attorney-client privilege. *United States v. Tomison*, 969 F. Supp. 587, 597 (E.D.

13  Cal. 1997) (citing *In re Grand Jury Subpoena*, 31 F.3d 826 (9th Cir. 1994)). This extends not

14  only to requests for "communications made in confidence by a client to an attorney for the

15  purpose of seeking professional legal advice," *Reyes*, 239 F.R.D. at 598, but also to

16  communications with third parties that were engaged to assist counsel in providing legal advice.

17  *See Todd v. STAAR Surgical Co.*, No. CV-14-05263 MWF (RZX), 2015 WL 13388227, at *5

18  (C.D. Cal. Aug. 21, 2015) ("[It is] well-established that the attorney-client privilege may extend

19  to communications with a third party where that third party has been retained as an agent for the

20  purposes of assisting a lawyer in providing legal advice to a client."). A privilege-holder does not

21  waive the attorney-client privilege if he inadvertently produces a "small number" of privileged

22  documents in the course of producing millions of documents. *See Transamerica Computer Co.,*

23  *Inc. v. Int'l Bus. Machs.* Corp., 573 F.2d 646 (9th Cir. 1978).

24  Here, Lynch demands communications between HP personnel and HP's in-house legal

25  department and outside counsel, Morgan Lewis, as well as confidential communications between

26  HP and PwC, which Morgan Lewis retained to assist in advising HP. He also demands unredacted

27  versions of previously produced materials that had been redacted or withheld on privilege

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1  grounds.

2      As Lynch's counsel revealed on February 21, 2024, and again at the meet-and-confer with

3  HP counsel on March 11, 2024, the Lynch Subpoena is based solely on assumptions made from a

4  *single* document that EY produced pursuant to an MLAT request, which contains privileged

5  communications from Morgan Lewis and PwC concerning interviews they conducted. Tr. 17:9–

6  18:11 (Feb. 21, 2024). Lynch asserts that the Morgan Lewis and PwC communications, which

7  were "cut and paste[d]" by Yelland's colleague into a memorandum and sent to EY, Tr. 18:6–9

8  (Feb. 21, 2024), constitute a wholesale waiver. Lynch is wrong. To the extent that a privilege-

9  holder inadvertently produces a small number of privileged documents—in the course of

10  producing millions of documents—that does not effect a blanket waiver. *See Transamerica*

11  *Computer Co., Inc. v. Int'l Bus. Machs.* Corp., 573 F.2d 646 (9th Cir.1978).

12      In *Transamerica,* the Ninth Circuit held that IBM, by virtue of its inadvertent production

13  of certain documents in a prior unrelated lawsuit in which it was also a party, did not waive its

14  right to claim in the pending case that those documents were privileged and therefore not

15  discoverable by the plaintiff. *Id.* The Court further explained that IBM's inadvertent production of

16  a limited number of privileged documents, under the extraordinary circumstances of the

17  accelerated discovery proceedings in the prior case, was effectively "compelled." *Id.* at 647, 651.

18  The court noted that, given that IBM had produced millions of documents to the other side, it was

19  statistically inevitable that, despite the extraordinary precautions that IBM employed, some

20  privileged documents would escape detection by the IBM reviewers. *Id.* HP, similar to IBM, has

21  produced millions of documents to the opposing side in connection with the Hussain Trial and the

22  present trial. The inadvertent production of a *single* document containing privileged

23  communications should not and, under governing case law, does not constitute wholesale waiver.

24  *See also United States v. Gangi,* 1 F. Supp.2d 256, 266 (S.D.N.Y.1998) ("Where numerous

25  documents are involved and thousands of pages are produced, errors are more understandable.");

26  *In re Wyoming Tight Sands Antitrust Cases*, 1987 WL 93812, at *5 (D. Kan. 1987) (175 F.R.D. at

27  578 ("Common sense suggests that a party might inadvertently fail to keep within its grasp one or

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

1    two documents in the course of producing 1,500,000.").[5]

2        Likewise, Lynch's demand for unredacted versions of materials that were previously

3   produced in redacted form or withheld due to privilege is similarly unfounded. If a redacted

4   document is protected by attorney-client privilege, there is no basis to compel production of an

5   unredacted version. *See Santella v. Grizzly Indus., Inc.*, 286 F.R.D. 478, 484 (D. Or. 2012).

6        Lynch is not entitled to privileged materials and the unintentional production of one

7   document does not change that fact. Accordingly, the Court should quash the Lynch Subpoena to

8   the extent it requests materials protected by the attorney-client privilege.

9                 **b.**     **The Lynch Subpoena Seeks Attorney Work Product**

10       The attorney work-product doctrine "protects from discovery documents and tangible

11   things prepared by a party or his representative in anticipation of litigation." *In re Grand Jury*

12   *Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004) (internal citations omitted). This includes "written

13   statements, private memoranda and personal recollections prepared or formed by an adverse

14   party's counsel in the course of his legal duties." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). It

15   also extends to documents created by a consultant working for an attorney. *In re Grand Jury*

16   *Subpoena*, 357 F.3d at 907. It is immaterial whether or when litigation begins; if a document was

17   prepared or obtained "because of the prospect of litigation," then the attorney's work product is

18   protected from disclosure. *Id.* at 906–10.

19       Here, the Lynch Subpoena requests documents generated by HP, its affiliates, its advisors,

20   and its consultants that explain the bases for restating each of the transactions at issue in the ASL

21   Restatement. These documents were created by, or at the request or direction of, HP's legal

22   advisors in anticipation of litigation with Lynch and others and, therefore, are attorney work

23   product to which Lynch is not entitled. Lynch's demand for unredacted versions of materials

24   previously produced with redactions or withheld as attorney work product is similarly unfounded.

25

---

26   [5] Indeed, in the Hussain Trial, this Court prevented admission of—and struck from the record
27   references to—an arguably privileged document that HP had inadvertently produced—and which
     defense counsel attempted to admit—because it contained legal advice. Hussain Trial Tr.
28   5201:12–5207:5 (Apr. 17, 2018). The Court held that its inadvertent production did not constitute
     waiver. *Id* at 5205:19.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1    *See Goff v. Harrah's Operating Co.*, 240 F.R.D. 659, 660–61 (D. Nev. 2007) (holding that

2    redacted portions of previously produced documents, which contained litigation strategy plaintiff

3    prepared as he was "shopping" his case to attorneys, were protected by work product privilege).

4        Accordingly, the Court should quash the Lynch Subpoena's requests for documents

5    protected by the work-product privilege.

6                    **2.    Lynch Improperly Seeks Witness Statements**

7        Rule 17 explicitly states that "[n]o party may subpoena a statement of a witness or of a

8    prospective witness. . . ." Fed. R. Crim. P. 17(h); *see also United States v. Johnson*, No. 14-cr-

9    00412-THE, at *4 (N.D. Cal. Nov. 13, 2014) ("Rule 17(c) subpoenas may not be used to obtain

10   the statement of a witness or of a prospective witness before they have testified, also known as

11   Jencks Act materials.") (internal quotations omitted). Nevertheless, Lynch demands that HP

12   produce evidence of statements witnesses made in interviews conducted as part of HP's internal

13   investigation. This is an improper use of a Rule 17(c) subpoena and another basis for the Court to

14   quash the Lynch Subpoena.

15                   **3.    Lynch Seeks to Impose an Unreasonable and Oppressive Burden on
                           Non-Party Victims**

16

17   "[T]he court may quash or modify [a] subpoena if compliance would be unreasonable or

18   oppressive." Fed. R. Crim. P. 17(c)(2). This is clearly applicable here, where HP has produced

19   millions of documents—including nearly 16,000 pages supporting Yelland's summary charts and

20   the ASL Restatement—to the Government, which has produced them to Lynch. Resley Decl. ¶ 3.

21   Lynch's demands would require hundreds if not thousands of hours of work at substantial cost to

22   HP. Restating a company's previous financial statements is an enormous undertaking, especially

23   when there are significant accounting irregularities. Indeed, it took HP over two years to complete

24   the ASL Restatement. Lynch's broad, non-specific requests would require HP to identify, contact,

25   and interview scores of potential document custodians to determine whether they have responsive

26   documents. Potentially responsive documents, which could amount to millions of pages, would

27   need to be collected from individual computers and other sources; reviewed for responsiveness

28   and privilege, and/or other confidentiality issues that may protect the materials from disclosure;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

1    redacted to protect confidential or privileged information; and then processed for production in an

2    appropriate format. It would be virtually impossible for HP to compile a response to the Lynch

3    Subpoena during an ongoing trial and would cost HP hundreds of thousands of dollars.

4             That is, without question, unreasonable and burdensome. *Phoenix*, 2015 U.S. Dist. LEXIS

5    141373, at *8-9 (holding that the burden on a third party recipient of a Rule 17 subpoena would

6    be "undue, especially in the short period of time provided where recipient would need to review

7    190,000 emails and other materials, which "would require hundreds of hours and substantial

8    costs"); *see also Rodriguez*, 2016 WL 6440323, at *2 (quashing subpoena as unreasonable and

9    oppressive where, *inter alia*, "[c]omplying with the subpoena would require the movant to review

10   terabytes of electronic data, a lengthy and extremely costly process"). The law is well settled: the

11   burden that Lynch seeks to place on HP is impermissible. Accordingly, the Court should quash

12   the Lynch Subpoena for this reason alone.

13                            **IV.**    **CONCLUSION**

14             For the foregoing reasons, HP respectfully requests that the Court quash the Lynch

15   Subpoena in its entirety. In the event that the Court orders HP to produce certain categories of

16   documents, HP respectfully requests that the Court grant a protective order to designate the

17   documents as protected materials.

18

19

20

21

22

23

24

25

26

27

28

                   15                NOTICE OF MOTION AND MOTION TO QUASH
SUBPOENA; MPA ISO MOTION
Case No. 3:18-cr-577 (CRB)

1

2    Dated:  March 25, 2024                              Respectfully submitted,

3

4                                                        By: _Susan Resley_____

5
                                                         SUSAN D. RESLEY
6                                                        MADELEINE AYER
                                                         MORGAN, LEWIS & BOCKIUS LLP
7                                                        One Market, Spear Street Tower
                                                         San Francisco, CA 94105
8                                                        Telephone:  (415) 442-1000
                                                         Facsimile:  (415) 442-1001
9                                                        susan.resley@morganlewis.com

10
                                                         MARTHA B. STOLLEY
11                                                       MORGAN, LEWIS & BOCKIUS LLP
                                                         101 Park Avenue
12                                                       New York, NY 10178-0060
                                                         Telephone:  (212) 309-6000
13                                                       Facsimile:  (212) 309-6001
                                                         martha.stolley@morganlewis.com
14

15                                                       MICHAEL LI-MING WONG
                                                         WILLKIE FARR & GALLAGHER LLP
16                                                       333 Bush Street
                                                         San Francisco, CA 94104
17                                                       Telephone:  (415) 858-7400
                                                         Facsimile:  (415) 858-7599
18                                                       mlwong@willkie.com

19
                                                         *Attorneys for Hewlett Packard, Inc. and*
20                                                       *Hewlett Packard Enterprise*

21

22

23

24

25

26

27

28

MORGAN, LEWIS &                                          16              NOTICE OF MOTION AND MOTION TO QUASH
BOCKIUS LLP                                                              SUBPOENA; MPA ISO MOTION
ATTORNEYS AT LAW                                                         Case No. 3:18-cr-577 (CRB)
SAN FRANCISCO