# Exhibit G

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Release of All Claims (hereafter "Agreement") is entered into this ___ day of November, 2010 (the "Effective Date") between Brent Hogenson ("Hogenson"), and Interwoven, Inc., a Delaware Corporation (referred to herein as "Interwoven" or the "Company"), on behalf of itself and its parents, including but not limited to Autonomy Corporation plc and Autonomy Inc., predecessors, successors and their respective parent corporations, affiliates, related, and/or subsidiary entities, and all of their past and present directors, shareholders, officers, partners, employees, agents, insurers, and attorneys, and all other persons acting by, through, under or in concert with it (collectively referred to as the "Parties").

WHEREAS, Hogenson's last day of employment with Interwoven was July 28, 2010 (the "Termination Date");

WHEREAS, a dispute has arisen between Hogenson and Interwoven and its ultimate parent corporation Autonomy Corporation plc, a public limited company organized and existing under the laws of England and Wales and Autonomy, Inc., a New Jersey Corporation ("Autonomy"), in that Hogenson alleges that Interwoven wrongfully terminated the employment of Hogenson, and in that Interwoven alleges that Hogenson breached his employment agreement and violated Company policies;

WHEREAS, each Party denies the other's allegations that they engaged in any improper or illegal conduct; and

WHEREAS, to settle their dispute and to avoid the costs and inconvenience of litigation and appeals, the parties have negotiated a settlement of the disputed claims which is set forth below;

THEREFORE, in exchange for the good and valuable consideration set forth herein, the adequacy of which is specifically acknowledged, the Parties hereby agree as follows:

1. Consideration. In addition to the covenants and mutual releases contained herein, the Parties agree to the following consideration for signing this Agreement:

    (a) Payment by Interwoven: Interwoven agrees to pay Hogenson the total sum gross of Seven Hundred Fifty Thousand Dollars ($750,000.00) (the "Payment"). Interwoven or Autonomy shall wire the Payment one business day after Hogenson's execution of the Agreement. Such wire shall be sent to: the Bergeson LLP Trust Account, Union Bank of California, 99 Almaden Blvd., Suite 200, San Jose CA, 95113, Routing No. 122000496, Trust Account/IOLTA No. 4740007896. The receipt of the Payment by Hogenson in the manner specified herein shall be a condition precedent to the enforcement by Autonomy of any term of this Agreement and failure to deliver such shall be a material breach of this Agreement by Autonomy. Hogenson will be responsible for any and all taxes, interest, and penalties that may be imposed with respect to the payments contemplated by this Agreement (including, but not limited to, those imposed under Internal Revenue Code Section 409A) and agrees to indemnify and defend the Company for any consequence to Company arising from his failure to pay his personal and individual taxes. Hogenson acknowledges and represents that the Company has

Page 1 of 9

EXHIBIT
43
SF-3853

FOIA Confidential Treatment Requested

BHOGE003250
US_SEC_EX 00000278

EXH 13059-0001

paid all salary, wages, bonuses, accrued vacation, severance, dues, fees, stock, stock options, vesting, commissions and any and all other benefits and compensation due to him in full.

(b) <u>Affidavit by Hogenson</u>: Hogenson shall deliver an affidavit relating to his knowledge of Autonomy's accounting policies and practices. The Parties shall use such affidavit, if ever, exclusively in the manner outlined therein. A copy of the affidavit shall be signed by Hogenson and forwarded to Autonomy contemporaneously with the execution of this Agreement, the receipt of which by Autonomy is a condition precedent to the enforcement by Hogenson of any term of this Agreement and failure to deliver such shall be a material breach of this Agreement by Hogenson. Unless otherwise indicated in the affidavit itself, which language shall be controlling notwithstanding any provision of this Agreement, the affidavit shall be deemed part of the "Settlement Information" described in paragraph 6 below and shall be subject to the confidentiality requirements set forth in paragraph 7 below.

2. <u>Release by Hogenson.</u>

(a) Hogenson, on behalf of himself and his executors, heirs, representatives and assigns, hereby agrees to release and forever discharge Autonomy and all predecessors, successors and its and their respective parent corporations, affiliates, related, and/or subsidiary entities, and all of their past and present directors, shareholders, officers, partners, agents, insurers, and attorneys, and all other persons acting by, through, under or in concert with any of them (collectively, the "Autonomy Releasees"), from (1) any and all claims, debts, demands, accounts, judgments, rights, causes of action, equitable relief, damages, costs, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including, but not limited to, attorneys' fees and costs), whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected (collectively, "Claims"), which Hogenson has or may have had against any of the Autonomy Releasees based on any events or circumstances arising or occurring on or prior to the date hereof, including without limitation any and all claims relating to or arising from Hogenson's employment relationship with Interwoven and/or the termination of that relationship; (2) all claims related to his compensation or benefits from the Company, including wages, salary, bonuses, commissions, vacation pay, expense reimbursements (to the extent permitted by applicable law), severance pay, fringe benefits, stock, stock options, or any other ownership interests in the Company; (3) all claims for breach of contract, wrongful termination, and breach of the implied covenant of good faith and fair dealing; (4) all tort claims, including without limitation claims for fraud, defamation, emotional distress, and discharge in violation of public policy; and (5) all federal, state, and local statutory claims, including without limitation claims for discrimination, harassment, retaliation, attorneys' fees, or other claims arising under the federal Civil Rights Act of 1964 (as amended), the federal Americans with Disabilities Act of 1990, the federal Worker Adjustment and Retraining Notification Act (as amended) and similar laws in other jurisdictions, the Employee Retirement Income Security Act of 1974 (as amended), the Family and Medical Leave Act of 1993, and the California Fair Employment and Housing Act (as amended) and similar laws in other jurisdictions, but not including claims under the federal Age Discrimination in Employment Act of 1967, as amended that may arise after the date you sign this Agreement. This Agreement includes a release of claims of discrimination or retaliation on the basis of workers' compensation status, but does not include workers' compensation claims for benefits. Hogenson warrants and represents that he is unaware of any basis for filing a claim for workers compensation benefits.

FOIA Confidential Treatment Requested

BHOGE003251
US_SEC_EX 00000279

EXH 13059-0002

(b) Hogenson agrees that the release set forth in this section shall be and remain in effect in all respects as a complete general release as to the matters released. This release does not extend to (1) any obligations incurred under this Agreement; (2) any vested rights under pension or retirement plans; (3) any rights Hogenson may have to indemnification under California Labor Code Section 2802 or any other applicable statute, agreement, and/or bylaws or articles of incorporation of Interwoven and/or Autonomy; (4) any obligations which cannot be released by law; (5) any rights Hogenson may have to unemployment benefits under applicable state law; and (6) any non-waivable right Hogenson may have to file a charge, testify or participate in an EEOC, SEC, or FSA investigation, hearing or proceeding, provided, however, that by signing this Agreement, Hogenson understands and agrees that Hogenson is waiving the right to bring a lawsuit against Autonomy and the Autonomy Releasees and waives his right to any personal recovery in any action brought by the EEOC or any other state, federal, or other governmental agency on his behalf.

3. Release by Interwoven  Interwoven, on behalf of itself and all predecessors, successors and their respective parent corporations, affiliates, related, and/or subsidiary entities, including but not limited to Autonomy Corporation plc and Autonomy Inc., and all of their past and present directors, shareholders, officers, partners, employees, agents, insurers, and attorneys, and all other persons acting by, through, under or in concert with it hereby agrees to release and forever discharge Hogenson, on behalf of himself and his executors, heirs, representatives and assigns, (collectively, the "Hogenson Releasees"), from any and all claims, debts, demands, accounts, judgments, rights, causes of action, equitable relief, damages, costs, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including, but not limited to, attorneys' fees and costs), whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected (collectively, " Released Claims"), which Interwoven has or may have had against such persons or entities based on any events or circumstances arising or occurring on or prior to the date hereof, including without limitation any and all claims arising out of or relating to Hogenson's employment relationship with Interwoven or the termination of that relationship, Hogenson's employment agreement with Interwoven, and any and all Company policies including but not limited to those related to authorization of payments to third parties, internal company investigations, and the preservation of evidence.

4. Waiver of Unknown Claims. The parties acknowledge that they have been advised of and are familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Being aware of said code section, the Parties hereby expressly waive any rights they may have thereunder, as well as under any other statutes or common law principles of similar effect. Thus, notwithstanding the provisions of section 1542, or any other statue of common law principle of similar effect, and to implement a full and complete release of all claims, the Parties expressly acknowledge this Agreement is intended to include in its effect, without limitation, all Claims not known or suspected to exist in their favor at the time of signing this Agreement, and

FOIA Confidential Treatment Requested

BHOGE003252
US_SEC_EX 00000280

EXH 13059-0003

that this Agreement contemplates the extinguishment of any such Claim or Released Claims. The Parties warrant they have read this Agreement, including this waiver of California Civil Code section 1542, and have consulted counsel about this Agreement and specifically about this waiver of section 1542, and that they understand this Agreement and the section 1542 waiver. The Parties therefore freely and knowingly enter into this Agreement. The Parties acknowledge that they may later discover facts different from or in addition to those they now know or believe to be true regarding the matters released or described in this Agreement, and even so agree the releases and agreements contained in this Agreement shall remain effective in all respects notwithstanding any later discovery of any different or additional facts. The parties assume any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts now unknown relating to those matters.

5. **Affirmation Regarding Claims Asserted.** Except as to the claims explicitly identified in Hogenson Affidavit, and except as to Hogenson's written communications with the FSA on or about July 26, 2010, July 28, 2010, August 4, 2010, and August 15, 2010 and written communications with the SEC on or about August 20, 2010 and August 21, 2010, copies of which have been provided to Autonomy, and oral communications with the FSA on three separate occasions approximately between July 26 and August 7, 2010 relating to non-substantive administrative matters. Hogenson represents that he has not filed or initiated any compliance review, action or proceeding, claim, arbitration or lawsuit, or participated in the same, individually or as a member of a class, against any of the Autonomy Releasees under any contract (express or implied) or any federal, state or local law, statute or regulation pertaining in any manner to any of the Released Claims.

6. **Nondisparagement.** Hogenson agrees that neither he nor anyone acting by, through, or in concert with him, shall, orally or in writing, disparage, defame, or slander, Autonomy or its business, directors, officers, products, services or business practices, or any of the Autonomy Releasees to the extent doing so would disparage, defame, or slander, Autonomy (including, without limitation, Interwoven) or its business, directors, officers, products, services or business. Hogenson also agrees not to tortiously interfere with Autonomy's actual or prospective business relationship or expectancies, provided, however, that nothing in the Section 6 shall prohibit Hogenson from engaging in any act allowed by law not otherwise prohibited by this Section 6. Autonomy and Interwoven agrees that neither it nor anyone acting by, through, or in concert with it shall, orally or in writing disparage, defame, or slander Hogenson, including but not limited to Hogenson's job performance during his employment by Interwoven, his behavior, or his character. Hogenson and Interwoven agree to direct any request for job reference/verification relating to Hogenson's employment at Interwoven to the Company's Head of Human Resources (currently, Susan Solat) and, in that case, Interwoven will provide only Hogenson's dates of employment, last position held, and salary. Notwithstanding the foregoing, and subject to compliance with the terms of this Agreement, nothing herein is intended to or shall prohibit either Hogenson or Autonomy from responding or testifying truthfully if called upon and legally required to do so in any court action, administrative proceeding, regulatory proceeding, investigation, or if otherwise compelled by legal process to do so.

7. **Confidentiality.** The Parties hereby agree to maintain in confidence the existence of this Agreement, the contents and terms of this Agreement, the consideration of this Agreement and Hogenson further agrees to maintain in confidence all Interwoven and/or Autonomy

FOIA Confidential Treatment Requested

BHOGE003253
US_SEC_EX 00000281
EXH 13059-0004

Proprietary Information (as such term is defined in the Interwoven Employee Invention Assignment and Confidentiality Agreement executed by Hogenson on or about November 19, 2003) as well as any and all other internal information related to Interwoven and/or Autonomy, its business, and his employment relationship therewith but excluding the fact that Hogenson was employed by Interwoven, his dates of employment and his title (hereinafter collectively referred to as the "Settlement Information"). The Parties agree, covenant, and promise that, except to the extent required by law, they shall keep confidential and not publicize or disclose the Settlement Information in any manner whatsoever, whether in writing or orally, to any person, directly or indirectly, or by or through any agent or representative, other than to the following: (1) their attorneys; (2) their accountants; (3) their tax consultants or financial advisors; (4) Hogenson's spouse, and (5) such other representatives or entities required by law and/or court order. With respect to any individuals referred to in this Paragraph, subparts (1) through (5) to whom the Parties disclose any Settlement Information, the Parties agree that they will inform such individual(s) that the information is strictly confidential and may not be reviewed, discussed or disclosed, orally or in writing with any other person, organization or entity. The parties agree that either Hogenson's or Interwoven's or Autonomy's (or any of their respective agent's) breach of this Section 7's agreement to maintain in confidence the Settlement Information shall be a material breach of this Agreement, the non-exclusive remedy for which shall be monetary damages caused by said breach, which in the case of Hogenson shall be deemed to be no less than the consideration paid to Hogenson under paragraph 1(a) of this Agreement, plus interest, costs, and attorneys' fees involved in recovering such damages. It shall be no defense in such an action for Hogenson to claim that the disclosure of Settlement Information was inadvertent, mistaken, justifiable, excusable, immaterial, advised by counsel or resulted in minimal or no harm to Interwoven. In the event of any inquiry about the disputed matters resolved by this Agreement, the Parties agree to respond only that the matter was resolved.

Hogenson covenants that prior to execution of this Agreement he has discussed the potential for litigation based on Interwoven's termination of his employment only with the following persons (1) his spouse; (2) Chris Junker; (3) Percy Tejada; (4) Mr. Tejada's counsel, Chris Cooke, Esq., through Hogenson's counsel; (5) Reena Prasad, (6) Ms. Prasad's counsel, Cliff Palefski, Esq. through Hogenson's counsel; and (7) Ganesh Vaidyanathan.

In the event that a Party is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of any Settlement Information, in whole or in part, the disclosing Party must notify the other Party in writing, with a copy by electronic mail, as provided for in paragraph 12 below, at least ten (10) business days prior to the disclosure in order to provide the other Party with the opportunity to object to such disclosure. To the extent a subpoena or document demand is issued to one of the Parties requesting any of the Settlement Information, including any related documents or correspondence between the Parties or any testimony related to such documents or correspondence, that Party shall as soon as reasonably practicable notify the other Party of the receipt of such subpoena or deposition notice or document demand within two (2) business days of becoming aware of receipt, and shall cooperate in any effort by the other Party to object to or quash such subpoena, or object to or obtain a motion for a protective order related to such deposition notice or document demand.

Nothing in this Section shall preclude the Parties from disclosing this Agreement, or the Settlement Information, in the event of a breach to allow the non-breaching party to enforce its rights under the Agreement. Such disclosure shall be limited to those provisions necessary to

FOIA Confidential Treatment Requested

BHOGE003254
US_SEC_EX 00000282

EXH 13059-0005

remedy the breach. In the event of a dispute between the Parties, the Party moving to enforce the terms of this Agreement shall use its or his best efforts to preserve the confidentiality of this Agreement. Any such enforcement action shall be filed exclusively in the arbitration forum set forth in paragraph 18 below, and, in any subsequent petition to confirm or set aside an arbitration award in court, the Parties shall use their best efforts to file any Settlement Information set forth in their subsequent motions, oppositions or reply briefs, under seal.

8. **No Admission of Liability.** Each party agrees and understands this Agreement constitutes a compromise settlement of disputed claims. The furnishing of the consideration for this Agreement shall not at any time for any purpose be deemed or construed by the Parties or by anyone else as an admission of liability or responsibility by either Party or by any of the respective Releasees. Each party further agrees and understands that Hogenson and Interwoven enter into this Agreement solely for the purpose of avoiding the expense and inconvenience of litigation.

9. **No Assignment of Claims.** The parties represent that they have not heretofore assigned or transferred, nor purported to assign or transfer, to any person or entity, any Claim or any portion thereof or any interest therein.

10. **No Reliance on Representations.** The Parties acknowledge that in entering this Agreement, they do not rely and have not relied upon any representation or statement made by either party or by any of their agents, representatives or attorneys, with regard to the subject matter, basis, or effect of this Agreement or otherwise, except as expressly stated in this Agreement.

11. **Choice of Law.** This Agreement shall in all respects be governed and construed in accordance with the laws of the State of California, including all matters of construction, validity and performance, without regard to conflicts of law principles.

12. **Notices.** All notices, demands or other communications regarding this Agreement shall be in writing and shall be sufficiently given if either personally delivered or sent by overnight delivery, with a copy via electronic mail, addressed as follows:

>If to Interwoven:
>
>General Counsel
>One Market, Spear Tower, 19th Floor
>San Francisco, CA 94105
>Phone: 415 243-9955
>Fax: 415 243-9984
>Email: joels@autonomy.com
>
>If to Hogenson:
>
>Brent Hogenson
>10668 Flora Vista Ave
>Cupertino, CA 95014
>bphogenson@gmail.com
>
>and

FOIA Confidential Treatment Requested

BHOGE003255
US_SEC_EX 00000283

EXH 13059-0006

Daniel J. Bergeson, Esq.
Bergeson, LLP
303 Almaden Blvd.
Suite 500
San Jose, CA 95110
Phone: 408 291-6200
Fax: 408 297-6000
Email: dbergeson@be-law.com

13. <u>Severability</u>. Except as otherwise specified below, should any portion of this Agreement be found void or unenforceable for any reason by a court of competent jurisdiction, the parties intend that such provision be limited or modified so as to make it enforceable, and if such provision cannot be modified to be enforceable, the unenforceable portion shall be deemed severed from the remaining portions of this Agreement, which shall otherwise remain in full force and effect. If any portion of this Agreement is so found to be void or unenforceable for any reason in regard to any one or more persons, entities, or subject matters, such portion shall remain in full force and effect with respect to all other persons, entities, and subject matters. This paragraph shall not operate, however, to sever either party's obligation to provide the binding release to all entities intended to be released hereunder.

14. <u>Understanding and Authority</u>. The parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and represent and warrant that they are competent to covenant and agree as herein provided.

15. <u>Voluntary and Knowing</u>. This Agreement is executed voluntarily and without any duress or undue influence on the parties hereto. The parties acknowledge that:

    (a)    They have had a reasonable time within which to consider this Agreement before executing it;

    (b)    They have read this Agreement;

    (c)    They have been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choice or that they have voluntarily declined to seek such counsel;

    (d)    They understand the terms and consequences of this Agreement and of the releases it contains;

    (e)    They knowingly and voluntarily agree to all of the terms set forth in this Agreement; and

    (f)    They are fully aware of the legal and binding effect of this Agreement.

16. <u>Entire Agreement</u>. This Agreement, contains the entire, final and exclusive agreement of the parties and no promise made by any party or by any officer, attorney, or agent of any party that is not expressly contained in this Agreement shall be binding or valid. Any modification of any provision of this Agreement, to be effective, must be in writing and signed by all parties.

FOIA Confidential Treatment Requested

BHOGE003256
US_SEC_EX 00000284

EXH 13059-0007

17. <u>Binding Effect</u>. Except as otherwise expressly provided herein, the provisions of this Agreement shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, executors and administrators of the parties hereto.

18. <u>Arbitration</u>. In the event of any dispute or claim arising out of this Agreement or any dispute related in any manner whatsoever to Hogenson's employment with Interwoven, the Parties agree that all such disputes shall be fully and finally resolved by JAMS in San Francisco, California. Interwoven shall pay all JAMS' arbitration fees in excess of the amount of court fees that would be required if the dispute were decided in a court of law. Each side shall bear its or his own remaining fees, costs, and expenses in the arbitration, and the arbitrator may apportion fees as provided by law.

19. <u>Proprietary Information</u>. Hogenson confirms that he has signed and remains bound by the terms and conditions of the Interwoven Inventions and Proprietary Rights Assignment Agreement, incorporated by reference in his initial offer letter, to which terms and conditions he consented on or about March 15, 2001.

20. <u>No Future Relationship</u>. Hogenson agrees not to apply for employment with Interwoven, or any of its current or later acquired subsidiaries or affiliates, and forsakes any right to be employed by any of them. The Company's (or any of its subsidiaries' or affiliates') refusal to employ Hogenson shall not be the basis of any cause of action against either or any of them.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

FOIA Confidential Treatment Requested

BHOGE003257
US_SEC_EX 00000285
EXH 13059-0008

21. <u>Cooperation</u>. Hogenson agrees to provide reasonable cooperation to the Company in connection with any pending or future litigation or arbitration brought against the Company and in any investigation the Company may conduct. The Company shall compensate Hogenson for his time at the rate of $200 per hour and shall advance Hogenson's expenses including, but not limited to, any travel expenses airfare, hotel, car rental, etc.) that he may incur with the prior written permission of the Company in connection with providing the Company with the cooperation requested. Notwithstanding the foregoing, nothing herein is intended to or shall prohibit Hogenson from testifying truthfully in connection with any litigation, arbitration, or investigation should he be compelled by law or court order to do so.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have executed the foregoing on the dates shown below.

Brent Hogenson

Signature: _____

Date: November 18, 2010

Interwoven, Inc

Signature: _____

Date: _____, 2010

Approved as to form:

BERGESON, LLP

By: _____
    Daniel J. Bergeson

Attorneys for Brent Hogenson

Date: November 19, 2010

Approved as to form:

By: _____

Attorneys for Interwoven, Inc

Date: _____, 2010

Page 9 of 9

FOIA Confidential Treatment Requested

BHOGE003258
US_SEC_EX 00000286

EXH 13059-0009

21. <u>Cooperation</u>. Hogenson agrees to provide reasonable cooperation to the Company in connection with any pending or future litigation or arbitration brought against the Company and in any investigation the Company may conduct. The Company shall compensate Hogenson for his time at the rate of $200 per hour and shall advance Hogenson's expenses including, but not limited to, any travel expenses airfare, hotel, car rental, etc.) that he may incur with the prior written permission of the Company in connection with providing the Company with the cooperation requested. Notwithstanding the foregoing, nothing herein is intended to or shall prohibit Hogenson from testifying truthfully in connection with any litigation, arbitration, or investigation should he be compelled by law or court order to do so.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have executed the foregoing on the dates shown below.

Brent Hogenson

Signature: _____

Date: _____, 2010

Interwoven, Inc

Signature: _____/s/_____

Date: 11/19, 2010

Approved as to form:

BERGESON, LLP

By: _____
      Daniel J. Bergeson

Attorneys for Brent Hogenson

Date: _____, 2010

Approved as to form:

FUTTERMAN DUPREE DODD CROLEY MAIER LLP

By: _____/s/ Daniel A. Croley_____
      Daniel A. Croley

Attorneys for Interwoven, Inc

Date: Nov. 19, 2010

Page 9 of 9

FOIA Confidential Treatment Requested

BHOGE003259
US_SEC_EX 00000287

EXH 13059-0010

United States District Court
Northern District of California

**Trial Exhibit 13059**

Case No:      CR 18-0577 CRB
Date Entered: _____
 By:          _____
              Deputy Clerk