# Exhibit H

## DECLARATION OF BRENT HOGENSON

I, Brent Hogenson, declare:

1. I am the former President of Interwoven and Chief Financial Officer of the Americas for the Autonomy group of companies. I was first employed by a company called iManage, Inc. on March 19, 2001, and through a series of acquisitions joined the Autonomy group and remained employed through July 29, 2010.

2. Unless otherwise indicated, I make this declaration of my own personal knowledge, and, if called as a witness could and would testify competently to the following facts and nothing to the contrary.

3. I am aware and understand and have been advised by my counsel that this is a sworn declaration made under penalty of perjury under the laws of the United States of America and the similar laws of other jurisdictions. I am aware and understand and have been advised by my counsel that this sworn declaration is intended to have the same legal effect as if I were testifying under oath in a court of law. I am aware and understand and have been advised by my counsel that this declaration may be introduced and admitted in a judicial, quasi-judicial, or administrative proceeding throughout the world, but only as I, Interwoven or Autonomy are permitted to by law, and that it is not to be used for any other purpose.

4. I have specifically agreed not to disclose this declaration, or any of the information contained herein, to any individual or entity other than my legal counsel in this matter, unless compelled by a court of law to do so and after having provided timely written notice to Autonomy Corporation plc ("Autonomy"), in sufficient time for Autonomy to legally oppose (at its cost) such disclosure of information if warranted. I am aware and understand and have been advised by my counsel that Autonomy, or one of its subsidiaries, may be required to provide this declaration, or the information contained herein, in a judicial, quasi-judicial, or administrative proceeding.

5. I have had an opportunity to refresh my recollection on each of the matters set forth in this declaration, and to discuss each of these matters with my independently retained counsel. Should I ever contradict any of the statements made in this declaration in any private or public setting for any

1
DECLARATION OF BRENT HOGENSON



EXHIBIT 42
SF-3853

reason, I understand that this declaration may be offered as an impeaching prior contradictory statement, and, accordingly, I have taken great care to review each and every statement in this declaration for truthfulness and accuracy.

6. In June and July 2010 I raised with Autonomy's management team, its Audit Committee and its independent auditors Deloitte questions relating to the treatment of certain matters in Autonomy's operations. I also passed those questions to the following outside the company: the U.K.'s Financial Services Authority and the United States Securities and Exchange Commission. I also discussed issues relating to those questions with the following people, to the best of my knowledge, while they were employed by Interwoven or Autonomy: Percy Tejada, Ganesh Vaidyanathan, Reena Prasad, Jason Smith, Wayne Harris, Joel Scott, Cynthia Watkins, Steve Chamberlain, Matt Stephan, Chris Junker, John Narbaitz, Rafiq Mohammadi, Stuart Douglas, James Murray, Neil Araujo, and Michael Baldeli. I have not discussed and will not discuss these matters with any other persons, companies or agencies at any time before or after the end of my employment other than as set forth in this paragraph (other than my legal counsel, with whom I understand discussions are privileged).

7. Through my education, training and roles with Autonomy and each of its predecessor companies I gained significant experience in US GAAP accounting. However I have not taken any training courses on IFRS and do not consider myself an expert in IFRS accounting, nor do I have experience or expertise in the differences between US GAAP and IFRS accounting rules. To the best of my knowledge, Autonomy's accounts are prepared under IFRS.

8. I believe that the questions that I raised in June and July 2010 I raised in good faith. I never claimed to be an expert in IFRS accounting, nor claimed to have a complete understanding of IFRS accounting. I did not reach or disclose conclusions under IFRS on the matters that I raised, nor would I be in a position to do so at the time.

9. In addition I understand that in my position as a regional finance executive I would not have had access to the complete books and records of the company. As a result I would not have known if Autonomy's independent auditors had been provided with additional information not within my control. As a result, I understand that I would not have been in a position to reach conclusions on all of the matters that I raised.

FOIA Confidential Treatment Requested

BHOGE003248
US_SEC_EX 00000276

EXH 13058-0002

10. I now understand that some of the matters I raised may have been wrong or immaterial.

11. I understand that all questions I raised to Autonomy's Directors were provided to Deloitte, and that Deloitte has confirmed it received my direct correspondence. I understand that the Directors of Autonomy Corporation plc are ultimately responsible for the company's accounting matters.

12. On the basis of the foregoing, I understand that if Deloitte has reviewed the matter and reported positively to the Autonomy Directors then these matters were independently reviewed in accordance with the company's process.

13. In addition based on the foregoing I can understand that others on my team may have also reached partially informed conclusions based on only having partial information.

14. As noted in paragraph 6 above, I have only had communications involving issues relating to the questions I raised with Autonomy's management team, its Audit Committee and its independent auditors Deloitte, with persons or agencies as set forth therein, and no one else. I have provided to Autonomy, or I understand that Autonomy has available to it, all written communications with such persons or agencies and have disclosed the substance of all oral communications with such persons or agencies, including as noted in Section 6 of this Declaration.

15. In addition based on the foregoing I can understand that to the extent that I raised concerns with third party agencies that matters were not handled correctly under IFRS, such concerns may not have been correct.

I declare under penalty of perjury under the laws of the United States of America and the similar laws of other countries that the foregoing is true and correct, and that this declaration was executed in Cupertino, California on the 8 day of November, 2010.

Brent Hogenson

3
DECLARATION OF BRENT HOGENSON

United States District Court
Northern District of California

**Trial Exhibit 13058**

Case No:   CR 18-0577 CRB
Date Entered: _____
 By:   _____
          Deputy Clerk