1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| USA, | Case No. 18-cr-00577-CRB-1 |
| Plaintiff, | |
| v. | **ORDER RE: HP MOTION TO QUASH** |
| MICHAEL RICHARD LYNCH, | |
| Defendant. | |

The Court has carefully reviewed Hewlett Packard's ("HP") motion to quash and Defendant Lynch's responsive briefing.  See Mot. (dkt. 391); Resp. (dkt. 407); Reply (dkt. 420).   The Court tentatively plans to GRANT HP's motion in part and MODIFY the text of the Rule 17 subpoena in the following way:

~~All records and communications between October 1, 2011 and January 31, 2014 relating to the bases for the restatement of Autonomy Systems Limited's ("ASL") 2010 accounts and the filing of ASL's 2011 accounts (collectively, the "ASL Restatement"), including:~~

A.  Christopher Yelland's communications with representatives of PricewaterhouseCoopers LLP ("PwC"), Morgan, Lewis and Bockius LLP ("Morgan Lewis"), Ernst & Young ("EY"), Deloitte, and/or HP's in-house legal department regarding the ASL Restatement and/or the internal investigation by Morgan Lewis and PwC;

B.  Antonia Anderson's communications with representatives of PwC, Morgan Lewis, EY, Deloitte and/or HP's in-house legal department regarding the ASL Restatement and/or the internal investigation by Morgan Lewis and PwC;

~~C.  Documents and communications generated or received by HP, its affiliates, and its advisors and consultants, such as work product, memoranda, supporting schedules, internal communications between Yelland, Anderson and/or others, or similar documents, explaining the bases for restating each of the transactions at issue in the ASL Restatement.~~

For the avoidance of doubt, this subpoena seeks all documents in the above categories in unredacted form. Where redacted versions of the documents have previously been produced, or documents have previously been withheld from production to the United States Department of Justice or the Securities and Exchange Commission based on assertions of the attorney-client privilege, the attorney work product doctrine, or any other similar privilege, we are seeking unredacted versions of all responsive documents.

In other words, the Court plans to modify the subpoena to remove the first paragraph and subsection C, but retain the rest.  See Subpoena (dkt. 391-1).  The Court will hear argument from the parties **today, April 9, at 4:00pm**.

**IT IS SO ORDERED.**

Dated:  April 9, 2024

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

2