Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, <br><br> Defendants. | Case No.: 3:18-cr-00577-CRB <br><br> Judge: Hon. Charles Breyer <br><br> **DEFENDANT MICHAEL RICHARD LYNCH'S MOTION *IN LIMINE* TO EXCLUDE CUMULATIVE TESTIMONY** <br><br> Court: Courtroom 6 – 17th Floor <br> Date Filed: April 27, 2024 <br> Trial Date: March 18, 2024 |

Last week, the Court indicated its intention to prohibit the defense from calling witnesses that are "not a rehash of what [other examination] has brought out on [previously called witnesses]" unless it can establish that it would be "not repetitive." Apr. 18, 2024 Tr. at 5217. The same standard must apply to the government's witnesses. Applying that standard, the Court should preclude the government from calling former Deloitte auditor Antonia Anderson to present testimony that is cumulative of that already offered by former Deloitte auditor Lee Welham. Anderson was Welham's deputy at Deloitte throughout her work on Deloitte's audits and is no differently situated than Welham on the anticipated testimony.[1]

In week four of its case in chief, the government called Welham to testify about whether information allegedly withheld by Autonomy would have affected Deloitte's assessment when auditing the company's reported revenue. The government then asked Welham guilt-assuming hypotheticals and presented emails and evidence that Welham was not on and did not hear.

The government intends to call Anderson as a vehicle to repeat the same testimony already elicited from Welham. Specifically, in an email to Anderson's counsel, the government stated that it intends to "effectively confront [Anderson] with facts and circumstances suggested by the other testimony of other witnesses that may have been withheld from her as an auditor," *i.e.*, the same facts and circumstances allegedly withheld from Welham. *See* Silverman Decl. Ex. A (Email from Adam Reeves to Counsel for Antonia Anderson, Apr. 7, 2024 12:06 p.m.). It appears the government intends to elicit the same guilt-assuming hypothetical testimony it already got (over the defendants' objection) from Welham. The government will then "confront Anderson" with emails and testimony that Anderson did not receive or hear while at Deloitte. If permitted, this will be at least the *third time* that the government will present the jury with such evidence—*i.e.*, evidence of the alleged oral side agreements involving Capax, the purportedly

---

[1] Welham was on Deloitte's audit team during the entire relevant period, and Anderson has no unique experience. Anderson joined Autonomy in May 2011, shortly before the HP acquisition. However, Anderson has no admissible evidence to present regarding her time at Autonomy. Anderson served as a deputy to Christopher Yelland in working on the ASL Restatement, and—like Yelland—has not been noticed as an expert. As with Yelland, Anderson cannot testify about the ASL Restatement. Nor can Anderson offer expert opinion testimony about the "correct" accounting treatment for transactions that have been impugned in this case.

1  "pretextual" nature of the commercial rationale for software, and the purportedly undisclosed
2  "related party transaction" in the Microlink acquisition—through the percipient witnesses, in its
3  guilt-assuming hypotheticals to Welham, and in a redux with Anderson.  Anderson's relevant
4  experience is wholly contained within Welham's experience, *see supra* n.1, and the government
5  has already had a full, fair, and lengthy opportunity to explore that experience through Welham.
6  The proposed testimony from Anderson is cumulative, unfairly prejudicial, and a waste of time.
7  It should be excluded.

8                                              *    *    *

9       The court may exclude relevant evidence if its probative value is substantially
10  outweighed by a danger of "undue delay, wasting time, or needlessly presenting cumulative
11  evidence."  Fed. R. Evid. 403.  District courts have "considerable latitude" to reject cumulative
12  evidence, even if it would otherwise be relevant.  *Hamling v. United States*, 418 U.S. 87, 127
13  (1974).  "As a practical matter, the court needs the right to impose some limitation on the
14  number of witnesses testifying about a particular fact."  *Loux v. United States*, 389 F.2d 911, 917
15  (9th Cir. 1968).  Courts commonly exclude proffered testimony as cumulative where it has
16  already been addressed by another witness.  *See, e.g.*, *United States v. Larkin*, 779 F. App'x 435,
17  438 (9th Cir. 2019) (affirming limitation of witness testimony that was cumulative of other
18  witness testimony); *United States v. Herrera*, 883 F.2d 1025, at *1 (9th Cir. 1989) (table
19  opinion) (same).

20       The argument for exclusion is even stronger where, as here, the same party that elicited
21  Welham's testimony seeks to elicit a repeat performance of that testimony from Anderson.  *See*
22  *United States v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984) (affirming exclusion of second
23  defense witness as cumulative "because the subject of that testimony was the same as that of [the
24  first defense witness]"); *United States v. Alessio*, 528 F.2d 1079, 1081-82 (9th Cir. 1976)
25  (holding that testimony to "corroborate[]" defense case was cumulative); Order ¶ 4, *United*
26  *States v. Hussain*, No. 16-cr-462-CRB, Dkt. 340 (N.D. Cal. Apr. 16, 2018) ("[T]he testimony of
27  Brice would likely be cumulative of that of Yelland . . . ."); *see also United Foods, Inc. v. W.*
28  *Conf. of Teamsters*, 816 F. Supp. 602, 613 n.10 (N.D. Cal. 1993) (affirming arbitrator's

1  exclusion of witness's testimony on actuarial assumptions as cumulative of more qualified
2  witness).  Regardless of whether testimony is otherwise relevant, Rule 403 provides the Court
3  with discretion to prevent the waste of time inherent in repeating the testimony through a second
4  witness.
5        The Court should exercise its discretion to exclude Anderson's proposed testimony on the
6  same topics addressed by Welham and any attempt to display the same emails and summarize
7  the same testimony a third time.  On April 8 and April 9, 2024, the government presented
8  Welham with documents related to oral agreements, purported linked transactions, and
9  hardware—some of which Welham had never seen.  *See e.g.*, Tr. at 3429:18-23; *id*. at 3445:14-
10  20; *id*. at 3458:5-19; *id*. at 3471:15-19; *id*. at 3486:5-20; *id*. at 3513:16-25.  The government then
11  asked whether this information—allegedly withheld from Deloitte—would have affected
12  Deloitte's assessment of Autonomy's revenue.  The government intends to replicate this
13  testimony with Anderson and ask whether "facts and circumstances suggested by other testimony
14  of other witnesses that may have been withheld" affected Deloitte's opinion.  *See* Silverman
15  Decl. Ex. A.
16        Even if some portion of Anderson's testimony were to be admitted, the Court should
17  exercise its discretion to exclude a third rendition of the same emails and information allegedly
18  withheld from Deloitte.  When questioning Welham, the government asked guilt-assuming
19  hypotheticals in which it asked Welham whether he would have wanted to know whether "there
20  was an undisclosed oral commitment by Autonomy to pay for [software purchased by a VAR]."
21  *E.g.*, Tr. at 3429; *see also id.* at 3435 (same); *id.* at 3473 (asking whether Welham would have
22  wanted to know "[i]f, for the purpose of avoiding detection of any linkage between these two
23  deals, Autonomy coached FileTek to delay the submission of its reciprocal sale to Autonomy").
24  Such guilt-assuming, contested-predicate hypotheticals lack probative value because they will
25  always elicit the government's desired response—every witness will always say that they wanted
26  all information and that any information could have been important to them.  And the
27  government *compounded* the prejudice and waste of time by then questioning Welham on the
28  contents of emails Welham was not on and testimony he did not hear—all of which had already

been presented to the jury once. *E.g.*, *id.* at 3436-39 (government re-presenting exhibit then summarizing contents in order to ask hypothetical questions); *id.* at 3489-91.

The government now appears intent on putting the same emails and testimony before the jury *a third time* for the purpose of eliciting the same meaningless refrain that Deloitte would have wanted to know everything and that anything could be important. The Court has discretion to exclude hypothetical testimony and repeat presentation of evidence that is cumulative and unfairly prejudicial. *See, e.g.*, *Active Sports Lifestyle USA LLC v. Old Navy, LLC*, No. 12-cv-573, 2013 WL 11239385, at *9 (C.D. Cal. Nov. 21, 2013) (excluding hypothetical questions because the "unproductive use of time outweigh[ed] any benefit"); *Cain v. Trans World Airlines Inc.*, 549 F. Supp. 963, 968 (S.D.N.Y. 1982) (Sand, J.) (hypothetical questions are unreliable because they are inherently "conjectural and speculative, and are prone to being self-serving, subjective, and incapable of effective analysis by cross-examination"). The Court should exercise its discretion to exclude such testimony here.

## CONCLUSION

For the reasons stated herein, the Court should exclude the testimony of Antonia Anderson regarding Deloitte's audit of Autonomy and prevent the government from questioning Anderson about exhibits she did not receive and testimony she did not hear.

Dated: April 27, 2024               Respectfully submitted,

                                    */s/ Brian M. Heberlig*
                                    Reid H. Weingarten (Admitted Pro Hac Vice)
                                    Brian M. Heberlig (Admitted Pro Hac Vice)
                                    Michelle L. Levin (Admitted Pro Hac Vice)
                                    Nicholas P. Silverman (Admitted Pro Hac Vice)
                                    Drew C. Harris (Admitted Pro Hac Vice)
                                    **Steptoe LLP**
                                    1114 Avenue of the Americas
                                    New York, NY 10036
                                    Telephone: (212) 506-3900

                                    Jonathan M. Baum (SBN: 303469)
                                    **Steptoe LLP**
                                    One Market Street
                                    Steuart Tower, Suite 1070
                                    San Francisco, CA 94105
                                    Telephone: (510) 735-4558
                                    jbaum@steptoe.com

                                    Christopher J. Morvillo (Admitted Pro Hac Vice)
                                    Celeste L.M. Koeleveld (Admitted Pro Hac Vice)
                                    Daniel S. Silver (Admitted Pro Hac Vice)
                                    **Clifford Chance US LLP**
                                    31 West 52nd Street
                                    New York, NY 10019
                                    Telephone: (212) 878-3437
                                    christopher.morvillo@cliffordchance.com

                                    *Attorneys for Defendant*
                                    *Michael Richard Lynch*