1  Jonathan M. Baum (SBN: 303469)	Christopher Morvillo
2  **Steptoe LLP**	Celeste L. Koeleveld
   One Market Street	Daniel S. Silver
3  Steuart Tower, Suite 1070	(Admitted Pro Hac Vice)
   San Francisco, CA 94105	**Clifford Chance US LLP**
4  Telephone: (510) 735-4558	31 West 52nd Street
   jbaum@steptoe.com	New York, NY 10019
5  	Telephone: (212) 878-3437
6  Reid H. Weingarten	christopher.morvillo@cliffordchance.com
   Brian M. Heberlig
7  Michelle L. Levin	*Attorneys for Defendant*
   Nicholas P. Silverman	*Michael Richard Lynch*
8  Drew C. Harris
9  (Admitted Pro Hac Vice)
   **Steptoe LLP**
10 1114 Avenue of the Americas
   New York, NY 10036
11 Telephone: (212) 506-3900

12

13
                    UNITED STATES DISTRICT COURT
14
                    NORTHERN DISTRICT OF CALIFORNIA
15

16

17 | UNITED STATES OF AMERICA,            Case No.: 3:18-cr-00577-CRB

18         Plaintiff,                    Judge: Hon. Charles Breyer

19    vs.                                **DEFENDANT MICHAEL RICHARD
20                                       LYNCH'S MOTION IN LIMINE TO
   MICHAEL RICHARD LYNCH and             EXCLUDE EXHIBITS 2711-2714 AND
21 STEPHEN KEITH CHAMBERLAIN,            RELATED TESTIMONY**

22         Defendants.

23                                       Date Filed: May 5, 2024

24

25

26

27

28

# TABLE OF CONTENTS

I.   Exhibits 2711-2714 Are Inadmissible Post-Acquisition Evidence Under the Court's May 2, 2024 Order ................................................................................................................ 3

II.  Exhibits 2711-2714 Are Inadmissible Under the Federal Rules of Evidence and Federal Rules of Criminal Procedure ................................................................................ 3

   A.   Exhibits 2711-2714 Are Inadmissible Hearsay Under Fed. R. Evid. 802 ....................... 3

   B.   Exhibits 2711-2714 Are Inadmissible Opinion Evidence Under Fed. R. Crim. P. 16 and Fed. R. Evid. 702 ........................................................................................................... 4

   C.   Exhibits 2711-2714 Are Inadmissible Summary Evidence Under Fed. R. Evid. 1006 and Fed. R. Evid. 403 ..................................................................................................... 5

      1.   Exhibits 2711-2714 are inadmissible argument that will mislead the jury, unfairly prejudice the defense, and waste time.......................................................................... 5

      2.   The government has not complied with the procedural rules of Fed. R. Evid. 1006. .. 8

CONCLUSION ..................................................................................................................... 10

The government seeks to introduce through Antonia Anderson four Excel workbooks as Exhibits 2711-2714. These exhibits contain the transactions that the government argues *should* have been included when, in 2011, Autonomy drafted lists of the top contracts and customers of Autonomy's software products and hosting services. Exhibits 2711-2714, however, were not drafted in 2011; instead, they were drafted at the direction of Morgan Lewis Bockius LLP in 2016[1] and intended to support HP's civil lawsuit and the government's criminal case. The made-for-litigation exhibits are not admissible under either this Court's May 2, 2024 Order or the Federal Rules of Evidence and Federal Rules of Criminal Procedure.

In 2016, HP—at the direction of counsel from Morgan Lewis Bockius LLP and in response to requests from the U.S. Attorney's Office—created versions of those lists that included hardware customers and reseller partners in lieu of end-user customers. The goal was to take an exercise tailored to identification of ongoing customers of Autonomy's core products and services and transform it to support HP's claims in the UK civil case and the government's allegations in the U.S. criminal case, each of which relates to revenue recognition in financial statements. The government now seeks to admit four lengthy exhibits (Ex. 2711-2714) about this 2016 exercise during the testimony of Antonia Anderson. The Court should exclude those exhibits and related testimony for two reasons.

First, the exhibits and testimony are inadmissible under the Court's May 2, 2024 Order in which the Court prohibited the government from questioning Anderson regarding knowledge gained after the October 2011 acquisition. Exhibits 2711-2714 are the product of a 2016 analysis

---

[1] The government previously represented to this Court that Anderson produced the summaries and analyses contained in the Excel workbooks in response to the government's 2016 requests to calculate a list of Top 40 customers/contracts (not limited to software products and hosting services), and then compare her list to that provided by Autonomy during due diligence. Trial Tr. at 2773-74, *United States v. Hussain*, No. 16-cr-462 (N.D. Cal. Mar. 26, 2018). In seeking to cloak the exercise in objectivity, the government emphasized that Anderson performed this work without any understanding of the Top 40 list against which was asked to compare her own list. *Id.*

The government's narrative is false. In reality, Morgan Lewis, HP, and Chris Yelland proactively drafted Exhibits 2712-2714 in early 2016 then offered them to the government. The government then made a follow-up request, which resulted in attorney work product by Morgan Lewis that became Exhibit 2711. To the extent that Anderson participated in the drafting of any of these exhibits—three of which were drafted before she became aware of the process—she operated at the direction of both Morgan Lewis and the government.

performed by Morgan Lewis and work product prepared at the direction of Morgan Lewis by HP, Chris Yelland, and Antonia Anderson.  The testifying witness, Anderson, has conceded that she had no idea that the top contracts and customers lists existed before June 2016.  Anderson was not involved in the 2011 drafting process and has no percipient knowledge from before 2016.  Her exhibits and testimony from 2016 are inadmissible.

Second, the exhibits and testimony are inadmissible under the Federal Rules of Evidence and Federal Rules of Criminal Procedure.  They are hearsay analyses performed at the direction of counsel, opining on which transactions should be listed as the "Top 40" customers and, in some cases, providing narratives regarding whether those transactions were accelerating revenue or were incorrectly missing from the 2011 list.  HP has claimed the exhibits as "attorney work-product" prepared in anticipation of litigation, and the government did not dispute that claim, which precludes any argument that the out of court statements are business records.

Fed. R. Evid. 1006 requires neutrality and efficiency, and Exhibits 2711-2714 are neither neutral nor efficient.  The exhibits are offered to summarize an argument about which transactions should have been included in Autonomy's 2011 list, not to efficiently list the content of a neutral set of documents.  Exhibits 2711-2714 are attorney work product meant to argue one party's position, not neutrally summarize contents that are otherwise unavailable to the jury.  They contain argument about the propriety of including or excluding transactions and evaluating the transactions' "value."  They are contrary to both the letter and spirit of Fed. R. Evid. 1006.

Even if they were otherwise admissible under Fed. R. Evid. 1006, the unfair prejudice, misleading nature, and time-wasting effect of the exhibits merit exclusion under Fed. R. Evid. 403.  If the government wishes to argue that Autonomy's 2011 representations to HP about software and hosting service customers were misleading because they omitted hardware and reseller partners, the government is free to make that argument at the proper time: closing argument.  It does not merit wasting the jury's time or prejudicing the defense in an already complex trial.

### I. Exhibits 2711-2714 Are Inadmissible Post-Acquisition Evidence Under the Court's May 2, 2024 Order

On May 2, the Court ordered that Antonia Anderson's testimony be cabined to what she knew before the October 2011 acquisition. Tr. at 6932-33, 6936-37 (noting that this was consistent with the Court's "light motif to this case" that post-acquisition evidence is inadmissible). Exhibits 2711-2714 violate that Order and should be excluded.

Exhibits 2711-2714 violate the Court's Order because they were each drafted after the acquisition—indeed, one exhibit's metadata proves that it was not even created until almost five years after the acquisition. In approximately April 2016, Chris Yelland, HP, and Morgan Lewis began drafting the summary analyses that became Exhibits 2712-2714. In a series of May-June 2016 meetings, Morgan Lewis and the FBI discussed the list of the top customers, and Morgan Lewis offered to produce those Exhibits and did so on June 14, 2016. In response to government follow-up requests, Anderson and HP prepared what became Exhibit 2711, and produced it on June 29, 2016. As Anderson testified in *Hussain*, HP "prepare[d]" these analyses "during the government's investigation,"[2] not before the acquisition.

Exhibits 2711-2714 and any related testimony post-date the acquisition by over four years. Until she participated in drafting Exhibit 2711 in June 2016, Anderson had not even *seen* the "Top 40" lists. *See* Silverman Decl. Ex. B (July 2016 Anderson FD-302). Exhibits 2711-2714 and Anderson's related testimony are therefore inadmissible under the Court's Order.

### II. Exhibits 2711-2714 Are Inadmissible Under the Federal Rules of Evidence and Federal Rules of Criminal Procedure

#### A. Exhibits 2711-2714 Are Inadmissible Hearsay Under Fed. R. Evid. 802

Exhibits 2711-2714 are out-of-court statements drafted to support HP's litigation against Dr. Lynch and to support the government's investigation. As HP told the government, these

---

[2] In *Hussain*, the government took the position that Anderson prepared all of the exhibits and completely excised Morgan Lewis, HP, and Chris Yelland's role, but she is only listed as the author of Exhibit 2713, not the other three documents. *Compare* Trial Tr. at 2773-74, *Hussain*, (Mar. 26, 2018), *with* Silverman Decl. Ex. A (metadata of Ex. 2711-2714). To the extent Anderson had any authorship, they are derivative of the instructions she was provided by HP's counsel.

Exhibits are protected attorney work-product,[3] *i.e.*, they were drafted by or at the direction of counsel, "because of anticipated litigation [and] would not have been created in substantially similar form but for the prospect of litigation." *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 908 (9th Cir. 2004). The government did not object or try to correct HP's assertion that the exhibits were attorney work product created for use in litigation.

As attorney work product created for use in litigation, Exhibits 2711-2714 are inherently untrustworthy and not a business record under Rule 803(6). *Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981) ("[A] document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness."); *see, e.g.*, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321 (2009) (holding that lab report created due to litigation was not a business record); *Palmer v. Hoffman*, 318 U.S. 109, 113-14 (1943) (holding that accident report created due to litigation risk was untrustworthy and therefore inadmissible); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) ("[T]he district court's finding that [reports] were prepared in anticipation of litigation precludes their admission."); *cf.* Fed. R. Civ. P. 26 adv. comm. note ("Materials assembled in the ordinary course of business . . . are not [protected] under [work product doctrine]."). Because Exhibits 2711-2714 are not business records and no other exception applies, they are inadmissible hearsay.

**B.   Exhibits 2711-2714 Are Inadmissible Opinion Evidence Under Fed. R. Crim. P. 16 and Fed. R. Evid. 702**

At a high level, Exhibits 2711-2714 represent Morgan Lewis, HP's, Yelland's, and Anderson's collective opinion in 2016 about what Autonomy's 2011 lists should have included. None of those entities were involved in the 2011 drafting process and their opinion is based solely on non-percipient information received in 2016, not 2011. In 2016, those entities applied their interpretation of what "revenue" was being discussed in the 2011 list and applied that

---

[3] Silverman Decl. Ex. D (June 29, 2016 cover letter, stating that Ex. 2711 was "protected by … the attorney work product doctrine"); *id.* Ex. E (June 14, 2016 cover letter, stating that Ex. 2712-2714 were "protected by … the attorney work product doctrine").

interpretation to form Exhibits 2711-2714.  That application of interpretative knowledge[4] to facts is paradigmatic opinion testimony prohibited by Rule 702.

At a more micro level, the exhibits contain transaction-specific opinions of Morgan Lewis, HP, Yelland, or Anderson regarding the circumstances of software sales to customers and whether hardware sales should be included in a list of the top purchasers of Autonomy's software products and hosting services; whether Autonomy intended to accelerate revenue recognition, and whether Autonomy's descriptions of the transactions were correct.  *See infra* § II.C.1.  These are opinions created for litigation that must comply with Fed. R. Evid. 702 and Fed. R. Crim. P. 16.  The government has complied with neither, and they are therefore inadmissible.

    **C.**    **Exhibits 2711-2714 Are Inadmissible Summary Evidence Under Fed. R. Evid. 1006 and Fed. R. Evid. 403**

Exhibits 2711-2714 are inadmissible summary evidence for two reasons.  First, Exhibits 2711-2714 are not offered to summarize records—they are offered to *argue which* records should have been included in a compilation.  They are inadmissible under both Fed. R. Evid. 1006 and Fed. R. Evid. 403.  Second, the government has not complied with the procedural rules of Fed. R. Evid. 1006.  It has not noticed Exhibits 2711-2714 as summary evidence, identified the underlying records they summarize, or established that Anderson was the author of Exhibits. Exhibits 2711-2714 are inadmissible and should be excluded.

    **1.**    **Exhibits 2711-2714 are inadmissible argument that will mislead the jury, unfairly prejudice the defense, and waste time.**

Summary charts must "fairly represent" the underlying materials, and cannot extend to pedagogical advocacy.  *Davis & Cox v. Summa Corp.*, 751 F. 2d 1507, 1516 (9th Cir. 1985) (affirming exclusion on this basis); *In re Taco Bell Wage & Hour Actions*, No. 07-cv-1314, 2016 WL at *10 (E.D. Cal. Apr. 8, 2016) (explaining that Fed. R. Evid. 1006 requires that summaries "must … be accurate and nonprejudicial" and "must not make arguments about the inferences

---

[4] To the extent the Court concludes this knowledge is non-specialized, the exhibits would be inadmissible under Fed. R. Evid. 701 because they are not based on percipient knowledge from 2011.

the jury should draw from the documents"). Exhibits 2711-2714 are nothing but pedagogical advocacy—specifically an argument that the contracts and customers listed on the Top 40 lists provided to HP in the data room are not the Top 40 contracts and customers according to criteria selected by HP and its attorneys for purposes of litigation six years after the fact.

Rule 1006 does not permit the government to cherry-pick a selection of underlying records in order to present its narrative. For example, in *United States v. Oloyede*, the government introduced a summary of all wire transfers involving government-identified senders and all check deposits selected by the government. 933 F.3d 302, 310 (4th Cir. 2019). The court held that the charts violated Rule 1006 "because of their selectivity." *Id.* Charts can be used as a surrogate for a neutral selection of voluminous records, but they cannot be based on a subset selected in an effort "to help the jury understand how various related records demonstrate[] a pattern of suspicious activity engaged in by the defendants." *Id.* at 311. Such argumentative selection is pedagogy governed by Rule 611(a), not Rule 1006. *Id.*; *see United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991) ("We have long held that such pedagogical devices … should not be admitted into evidence or otherwise be used by the jury during deliberations.").

Here, the government chose criteria that would lead to the selection of transactions that support its theory of the case, not summarize a neutral set of underlying records—that precludes admission under Fed. R. Evid. 1006. *EEOC v. DHL Express (USA), Inc*., No. 10-cv- 6139, 2018 WL 1161172, at *2-3 (N.D. Ill. Jul. 19, 2018) (excluding two charts under Rule 1006 because "the criteria used to select the data compiled in [the charts] were determined, not by [] the summary witness, but by Plaintiff's attorney," and the attorney "had to exercise some degree of judgment in order to select the criteria that he did"). Exhibits 2711-2714 improperly highlight contracts that were purportedly excluded from the Top 40 chart provided by the government to Anderson (of which she knows nothing from contemporaneous involvement). This is advocacy, plain and simple. The 2011 Top 40 lists were lists of the end customers of Autonomy's software products and hosting services, not every reseller partner or every entity that purchased anything from Autonomy. The government is free to engage in contrary argument, but charts of that argument are pedagogy, inadmissible under Rule 1006. If the government wishes to argue, it

should do so in closing argument, not by directing its witnesses to draft documents to create favorable evidence out of one-sided opinions.

To be admissible, a summary exhibit must be neutral and free from inference. Order at 11, *United States v. Salman*, No. 11-cr-625 (EMC) (N.D. Cal. Sept. 3, 2013), Dkt. 188 ("The Court concludes that these charts go beyond a neutral summary of voluminous underlying documents and present as fact conclusions that require an inferential leap from the underlying documents. As such, they are not admissible evidence under F.R.E. 1006."); *United States v. Graham*, No. 13-cr-37, 2013 WL 6383169, at *2-3 (D. Mont. Dec. 5, 2013) (documents using "inferences" to "clarify and simplify complex . . . evidence . . . to assist counsel in the presentation of argument to the jury" are inadmissible pedagogical devices, not summaries). Exhibits 2711-2714 violate this rule by descending into prohibited argument by inserting prejudicial narrative arguments about whether revenue recognition was "accelerated" via resellers, and whether an improper adjustment was made in connection with an acquisition to "uplift the value of the revenue recognised by $5.5m." Silverman Decl. Ex. C (Ex. 2711, Analysis Tab). Exhibit 2711's "Analysis" tab, alone, has over 1,500 cells that do things like opine on whether sales were "value[d]" correctly by Autonomy, whether customers "should be on the list" based on "softrax billings," whether "it is likely" that a sale would be split between softrax and other billing systems, whether a sale was accurately described by Autonomy as "direct" or is instead a "prepaid resale contract," and whether contracts excluded from the initial 2011 list should have been included and were therefore "missing." *Id.*

To the extent Exhibits 2711-2714 have any minimal probative value, they are inadmissible under Fed. R. Evid. 403. The narratives are grossly prejudicial in mischaracterizing the ordinary use of resellers as somehow improper. The narratives and the inclusion of hardware and reseller revenue present as fact what is only argument, namely, that the due diligence process required Autonomy to include hardware and reseller revenue in the Top 40 lists, whereas the content of the Top 40 lists and whether they were responsive to HP's requests is very much in dispute. Allowing the argumentative charts to masquerade as mere summaries of evidence is therefore highly misleading and unfairly prejudicial. Moreover, these charts are a waste of time.

The government will take these positions at closing argument, and HP's acquiescence in the government's request to take the same position is not probative. It is just a prejudicial waste of time in a trial where the jurors have been promised an end date of May 31.

### 2. The government has not complied with the procedural rules of Fed. R. Evid. 1006.

The government has not noticed Exhibits 2711-2714 as summary exhibits, has not identified the documents underlying those exhibits, and has not established that the exhibits were not drafted by Morgan Lewis. To secure admission under Fed. R. Evid. 1006, the proponent must identify the underlying materials, make them available for inspection, and they must be admissible. *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011); *see In re Taco Bell Wage & Hour Actions*, No. 07-cv-1314, 2016 WL 2755938, at *10 (E.D. Cal. Apr. 8, 2016) (noting that summaries must be disclosed with sufficient time for parties to "check their accuracy prior to trial") (citing Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence Manual, § 9.05[1] at 9–27 (Joseph M. McLaughlin, ed., Matthew Bender 2015)); *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996) ("A proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the opposing party for inspection.").[5] By failing to provide notice and an opportunity to review the source materials, the government has forfeited any argument that they are admissible under Fed. R. Evid. 1006.

Further, Rule 1006 summaries are only admissible where "the chart preparer is available for cross-examination." *United States v. Nelson*, No. 17-cr-533 (EMC), 2024 WL 1244262, at

---

[5] *See also Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985) (affirming exclusion of summaries that were "not ma[d]e available … until just before trial"); *Su v. E. Penn Mfr'g Co.*, No. 18-1194, 2023 WL 2796120, at *3 (E.D. Penn. Apr. 5, 2023) ("Because the Secretary's summary witness has testified that it took him two months to review and edit the Rule 1006 chart, East Penn cannot have had sufficient time—between when it received the summary on January 27, 2023 and when trial began on March 10, 2023—to review the summary when it did not even know from which documents the calculations of uncompensated time were derived."); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 17-cv-01362, 2021 WL 2907893, at *5, n.7 (S.D.W. Va. July 9, 2021) (collecting sources and noting prevailing view that "fundamental fairness" requires disclosure of summary charts sufficiently early that counterparties have a reasonable time to review); *Icon Enters. Int'l, Inc. v. Am. Prod. Co.*, No. 04-cv-1240, 2004 WL 5644805, at *2 (C.D. Cal. Oct. 7, 2004) ("[W]ithout access to the underlying documents, neither Defendants nor this Court can determine whether the summaries 'fairly represent' the underlying documents. Thus, the Court must deny Plaintiff's motion to allow summaries … .").

\*33 (N.D. Cal. Mar. 11, 2024); *Adams v. United States*, No. 03-cv-49, 2009 WL 2590416, at \*4 (D. Idaho Aug. 18, 2009) (citing *United States v. Green*, 428 F.3d 1131, 1134-35 (8th Cir. 2005)).  Here, the government has not and cannot establish that Anderson drafted Exhibits 2711-2714.  Exhibits 2712-2714 were drafted by Morgan Lewis, HP, and Chris Yelland beginning in April 2016 and brought to the government in May 2016.  Silverman Decl. Ex. F (May 20, 2016 email chain in which Morgan Lewis offers to produce Exhibits 2712-2714 after presenting them to government); *id.* Ex. A (metadata showing Ex. 2712 drafting began in April 2016 and Yelland was the author).  Based on Anderson's comments that she was not aware of the top 40 spreadsheets until one month before her July 5, 2016 interview, and that she only worked on documents requested by the government, it appears that she did not participate in drafting Exhibits 2712-2714.  Instead, Exhibits 2711-2714 are attorney work product, i.e., prepared by counsel, or at a minimum, at the direction of counsel.

Anderson's lack of authorship means that the exhibits cannot be offered through her.  In *Adams*, the court explained that the purpose of the authorship requirement is to ensure that the opponent has the opportunity to use cross-examination to "reveal any inaccuracies or omissions." 2009 WL 2590416, at \*4.  That is precisely what was lacking in *Hussain*.  As the Court observed, Anderson had no contemporaneous knowledge of the due diligence process and while the Court "assume[d] there w[ould] be other witnesses" who could testify about whether this chart contained the correct "largest customers or contracts," "not this witness."  Tr. at 3222, *Hussain* (Mar. 27, 2018).  "[S]he had nothing to do with the original lists," and is unable to compare them.  Instead, she merely followed Morgan Lewis' instruction to "[d]o a list of A, B, C, and D."  *Id.* at 3224.  She did not "have any understanding of what's on the first lists," *id.* and cannot answer questions about whether Exhibits 2711-2714 have inaccuracies or omissions.

Morgan Lewis—not Antonia Anderson—appears to be the closest thing to an author of these charts and therefore Anderson cannot testify about them if admitted under Rule 1006. Absent a foundation laid by Morgan Lewis, Exhibits 2711-2714 are inadmissible.

## CONCLUSION

For the reasons explained above, Exhibits 2711-2714 and related testimony should be excluded.

Dated: May 5, 2024                               Respectfully submitted,

*/s/ Nicholas P. Silverman*
Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Christopher J. Morvillo (Admitted Pro Hac Vice)
Celeste L. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*