# EXHIBIT 1

| Slide No. | Description | Objection | Unadmitted Exhibits |
|---|---|---|---|
| 32-33 | "Evidence of backdating" as to MicroLink/DiscoverTech $2.3m deal | **Argument**<br><br>"Evidence of backdating" on Slide 32 argues that backdating occurred.<br><br>Assertion on Slide 33 that "purchase order from MicroLink (DiscoverTech) for $2.0m backdated to '31 December 2009'" is argument.<br><br>This issue is disputed.  Brice cannot speak to whether an agreement in principle was reached before quarter end, which is a question for the jury. | |
| 43, 45 | "Evidence of backdating" as to MicroTech/Vatican in Q1 2010 | **Argument**<br><br>See objection to Slides 32-33. | |
| 48 | MicroTech's Cash and Net Assets at 31 December 2009 | **Document not in evidence**<br><br>Exhibit 13461, MicroTechnologies, LLC Balance Sheets for December 31, 2010 and 2009, is not in evidence.  No foundation for this document has been laid, even though two MicroTech employees testified.<br><br>No evidence this information was available to Autonomy or Deloitte.<br><br>Slide also contains argumentative commentary about contents of balance sheet, such as the accounts payable "appears understated."  Brice is in no position to speculate. | Ex 13461—MicroTech document |
| 59 | MicroTech's bank balance in August 2011: negative $4.3m | **Document not in evidence**<br><br>Exhibit 13135, which is styled as a MicroTech bank reconciliation document, is not in evidence. | Ex 13135 — MicroTech document |
| 63, 66 | "Evidence of backdating" as to Prisa in Q1 2011 | **Argument**<br><br>See objection to Slides 32-33. | |

| 74 | DiscoverTech Requested Cancellation of Purchase Order | **Argument, Misleading**<br><br>It is misleading to quote this email without also including the response from Joel Scott, which makes clear that D. Truitt has misunderstood what Egan told him.  *See* Exhibit 2381 | |
| --- | --- | --- | --- |
| 79, 84 | "Evidence of Backdating" as to Q4 2010 BoA transaction | **Argument**<br><br>See objection to Slides 32-33. | |
| 88 | "MicroTech Inserted as a Paying Agent" | **Argument, Misleading**<br><br>Email makes clear that MicroTech is not just a paying agent but is reselling the software and is "capable of providing many Autonomy services . . . at the bank's sole option." | |
| 94 | Tikit/KPMG | **Mere Difference in Accounting Judgment**<br><br>Welham testified that revenue was appropriately recognized.  Brice cites no new information to come to a different conclusion, only hindsight. | |
| 98 | Adjustments from backdated VAR transactions | **Argument**<br><br>Whether any transactions were backdated is disputed. | |
| 99 | VAR Adjustments | **Argument**<br><br>Includes the disputed backdated transactions. | |
| 106 | Linked Transactions:  FileTek Q4 2009 | **Documents not in Evidence; Reliance on this evidence is misleading and prejudicial**<br><br>Exhibit 438 is an internal FileTek conference call note, and Exhibit 637 is an internal FileTek revenue recognition summary prepared by Bill Loomis using his own accounting methods under US GAAP.  Relying on this document is highly | Ex 438, 637 – FileTek documents |

| | | misleading, especially where Loomis was not asked about it. | |
|---|---|---|---|
| 108 | "FileTek Determined the Fair Value of the Software it Purchased was $0.3m" | **Document not in Evidence; Reliance on this evidence is misleading and prejudicial**<br><br>Exhibit 13160 is an internal FileTek document summary revenue recognition for FileTek's purposes, not Autonomy's, using different accounting standards and amortization.  The document is irrelevant and more prejudicial than probative. | Ex 13160—FileTek document |
| 110 | Linked Transactions: FileTek Q1 2010 | **Documents not in Evidence; Reliance on this evidence is misleading and prejudicial**<br><br>Exhibits 637 is an internal FileTek document.  See objection as to Slide 106. | Ex 637—FileTek document |
| 111 | Email Discussing Timing of Sale and Purchase Involving FileTek | **Documents not in Evidence; Reliance on this evidence is misleading and prejudicial**<br><br>Exhibit 13167 is an internal FileTek documents.  See objections as to Slides 106 and 107. | Ex 13167—FileTek document |
| 112, 113, 123, 124, 171, 178 | Bar Charts summarizing Linked Adjustments; Linked VAR and Linked Adjustments; VAR, Linked and Valuation Adjustments; VAR, Linked, Valuation and Hosting Adjustments; and VAR, Linked, Valuation, Hosting and Royalties Adjustments | **Argument**<br><br>To the extent these bar charts include transactions that should be removed based on objections in this chart, the bar charts should be eliminated or corrected. | |
| 114-122 | Iron Mountain valuation adjustments | **Entirely New Argument/Allegation**<br><br>There has been no evidence about this transaction at the trial.  Although "Iron Mountain" is listed on the Supplementary BOP, there is no indication that "valuation" is the issue.  "Valuation" is beyond the scope of the trial and it is inappropriate for this topic to be | |

| | | presented entirely through an expert with no percipient witnesses. | |
|---|---|---|---|
| 121 | Iron Mountain Software Agreement –Fair Value Justification | **Mere Difference in Accounting Judgment**<br><br>This analysis reflects no more than a difference in accounting judgment. Brice's challenges to the "fair values" in the "Brice Opinion" column have nothing to do with valuation and are therefore not relevant. | |
| 130 | "Customer did not want the software license/software license was inconsequential to the customer." | **Argument/Facts not in Evidence**<br><br>This is disputed. | |
| 133 | Citadel hosting transaction | **No basis for opinion.**<br><br>There has been no evidence about this transaction.  Accordingly, Brice is in no position to opine whether the "[c]ustomer did not want the software license/software license was inconsequential to the customer," one of the factors on Slide 128. | Ex 16458 – not in evidence |
| 134 | Amgen hosting transaction | **No basis for opinion.**<br><br>There has been no evidence about this transaction.  Accordingly, Brice is in no position to opine whether the "[c]ustomer did not want the software license/software license was inconsequential to the customer," one of the factors on Slide 128. | |
| 141 | Accelerated Hosting Restructures | **No basis for opinion.**<br><br>No witness has testified about some of the transactions on the chart, including Charles Schwab, Deutsche Bank and MetLife.  Accordingly, Brice is in no position to opine whether the "[c]ustomer did not want the software license/software license was inconsequential to the customer," one of the factors on Slide 128. | |

| 143-45 | Q3 2009 MicroLink VAR Transaction Prior to Q2 2010 IBM/ Ameriprise Hosting Restructure | **No basis for opinion.**<br><br>There has been no evidence about this transaction.  Accordingly, Brice is in no position to opine whether the "[c]ustomer did not want the software license/software license was inconsequential to the customer," one of the factors on Slide 128. | |
|---|---|---|---|
| 131, 146-48 | Charles Schwab hosting transaction<br><br>(Exhibit 16670 is cited/quoted on Slide 130) | **No basis for opinion.**<br><br>There has been no evidence about this transaction.  Accordingly, Brice is in no position to opine whether the "[c]ustomer did not want the software license/software license was inconsequential to the customer," one of the factors on Slide 128.<br><br>Furthermore, Exhibit 16669 is not in evidence and should not form the basis for any demonstratives. | Ex 16669 – not in evidence |
| 155-57 | Q1 2011 Deutsche Bank Accelerated Hosting Restructure | **No basis for opinion.**<br><br>There has been no evidence about this transaction.  Accordingly, Brice is in no position to opine whether the "[c]ustomer did not want the software license/software license was inconsequential to the customer," one of the factors on Slide 128. | |
| 158 | Bank of America Q1 2011 | **Argument**<br><br>Conclusory reference to "$3.5m backdated", whereas this is disputed. | |
| 159-60 | Cash flows from Bank of America Hosting Arrangements Prior to Restructure | **Document not in Evidence and appears to have been prepared post-acquisition**<br><br>Ex 16793 is not in evidence and it appears to be post-acquisition evidence (dated 2011-2015) | Ex 16793 – prepared post-acquisition |
| 162-63 | Cash Flows from Morgan Stanley Hosting Arrangements Prior to Restructure | **Document not in Evidence**<br><br>Exhibit 16846 is not in evidence -- "Input and Assumptions" | Ex 16846 – not in evidence |
| 164-66 | MetLife | **No basis for opinion.** | |

| | | | |
|---|---|---|---|
| | | There has been no evidence about this transaction.  Accordingly, Brice is in no position to opine whether the "[c]ustomer did not want the software license/software license was inconsequential to the customer," one of the factors on Slide 128. | |
| 167-170 | Misstatements arising from Restructured Hosting and Autonomy Cash Flows Prior to Accelerated Hosting Restructures | **No basis for opinion**<br><br>Incorporates Citadel, Charles Schwab, Amgen, Ameriprise, MetLife, as to which:<br><br>Nothing about these deals is in evidence.  Brice therefore cannot say that the customer did not want the license or that the customer could not have used the license like Citibank or others did | |
| 173-177 | "Advanced Royalties" (regarding Verdasys, EMC Corporation and Rand Worldwide, Inc.), for a total of $11.2 million that should have been recognized ratably over time | **New Argument/Allegation**<br><br>The notion that Autonomy should have recognized royalty revenues instead of pre-paid royalty-based revenues is not alleged in the indictment. | |
| 179-181 | Operating cashflows | **Undisclosed opinion**<br><br>Brice's expert report contained no information about this topic, which was disclosed for the first time last Thursday evening. | |
| 182 et seq | Hardware Revenue | **Mere Difference in Accounting Judgment**<br><br>Brice does not identify facts that were unknown to Deloitte about the hardware sales, costs and revenues. | |
| 187-208 | Hardware delivery | **Argument**<br><br>Brice is arguing facts about when hardware was delivered.  The facts are disputed and it is not for him to choose | Ex 11653 and 11655 – STI documents; |

| | | one version or interpretation of the facts over another.<br><br>In addition, Brice relies on documents not in evidence. | Ex 11655 and 11661 – not in evidence |
|---|---|---|---|
| 219-236 | Autonomy's  Disclosed Revenue Streams | **Argument, Improper Expert Opinion Evidence, Mere Differences in Judgment**<br><br>There is no evidence that information available to Brice is different from that available to Deloitte.<br><br>Brice is simply expressing his disagreement with the way OEM revenues were counted in various categories.  This is putting an "expert" stamp on something that has nothing to do with his expertise.  It's pure argument. Plus, OEM is not an IFRS metric. | |
| 237-240 | The Restatement | **Restatement and Summary Charts have been Excluded from Evidence**<br><br>The Restatement and Yelland Summary Charts are not evidence.  They have been excluded from trial and Brice should  not be permitted to reference them in his testimony.<br><br>Exhibit 2641 is Yelland's summary charts. | Ex 2641 – Yelland's summary charts |