| | |
|---|---|
| Jonathan M. Baum (SBN: 303469) **Steptoe LLP** One Market Street Steuart Tower, Suite 1070 San Francisco, CA 94105 Telephone: (510) 735-4558 jbaum@steptoe.com<br><br>Reid H. Weingarten Brian M. Heberlig Michelle L. Levin Nicholas P. Silverman Drew C. Harris (Admitted Pro Hac Vice) **Steptoe LLP** 1114 Avenue of the Americas New York, NY 10036 Telephone: (212) 506-3900 | Christopher J. Morvillo Celeste L.M. Koeleveld Daniel S. Silver (Admitted Pro Hac Vice) **Clifford Chance US LLP** 31 West 52nd Street New York, NY 10019 Telephone: (212) 878-3437 christopher.morvillo@cliffordchance.com<br><br>*Attorneys for Defendant Michael Richard Lynch* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN,<br><br>　　　　Defendants. | Case No.: 3:18-cr-00577-CRB<br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S RENEWED MOTION *IN LIMINE* TO EXCLUDE IMPROPER SUMMARY WITNESS TESTIMONY**<br><br>Court: Courtroom 6 – 17th Floor<br>Date Filed: May 15, 2024<br>Trial Date: March 18, 2024 |

## I.    INTRODUCTION

Earlier this evening, the Government provided a revised set of slides for the testimony of their summary witness, Special Agent Huebsch.

These slides appear very similar to the prior slide deck, with the following noticeable changes:

- **Fewer Total Slides**: While the prior "Short Form" slide deck from yesterday contained 10 slides (Q1 2009 to Q2 2011), the new deck contains only 5 slides (Q4 2009 to Q1 2011, but missing Q2 2010).
- **Chart "Legend" Removed:** The prior version of the slides included a "legend" on the bottom of each slide identifying the colors used on the bar charts as corresponding to "revenue," "hardware," "adjustments," "failed deals," and "post-cut-off-deals." The new version removes the legend—and, with it, the problematic words the Court criticized—but keeps all the same colors on the bar chart, presumably to be explained in oral testimony.
- **Slightly Less Detail:** The new version of the slides contains slightly less detail. For instance, on the Q1 2010 slide, the prior version identified each of the "failed deals" by name, while the new version contains a large block of the same size in white, indicating the total amount of "failed deals," but not breaking them out individually. Presumably, the deals that comprise these color blocks will also now be explained in oral testimony.

## II.   ARGUMENT

Although the Government has made some cosmetic changes, it has not addressed the issue the Court noted.  The new charts indicate the Government still intends to use its summary witness to offer improper quasi-expert testimony involving judgment and analysis beyond what is permitted from a lay witness under Rule 701(c).

These slide are also improper summary charts. Rule 1006 provides that summary charts may be used "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in Court." Mr. Hussain's spreadsheets are certainly

DEFENDANT MICHAEL RICHARD LYNCH'S RENEWED MOTION *IN LIMINE* TO EXCLUDE IMPROPER SUMMARY WITNESS TESTIMONY – 3:18-CR-00577-CRB

1

voluminous, but the Government's slides do not *summarize* them. Rather, the charts seek to communicate the Government's *conclusions* about the contents of Mr. Hussain's spreadsheets by *analyzing*[1] their contents and applying outside concepts, such as the "cut-off" date, the notion of "failed deals," and the "consensus" number for Wall Street expectations in order to make specific points that are not directly related to the contents of Mr. Hussain's spreadsheets.

The outside concepts—including "failed deals," "cut-offs," and "consensus" numbers—that the slides seek to incorporate into their analysis of Mr. Hussain's spreadsheets are not the kind of clear, unambiguous information that can be presented this way by a summary witness. Nuance and judgment abound in each of these seemingly neutral concepts. For instance, it is not at all obvious from Mr. Hussain's spreadsheets which deals had "failed." Different versions of Mr. Hussain's spreadsheets were produced several weeks apart, and Mr. Hussain is not present to explain why he might have included some transactions on one version of the spreadsheet but not another. Similarly, testimony from Mr. Welham established that revenue can be fairly recognized after quarter-end if the parties have reached an agreement in principle before the close of the quarter, and then reduced it to writing after quarter end. A non-expert witness is not qualified to determine based only on dates of entries in Mr. Hussain's spreadsheets whether a deal was backdated because it was listed after the "Cut-off." Nor is a summary witness in a position to opine on whether "failed" or unclosed deals have been "replaced" with "deferred revenue."

Here are two of the new slides, which are barely distinguishable from the prior version:

---

[1] The title of each slide—"SPREADSHEET ANALYSIS"—makes clear that the purpose of the slides is to analyze, not to summarize.





As the Court can see, these slides are nearly as complex as the prior version. Simply removing the legend from the bottom of the chart, but leaving the colored sections of the bars to be explained in oral testimony, does not address the problem. The judgment and expertise needed to identify which transactions should be shaded white (for "failed deals"); which deals were finalized before a "cut-off" (and therefore impliedly backdated); and other similar conclusions are not proper testimony from a non-expert summary witness.

### III. CONCLUSION

For the foregoing reasons, Dr. Lynch asks the Court to limit the scope of the testimony from the Government's summary witness and to exclude the use of improper summary charts.

Dated: May 15, 2024

Respectfully submitted,

By:   */s/ Celeste L.M. Koeleveld*
Celeste L.M. Koeleveld

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-3437

Jonathan M. Baum (SBN: 303469)
**STEPTOE LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900

*Attorneys for Defendant
Michael Richard Lynch*