1  Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
2  One Market Street
Steuart Tower, Suite 1070
3  San Francisco, CA  94105
Telephone: (510) 735-4558
4  jbaum@steptoe.com

5

6  Reid H. Weingarten
Brian M. Heberlig
7  Michelle L. Levin
Nicholas P. Silverman
8  Drew C. Harris
(Admitted Pro Hac Vice)
9  **Steptoe LLP**
1114 Avenue of the Americas
10  New York, NY 10036
Telephone: (212) 506-3900
11

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com


*Attorneys for Defendant*
*Michael Richard Lynch*

12

13                    **UNITED STATES DISTRICT COURT**

14                **NORTHERN  DISTRICT OF CALIFORNIA**

15

16  UNITED STATES OF AMERICA,

17            Plaintiff,

18       vs.

19  MICHAEL RICHARD LYNCH and
STEPHEN KEITH CHAMBERLAIN,
20

21            Defendants.

22

Case No.: 3:18-cr-00577-CRB
Judge: Hon. Charles Breyer

**DEFENDANT MICHAEL RICHARD
LYNCH'S MOTION TO STRIKE
TESTIMONY OF STEVEN BRICE**


Court:  Courtroom 6 – 17th Floor
Date Filed:  May 16, 2024
Trial Date:  March 18, 2024

23

24

25

26

27

28

I.       INTRODUCTION

Defendant Lynch asks the Court to strike the testimony of Steven Brice because it violates Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702(a). Mr. Brice's testimony

II.      ARGUMENT

A.  The Government Failed to Disclose the Bases for Mr. Brice's Opinion as Required by Rule 16

The new version of Rule 16, effective Dec. 1, 2023, requires that the Government make a detailed expert disclosure, including the specific "bases and reasons" for the expert's opinion. Fed. R. Crim. P. 16(a)(1)(G)(iii). Under the new rule, the government must disclose a "complete statement of all opinions" that its expert will testify to. *Id.* The disclosure must be sufficiently specific to allow counsel "to frame a Daubert motion (or other motion in limine), to prepare for cross examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony." *United States v. Cervantes*, No. CR 12-792 YGR, 2016 WL 491599, at *1 (N.D. Cal. Feb. 9, 2016).

After Mr. Brice's testimony today, it is clear this required disclosure has not occurred. While Mr. Brice's expert report states in Section 1.5.2 that he has "been provided with a significant number of documents," including "the pleadings, disclosure, witness testimonies, expert reports, transcripts and Judgment in the matter of United States versus Sushovan Tareque Hussain" and "the pleadings, disclosure, witness testimonies, expert reports and transcripts in a related case in the High Court in London," this language is far too broad to meet the requirements of Rule 16(a)(1)(G)(iii). Exh. 16986-008. And while Mr. Brice's report does include a detailed list of the items he relied on to form his opinions about each transaction at issue (Appendix F), this Appendix does not identify any testimony as a basis for his opinion. Exh. 16992.

However, during his testimony today, Mr. Brice explained that his expert opinions on individual deals were based on reviewing specific testimony from the Hussain Trial and the UK civil proceeding, and that he reviewed this testimony before he completed his expert report in

this case. Tr. 8766:6-17. It is clear based on these statements that Mr. Brice based his opinions, at least in part, on this prior testimony, but this was not disclosed under Rule 16.

The consequences of a violation of Rule 16 are severe. See *United States v. W.R. Grace*, 526 F.3d 499, 514 (9th Cir. 2008) (en banc) (upholding exclusion of government expert testimony disclosed after discovery deadline); *United States v. Roybal*, 566 F.2d 1109, 1110-11 (9th Cir. 1977) (reversing conviction, emphasizing that disclosing testimony after discovery order resulted in "unfairness and potential prejudice to the defendant" as well as "unfairness and discourtesy to the trial judge"). The Court should remedy the Government's violation of the notice requirement of Rule 16 by striking Mr. Brice's testimony in full, or at the very least striking the portions of his testimony that were based on reviewing undisclosed material.

**B. Because it Offers New Evidence of Transactions Extrinsic to this Trial, Mr. Brice's Testimony Violates Federal Rule of Evidence 702**

During his direct examination over the past two days, Mr. Brice repeatedly testified about facts that are not in evidence in this trial, including transactions that have not previously been mentioned during the past nine weeks of this trial. These include the following:

(1) Testimony about purportedly linked transactions—including VMS (two deals), Vidient (two deals), EMC Corp. and Tottenham Hotspur—that have not been the subject of any testimony. There is no basis in the record from which the jury can conclude that there was no commercial rationale for these transactions or that they were not done at fair value. Yet Brice engaged in an improper two-step process. First, he introduced these transactions into evidence and recounting how they occurred, and then he opined on the accounting treatment of the transactions.

The government has asserted that the defense has been on notice that these transactions would be litigated in this case. But that does not alleviate the concern that expert testimony in an improper way to introduce new fact evidence. By introducing fact testimony through an expert, the burden has effectively shifted to the defense to establish that these deals were correctly accounted for, because an expert has asserted based solely on his limited review and

interpretation of certain documents—including documents not in evidence—and without interviewing a single percipient witness that the deals were somehow improper.

(2)     Testimony about hosting transactions— Citadel LLC ($3.7 million), Koninklijke Ahold NV ($2.8 million), Johnson & Johnson Services ($2.3 million), National Bank of Canada ($3 million), and many others, *see* Tr. 8542:1-11—that have not been the subject of any testimony from witnesses with percipient knowledge about why these entities entered into license hosting transactions or what they intended to do with the license they purchased from Autonomy. The government's theory—endorsed by Brice—is that how to account for a license hosting transaction turn on whether the purchaser of the license intends to use the license independently on its own premises and whether, in the absence of such intent, the purchaser viewed the license as having independent value. While Dr. Lynch disagrees with that theory, if it is correct, the jury must hear from representatives of the companies involved to determine what they intended to do with their license, just as the jury has heard from other witnesses who provided their understanding of what their companies intended at a particular point in time and were subject to cross-examination about that understanding. Instead, the jury first learned about these factual allegations from a prosecution expert. Once again, it falls on Dr. Lynch to rebut that factual assertion, an improper burden-shift prompted by testimony from an expert relying on hearsay without any percipient knowledge.

(3)     Testimony about certain resellers—including Integracion, Sales Consulting (Poste), and Red Ventures SrL—about which the jury has heard nothing, and there is accordingly no basis for concluding that any of the deals that these resellers entered into were in any way improper. Specifically, it cannot be said that these transactions were improperly backdated or that there was any type of oral side agreement or handshake deal.

(4)     Testimony about the Iron Mountain transaction and whether that transaction was conducted at fair value. Not a single witness has testified about the fair value of this transaction. Nevertheless, Brice offered a narrative account of what happened in the transaction and only then opined that it was not fairly valued, again based solely on his review of some documents associated with the transaction. *See* Tr. 8537:25 – 8538:6 ("There was a further adjustment of

5.5 million that was made to the face value of a software agreement with Iron Mountain, face value of 1.5 million and 7 million was recognized following Mr. Chamberlain's OEM analysis. I considered that analysis and didn't consider that the further 5.5 million uplift was justified.").

In that paragraph alone, Mr. Brice provided both improper fact and expert testimony.  Mr. Brice is not a percipient witness and should not be permitted to offer fact testimony about these deals. See *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) (lay witness offering opinion testimony cannot "rely upon" or "convey" in any part hearsay).  The factual basis for transactions should not be presented to the jury via an expert.

Experts are not fact witnesses, and Brice's testimony about the Iron Mountain transaction was improper.  Because these transactions were not previously in evidence, it is improper for Mr. Brice to offer opinion testimony about them. Fed. R. Evid. 702(a) (expert testimony should "help the trier of fact to understand the evidence"). Information about transactions that have never before been mentioned in a trial is not "evidence" that it would be helpful for the jury to better understand. There is no need for opinion testimony about facts that are not in evidence.  The testimony is irrelevant and prejudicial, and wholly improper under Rule 702. An expert may not "rehash[ ] otherwise admissible evidence about which he has no personal knowledge," including when it is presented as "background" to his expert testimony. *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468–69 (S.D.N.Y. 2005). The proper remedy is to strike Mr. Brice's testimony.

**C. Brice's Testimony Based on Prior Witness Statements Violates the Confrontation Clause**

As acknowledged today, Mr. Brice's testimony is based in part on testimonial statements from trials and witness interviews conducted in anticipation of litigation. Tr. 8766:9-10 ("So I did review on – I have reviewed various interviews with witnesses from – from the earlier trial.").  *See United States v. Williams*, No. 05-cr-920, 2010 WL 11474588, at *5 (C.D. Cal. Aug. 13, 2010) ("Testimonial statements have been described as those made 'in response to structured questioning in an investigative environment . . . where the declarant would reasonably expect [the] . . . responses might be used in future judicial proceedings.'") (quoting *United States v. Saget*, 377 F.3d 223, 228 (2d Cir. 2004)).

Allowing Mr. Brice to base his fact and opinion testimony on the testimony of witnesses who are not present in this trial deprives Dr. Lynch of the right to confront the witnesses against him as required by the Sixth Amendment. Worse than merely relying upon testimonial hearsay, Mr. Brice conveyed those testimonial statements to the jury without identifying the speaker or permitting cross-examination. His testimony therefore violated the Confrontation Clause and should be stricken.

**III.    CONCLUSION**

For the foregoing reasons, and as argued on Wednesday, May 15, 2024, in Court, Dr. Lynch asks the Court to strike the testimony of Steven Brice.

Dated: May 16, 2024

Respectfully submitted,


By:  _/s/ Celeste L.M. Koeleveld_
Celeste L.M. Koeleveld

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437

Jonathan M. Baum (SBN: 303469)
**STEPTOE LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone: (510) 735-4558

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

*Attorneys for Defendant*
*Michael Richard Lynch*