Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br><br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S MOTION FOR ADMISSION OF FULL AUDIO RECORDING**<br><br>Court: Courtroom 6 – 17th Floor<br>Date Filed: May 19, 2024<br>Trial Date: March 18, 2024 |

## I. INTRODUCTION

During the testimony of Joel Scott, Counsel for Dr. Lynch offered into evidence the full, 58-minute audio recording of the phone call during which Scott explains to Brent Hogenson why he is firing him. At the time, the Court admitted into evidence the four-minute clip of the recording that was played for the jury (Exh. 8257.2), but deferred ruling on the admissibility of the recording of the full call (Exh. 8257). (TR 6754:4-9: "THE COURT: Well, I'm going to allow in 8257.2 at this point, and I'd like to discuss – discuss the other for a moment. MR. BAUM: Okay. THE COURT: I mean not right now, but, I mean, go ahead and play the portion that you want the jury to hear.")

Even though the government has made the firing of Brent Hogenson one of the centerpieces of its case and called Joel Scott to testify about that event, the government has resisted having the full tape—the definitive record of why Mr. Scott fired Mr. Hogenson—in evidence. Counsel for the government has also suggested to defense counsel that admitting the full recording into evidence when it has not been played for the jury could constitute structural error, but there is no such risk when it is the defendant who offers the full audio tape into evidence.

Dr. Lynch asks the Court to admit the entire 58-minute tape in evidence.

## II. ARGUMENT

In its case in chief, the government offered many hours of testimony about Brent Hogenson's complaints about Autonomy, including direct testimony from Brent Hogenson, Ganesh Vaidyanathan, Percy Tejeda, Reena Prasad, and Joel Scott. The theme of this testimony has been that Autonomy fired Hogenson in retaliation for raising legitimate "whistleblower" complaints, and that Mike Lynch and his colleagues pressured Scott into firing Hogenson for improper reasons.

The tape recording of Scott firing Hogenson is important to rebut the charge that Lynch and his colleagues pressured Scott to fire Hogenson in retaliation for whistleblowing. Scott's

tone and words on the recording make Scott's state of mind clear. The tape shows that Scott firmly believed that Hogenson deserved to be fired because Hogenson had made improper partner payments, failed to supervise his employees in the US Finance Department, and—most importantly—because he obstructed Scott's investigation into the payroll fraud, in direct contravention of Scott's orders. The emotion in Mr. Scott's voice—the frustration and the anger—are as important, if not more so, than the words themselves. That is why the transcripts alone (Exhs. A and B), are insufficient.

The full recording is important evidence in this case and it should be admitted. If the Court believes it is improper to admit the whole 58-minute recording because it wasn't played to the jury, the defense has no objection to playing it to the jury and is prepared to recall Mr. Scott in its own case if it is necessary to do so.  The actual 58-minute recording of the call itself where Scott fired Hogenson is far more probative than the witness testimony the jury has heard to date from other people (Hogenson, Scott, Prasad, Vaidyanathan, Tejeda) speculating 14 years after the fact about what happened on that call.

Additionally, there is no basis for the government's concern that admitting the full tape when it wasn't played for the jury would cause structural error. In *United States v. Noushfar*, 78 F.3d 1442 (9th Cir. 1996), the Ninth Circuit found structural error where the trial court, over defense objection, allowed the jury to take 14 tapes offered into evidence by the government into the jury room along with a tape player.  Because the tapes had not been played in the defendant's presence in the courtroom, the Ninth Circuit found a "violation of Rule 43 and, possibly, the Confrontation Clause." *Id.* at 1445.  No such concerns about a defendant's right to be present at every stage of the trial and to confront the evidence against him apply here, where it is the defendant who is the proponent of the evidence.

### III. CONCLUSION

For the foregoing reasons, Dr. Lynch asks the Court to admit the entire tape in evidence.

Dated: May 19, 2024

Respectfully submitted,

*/s/ Jonathan M. Baum*
Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Christopher J. Morvillo (Admitted Pro Hac Vice)
Celeste L.M. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*