PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE ALLEGED SUMMARY TESTIMONY OF HARRIETT SLACK |
| v. | |
| MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN, | Trial Date: March 18, 2024 |
| Defendants. | |

       Defendant Michael Richard Lynch proposes to call one of his own defense attorneys to testify on his behalf. On Monday, May 21, 2024, at 9:58 p.m., the defense first disclosed 18 alleged "summary slides" (Exhibit 9133, attached), which it intends to offer or display through a Clifford Chance attorney, Harriett Slack, who has represented Dr. Lynch since approximately 2015. The slides are pure argument, have little to no relevance, are cumulative, and largely are not "summaries," but a vehicle for the defense to argue its case and present unnoticed expert testimony. The Court should exclude the testimony under Rules 401, 403, 702, and 1006 of the Federal Rules of Evidence and Rule 16 of the Federal Rules of Criminal Procedure.

The government specifically objects as follows:

- Slide 2, Ex. 9133-002, titled "Autonomy's Footprint." This slide is not a proper summary. It does not summarize voluminous documents but instead emphasizes facts the defense cherry picks from three documents: Autonomy's 2010 annual report, a July 2011 press release, and a PowerPoint. This is argument and will not aid the jury. It should be excluded under Rules of Evidence 401 and 403.

- Slide 5-6, Ex. 9133-005 & 9113-006, titled "Autonomy Share Price: Quarterly Revenue Misses Q2 2009 – Q2 2011" and "Autonomy Share Price: Quarterly EPS Misses Q2 2009 – Q2 2011." These slides are not proper summaries. Although they summarize stock data, they correlate the data to hearsay information in an email by an HP employee who has not testified. There is no to little information about how or why the HP employee cited that hearsay information. This is argument and will not aid the jury. It should be excluded under Rules of Evidence 401 and 403.

- Slide 7, Ex. 9113-007, titled "2010 Gross Margin of Large Technology Companies." This slide is not a proper summary and lacks relevance. The jury will not be asked to make findings regarding the gross margins of other companies. There is no indication how Ms. Slack determined what is a "large technology company" or how her sample was selected or is representative. This is argument and will not aid the jury. It should be excluded under Rules of Evidence 401 and 403.

- Slide 8, Ex. 9113-008, titled "Q1 2009 – Q2 2011: Total Revenue v. Hardware Loss." In this chart, the defense attempts to juxtapose total revenue during a period with the "loss" on hardware sales. It is unclear how Ms. Slack calculates loss. She is not an accountant. She lacks expertise in accounting matters. She was not noticed as an expert. Just as the Court prohibited the government's summary witness (Special Agent Britta Huebsch) from performing mathematical calculations based on data, the Court should do so here. Both parties are free to make these points in closing, but the slide here is argument and will not aid the jury. It should be excluded under Rules of Evidence 401, 403, and 702.

- Slide 8, Ex. 9113-009, titled "Autonomy H1 2011 Financial Metrics With and Without Hardware Sales." In this slide, Ms. Slack purports to calculate certain financial metrics without certain hardware sales. It is unclear how Ms. Slack performs her calculations. She is not an accountant. She

lacks expertise in accounting matters.  She was not noticed as an expert.  Just as the Court prohibited the government's summary witness from performing mathematical calculations based on data and assumptions, the Court should do so here.  Both parties are free to make these points in closing, but the slide here is argument and will not aid the jury.  It should be excluded under Rules of Evidence 401, 403, and 702.

- Slide 15, Ex. 9113-015, titled "UK Software Company Acquisitions >$100M (2007–2011)."  This slide is not a proper summary and lacks relevance.  The jury will not be asked to make findings regarding other acquisitions, let alone "UK" "software company" acquisitions.  There is no indication how Ms. Slack determined how her sample was selected or representative.  This is argument and will not aid the jury, but will instead generate confusion about the relevance of other acquisitions.  It should be excluded under Rules of Evidence 401 and 403.

- Slide 16, Ex. 9113-016, titled "UK Acquisitions >$5B (2007–2011)."  This slide is not a proper summary and lacks relevance.  The jury will not be asked to make findings regarding other acquisitions, let alone "UK" acquisitions above a certain metric.  There is no indication how Ms. Slack determined how her sample was selected or representative.  This is argument and will not aid the jury, but will instead generate confusion about the relevance of other acquisitions.  It should be excluded under Rules of Evidence 401 and 403.

- Slides 17-18, Ex. 9113-017-18, titled "Analyst Target Prices."  These slides appear to cherry pick analyst reports and correlate "target prices" – about which, for the most part, no witness has testified.  This information lacks context and relevance and is therefore excludable under Rules of Evidence 401 and 403.

For these reasons, the Court should exclude or limit the testimony of Harriett Slack and her "summary" slides.

| | | |
|---|---|---|
| 1 | DATED: May 21, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | PATRICK D. ROBBINS<br>Attorney for the United States, Acting Under<br>Authority Conferred by 28 U.S.C. § 515 |
| 4 | | *Robert S. Leach* |
| 5 | | ROBERT S. LEACH |
| 6 | | ADAM A. REEVES<br>KRISTINA GREEN |
| 7 | | ZACHARY G.F. ABRAHAMSON<br>Assistant United States Attorneys |