1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

7    UNITED STATES OF AMERICA,

8                Plaintiff,

9        vs.

10

11   MICHAEL RICHARD LYNCH and
     STEPHEN KEITH CHAMBERLAIN,

12
              Defendants.

Case No.: 3:18-cr-00577-CRB

**DRAFT JURY INSTRUCTIONS**

5/27/2024

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 6.1     DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions, or into anything I may have said or done, any suggestions as to what verdict you should return—that is a matter entirely up to you.

### 6.2    CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves each defendant guilty beyond a reasonable doubt.  In addition, a defendant does not have to testify or present any evidence.  A defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

### 6.5    REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### 3.4    DEFENDANT'S DECISION TO TESTIFY

The defendant(s) has testified.  You should treat this testimony just as you would the testimony of any other witness.

### 3.3    DEFENDANT'S DECISION NOT TO TESTIFY

[If the defendant did not testify:] A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

### 6.6     WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

### 6.7     WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### 2.3     STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

### 3.16    SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### 3.17   CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## 2.5    DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The depositions of Lisa Harris, Poppy Gustafsson, and Marc Geall, which were taken on or about January 2024, were presented to you.  You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.

## 6.8     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 6.9    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 3.9     TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES, IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Alan Rizek, Joel Scott, and Steven Truitt, witnesses who received immunity.  That testimony was compelled and given pursuant to court orders requested by the government which state that the testimony will not be used in any case against these witnesses.

You have heard testimony from Antonia Anderson, a witness who received immunity. That testimony was given in exchange for a promise by the government that the statements or other information will not be used in any case against the witness.

You have heard testimony from Christopher "Stouffer" Egan, a witness who entered into a deferred prosecution agreement for conduct arising out of the same events for which the defendants are on trial.  This deferred prosecution agreement is not evidence against the defendants, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Alan Rizek, Joel Scott, Steven Truitt, Antonia Anderson, and Christopher "Stouffer" Egan, you should consider the extent to which or whether his or her testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

### 3.14    OPINION EVIDENCE—EXPERT WITNESS

You have heard testimony from Steven Brice and Greig Taylor who testified about their opinions and the reasons for those opinions.  This opinions testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

### 6.10   ACTIVITIES NOT CHARGED

You are here to determine only whether the defendant you are considering is guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

## 2.16    PRIOR PROCEEDINGS

You have heard evidence that Dr. Lynch and certain witnesses have provided testimony in prior proceedings.  Keep in mind that you must decide this case solely on the evidence presented to you in this trial.  You are not to consider the fact of a previous proceeding in deciding this case.

### 6.13 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

### 6.18    ON OR ABOUT—DEFINED

The offenses alleged in Counts One through Sixteen are alleged to have been committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

### 15.35   WIRE FRAUD

The defendants are charged in Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements or half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on an omission of a material fact, you must find that the defendant had a duty to disclose the omitted fact arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

## 4.8     KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

### WIRE FRAUD—GOOD FAITH

The good faith of defendant is a complete defense to the charge of wire fraud in Counts Two through Fifteen of the indictment because good faith is, simply, inconsistent with the intent to defraud alleged in those charges.

A person who acts, or causes another to act, on an honestly held belief or opinion is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes material false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that the defendant acted with an intent to defraud or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that defendant acted with the intent to defraud.

**WIRE FRAUD—HEWLETT PACKARD'S CONDUCT**

You have heard evidence regarding Hewlett Packard's process for deciding whether to purchase Autonomy.  You are to consider this evidence to the extent that it helps you determine whether the defendant made false or fraudulent pretenses, representations, or promises as part of a scheme or plan to defraud (see p. __)  You may also consider this evidence to the extent that it helps you determine whether the statements made or facts omitted as part of the alleged scheme were material; that is, whether they had a natural tendency to influence, or were capable of influencing, a person to part with money or property (see p. __)  If you find that these elements have been met, then whether there were additional things Hewlett Packard could have done to avoid being impacted by the alleged misstatements and/or omissions is irrelevant to your verdict.

### 15.33   SCHEME TO DEFRAUD—VICARIOUS LIABILITY

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that took place during the life of the scheme and that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

## RESPONDEAT SUPERIOR

You have heard testimony that Dr. Lynch was the Chief Executive Officer ("CEO") of Autonomy.  You may not infer that Dr. Lynch is guilty of the charged offenses merely from the fact of the position he held at Autonomy.

## 11.1    CONSPIRACY TO COMMIT WIRE FRAUD

The defendants are charged in Count One of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about Autonomy's first quarter 2009, which began in January of 2009, and continuing until in or about October 2011, there was an agreement between two or more persons to commit wire fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

I shall discuss with you briefly the law relating to each of these elements.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes of wire fraud alleged in the indictment as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other

27

hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## 11.4   CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

29

**"WILLFULLY"—DEFINED**

"Willfully" means to act with knowledge that one's conduct is unlawful and with the specific intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law.  The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.  Good faith on the part of the defendant is inconsistent with a finding that the defendant acted willfully.  Thus, if the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing criminal intent rests with the government.  If the government has failed to prove this element beyond a reasonable doubt, you must find the defendant not guilty with respect to the count you are considering.

**11.6    CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of wire fraud as charged in Counts Two through Fifteen of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a co-conspirator committed the crime of wire fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime of wire fraud in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts Two through Fifteen was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen by the defendant based on what he knew at the time to be a necessary or natural consequence of the unlawful agreement.

### 15.47   SECURITIES FRAUD

The defendant Michael Lynch is charged in Count Sixteen with securities fraud in violation of Section 1348 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly executed, or attempted to execute, a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the scheme was in connection with the purchase or sale of securities of Hewlett-Packard Company.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

## 4.1    AIDING AND ABETTING

A defendant may be found guilty of the crimes charged in Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in the commission of the crime.  To prove a defendant guilty of a crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, that the crime was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime charged;

Third, the defendant acted with the intent to facilitate the crime, that is, with specific intent to defraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

### 4.2     WILLFULLY CAUSING

A defendant may be found guilty of wire fraud or securities fraud, even if the defendant did not personally commit the act or acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

## DEFENSE THEORY OF THE CASE

The defense theory of the case is as follows:  [To be provided after the defense rests]

### 6.19    DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## 6.20    CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### 1.9     NO TRANSCRIPT AVAILABLE TO JURY

You will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.

**6.21    USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## 6.22    JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

### 6.23    VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

### 6.24   COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your foreperson or by one or more of members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of either defendant, until after you have reached a unanimous verdict or have been discharged.