## 1.1 Duty of Jury

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases[.] [, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.]

### Comment

*See generally* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.3 (2013).

The Supreme Court emphasized the importance of jury instructions as a bulwark against bias in *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 871 (2017).  Accordingly, the Committee has incorporated stronger language regarding the jury's duty to act fairly and impartially into this instruction, Instruction 1.7 (Credibility of Witnesses), Instruction 6.1 (Duties of Jury to Find Facts and Follow Law), and Instruction 6.19 (Duty to Deliberate).

The United States District Court for the Western District of Washington has prepared a ten-minute video about unconscious bias that can be shown to jurors .  *See* www.wawd.uscourts.gov/jury/unconscious-bias.  In addition, the United States District Court for the Northern District of California has prepared a shortened version of that video to show to potential jurors before jury selection.  *See* www.cand.uscourts.gov/attorneys/unconscious-bias-video-for-potential-jurors.

The second paragraph of this instruction informs the jury that it is the duty of the jury to apply the law as the judge gives it to them, whether they agree with it or not.  This type of caution against jury nullification is permissible.  *United States v. Lynch*, 903 F.3d 1061, 1079 (9th Cir. 2018).  "[N]ullifcation is, by definition, a violation of the juror's oath to apply the law as instructed by the court."  *Id.* (quoting *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997)).  "While jurors have the power to nullify a verdict, they have no right to do so."  *Lynch*, 903 F.3d at 1080 (quoting *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005)).  An anti-nullification instruction will be improper if it states or implies that nullification would place

jurors at risk of legal sanction or otherwise be invalid.  *Lynch*, 903 F.3d at 1080 (holding that district court's admonition that nullification was violation of jury's duty to follow law did not deprive jurors of ability to nullify); *United States v. Kleinman*, 880 F.3d 1020, 1031-32 (9th Cir. 2017) (holding instruction erroneous but harmless that told jury "[t]here is no such thing as a valid jury nullification" and that "[y]ou would violate your oath and the law if you willfully brought a verdict contrary to the law given to you in this case").

*Revised March 2024*

## 1.7 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias [, conscious or unconscious,] based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

### Comment

The Committee recommends that the jurors be given some guidelines for determining

credibility at the beginning of the trial so that they will know what to look for when witnesses are testifying.

      *See also* Instruction 6.9 (Credibility of Witnesses) for the corresponding instruction to be given at the end of the case.

*Revised March 2024*

**4.9 Deliberate Ignorance**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that:

First, the defendant was aware of a high probability that [*e.g.*, drugs were in the defendant's automobile], and

Second, the defendant deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that [*e.g.* no drugs were in the defendant's automobile], or if you find that the defendant was simply negligent, careless, or foolish.

**Comment**

In *United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc), the Ninth Circuit revived its decision in *United States v. Jewell*, 532 F.2d 697 (9th Cir. 1976) (en banc), on which the language of this instruction is based. In so doing, the en banc court reiterated that in deciding whether to give a deliberate ignorance instruction along with an instruction on actual knowledge, "the district court must determine whether the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge. If so, the court may also give a *Jewell* instruction." *Heredia*, 483 F.3d at 922; *see also United States v. Ramos-Atondo*, 732 F.3d 1113, 1120, (9th Cir. 2013) (deliberate ignorance instruction may be given in conspiracy case); *United States v. Yi*, 704 F.3d 800, 805 (9th Cir. 2013) (approving modified version of Instruction 5.8 (now Instruction 4.9) when defendant knew of high probability of asbestos in condominium ceilings and deliberately avoided learning truth); *United States v. Galecki*, 89 F.4th 713, 729 (9th Cir. 2023) (holding no abuse of discretion in giving deliberate ignorance instruction in the context of the Analogue Act).

In the event the court determines to give a *Jewell* instruction, "it must, at a minimum contain the two prongs of suspicion and deliberate avoidance." *Heredia* at 483 F.3d at 924. As the Ninth Circuit explained:

> We conclude, therefore, that the two-pronged instruction given at defendant's trial met the requirements of *Jewell* and, to the extent some of our cases have suggested more is required, *see* page 920 *supra*, they are overruled. A district judge, in the exercise of his discretion, may say more to tailor the instruction to the particular facts of the case. Here, for example, the judge might have instructed the jury that it could find Heredia did not act deliberately if it believed that her failure to investigate was motivated by safety concerns. Heredia did not ask for such an instruction and the district judge had no obligation to give it sua sponte. Even when defendant asks for such a supplemental instruction, it is within the district court's broad discretion whether to comply.

*Id.* at 920-21. Accordingly, the government need not prove that the reason for the defendant's deliberate avoidance was to obtain a defense against prosecution. *Id.*

In *United States v. Hong*, 938 F.3d 1040 (9th Cir. 2019), the Ninth Circuit applied *Heredia* and discussed when a deliberate ignorance (or willful blindness) instruction should be given in the context of a charge of health care fraud.  The Ninth Circuit explained:

> A deliberate ignorance—or "willful blindness"—instruction is only relevant if the jury rejects the government's evidence of actual knowledge. *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc). "In deciding whether to give a willful blindness instruction, in addition to an actual knowledge instruction, the district court must determine whether the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." *Id*. A jury can believe some, but not all, evidence presented by a party. *Id*. at 923. As we have said before, "[t]he government has no way of knowing which version of the facts the jury will believe, and it is entitled (like any other litigant) to have the jury instructed in conformity with [different] rational possibilities. That these possibilities are mutually exclusive is of no consequence." *Id*.  Still, "the district judge has discretion to refuse" the instruction even where its factual predicates are present. *Id*. at 924.

*Hong*, 938 F.3d at 1046-47.

*Revised March 2024*

## 5.10 Self-Defense

The defendant has offered evidence of having acted in self-defense.  Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force.  However, a person must use no more force than appears reasonably necessary under the circumstances.

Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

## Comment

The Ninth Circuit has found that the first two paragraphs of this instruction adequately inform the jury of defendant's defense where "[t]he court also instructed the jury that the prosecution bore the burden of proving beyond a reasonable doubt that the defendant had not acted in reasonable self-defense."  *United States v. Keiser*, 57 F.3d 847, 850-52 (9th Cir. 1995). *See also United States v. Morsette*, 622 F.3d 1200, 1202 (9th Cir. 2010) ("[t]he model jury instruction remains correct")*.

Failure of the trial court to instruct the jury that the government has the burden of disproving self-defense is reversible error.  *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001).  When there is evidence of self-defense, an additional element should be added to the instruction on the substantive offense:  for example, "Fourth, the defendant did not act in reasonable self-defense."

A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (quotation marks and citation omitted); *United States v. Ehmer*, 87 F.4th 1073, 1131 (9th Cir. 2023) (holding that defendant is not entitled to a self-defense instruction unless confronted with an immediate use of force, even if it was "reasonable" to believe that defendant faced an in-the-future "immediate use of unlawful force").

The jury must unanimously reject the defendant's self-defense theory to find the defendant guilty.  *United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008).

This instruction is not appropriate when the defendant is charged with violating the Endangered Species Act.  *See United States v. Wallen*, 874 F.3d 620, 628-29 (9th Cir. 2017) (holding that it was error to apply standard self-defense instruction to defense based on defendant's 'good faith belief'"); *see also United States v. Charette*, 893 F.3d 1169, 1175-76 (9th Cir. 2018) (same).

*See also* Comment to Instruction 3.5 (Character of Victim) for a discussion of the

admissibility of the victim's character where self-defense is claimed.

For self-defense claims involving excessive force, *see United States v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018).

*Revised March 2024*

### 6.1 Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases[.] [, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.]

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

### Comment

*See* Jury Instructions Committee of the Ninth Circuit, A Manual on Jury Trial Procedures § 4.5 (2013).

The Supreme Court emphasized the importance of jury instructions as a bulwark against bias in *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 871 (2017). Accordingly, the Committee has incorporated stronger language, regarding the jury's duty to act fairly and impartially, into this instruction, Instruction 1.1 (Duty of Jury), and Instruction 6.19 (Duty to Deliberate).

*Revised March 2024*

## 6.9 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias[, conscious or unconscious,] based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Revised March 2024*

**6.19 Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases[.] [, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.]

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Comment**

"In the typical case, a . . . general unanimity instruction to the jury adequately protects a defendant's right to a unanimous jury verdict." *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015) (citing *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011)). A specific unanimity instruction is required "if it appears that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *Id*. (internal quotation marks and citation omitted). A specific unanimity instruction may also be necessary in certain circumstances to avoid constitutional error. *See United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008) (trial court appropriately instructed jury it must unanimously reject self-defense theory to find defendant guilty). For further discussion of when a specific unanimity instruction is needed, *see* Comment at Instruction 6.27 (Specific Issue Unanimity).

The Supreme Court emphasized the importance of jury instructions as a bulwark against

bias in *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 871 (2017).  Accordingly, the Committee has incorporated stronger language, regarding the jury's duty to act fairly and impartially, into this instruction, Instruction 1.1 (Duty of Jury), and Instruction 6.1 (Duties of Jury to Find Facts and Follow Law).

*Revised March 2024*

**6.32 Venue**

The Indictment alleges that some act [or acts] in furtherance of the crime charged occurred in [*Name of venue*]. There is no requirement that [all aspects of the crime charged] [the entire conspiracy] take place here in [*Name of venue*]. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that [some act in furtherance of the crime charged] [either the agreement or one of the overt acts in furtherance of the agreement] took place in [*Name of venue*].

[*Define the specific geographic boundaries of the venue, if needed*.]

Unlike all the specific elements of the crime[s] charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that [some act in furtherance of the crime charged] [part of the conspiracy] took place here.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

**Comment**

The Ninth Circuit has explained:

> Controlling circuit law establishes that, although venue is not an element of the offense, nevertheless it still be proved by the government at trial. Venue is a question of fact that the government must prove by a preponderance of the evidence. It is a jury question. Normally it is not for the court to determine venue and *it is error to not give a requested instruction on venue*. Venue is part of the bedrock of our federal system, and proper venue is a constitutional right, not a mere technicality. The district court therefore could not properly decide venue itself and should have submitted the issue to the jury.

*United States v. Moran-Garcia*, 966 F.3d 966, 969 (9th Cir. 2020) (footnotes, quotation marks, and brackets omitted; emphasis added); *see also United States v. Ghanem*, 993 F.3d 1113, 1131 (9th Cir. 2021) ("In future cases with similarly muddled postures, a district court might consider using a special-verdict form requiring a venue finding separate from substantive guilt.").

This instruction is based on the Third Circuit's model criminal instruction § 3.09, the Sixth Circuit's model criminal instruction § 3.07, and the Eighth Circuit's model criminal instruction § 3.13.

In *Smith v. United States*, 599 U.S. 236 (2023), the Supreme Court held that a violation of the Constitution's Venue Clause does not necessitate dismissal; rather, it warrants a new trial. *Accord United States v. Fortenberry*, 89 F.4th 702, 713 (9th Cir. 2023) (reversing defendant's conviction obtained in wrong venue "so that he may be retried, if at all, in a proper venue").

*Revised March 2024*

## 11.2 Conspiracy to Defraud the United States
## (18 U.S.C. § 371 "Defraud Clause")

The defendant is charged in [Count _____ of] the indictment with conspiring to defraud the United States by obstructing the lawful functions of [*specify government agency*] by deceitful or dishonest means in violation of Section 371 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about [*date*], and ending on or about [*date*], there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of [*specify government agency*] by deceitful or dishonest means as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act [on or after [*date*]] for the purpose of carrying out the conspiracy.

An agreement to defraud is an agreement to deceive or cheat.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

**Comment**

Use this instruction when the charged offense is conspiracy to defraud the United States under the "defraud clause" of 18 U.S.C. § 371; otherwise use Instruction 11.1 (Conspiracy—Elements).

In *United States v. Caldwell*, 989 F.2d 1056 (9th Cir. 1993), the Ninth Circuit held that defrauding the government under 18 U.S.C. § 371 "means obstructing the operation of any government agency by any 'deceit, craft or trickery, or at least by means that are dishonest.'" *Id.* at 1058-59. Thus, an instruction that permitted conviction if a defendant merely agreed to defraud the United States by obstructing the Internal Revenue Service in ascertaining and collecting taxes, but did not require proof of deceit or dishonesty, was insufficient and required reversal. To "convict someone under the 'defraud clause' of 18 U.S.C. § 371, the government need only show (1) he entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." *Id.; accord United States v. Rodman*, 776 F.3d 638, 642 (9th Cir. 2015). Moreover, the conspiracy "need not aim to deprive the government of property," and neither "the conspiracy's goal nor the means used to achieve it" need to be illegal. *Caldwell*, 989 F.2d at 1058-59.

In *United States v. Miller*, the Ninth Circuit held that intent to defraud for purposes of wire fraud (18 U.S.C. § 1343) and mail fraud (18 U.S.C. § 1341) requires the intent to both "deceive *and* cheat – in other words, to deprive the victim of money or property by means of deception." 953 F.3d 1095, 1103 (9th Cir. 2020) (emphasis in original).

If the evidence supports an argument the defendant did not act with the requisite intent to defraud because of a good faith misunderstanding about the requirements of law, consider modifying the fifth paragraph of the instruction as follows:

> An agreement to defraud is an agreement to deceive or to cheat, but one who acts on an honest and good faith misunderstanding as to the requirements of the law does not act with an intent to defraud simply because [his] [her] understanding of the law is wrong or even irrational. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.

This language is derived by analogy to cases recognizing a "good faith" defense when the government must prove a defendant "willfully" violated tax laws. *See* Instruction 4.6 (Willfully) for violations of 26 U.S.C. §§ 201, 7203, 7206, and 7207; *but see United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009) (no good faith instruction needed when jury properly instructed on intent to defraud).

As long as jurors agree that the government has proven each element of a conspiracy, they need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy. *See United States v. Gonzalez*, 786 F.3d 714, 718-19 (9th Cir. 2015) (rejecting defendant's argument that district court erred in failing to instruct jury that it must

unanimously agree on which act constituted conspiracy to murder underlying a VICAR charge).

*Revised March 2024*

### 12.1 Controlled Substance—Possession with
### Intent to Distribute (21 U.S.C. § 841(a)(1))

The defendant is charged in [Count _____ of] the indictment with possession of [*specify controlled substance*] with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed any controlled substance; and

Second, the defendant possessed it with the intent to distribute it to another person.

[The government is not required to prove the amount or quantity of [*specify controlled substance*].  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of [*specify controlled substance*].]

It does not matter whether the defendant knew that the substance was [*specify controlled substance*].  It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of [*specify controlled substance*] to another person, with or without any financial interest in the transaction.

### Comment

*See* Comment to Instruction 12.4 (Controlled Substance—Distribution or Manufacture), if death or serious bodily injury occurred.

Use the bracketed paragraph only when quantity is not at issue.

The defendant does not need to know what the controlled substance is so long as the defendant knows that he or she has possession of such a substance.  *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir. 1976) (en banc).  *See also United States v. Soto-Zuniga*, 837 F.3d 992, 1004-05 (9th Cir. 2016) (knowledge of type and quantity of drugs not element of offense).

In the aftermath of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Ninth Circuit has held that where the amount of drugs "increases the prescribed statutory maximum penalty to which a criminal defendant is exposed," the amount of drugs must be decided by a jury beyond a reasonable doubt.  *See United States v. Garcia-Guizar*, 234 F.3d 483, 488 (9th Cir. 2000).  However, the government need not prove that the defendant knew the type or quantity of controlled substance he possessed to obtain either a conviction under § 841(a) or a particular sentence under § 841(b).  It is sufficient that the jury finds beyond a reasonable doubt that the defendant actually possessed a certain type and quantity of drugs.  *United States v. Jefferson*, 791 F.3d 1013, 1015 (9th Cir. 2015) (holding in context of parallel statute, 21 U.S.C. § 960, that government is not required to prove defendant's knowledge of type or quantity of drugs either

for conviction or for heightened statutory penalties to apply). As a result, if applicable, the court should obtain a jury determination of the amount of drugs involved. *See also United States v. Booker*, 543 U.S. 220 (2005); *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). When it is necessary to determine an amount of controlled substance, use this instruction with Instruction 12.2 (Determining Amount of Controlled Substance), together with a verdict form similar to the example provided in the Comment to Instruction 12.5. *But see United States v. Hunt*, 656 F.3d 906 (9th Cir. 2011) (discussing effect on sentencing of knowledge of type of drug in attempted possession with intent to distribute case).

The defendant may be entitled to a jury instruction on a lesser included offense of simple possession, 21 U.S.C. § 844(a). *See* Instruction 6.15. *See also United States v. Hernandez*, 476 F.3d 791, 798-800 (9th Cir. 2007).

Possession of a controlled substance with intent to distribute requires the jury to find that the defendant (1) knowingly possessed drugs and (2) possessed them with the intent to deliver them to another person. *See, for example*, *United States v. Orduno-Aguilera*, 183 F.3d 1138, 1140 (9th Cir. 1999); *United States v. Seley*, 957 F.2d 717, 721 (9th Cir. 1992). *See also United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95. With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

*Revised March 2024*

### 12.3 Controlled Substance—Attempted Possession with Intent to Distribute
### (21 U.S.C. §§ 841(a)(1) and 846)

The defendant is charged in [Count _____ of] the indictment with attempted possession of [*specify controlled substance*] with intent to distribute in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess any controlled substance with the intent to distribute it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborates a defendant's intent to commit the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

To "possess with the intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

### Comment

*See* Comment to Instructions 12.1 (Controlled Substance–Possession with Intent to Distribute) and 12.2 (Determining Amount of Controlled Substance).  *See United States v. Morales-Perez*, 467 F.3d 1219, 1222 (9th Cir. 2006) (citing *United States v. Davis*, 960 F.2d 820, 826-27 (9th Cir. 1992)); *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1228 (9th Cir. 2007) (*citing to United States v. Estrada-Macias*, 218 F.3d 1064, 1066 (9th Cir. 2000) (jury instruction requiring government to prove that defendants knowingly associated themselves with crime and were not mere spectators)).

The Ninth Circuit has stated, in a case in which the defendant pleaded guilty to attempted possession of a controlled substance with the intent to distribute, in violation of § 841(a), and the government sought a sentence under the heightened penalty provisions of § 841(b) based on type and quantity, that the government was required to prove the defendant's intent to possess a *particular* controlled substance.  *United States v. Hunt*, 656 F.3d 906, 912-13 (9th Cir. 2011). By contrast, in a case in which the defendant pleaded guilty to actual importation of a controlled substance in violation of § 960(a) (an analogous statute), the Ninth Circuit held that "the government need not prove that the defendant knew the precise type or quantity of the drug he imported" for the heightened penalties based on drug type and quantity to apply.  *United States v.*

*Jefferson*, 791 F.3d 1013, 1014-15, 1019 (9th Cir. 2015); *see also United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002) ("A defendant charged with importing or possessing a drug is not required to know the type and amount of drug."). The Committee believes that there may be tension between *Hunt* and *Jefferson* on the issue of a defendant's knowledge or intent regarding drug type and quantity. At least one district judge has limited the holding in *Hunt* to attempt crimes. *See United States v. Rivera*, No. 10-cr-3310-BTM, 2014 WL 3896041, at *2 (S.D. Cal., Aug. 7, 2014).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95. With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

"To constitute a substantial step, a defendant's actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (internal quotations omitted).

The "strongly corroborated" language in this instruction comes from *United States v. Snell*, 627 F.2d 186, 187 (9th Cir. 1980) ("A conviction for attempt requires proof of culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent") and *United States v. Darby*, 857 F.2d 623, 625 (9th Cir. 1988) (same).

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010).

"[A] person may be convicted of an attempt to commit a crime even though that person may have actually completed the crime." *United States v. Rivera-Relle*, 333 F.3d 914, 921 (9th Cir. 2003).

*Revised March 2024*

## 12.4 Controlled Substance—Distribution or Manufacture
## (21 U.S.C. § 841(a)(1))

The defendant is charged in [Count _____ of] the indictment with [distribution] [manufacture] of [*specify controlled substance*] in violation of Section 841(a)(1) of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [[distributed] [manufactured]] [*specify controlled substance*]; and

Second, the defendant knew that it was [*specify controlled substance*] or some other federally controlled substance.

["Distributing" means delivering or transferring possession of [*specify controlled substance*] to another person, with or without any financial interest in that transaction.]

[The government is not required to prove the amount or quantity of [*specify controlled substance*].  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of [*specify controlled substance*].]

### Comment

*See* Comment to Instructions 12.1 (Controlled Substance–Possession with Intent to Distribute) and 12.2 (Determining Amount of Controlled Substance).

A similar instruction was explicitly approved in *United States v. Houston*, 406 F.3d 1121, 1122 n.2 (9th Cir. 2005).

It is also unlawful under 21 U.S.C. § 841(a)(1) to dispense or possess with intent to dispense a controlled substance.  If that crime is charged, the instruction should be modified accordingly.

Several of the penalty sections for a violation of 21 U.S.C. §§ 841(a)(1), 846, 859, 860, and/or 861(a)(1) increase the sentence "if death or serious bodily injury results from the use of such [controlled] substance[s]." 21 U.S.C. § 841(b)(1)(A)-(C).  Although the government must prove that death or serious bodily injury resulted from the use of the controlled substance for this enhancement to apply, the government need not prove that the death was a foreseeable result of the distribution of the controlled substance.  *Houston*, 406 F.3d at 1125 ("Cause-in-fact is required by the 'results' language, but proximate cause, at least insofar as it requires that the death have been foreseeable, is not a required element.").

"[W]hen Congress made it a crime to 'knowingly . . . possess with intent to manufacture, distribute, or dispense, a controlled substance . . . , it meant to punish not only those who know they possess a controlled substance, but also those who don't know because they don't want to

know." *United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) (en banc). *See also* Instruction 4.9 (Deliberate Ignorance).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95. With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

In prosecutions involving a physician charged with distributing controlled substances not "as authorized," if the defendant produces evidence that his or her conduct was "authorized," the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner. *Ruan v. United States*, 142 S.Ct. 2370, 2376 (2022).

*Revised March 2024*

### 12.5 Controlled Substance—Conspiracy to Distribute
### or Manufacture (21 U.S.C. §§ 841(a) and 846)

The defendant is charged in [Count _____ of] the indictment with conspiracy to [[distribute] [manufacture]] [*specify controlled substance*] in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about [*date*] and ending on or about [*date*], there was an agreement between two or more persons to [[distribute] [manufacture]] [*specify controlled substance*]; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

["To distribute" means to deliver or transfer possession of [*specify controlled substance*] to another person, with or without any financial interest in that transaction.]

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

### Comment

This instruction is for use with Instructions 12.1, 12.2, 12.4, 12.8, 12.10, and 12.12.

Concerning the elements of the crime, *see, e.g.*, *United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022); *United States v. Collazo*, 984 F.3d 1308, 1319 (9th 2021) (en banc); *United States v. Garrison*, 888 F.3d 1057, 1064-65 (9th Cir. 2018); *United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009).

To prove an agreement to commit a crime, it is not sufficient for the government to prove that the defendant committed the crime in question. It must prove that the defendant agreed with at least one other person to commit that crime. *United States v. Loveland*, 825 F.3d 555, 557 (9th Cir. 2016).

*See United States v. Shabani*, 513 U.S. 10, 15-16 (1994), holding that to establish a violation of 21 U.S.C. § 846, the government is not required to prove commission of overt acts in furtherance of the conspiracy. The Court contrasted § 846, which is silent as to whether there must be an overt act, with the general conspiracy statute, 18 U.S.C. § 371, which contains the explicit requirement that a conspirator "do any act to effect the object of the conspiracy." *Id*. at 14.

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95. With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

When the prosecution relies on circumstantial evidence to establish an agreement to distribute drugs, "what we are looking for is evidence of a prolonged and actively pursued course of sales and . . . knowledge of and shared stake in the . . . drug operation." *United States v. Mendoza*, 25 F.4th 730, 736 (9th Cir. 2022). *See generally id.* at 735-741 for analysis of evidence that would or would not meet this threshold. *See* Comment to Instruction 12.6.

When it is necessary to determine the amount of a controlled substance, the court might consider submitting the following special verdict form to the jury:

## SUGGESTED VERDICT FORM

WE, THE JURY, FIND THE DEFENDANT, [*name of defendant*], AS FOLLOWS:

AS TO COUNT [*insert count number*] OF THE INDICTMENT:

| NOT GUILTY | GUILTY | |
|---|---|---|
| _____ | _____ | of conspiring to distribute [*insert controlled substance*] in violation of Title 21 United States Code §§ 846 and 841(a)(1) |

## SPECIAL VERDICTS

1. Having found the defendant [*name of defendant*] guilty of the offense charged in [*insert count number*], do you unanimously find beyond a reasonable doubt that (a) the conspiracy charged in [*insert count number*] involved [*insert applicable amount and type of controlled substance , e.g.,* 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine]?          ____Yes          ____No

If you answered yes to this question, you need not answer further questions.  Sign and date the verdict form.

2. Having found the defendant [*name of defendant*] guilty of the offense charged in [*insert count number*], do you unanimously find beyond a reasonable doubt that (a) the conspiracy charged in [*insert count number*] involved [*insert applicable amount and type of controlled substance, e.g.,* 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine]?          ____Yes          ____No

_____          _____
DATE                                                  FOREPERSON

*Revised March 2024*

### 12.7 Controlled Substance—Attempted Distribution or Manufacture
### (21 U.S.C. §§ 841(a)(1) and 846)

The defendant is charged in [Count _____ of] the indictment with attempted [distribution] [manufacture] of [*specify controlled substance*] in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to [distribute [*specify controlled substance*] to another person] [manufacture [*specify controlled substance*]];

Second, the defendant knew that it was [*specify controlled substance*] or some other federally controlled substance; and

Third, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborates a defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward the commission of the crime of [distribution] [manufacture] of [*specify controlled substance*].

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

["To distribute" means to deliver or transfer possession of [*specify controlled substance*] to another person, with or without any financial interest in that transaction.]

### Comment

*See* Comment to Instructions 12.1 (Controlled Substance–Possession with Intent to Distribute), 12.2 (Determining Amount of Controlled Substance), and 12.4 (Controlled Substance–Distribution or Manufacture).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95. With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two

chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

"To constitute a substantial step, a defendant's 'actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances'." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (per curiam) (quoting *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995)).

The "strongly corroborated" language in this instruction comes from *United States v. Snell*, 627 F.2d 186, 187 (9th Cir. 1980) (per curiam) ("A conviction for attempt requires proof of culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent.") and *United States v. Darby*, 857 F.2d 623, 625 (9th Cir. 1988) (same).

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010).

"[A] person may be convicted of an attempt to commit a crime even though that person may have actually completed the crime." *United States v. Rivera-Relle*, 333 F.3d 914, 921 (9th Cir. 2003).

*Revised March 2024*

### 12.8 Controlled Substance—Distribution to Person Under 21 Years
### (21 U.S.C. §§ 841(a)(1), 859)

The defendant is charged in [Count _____ of] the indictment with distribution of [*specify controlled substance*] to a person under the age of 21 years in violation of Section 841(a)(1) and 859 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed [*specify controlled substance*] to [*name of underage person*];

Second, the defendant knew that it was [*specify controlled substance*] or some other federally controlled substance;

Third, the defendant was at least eighteen years of age; and

Fourth, [*name of underage person*] was under twenty-one years of age.

"Distribution" means delivery or transfer of possession of [*specify controlled substance*] to another person, with or without any financial interest in that transaction.

### Comment

*See* Comment to Instruction 12.1 (Controlled Substance—Possession with Intent to Distribute).  *See also* Instruction 12.2 (Determining Amount of Controlled Substance).

Knowledge by the defendant that the person to whom the controlled substance is distributed is under twenty-one years of age is not an essential element.  *United States v. Valencia-Roldan*, 893 F.2d 1080, 1083 (9th Cir. 1990).

The government is required to establish beyond a reasonable doubt that the defendant: (1) "knowingly and intentionally" (2) distributed (3) a controlled substance (4) while the defendant was over the age of 18 and (5) the victim was under the age of twenty-one.  *United States v. Durham*, 464 F.3d 976, 980-81 (9th Cir. 2006).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95.  With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of

identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

*Revised March 2024*

## 12.9 Controlled Substance—Attempted Distribution to Person Under 21 Years (21 U.S.C. §§ 841(a)(1), 846, 859)

The defendant is charged in [Count _____ of] the indictment with attempted distribution of [*specify controlled substance*] to a person under the age of twenty-one years in violation of Sections 841(a)(1), 846, and 859 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to distribute [*specify controlled substance*] to [*name of underage person*];

Second, the defendant knew that it was [*specify controlled substance*] or some other federally controlled substance;

Third, the defendant was at least eighteen years of age;

Fourth, [*name of underage person*] was under the age of twenty-one years; and

Fifth, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward the commission of the crime of distribution of [*specify controlled substance*] to a person under the age of twenty-one years.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

"Distribution" means delivery or transfer of possession of [*specify controlled substance*] to another person, with or without any financial interest in that transaction.

### Comment

*See* Comment to Instructions 12.1 (Controlled Substance–Possession with Intent to Distribute), 12.2 (Determining Amount of Controlled Substance), and 12.8 (Controlled Substance–Distribution to Person Under 21 Years).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue."

*Id.* at 194-95.  With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

 "To constitute a substantial step, a defendant's 'actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances'."  *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (per curiam) (quoting *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995)).

The "strongly corroborated" language in this instruction comes from *United States v. Snell*, 627 F.2d 186, 187 (9th Cir. 1980) (per curiam) ("A conviction for attempt requires proof of culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent.") and *United States v. Darby*, 857 F.2d 623, 625 (9th Cir. 1988) (same).

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.  *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010).

"[A] person may be convicted of an attempt to commit a crime even though that person may have actually completed the crime."  *United States v. Rivera-Relle*, 333 F.3d 914, 921 (9th Cir. 2003).

*Revised March 2024*

## 12.10 Controlled Substance—Distribution in or Near School
## (21 U.S.C. §§ 841(a)(1), 860)

The defendant is charged in [Count _____ of] the indictment with distribution of [*specify controlled substance*] in, on or within 1,000 feet of the [schoolyard] [campus] of a [school] [college] [university] in violation of Sections 841(a)(1) and 860 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed [*specify controlled substance*] to another person;

Second, the defendant knew that it was [*specify controlled substance*] or some other federally controlled substance; and

Third, the distribution took place in, on or within 1,000 feet of the [schoolyard] [campus] of [*name of school*].

"Distribution" means delivery or transfer of possession of [*specify controlled substance*] to another person, with or without any financial interest in that transaction.

### Comment

*See* Comment to Instructions 12.1 (Controlled Substance—Possession with Intent to Distribute) and 12.2 (Determining Amount of Controlled Substance).

The defendant's specific knowledge of the proximity of a school is not an element of the offense.  *United States v. Pitts*, 908 F.2d 458, 461 (9th Cir. 1990).  Distance is measured by a straight line.  *United States v. Watson,* 887 F.2d 980, 981 (9th Cir. 1989).

Section 860 applies not only to schools, but also to playgrounds and public housing facilities.  In addition, it applies to youth centers, public swimming pools and video arcades; as to these locations, the distribution must have occurred within a 100-foot radius (as opposed to a 1,000-foot radius).  The instruction should be revised as necessary to match the facts of the case.

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95.  With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two

chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

*Revised March 2024*

### 12.11 Controlled Substance—Attempted Distribution in or
### Near School (21 U.S.C. §§ 841(a)(1), 846, 860)

The defendant is charged in [Count _____ of] the indictment with attempted distribution of [*specify controlled substance*] within 1,000 feet of the [schoolyard] [campus] of a [school] [college] [university] in violation of Sections 841(a)(1), 846 and 860 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to distribute [*specify controlled substance*] to another person in, on, or within 1,000 feet of the [schoolyard] [campus] of [*name of school*];

Second, the defendant knew that it was [*specify controlled substance*] or some other federally controlled substance; and

Third, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward the commission of the crime of distribution of [*specify controlled substance*] in or near a school.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

"Distribution" means delivery or transfer of possession of [*specify controlled substance*] to another person, with or without any financial interest in that transaction.

### Comment

*See* Comment to Instructions 12.1 (Controlled Substance—Possession with Intent to Distribute), 12.2 (Determining Amount of Controlled Substance), and 12.10 (Controlled Substance–Distribution in or Near a School).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95.  With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of

identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

"To constitute a substantial step, a defendant's 'actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances'." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (per curiam) (quoting *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995)).

The "strongly corroborated" language in this instruction comes from *United States v. Snell*, 627 F.2d 186, 187 (9th Cir. 1980) (per curiam) ("A conviction for attempt requires proof of culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent.") and *United States v. Darby*, 857 F.2d 623, 625 (9th Cir. 1988) (same).

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010).

"[A] person may be convicted of an attempt to commit a crime even though that person may have actually completed the crime." *United States v. Rivera-Relle*, 333 F.3d 914, 921 (9th Cir. 2003).

*Revised March 2024*

## 12.12 Controlled Substance—Employment of Minor to Violate
## Drug Law (21 U.S.C. §§ 841(a)(1), 861(a)(1))

The defendant is charged in [Count _____ of] the indictment with [hiring] [using] [employing] [persuading] [inducing] [enticing] [coercing] a minor to [*specify drug law violation*] in violation of Sections 841(a)(1) and 861(a)(1) of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly [[hired] [used] [persuaded] [coerced] [induced] [enticed] [employed]] [*name of minor*] to [*specify drug law violation and controlled substance*];

Second, the defendant was at least eighteen years of age; and

Third, [*name of minor*] was under the age of eighteen years.

The government is not required to prove that the defendant knew the age of [*name of minor*].

### Comment

The defendant's knowledge of the age of the minor is not an essential element of the offense.  *United States v. Valencia–Roldan,* 893 F.2d 1080, 1083 (9th Cir. 1990).  This statute creates a separate offense and is not a mere sentence enhancement.  *Id.*

This instruction may be modified for use in cases arising under § 861(a)(2) and (3).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id.* at 194-95.  With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

*Revised March 2024*

### 12.13 Controlled Substance—Attempted Employment of Minor to Violate Drug Laws (21 U.S.C. §§ 841(a)(1), 846, 861(a)(1))

The defendant is charged in [Count _____ of] the indictment with attempted employment of a minor to [*specify drug law violation*] in violation of Sections 841(a)(1), 846 and 861(a)(1) of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to [[hire] [use] [persuade] [coerce] [induce] [entice] [employ]] [*name of minor*] to [*specify drug law violation and controlled substance*];

Second, the defendant was at least eighteen years of age;

Third, [*name of minor*] was under the age of eighteen years; and

Fourth, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward the commission of the crime of [hiring] [using] a minor to violate the drug laws.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

### Comment

*See* Comment to Instruction 12.12 (Controlled Substance—Employment of Minor to Violate Drug Law).

Regarding cases involving a "controlled substance analogue" as it is defined in 21 U.S.C. § 802(32)(A), the Supreme Court held in *McFadden v. United States*, 576 U.S. 186 (2015), that, to prove the knowledge element, the government must prove that either the defendant knew that the substance distributed is treated as a drug listed on the federal drug schedules—regardless of whether he knew the particular identity of the substance—or "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id*. at 194-95. With respect to the definition of "controlled substance analogue" as meaning "a substance . . . (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II," 21 U.S.C. § 802(32)(A)(i), substances are "substantially similar" for purposes of the statute if he two chemicals "share a common core of identical chemical structural features and that the subset of differences between the two chemicals does not make a difference in the substance's 'relevant characteristics'" *United States v. Galecki*, 89 F.4th 713, 731 (9th Cir. 2023) (quoting *United States v. Roberts*, 363 F.3d 118, 124 (2d Cir. 2004)).

"To constitute a substantial step, a defendant's 'actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances'." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (per curiam) (quoting *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995)).

The "strongly corroborated" language in this instruction comes from *United States v. Snell*, 627 F.2d 186, 187 (9th Cir. 1980) (per curiam) ("A conviction for attempt requires proof of culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent.") and *United States v. Darby*, 857 F.2d 623, 625 (9th Cir. 1988) (same).

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010).

"[A] person may be convicted of an attempt to commit a crime even though that person may have actually completed the crime." *United States v. Rivera-Relle*, 333 F.3d 914, 921 (9th Cir. 2003).

*Revised March 2024*

### 20.29 Using or Attempting to Use the Mail or a Means of Interstate
Commerce to Persuade or Coerce a Minor to Engage
### in Prostitution or Criminal Sexual Activity (18 U.S.C. § 2422(b))

The defendant is charged in [Count _____ of] the indictment with Coercion and Enticement of a Minor in violation of Section 2422(b) of Title 18 of the United States Code. For the defendant to be found guilty of that charge the government must prove beyond a reasonable doubt:

First, that [on][between] [*insert dates alleged*] the defendant used [the mail] [*describe other means or facility of interstate or foreign commerce*], to knowingly [persuade] [induce] [entice] [coerce] an individual to engage in [prostitution][*describe proposed sexual activity*]; and

Second, the [individual was under the age of 18 and the defendant knew the person was under the age of 18] [defendant believed that the individual was under the age of 18];

Third that [if the sexual activity had occurred] [based upon the sexual activity that occurred], any person could have been charged with a criminal offense under the laws of [the United States] [*insert the state or territory*]. [In [*state or territory*], it is a criminal offense to [*describe proposed sexual activity*]; [and]

Fourth, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.]

### Comment

Concerning the elements of the crime, *see, e.g.*, *United States v. Eller*, 57 F.4th 1117, 1119 (9th Cir. 2023) (citing *United States v. McCarron*, 30 F.4th 1157, 1162 (9th Cir. 2022)).

Both 18 U.S.C. § 2422(a) and (b) use the common terms "persuade," "induce," and "entice." Those terms "have plain and ordinary meanings within the statute, and [a] court [has] no obligation to provide further definitions." *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004).

A minor's willingness to engage in sexual activity is irrelevant to the elements of § 2422(b). *United States v. Macapagal*, 56 F.4th 742, 747 (9th Cir. 2022) (rejecting challenge to jury instruction stating "'[a] minor's willingness to engage in sexual activity . . . is irrelevant to the elements of Title 18, United States Code, Section 2422(b)'"); *see Eller*, 57 F.4th 1117 at

1120-21.  Under § 2422(b), "the relevant inquiry is the conduct of the defendant, not the minor." *Macapagal*, 56 F.4th at 747 (citing *Dhingra*, 371 F.3d at 567)); *see also United States v. Rashkovski*, 301 F.3d 1133, 1137 (9th Cir. 2002) ("[I]t is the defendant's intent that forms the basis for his criminal liability, not the victims'.").

"Where a federal prosecution hinges on an interpretation or application of state law, it is the district court's function to explain the relevant state law to the jury." *United States v. Lopez*, 4 F.4th 706, 730(9th Cir. 2021) (quoting *United States v. Davila-Nieves*, 670 F.3d 1, 8 (1st Cir. 2012)).  For instance, in *Lopez*, the district courterred in failing to instruct the jury on the applicable criminal laws of Guam against which the defendant's proposed sexual conduct was to be evaluated.  *Id.* at 730-31; *see also United States v. Guerrero*, 89 F.4th 694, 696 (9th Cir. 2023) (affirming defendant's § 2422(b) conviction by identifying on appeal "another predicate offense, not specified in the indictment, with which defendant could have been charged").

The bracketed language regarding an "attempt" or "substantial step" applies only when the charge is an attempt.  *See* Comment to Instruction 4.4 (Attempt).  In attempt cases, the crime at issue is "attempting to persuade, induce, entice, or coerce [a minor] to engage in sexual activity with him—not . . . attempting to engage in sexual activity with [a minor]."  *McCarron*, 30 F.4th at 1163.

"'[A]n actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b).'"  *McCarron*, 30 F.4th at 1165 (quoting *United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004)); *see Eller*, 57 F.4th 1117 at 1121 ("The statute applies whether the minors are real or fictional . . . .").  If the charge is an attempt and the object of the defendant's inducement is an adult, use the bracketed language for the second element providing that the "defendant believed that the individual was under the age of 18."  In addition, "the requisite intent to entice a minor is not defeated by use of an adult intermediary." *Macapagal*, 56 F.4th at 744; *see Eller*, 57 F.4th 1117 at 1121 ("[A]n attempt through an intermediary or an undercover officer still leads to criminal liability.").  Section 2422(b) does not require the government to prove direct communication with someone the defendant believes to be a minor.  *Macapagal*, 56 F.4th at 746.

The Ninth Circuit has not defined the term "sexual activity" for purposes of 18 U.S.C. § 2422(b).  Moreover, there is a circuit split as to whether "sexual activity" requires "physical contact."  *See United States v. Taylor*, 640 F.3d 255, 259-60 (7th Cir. 2011) (holding that "sexual activity" requires "physical contact"); *United States v. Fugit*, 703 F.3d 248, 255 (4th Cir. 2012) ("The primary evil that Congress meant to avert by enacting § 2422(b) was the psychological sexualization of children, and this evil can surely obtain in situations where the contemplated conduct does not involve interpersonal physical contact."); *United States v. Dominguez*, 997 F.3d 1121, 1123 (11th Cir. 2021) (no interpersonal contact required).

*Revised March 2024*

**24.10 False Statement to Government Agency**
**(18 U.S.C. § 1001)**

The defendant is charged in [Count _____ of] the indictment with knowingly and willfully [making a false statement] [using a document containing a false statement] in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant [made a false statement] [used a writing that contained a false statement];

Second, the [statement][writing] was made in a matter within the jurisdiction of the [*specify government agency or department*];

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Fourth, the [statement] [writing] was material to the decisions or activities of the [*specify government agency or department*]; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

**Comment**

The Ninth Circuit has held the common law test for materiality, as reflected in the last sentence of this instruction, is the standard to use when false statement statutes such as 18 U.S.C. §1001 are charged.  *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (citing *United States v. Gaudin*, 515 U.S. 506, 509 (1995)); *see also United States v. Kirst*, 54 F.4th 610, 624 (9th Cir. 2022) (affirming jury instruction regarding materiality element on grounds that it accorded with Model Criminal Jury Instruction 24.10 and *Peterson*).  "The false statement need not have actually influenced the agency . . .  and the agency need not rely on the information in fact for it to be material."  *United States v. Serv. Deli Inc*., 151 F.3d 938, 941 (9th Cir. 1998) (citations omitted); *see also United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013).

No mental state is required with respect to the fact that a matter is within the jurisdiction of a federal agency, and the false statement need not be made directly to the government agency.  *United States v. Green*, 745 F.2d 1205, 1208-10 (9th Cir. 1984).  There is no requirement that the defendant acted with the intention of influencing the government agency.  *United States v. Yermian*, 468 U.S. 63, 73 & n.13 (1984).  The initial determination whether the matter is one within the jurisdiction of a department or agency of the United States—apart from the issue of materiality—should be made by the court as a matter of law.  *United States v. F.J. Vollmer & Co.,* 1 F.3d 1511, 1518 (7th Cir. 1993).

To make a false statement "willfully" under Section 1001, the defendant must have both the specific intent to make a false statement and the knowledge that his or her conduct was unlawful.  Specific intent does not require evil intent but only that the defendant act deliberately

and knowingly.  *See United States v. Heuer*, 4 F.3d 723, 732 (9th Cir. 1993).  The requirement that the defendant knew that his or her conduct was unlawful is based on *Bryan v. United States*, wherein the Supreme Court stated that "in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful."  524 U.S. 184, 191-92 (1998) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 139 (1994)).  Later, the Solicitor General conceded that a district court erred by giving an instruction on "willfulness" that does not comply with *Bryan.  Ajoku v. United States,* 572 U.S. 1056 (2014).

In determining whether the government has carried its burden to prove a defendant's knowledge of unlawfulness, the jurors may rely on their common sense and life experiences in the absence of direct evidence.  *See United States v. Charley*, 1 F.4th 637, 644 (9th Cir. 2021) (quoting *United States v. Ramirez*, 714 F.3d 1134, 1138 (9th Cir. 2013)).

Materiality must be demonstrated by the government, *United States v. Oren,* 893 F.2d 1057, 1063 (9th Cir. 1990); *United States v. Talkington,* 589 F.2d 415, 416 (9th Cir. 1978), and must be submitted to the jury.  *Gaudin*, 515 U.S. at 506.  Actual reliance is not required. *Talkington*, 589 F.2d at 417 (citation omitted).  The materiality test applies to each allegedly false statement submitted to the jury.  *Id.*

Depending on the facts in evidence, it may be appropriate to amend this instruction with language requiring specific jury unanimity (*e.g.*, "with all of you agreeing as to which statement was false and material").  *See* Instruction 6.27 (Specific Issue Unanimity).

For purposes of determining proper venue, the location where the statement is uttered is the location of the crime. *United States v. Fortenberry*, 89 F.4th 702, 712 (9th Cir. 2023) ("Section 1001 offense is complete at the time the false statement is uttered, and because no actual effect on federal authorities is necessary to sustain a conviction, the location of the crime must be understood to be the place where the defendant makes the statement.").

*Revised March 2024*