PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email:  Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | |
| v. | UNITED STATES' OPPOSITION TO DEFENDANT MICHAEL RICHARD LYNCH'S MOTION FOR ADMISSION OF FULL AUDIO RECORDING [ECF NO. 504] |
| MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN, | Trial Date:  March 18, 2024 |
| Defendants. | |

        On May 19, 2024, Defendant Lynch filed a "Motion for Admission of Full Audio Recording." ECF No. 504.  The defense seeks to admit the entirety of a 58-minute phone call between Joel Scott and Brent Hogenson that was recorded without Mr. Hogenson's consent or knowledge, and which prompted Mr. Scott to question the legality of the recording to Dr. Lynch.  The government opposes admission of any portion of the call beyond the 4-minute clip played during Mr. Scott's testimony.  The audio recording is hearsay.  The defense clearly is offering the remainder of the recording to show the statements made on the call are true and reflect the genuine reasons for Mr. Hogenson's termination. The recording is not a business record and meets no exception to the hearsay rule.  It is cumulative and

1  confusing and thus excludable under Federal Rule of Evidence 403.  Admission of the recording now –
2  when Mr. Hogenson and Mr. Scott are no longer available to explain their statements, confirm their
3  veracity, or disavow them – may lead to jury to speculate, and deprives the parties of the ability to probe
4  further of the witnesses.  The Ninth Circuit has cautioned against simply burdening the jury with
5  voluminous recordings untethered to witness testimony: "Sending [unplayed] tapes to the jury room is
6  akin to allowing a new witness to testify privately, without cross-examination, to the jury during its
7  deliberations."  *See United States v. Noushfar*, 78 F.3d 1442, 1445 (9th Cir. 1996).  For these reasons,
8  the Court should deny the motion.

DATED:  May 27, 2024                                        Respectfully submitted,

PATRICK D. ROBBINS
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

*Robert S. Leach*

ROBERT S. LEACH
ADAM A. REEVES
KRISTINA GREEN
ZACHARY G.F. ABRAHAMSON
Assistant United States Attorneys

VERDICT FORM
CASE NO. CR 18-577 CRB                                    1