Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten
Brian M. Heberlig
Michelle L. Levin
Nicholas P. Silverman
Drew C. Harris
(Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

# UNITED STATES DISTRICT COURT

## NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br><br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S RESPONSE TO JURY INSTRUCTIONS FILING (DKT. 540)**<br><br>Court:  Courtroom 6 – 17th Floor<br>Date Filed:  June 2, 2024<br>Trial Date:  March 18, 2024 |

Dr. Lynch submits this response to the Court's Jury Instructions Filing (Dkt. 540) to object and suggest revisions to two changes made in Dkt. 540 and raise one new objection.[1]

First, on pages 21 and 24 of the Jury Instructions Filing, the Court has deleted one sub-element of materiality. Specifically, to be material a fact must *both* be capable of influencing the listener's decision *and* go to the nature of the bargain. *Milheiser*'s holding that the "nature of the bargain" sub-element exists did not overrule longstanding precedent establishing the "capable of influencing" sub-element; instead, it added to that precedent. *See* Dkt. 530 at 1 (government conceding that the *Milheiser* sub-element should be "add[ed]" to the existing language). Further, to ensure the jury understands which statements are being referenced, the Court should include the adjective "false." Dr. Lynch therefore proposes the following edit on page 20:

> Second, the false statements made as part of the scheme were material; that is, they false statements must meet two elements: (a) the statements had a natural tendency to influence, or were capable of influencing, a person to part with money or property, and (b) the same statements went to the nature of the bargain. Statements go to the nature of the bargain if they go to price or quality, or otherwise to essential aspects of the transaction. Statements that do not go to the nature of the bargain are not material, even if they cause another person to enter into a transaction that they would otherwise avoid;

And the following edit on page 24:

> You may also consider this evidence to the extent that it helps you determine whether the false statements made as part of the alleged scheme were material; that is, whether they went to the nature of the bargain the government has proven beyond a reasonable doubt that the statements meet both elements of materiality that I previously described (see p. 20).

Second, the Court should revise the willfulness instruction on page 30 of the Jury Instruction Filing to reinsert the Court's previously written language on good faith belief that one's conduct is proper:

---

[1] Dr. Lynch continues to stand on and does not waive all prior objections contained within the Joint Proposed Instructions; Dr. Lynch's May 28, 2024 Response to the Court's Draft Instructions (Dkt. 531); and the in-court comments of counsel during the charge conference. This submission is limited to new objections only on the understanding that all prior objections have been ruled upon and is not intended as a waiver.

Good faith on the part of the defendant is inconsistent with a finding
that the defendant acted willfully. Thus, if the defendant believed in good faith
that he was acting properly, even if he was mistaken in that belief, and even if
others were injured by his conduct, there would be no crime.

The existing instructions correctly state that a good faith belief that one's statements are true is a complete defense.  They omit the point of law from the draft instructions, however, that even if one mistakenly believes their statements are true, **a good-faith belief that one's conduct is lawful or proper is also a complete defense**. *See, e.g.*, Sand, Modern Federal Jury Instructions ¶ 8-1(Good Faith) ("If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime."); Jury Instr. at 26, *United States v. Ficeto*, No. 13-cr-183 (VAP), Dkt. 246 (C.D. Cal. July 12, 2019) ("If the defendant had a good faith belief that the trades at issue were lawful then the defendant did not act with intent to defraud."); Jury Instr. at 23, *United States v. Sadr*, Jury Instr. at 30, No. 18-cr-224 (AJN), Dkt. 308 (S.D.N.Y. Mar. 12, 2020) ("Thus, if a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, this element cannot be established because a defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with the unlawful intent required in this element.").[2]

Third, the defendants continue to object to the language on page 22 that "The government is not required to prove that the defendant knew that his acts were unlawful." In addition to the previous objections raised—that the government *is* required to prove criminal intent under longstanding precedent, and that this error recently led to a court in this circuit granting a Rule 33 motion and the government declining to appeal, *see* Dkt.

---

[2] *See also United States v. Litvak*, 808 F.3d 160, 188-90 (2d Cir. 2015) (noting that defendant's "honest belief that his conduct was not improper or unlawful" would "introduce a reasonable doubt as to his intent to defraud"); Jury Instrs. at 35, *United States v. Shabuddin*, No. 11-cr-664, Dkt. 322 (N.D. Cal. Mar. 25, 2015) ("Finding that the defendant merely made a mistake of judgment or an error in management or was careless is therefore not sufficient to establish fraudulent intent.  The burden of proving criminal intent rests on the prosecution").

531 at 8-9—the instruction risks misleading the jurors on conspiracy which requires proof that the defendant acted *both* knowingly and willfully.  The proposed sentence is incorrect, confusing, and prejudicial.  It should be struck:

> An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. ~~The government is not required to prove that the defendant knew that his acts were unlawful.~~ You may consider evidence of the defendant's words or acts, along with all the other evidence, in deciding whether the defendant acted knowingly.

Dated: June 2, 2024

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Christopher J. Morvillo (Admitted Pro Hac Vice)
Celeste L.M. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*